Martin A. Little, Esq.
Nevada Bar No. 7067
Robert L. Rosenthal, Esq.
Nevada Bar No. 6476
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: rlr@h2law.com
Email: mal@h2law.com

*Attorneys for Defendant M.J. Dean Construction, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PARNELL COLVIN,<br><br>Plaintiff,<br><br>vs.<br><br>M.J. DEAN CONSTRUCTION, INC,<br><br>Defendant. | Case No. 2:20-cv-01765-APG-EJY<br><br>**DEFENDANT'S MOTION TO DISMISS COMPLAINT**<br><br>**(Oral argument requested)**<br><br>**Action filed on September 22, 2020** |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant M.J. Dean Construction, Inc. ("Defendant" or "M.J. Dean"), hereby moves to dismiss the Complaint filed by Plaintiff Parnell Colvin ("Plaintiff" or "Colvin") for failure to state a claim upon which relief can be granted. This motion is supported by the following points and authorities, the Complaint on file in this case and by any oral argument the Court may require or allow.

## I.
## INTRODUCTION

This is an employment discrimination case. Plaintiff's Complaint alleges that, during the time that he worked for MJ Dean, he was discriminated against on the basis of his race (African American) and was subsequently terminated. Plaintiff's Complaint consists of the following causes of action:

1. Retaliation in Violation of 42 U.S.C. § 2000e and NRS 613.340;

2. Discrimination in violation of 42 U.S.C. § 2000e-2 and NRS 613.330;

3. Harassment in Violation of 42 U.S.C. § 2000e-2 and NRS 613.330;

HOWARD & HOWARD ATTORNEYS PLLC

HOWARD & HOWARD ATTORNEYS PLLC

4.  Negligent Infliction of Emotional Distress;

5.  Intentional Infliction of Emotional Distress;

6.  Vicarious Liability/Respondeat Superior; and

7.  Negligent Hiring, Training and Supervision.

Defendant hereby moves to dismiss Plaintiff's causes of action 4 – 7 *with prejudice* for the following reasons:

**A.   PLAINTIFF'S CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS MUST BE DISMISSED WITH PREJUDICE BECAUSE HIS ALLEGED PHYSICAL DAMAGES ARE INSUFFICIENT TO MAINTAIN CLAIM, AND BECAUSE IT IS BARRED BY THE NEVADA INDUSTRIAL INSURANCE ACT**

Plaintiff's Complaint maintains that, during the course and scope of his employment, Plaintiff was subjected to negligent infliction of emotional distress ("NIED") as a result of Defendant's supervisor, Kevin Gutierrez ("Gutierrez"), intentionally calling him the "N-word" and subsequently terminating his employment. Accordingly, Nevada's Industrial Insurance Act ("NIIA") provides the sole remedy for Plaintiff's claim, which is based on allegedly negligent conduct by an employer. *See Fanders v. Riverside Resort & Casino, Inc.*, 245 P.3d 1159.

Additionally, Plaintiff's Complaint only alleges run-of-the-mill physical injuries, such as insomnia and anxiety, which are insufficient to sustain a claim for NIED. *See Whittemore v. Vast Holdings Group, LLC*, 2:19-cv-01951-GMN-EJY2020 WL 5848096 (D. Nev. Sep. 30, 2020) (slip copy); *Kennedy v. Carriage Cemetery Servs., Inc.*, 727 F. Supp. 2d 925, 934 (D. Nev. 2010). If "emotional distress damages are not secondary to physical injuries, but rather, precipitate physical symptoms, either a physical impact must have occurred or, in the absence of physical impact, proof of 'serious emotional distress' causing physical injury or illness must be presented." *Ferm v. McCarty*, No. 2:12-cv-00782-RFB-PAL, 2014 WL 6983234, at *7 (D. Nev. Dec. 9, 2014), *citing Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev.1998). Allegations of insomnia and general physical or emotional discomfort are insufficient to satisfy the physical impact requirement. *Id.*, *see also Long V. Las Vegas Valley Water District*, 2:15–CV–210 JCM (VCF) 2015 WL 5785546 (D. Nev. 2015).

HOWARD & HOWARD ATTORNEYS PLLC

1       Furthermore, Plaintiff's alleged emotional distress injuries were sustained during the

2 course and scope of his employment. Therefore, the claim is preempted by Nevada's Industrial

3 Insurance Act ("NIIA"). *See* NRS 616A–616D; *Wood v. Safeway*, 121 Nev. 724, 121 P.3d 1026

4 (2005); and *Young v. Zappos.com, Inc.*, 2010 WL 1612140 (D. Nev. 2010),

5       Accordingly, Plaintiff's NIED claim must be dismissed with prejudice.

6 **B.**   **PLAINTIFF'S COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO**
7       **MAINTAIN A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL**
      **DISTRESS**

8       Plaintiff's claim for intentional infliction of emotional distress ("IIED") is premised on

9 Gutierrez calling him the "N-word" word one time in November 2019 and his employment being

10 terminated approximately five months later in April 2020. The alleged conduct, even if it is true,

11 while certainly distasteful, is not "outside all possible bounds of decency." *See Maduike v. Agency*

12 *Rent–A–Car*, 953 P.2d 24, 26 (Nev.1998); and *Whittemore v. Anderson Financial Services, LLC*,

13 2020 WL 1430377 (D. Nev. 2020) (slip copy). Accordingly, Plaintiff's claim for intentional

14 infliction of emotional distress ("IIED") must be dismissed with prejudice.

15 **C.**   **VICARIOUS LIABILITY / RESPONDEAT SUPERIOR (PLAINTIFF'S FOURTH**
16       **CAUSE OF ACTION)**

17       The doctrine of respondeat superior provides that employers are vicariously liable for the

18 actions of their employees within the scope of employment. However, respondeat superior is a

19 theory of liability, not a cause of action. *See Mitschke v. Gosal Trucking, LDS.*, et al., 2:14–cv–

20 1099 JCM (VCF), 2014 WL 5307950, at *2–3 (D. Nev. 2014); and *Bravo v. Caesars*

21 *Entertainment Corporation*, 2:14–CV–1616 JCM (CWH) 2014 WL 7178359 (D. Nev. 2014).

22 Therefore, Plaintiff's claim for vicarious liability / respondeat superior must be dismissed with

23 prejudice.

24 **D.**   **NEGLIGENT HIRING, TRAINING AND SUPERVISION (PLAINTIFF'S**
25       **SEVENTH CAUSE OF ACTION)**

26       Plaintiff's Complaint asserts that all of the alleged improper conduct occurred during the

27 course and scope of Plaintiff's employment. The Nevada Industrial Insurance Act ("NIIA"),

28 which provides exclusive remedies for injuries caused by negligence arising out of employment,

has been found to specifically preclude claims of negligent hiring, training, and supervision. *See Young v. Zappos.com, Inc.*, 2:08–cv–741 JCM (PAL), 2010 WL 1612140, at * 4–5 (D. Nev. 2010) (*citing Wood v. Safeway*, 121 P.3d 1026 (Nev. 2005). Accordingly, the Court should find that the NIIA bars Plaintiff's negligent hiring, training and supervision claim.

Plaintiff's seventh cause of action should also be dismissed because it consists of only boilerplate allegations. Additionally, Plaintiff's Complaint only alleges purely economic loss, which is not recoverable for negligence claims such as negligent hiring, training and supervision. *See Local Joint Executive Bd. of Las Vegas, Culinary Workers Union, Local No. 226 v. Stern*, 651 P.2d 637, 638 (Nev.1982); *Brophy v. Day & Zimmerman Hawthorne Corp.*, 799 F.Supp.2d 1185, 1201–02 (D. Nev. 2011); *Blanck v. Hager*, 360 F.Supp.2d 1137, 1157 (D. Nev. 2005).

Therefore, based on the foregoing, plaintiff's common law claims for NIED, IIED, vicarious liability / respondeat superior, and negligent hiring, training and supervision should be dismissed with prejudice.

## II.
## FACTUAL BACKGROUND

Plaintiff, who is African American, claims that on July 17, 2019, he was hired by MJ Dean to work as a Concrete Laborer on the MSG Sphere Project. (Complaint, ¶¶ 10-11.) Plaintiff alleges that, after he began working for MJ Dean, his supervisor, Gutierrez, began picking on him and criticizing the quality of his work. (Complaint, ¶¶ 13-17.)

Plaintiff claims that on November 14, 2019, Gutierrez instructed Plaintiff to leave his usual area of work and join another crew. (Complaint, ¶ 26.) When Plaintiff refused to follow Gutierrez' instructions, Gutierrez reminded Plaintiff that he was the boss and that Plaintiff needed to follow his instructions. (Complaint, ¶ 27.) However, Plaintiff continued to question Gutierrez's orders, which resulted in Gutierrez allegedly throwing up his hands and telling Plaintiff, "I am done with you NIG..R!!!" (Complaint, ¶ 29.)

Immediately following the incident, Plaintiff filed an internal complaint against Gutierrez. As a result, Plaintiff no longer reported to Gutierrez; instead, his new supervisor was Dave Moody. (Complaint, ¶ 33.)

HOWARD & HOWARD ATTORNEYS PLLC

Plaintiff's Complaint alleges that he continued to work at MJ without further incident or complaints until he was terminated on April 4, 2020 due to lack of work. (Complaint, ¶¶ 33-38.)

## III.
## ARGUMENT

### A.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 555

### B.   PLAINTIFF'S CAUSE OF ACTION FOR NIED MUST BE DISMISSED, AS IT IS BARRED BY THE NIIA AND BECAUSE PLAINTIFF'S ALLEGED DAMAGES ARE INSUFFICIENT TO MAINTAIN A CLAIM

"Under Nevada law, only a 'bystander' may bring a claim for negligent infliction of emotional distress." *Hoy v. Jones*, 2:18-cv-01403-RFB-EJY, 2020 WL 2798017 (D. Nev. May 30, 2020) (slip copy); *citing Beckman v. Match.com, LLC*, 668 F. App'x 759, 759-760 (9th Cir. 2016); *Shoen v. Amerco, Inc.*, 896 P.2d 469, 477 (1995); and *Olivero v. Lowe*, 995 P.2d 1023, 1026–27 (Nev. 2000). "Direct victims' of negligence torts may recover for emotional distress as part of their damages award." *Id.*

HOWARD & HOWARD ATTORNEYS PLLC

Further, for a plaintiff to recover damages for NIED, he must have suffered physical injury, or witnessed a physical injury to a third party, caused by a defendant's negligence. *See Whittemore v. Vast Holdings Group, LLC*, 2:19-cv-01951-GMN-EJY2020 WL 5848096 (D. Nev. Sep. 30, 2020) (slip copy); *Kennedy v. Carriage Cemetery Servs., Inc.*, 727 F. Supp. 2d 925, 934 (D. Nev. 2010).

If "emotional distress damages are not secondary to physical injuries, but rather, precipitate physical symptoms, either a physical impact must have occurred or, in the absence of physical impact, proof of 'serious emotional distress' causing physical injury or illness must be presented." *Ferm v. McCarty*, No. 2:12-cv-00782-RFB-PAL, 2014 WL 6983234, at *7 (D. Nev. Dec. 9, 2014), *citing Barmettler v. Reno Air, Inc.,* 956 P.2d 1382, 1387 (Nev. 1998).

**"Allegations of insomnia and general physical or emotional discomfort are insufficient to satisfy the physical impact requirement."** *Id.* (emphasis added), *see also Long v. Las Vegas Valley Water District*, 2:15–CV–210 JCM (VCF) 2015 WL 5785546 (D. Nev. 2015).

In the present case, Plaintiff's cause of action for NIED consists merely of boilerplate conclusions and virtually no facts regarding his claimed emotional distress.

> 66.   Defendant breached its duty of care to Mr. Colvin when it subjected Mr. Colvin to harassing, discriminatory and humiliating actions by its employees and/or agents and had taken retaliatory actions against him.
>
> 67.   Defendant's actions complained of herein caused Mr. Colvin to suffer serious emotional distress which included, among others, humiliation, depression, anxiety, fear and trouble sleeping.
>
> 68.   Mr. Colvin has been harmed by Defendant's acts or omissions, has suffered damages, and is entitled to be fully compensated therefore.

(Complaint, ¶¶ 66-68.)

Therefore, pursuant to the holdings in *Barmettler*, *Shoen* and *Whittemore*, the above-stated "facts" do not constitute sufficient physical injuries, or the need for treatment, necessary to maintain a cause of action for NIED and it must be dismissed with prejudice.

HOWARD & HOWARD ATTORNEYS PLLC

HOWARD & HOWARD ATTORNEYS PLLC

Plaintiff's NIED also fails as a matter of law because it is preempted by the NIIA (NRS 616A–616D). NRS 616A.020(1) provides that the "rights and remedies provided in [the NIIA] for an employee on account of an injury by accident sustained arising out of and in the course of the employment ... shall be exclusive of all other rights and remedies of the employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury." NRS 616A.020(1). Additionally, NRS 616B.612(4) provides that an employer within the provisions of the NIIA "is relieved from other liability for recovery of damages or other compensation for those personal injuries unless otherwise provided by the terms of [the NIIA]."

In *Wood v. Safeway*, 121 Nev. 724, 121 P.3d 1026 (2005), and in *Young v. Zappos.com, Inc.*, 2010 WL 1612140 (D. Nev. 2010), the Court dismissed plaintiffs' emotional distress claims because they were preempted by the NIIA. In reaching its decision, the Court in *Zappos* held,

> Here, plaintiff specifically alleges that Zappos.com employee Jacqueline Marsh twice touched her inappropriately at work during regular business hours and also alleges that Marsh touched her at an offsite party sponsored by Zappos.com. Like the plaintiff in Wood, the only contact plaintiff had with Marsh was a result of her employment with Zappos.com. As in *Wood* [*v. Safeway*], plaintiff would not have been sexually harassed but for her employment with Zappos.com and she faced a much greater risk of assault than that of the general public because of her employment. There was not any evidence of personal animosity between the two that carried over from their private lives. Therefore, plaintiff's alleged damages resulting from the assault and battery committed by Marsh are injuries which "arose out of and during the course of her employment" and are barred by NIIA under *Wood*.

*Young v. Zappos.com, Inc.* at *5.

The instant action is analogous to *Wood v. Safeway* and *Young v. Zappos.com, Inc.* The alleged discriminatory conduct and resulting emotional distress damages would not have occurred but for Plaintiff's employment at MJ Dean. Therefore, Plaintiff's claimed injuries arose out of and during the course of his employment, and as such, are barred by the NIIA.

## C. **PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAILS AS A MATTER OF LAW**

To prevail on a claim for IIED, a plaintiff must demonstrate: (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2)

severe emotional distress suffered; and (3) actual or proximate causation. *Olivero v. Lowe*, 116 Nev. 395, 398–99, 995 P.2d 1023 (Nev. 2000); and *Young v. Zappos.com, Inc.*, *supra*, (D. Nev. 2010).

In Nevada, "extreme and outrageous conduct" has been defined as that which is "outside all bounds of decency and is regarded as utterly intolerable in a civilized society." *Id.*, citing *Maduike v. Agency Rent–A–Car*, 114 Nev. 1, 4, 953 P.2d 24 (1998). General physical or emotional discomfort is insufficient to demonstrate severe emotional distress. *Young v. Zappos.com, Inc.*, *6 (D. Nev. 2010). Further, conduct giving rise to a valid IIED claim must be so egregious as to offend human decency. *Id.*

Here, Plaintiff's Complaint does not state a plausible claim for IIED. Plaintiff alleges in a purely conclusory manner that MJ is liable for IIED. For example, "The Defendant's…[conduct] was extreme, outrageous and done with intention of, or reckless disregard for causing emotional distress to Mr. Colvin." (Complaint, ¶ 71.) However, the conduct to which Plaintiff is referring consists of Plaintiff contending that Gutierrez picked on him, and in November 2019, called him one racial epithet. Plaintiff immediately complained to MJ Dean about Gutierrez, and thereafter, he was supervised by Dave Moody until he was let go in April 2020 due to a lack of work.

The foregoing purported facts are not "outside all possible bounds of decency," and it would be a far stretch to classify them as "utterly intolerable in a civilized community." In short, Plaintiff's allegations do not constitute actionable extreme and outrageous conduct.

Furthermore, Plaintiff simply regurgitates the same alleged damages that he proffered in support of his claim for NIED: "As a result of Defendant's conduct, Mr. Colvin suffered severe and extreme emotional distress which included, among others, humiliation, depression, anxiety, fear and trouble sleeping." (Complaint, ¶ 72.) Because these claimed damages are insufficient to support Plaintiff's claim for NIED, the Court should reach the same conclusion with respect to Plaintiff's cause of action for IIED.

/ / /

/ / /

/ / /

HOWARD & HOWARD ATTORNEYS PLLC

**D.** **THERE IS NO INDEPENDENT CAUSE OF ACTION FOR VICARIOUS LIABILITY / RESPONDEAT SUPERIOR; THEREFORE, PLAINTIFF'S FOURTH CAUSE OF ACTION MUST BE DISMISSED WITH PREJUDICE**

The doctrine of respondeat superior provides that employers are vicariously liable for the actions of their employees within the scope of employment. However, respondeat superior is a theory of liability, not a cause of action. *See Mitschke v. Gosal Trucking, LDS.*, et al., 2:14–cv–1099 JCM (VCF), 2014 WL 5307950, at *2–3 (D. Nev. 2014); *Bravo v. Caesars Entertainment Corporation*, 2:14–CV–1616 JCM (CWH) 2014 WL 7178359 (D. Nev. 2014); and *Madrigal v. Treasure Island Corp.*, 2:08–CV–01243–PMP–GWF 2008 WL 11389168 (D. Nev. 2008) ("Vicarious liability, or respondeat superior, is a theory by which an employer may be liable for its employee's acts if the employee is under the employer's control and acts within the scope of employment."). Therefore, Plaintiff's claim for vicarious liability / respondeat superior must be dismissed with prejudice.

**E.** **PLAINTIFF'S CLAIM FOR NEGLIGENT HIRING, TRAINING AND SUPERVISION MUST BE DISMISSED WITH PREJUDICE BECAUSE IT IS PREEMPTED BY THE NIIA (PLAINTIFF'S SEVENTH CAUSE OF ACTION)**

Plaintiff's Complaint asserts that all of the alleged improper conduct occurred during the course and scope of Plaintiff's employment. As stated previously, the NIIA provides the exclusive remedy for injuries caused by negligence arising out of employment, and it has been found to specifically preclude claims of negligent hiring, training, and supervision. *See Young v. Zappos.com, Inc.*, 2:08–cv–741 JCM (PAL), 2010 WL 1612140, at * 4–5 (D. Nev. 2010) (*citing Wood v. Safeway*, 121 P.3d 1026 (Nev. 2005). Accordingly, the Court should find that the NIIA bars Plaintiff's negligent hiring, training and supervision claim.

Further, in order to succeed on a claim for negligent hiring, retention and supervision, a plaintiff must establish that: (1) defendant owed a duty of care to the plaintiff; (2) *defendant breached that duty by hiring, retaining, and/or supervising an employee even though defendant knew, or should have known, of the employee's dangerous propensities*; (3) the breach was the cause of plaintiff's injuries; and (4) damages. *Peterson v. Miranda*, 991 F. Supp. 2d 1109 (D. Nev. 2014).

HOWARD & HOWARD ATTORNEYS PLLC

9

In the present case, Plaintiff's complaint is simply comprised of the following conclusory allegations:

> 82.      Defendant M.J. Dean owed a duty of care to Mr. Colvin to properly train and supervise its employees to refrain from discrimination, harassment and retaliating against other employees.
>
> 83.      Defendant MJ. Dean breached that duty when it failed to properly train and supervise its employees to refrain from discrimination, harassment and retaliating against other employees.
>
> 84.      Defendant MJ. Dean knew or should have known that Mr. Gutierrez and possibly other employees and/or agents were subjecting Mr. Colvin to discrimination, harassment and retaliation.

(Complaint, ¶¶ 82-84.)

Clearly, Plaintiff's Complaint fails to provide *any* actual facts regarding how MJ Dean knew or should have known that Gutierrez and "possibly other employees" would subject Plaintiff to discrimination, harassment and retaliation.[1] Rather, once again, Plaintiff's cause of action simply consists of boilerplate allegations and a recitation of the basic elements of the claim.

Accordingly, Plaintiff's seventh cause of action for negligent hiring, training and supervision fails as a matter of law and it must be dismissed with prejudice.

## IV.
## CONCLUSION

Based on the foregoing, Plaintiff's causes of action for NIED, IIED, vicarious liability / respondeat superior, and negligent hiring, training and supervision should be dismissed with prejudice.

Dated: November 17, 2020                    Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ Robert Rosenthal
    Robert Rosenthal, Esq.
    Martin A. Little, Esq.
    3800 Howard Hughes Parkway, Suite 1000
    Las Vegas, Nevada 89169
    *Attorneys for Defendant M.J. Dean*
    *Construction, Inc.*

---

[1] The Complaint does not even bother to list the name(s) of other employees who allegedly discriminated against Plaintiff; instead it merely contends that there were "possibly other employees" who were involved. (Complaint, ¶ 84.)

HOWARD & HOWARD ATTORNEYS PLLC

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that a true and correct copy of the foregoing document has been

3   electronically filed and served upon the following parties on November 17, 2020 through the

4   Court's ECF system.

5

6   Jesse M. Sbaih, Esq.
   Ines Olevic-Saleh, Esq.

7   JESSE SBAIH & ASSOCIATES, LTD.
   The District at Green Valley Ranch

8   170 South Green Valley Parkway, Suite 280
   Henderson, Nevada 89012

9   Attorneys for Plaintiff

10

11                          _____/s/ Barbara Dunn_____

12                          Howard & Howard Attorneys PLLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11