# EXHIBIT 1

JESSE SBAIH & ASSOCIATES, LTD.
Jesse M. Sbaih (#7898)
Ines Olevic-Saleh (#11431)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel    (702) 896-2529
Fax   (702) 896-0529
jsbaih@sbaihlaw.com
iolevic@sbaihlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN,<br><br>           Plaintiff,<br><br>vs.<br><br>M.J. DEAN CONSTRUCTION, INC.; DOES I through X; AND ROE CORPORATIONS XI–XX, INCLUSIVE, inclusive;<br><br>           Defendant. | Case No.: 2:20-cv-01765<br><br>**AMENDED COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES**<br><br>&<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Parnell Colvin ("Mr. Colvin" or "Plaintiff"), by and through his attorneys of record, Jesse Sbaih & Associates, Ltd., and hereby complains, avers and alleges as follows:

## I.

## **PARTIES AND JURISDICTION**

1.     At all times relevant herein, Mr. Colvin was a resident of the County of Clark, State of Nevada.

2.     Plaintiff is informed and believes and thereon alleges that, at all times relevant herein, Defendant M.J. Dean Construction, Inc. ("M.J. Dean" or "Defendant") was a Nevada corporation doing business in the County of Clark, State of Nevada.

3.     At all times relevant M.J. Dean was an employer within the definition of 42 U.S.C. § 2000e(b) and NRS 613.310(2), in the M.J. Dean had "fifteen or more employees for each working day in

each of twenty or more calendar weeks in the current or preceding calendar year."

4. Jurisdiction is proper in this Court as this action arises under federal law: for example, provisions of *Title VII, 42 U.S.C. § 2000e and 42 U.S.C. § 1985(2)*.

5. At all times relevant, each and every Defendant was an agent and/or employee of each and every other Defendant. In doing the things alleged in the causes of action stated herein, each and every Defendant was acting within the course and scope of this agency or employment, and was acting with the consent, permission, and authorization of each remaining Defendant. All actions of each Defendant as alleged herein were ratified and approved by every other Defendant or their officers or managing agents.

## II.

## ADMINISTRATIVE EXHAUSTION

6. Plaintiff has satisfied the administrative prerequisites for filing suit under Title VII, and NRS 610.310 *et seq*. Mr. Colvin filed a Charge of Discrimination with NERC/EEOC against M.J. Dean with regards to allegations contained herein.

7. On June 25, 2020, the EEOC issued Mr. Colvin a Notice of Right to Sue. ***See Exhibit 1***.

8. Mr. Colvin has timely instituted this suit within ninety (90) days of his receipt of the Notice of Right to Sue.

## III.

## STATEMENT OF FACTS

9. Plaintiff repeats and realleges all the allegations contained in Paragraphs 1 through 8 of the Complaint as though fully set forth herein.

10. Mr. Colvin is an African American gentleman, a family man and a hard-worker who has been a long-time member of the Laborer's' International Union of North America, Local 872.

11. On or about July 17, 2019, Mr. Colvin (an experienced laborer with years of experience working on various construction projects in Las Vegas and elsewhere) was hired by M.J. Dean for a position of a Concrete Laborer, to work at M.J. Dean's MSG Sphere project (the "Project").

12. Mr. Colvin was excited and grateful to have obtained such a position as it promised stable and long-term employment with a reputable employer and union pay, to allow him to support his

family.

13. Mr. Colvin's immediate supervisor at the Project was Kevin Gutierrez ("Mr. Gutierrez"). Soon after meeting Mr. Colvin, Mr. Gutierrez expressed his displeasure with having to manage Mr. Colvin by telling him: "if you don't do what I say, you will get the fu.. out of here as fast as you came in."

14. Mr. Colvin was shocked and dismayed at such an inappropriate and unwarranted welcome. However, Mr. Colvin appreciated an opportunity to work for M.J. Dean and decided to do his best to appease Mr. Gutierrez and to focus on doing his job.

15. True to his initial message to Mr. Colvin, Mr. Gutierrez subjected Mr. Colvin to ongoing harassment, humiliation, and discrimination.

16. Specifically, Mr. Gutierrez frequently demanded that Mr. Colvin do various unnecessary tasks, he followed him around and scrutinized his work, sent him away from his assigned jobs at the Project to work with other crews, and made derogatory comments directly to Mr. Colvin.

17. For example, Mr. Gutierrez would demand that Mr. Colvin get on his hands and knees to clean up, which could have easily been done with available tools. Mr. Gutierrez's demand that Mr. Colvin not use available tools was for the sole reason of humiliating and demeaning Mr. Colvin in front of other people.

18. In addition, Mr. Gutierrez would never allow Mr. Colvin to work overtime at the Project. However, Mr. Gutierrez would routinely allow other employees (even those hired after Mr. Colvin) to work overtime.

19. Moreover, Mr. Gutierrez would frequently give Mr. Colvin an unreasonable number of tasks which made it nearly impossible for Mr. Colvin to complete in a day.

20. It was clear that Mr. Gutierrez was attempting to frustrate Mr. Colvin and cause him to quit.

21. Mr. Colvin was seriously disturbed by Mr. Gutierrez's mistreatment and harassment. Mr. Colvin invariably dreaded any interaction with Mr. Gutierrez.

22. However, Mr. Colvin, in need of a job to put food on the table and grateful to work with M.J. Dean, hoped that Mr. Gutierrez would stop mistreating him and he continued to focus his efforts

on doing his job the best way possible.

23. In or about the beginning of November 2019, Mr. Colvin was on the deck cleaning and removing wire out of the beams when Mr. Gutierrez approached him. Mr. Gutierrez asked Mr. Colvin what he was doing. Mr. Colvin explained what tasks he had completed and what he was doing.

24. Intimidated and exasperated by Mr. Gutierrez's mistreatment and constant scrutiny, Mr. Colvin asked Mr. Gutierrez why he is constantly "picking" on him and making his job so difficult.

25. Mr. Gutierrez had no response for Mr. Colvin that day. However, the next day, Mr. Gutierrez came to Mr. Colvin and apologized for his prior behavior saying he will "start over".

26. Despite his promise, on or about November 14, 2019, Mr. Gutierrez, as he has frequently done before, came to Mr. Colvin and instructed him to leave his usual area of work and join another crew. Mr. Colvin, frustrated at constantly being displaced for no legitimate reason, said that this is his usual area where he completes his tasks.

27. In response, Mr. Gutierrez said, "I am your fu..ing boss and you do as I say!"

28. Once again, Mr. Colvin inquired why Mr. Gutierrez is mistreating him. Mr. Gutierrez responded, "I am not fu..ing doing this, I am going to give you your two fucking checks."

29. Mr. Colvin, very concerned about losing his job for no reason, asked Mr. Gutierrez, why he continues to "mess" with him. In response, Mr. Gutierrez threw his hands up and said, "I am done with you NIG..R!!!" and walked away.

30. Mr. Colvin was shocked and traumatized. He was humiliated and degraded. He was in disbelief that in this day and age, in light of growing awareness of the horrific consequences of racial discrimination, he was still subjected to such demeaning conduct.

31. On that same day (November 14, 2019), Mr. Colvin filled out and submitted an Employee Incident Investigation Report where he described the disturbing interaction with Mr. Gutierrez (the "Internal Complaint").

32. Upon learning of the incident, John Thomason, a director at M.J. Dean, advised Mr. Colvin that Mr. Gutierrez would be fired.

33. Outrageously, rather than terminating Mr. Gutierrez to rid M.J. Dean of a toxic and discriminatory environment, M.J. Dean decided to move Mr. Colvin to work for Dave Moody, also a

yard supervisor.

34. To add insult to injury, contrary to Mr. Thomason/M.J. Dean's representations to Mr. Colvin, Mr. Gutierrez's employment was not terminated.

35. Instead, on or about April 4, 2020, Mr. Colvin's employment was terminated.

36. Specifically, at some point just prior to Mr. Colvin's discharge, Mr. Moody went to work at a different job site at the Project.

37. Despite not being Mr. Colvin's supervisor and despite M.J. Dean's knowledge of Mr. Gutierrez's mistreatment, harassment, and discriminatory conduct of Mr. Colvin, M.J. Dean placed Mr. Gutierrez in charge of Mr. Colvin again.

38. At that time, Mr. Gutierrez jumped at the opportunity to retaliate against Mr. Colvin by terminating Mr. Colvin's employment under the ruse that there was "lack of work."

39. However, M.J. Dean's and Mr. Gutierrez's "lack of work" justification for terminating Mr. Colvin's employment was brazenly inaccurate.

40. Indeed, the non-African American laborers who became employed by M.J. Dean after Mr. Colvin and had less seniority (Gilbert and Julian) were not terminated due to "lack of work." In fact, a couple of non-African American laborers who were previously laid off by M.J. Dean from other areas of the project were called back to do Mr. Colvin's job (Andy and Lillow [sic]).

41. Moreover, the subsequent job postings at the Union clearly indicated that M.J. Dean was looking for laborers.

42. Clearly, there was no lack of work at M.J. Dean and Mr. Colvin was fired in retaliation for his complaints of racial discrimination.

## **FIRST CLAIM FOR RELIEF**

(Retaliation in Violation of 42 U.S.C. § 2000e and NRS 613.340)

43. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs of this Complaint.

44. At all times relevant to this matter, Title VII, 42 U.S.C. § 2000e, was in full force and effect and binding on Defendant. Title VII, 42 U.S.C. § 2000e-3(a) and NRS 613.340 read as follows: "It shall be an unlawful employment practice for an employer to discriminate against any of his

employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

45. Plaintiff engaged in protected activity when, on or about November 14, 2019, he made internal complaints about harassment and hostile work environment he had been subjected to.

46. Based on these complaints, Plaintiff endured adverse actions, which include, but are not limited to, being discharged from his employment.

47. Defendant's adverse actions toward Plaintiff are clearly causally connected to Plaintiff's protected activities. Plaintiff has made protected complaints and has suffered retaliatory adverse actions for those complaints.

48. Defendant's retaliatory conduct violated and continues to violate Title VII, 42 U.S.C. § 2000e and NRS 613.340.

49. Mr. Colvin has been harmed by Defendant's acts or omissions, has suffered damages, and is entitled to be fully compensated therefore.

**50.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Mr. Gutierrez and each of the Defendant's Doe Employee(s)/Agent(s) were the agents and/or employees of Defendant M.J Dean and were doing the things hereinafter alleged, and were acting within the course and scope of such agency and employment, in furtherance of the profit-making business of all such Defendants.**

**51.    Mr. Gutierrez and each of the Defendant's Doe Employee(s)/Agent(s) subjected Mr. Colvin to actions complained herein while in the course and scope of their agency and/or employment with M.J. Dean.**

**52.    As a direct and proximate result of the actions by Defendant M.J. Dean and/or Doe Employee(s)/Agent(s) and each of them as set forth herein, Defendants, and each of them, are vicariously liable for the acts of the other, which caused Mr. Colvin to suffer damages, and he is entitled to be fully compensated therefore.**

53. It has become necessary for Plaintiff to retain the services of an attorney to prosecute this action and Plaintiff is entitled to an award of reasonable attorney fees.

**SECOND CLAIM FOR RELIEF**

(Discrimination in violation of 42 U.S.C. § 2000e-2 and NRS 613.330)

54. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs of this Complaint.

55. At all times relevant to this matter, Title VII, 42 U.S.C. § 2000e-2 and NRS 613.330 were in full force and effect and binding on Defendant. Title VII, 42 U.S.C. § 2000e-2(a) and NRS 613.330 read as follows: "It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ."

56. Plaintiff is a member of a protected class: African American.

57. As fully set forth above, Defendant violated the Civil Rights Act of 1866 as amended 42 U.S.C. §1981 and NRS 613.330 by according preferential treatment to Non-African American employees. In violation of law, Defendant discriminated against Mr. Colvin on the basis of his race, by among other things, firing him because of his race, failing to provide him with opportunities for overtime as it was provided to Non-African Americans, and subjecting him to various degrading actions, including calling him a Nig..r, which Non-African American employees were not subjected to.

58. Mr. Colvin has been harmed by Defendant's acts or omissions, has suffered damages, and is entitled to be fully compensated therefore.

59. **Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Mr. Gutierrez and each of the Defendant's Doe Employee(s)/Agent(s) were the agents and/or employees of Defendant M.J Dean and were doing the things hereinafter alleged, and were acting within the course and scope of such agency and employment, in furtherance of the profit-making business of all such Defendants.**

60. **Mr. Gutierrez and each of the Defendant's Doe Employee(s)/Agent(s) subjected Mr. Colvin to actions complained herein while in the course and scope of their agency and/or employment with M.J. Dean.**

61. **As a direct and proximate result of the actions by Defendant M.J. Dean and/or Doe**

1 **Employee(s)/Agent(s) and each of them as set forth herein, Defendants, and each of them, are**
2 **vicariously liable for the acts of the other, which caused Mr. Colvin to suffer damages, and he is**
3 **entitled to be fully compensated therefore.**

4      62. It has become necessary for Plaintiff to retain the services of an attorney to prosecute this
5 action and Plaintiff is entitled to an award of reasonable attorney fees.

### THIRD CLAIM FOR RELIEF

(Harassment in Violation of 42 U.S.C. § 2000e-2 and NRS 613.330)

     63. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs of this Complaint.

     64. At all times relevant to this matter, Title VII, 42 U.S.C. § 2000e-2 and NRS 613.330 were in full force and effect and binding on Defendant. Title VII, 42 U.S.C. § 2000e-2(a) and NRS 613.330 read as follows: "It shall be an unlawful employment practice for an employer to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

     65. As fully set forth above, because of his race, Plaintiff has been subjected to harassing verbal conduct and harassing actions by M.J. Dean employees, which include, but are not limited to, firing him because of his race, failing to provide him with opportunities for overtime as it was provided to Non-African Americans, and subjecting him to various degrading actions, including calling him a Nig..r, which Non-African American employees were not subjected to, which stem entirely from these individuals' racial animosity towards Plaintiff. This harassing conduct was undertaken by Defendant who created an environment that, among other things, tolerated and encouraged discrimination based on race, thereby materially and negatively impacting the terms and conditions of Plaintiff's employment. The statements and conduct on the part of the Defendant complained of herein represents a violation of Title VII, 42 U.S.C. § 2000e-2 and NRS 613.330.

     66. The harassing verbal comments and harassing conduct directed toward Plaintiff because of his race were unwelcomed by Plaintiff.

     67. These harassing verbal comments and harassing conduct directed toward Plaintiff

because of his race have been both severe and pervasive. In fact, Plaintiff's daily endurance of this hostile work environment is taking a tremendous toll on Plaintiff's health, from severe stress and anxiety to inability to sleep.

68. Mr. Colvin has been harmed by Defendant's acts or omissions, has suffered damages, and is entitled to be fully compensated therefore.

**69. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Mr. Gutierrez and each of the Defendant's Doe Employee(s)/Agent(s) were the agents and/or employees of Defendant M.J Dean and were doing the things hereinafter alleged, and were acting within the course and scope of such agency and employment, in furtherance of the profit-making business of all such Defendants.**

**70. Mr. Gutierrez and each of the Defendant's Doe Employee(s)/Agent(s) subjected Mr. Colvin to ctions complained herein while in the course and scope of their agency and/or employment with M.J. Dean.**

**71. As a direct and proximate result of the actions by Defendant M.J. Dean and/or Doe Employee(s)/Agent(s) and each of them as set forth herein, Defendants, and each of them, are vicariously liable for the acts of the other, which caused Mr. Colvin to suffer damages, and he is entitled to be fully compensated therefore.**

72. It has become necessary for Plaintiff to retain the services of an attorney to prosecute this action and Plaintiff is entitled to an award of reasonable attorney fees.

## FOURTH CLAIM FOR RELIEF

(Negligent Infliction of Emotional Distress)

73. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs of this Complaint.

74. Defendant owed a duty of care to Mr. Colvin to not subject him to harassing, discriminatory and humiliating actions by its employees and/or agents, and to not take retaliatory actions against him.

75. Defendant breached its duty of care to Mr. Colvin when it subjected Mr. Colvin to harassing, discriminatory and humiliating actions by its employees and/or agents and had taken

retaliatory actions against him.

76. Defendant's actions complained of herein caused Mr. Colvin to suffer serious emotional distress which included, among others, humiliation, depression, anxiety, fear and trouble sleeping.

77. Mr. Colvin has been harmed by Defendant's acts or omissions, has suffered damages, and is entitled to be fully compensated therefore.

**78. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Mr. Gutierrez and each of the Defendant's Doe Employee(s)/Agent(s) were the agents and/or employees of Defendant M.J Dean and were doing the things hereinafter alleged, and were acting within the course and scope of such agency and employment, in furtherance of the profit-making business of all such Defendants.**

**79. Mr. Gutierrez and each of the Defendant's Doe Employee(s)/Agent(s) subjected Mr. Colvin to ctions complained herein while in the course and scope of their agency and/or employment with M.J. Dean.**

**80. As a direct and proximate result of the actions by Defendant M.J. Dean and/or Doe Employee(s)/Agent(s) and each of them as set forth herein, Defendants, and each of them, are vicariously liable for the acts of the other, which caused Mr. Colvin to suffer damages, and he is entitled to be fully compensated therefore.**

81. It has become necessary for Plaintiff to retain the services of an attorney to prosecute this action and Plaintiff is entitled to an award of reasonable attorney fees.

## FIFTH CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress)

82. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs of this Complaint.

83. The Defendant's above described behavior which includes but is not limited to harassment and discrimination and M.J. Dean's retaliation against Mr. Colvin as a result of his complaints, was extreme, outrageous and done with intention of, or reckless disregard for causing emotional distress to Mr. Colvin.

84. As a result of Defendant's conduct, Mr. Colvin suffered severe and extreme emotional

1 distress which included, among others, humiliation, depression, anxiety, fear and trouble sleeping.

2     **85**. Defendant has acted willfully and maliciously, and with oppression, fraud or malice, and
3 as a result of Defendant's wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive
4 damages.

5     **86**. Mr. Colvin has been harmed by Defendant's acts or omissions, has suffered damages, and
6 is entitled to be fully compensated therefore.

7     **87. Plaintiff is informed and believes and thereon alleges that at all times herein
8 mentioned, Mr. Gutierrez and each of the Defendant's Doe Employee(s)/Agent(s) were the agents
9 and/or employees of Defendant M.J Dean and were doing the things hereinafter alleged, and were
10 acting within the course and scope of such agency and employment, in furtherance of the profit-
11 making business of all such Defendants.**

12     **88. Mr. Gutierrez and each of the Defendant's Doe Employee(s)/Agent(s) subjected Mr.
13 Colvin to ctions complained herein while in the course and scope of their agency and/or
14 employment with M.J. Dean.**

15     **89. As a direct and proximate result of the actions by Defendant M.J. Dean and/or Doe
16 Employee(s)/Agent(s) and each of them as set forth herein, Defendants, and each of them, are
17 vicariously liable for the acts of the other, which caused Mr. Colvin to suffer damages, and he is
18 entitled to be fully compensated therefore.**

19     **90**. It has become necessary for Plaintiff to retain the services of an attorney to prosecute this
20 action and Plaintiff is entitled to an award of reasonable attorney fees.

21 <center>**SIXTH CLAIM FOR RELIEF**</center>
22 <center>(Negligent Hiring, Training and Supervision)</center>

23     **91**. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs of
24 this Complaint.

25     **92**. Defendant M.J. Dean owed a duty of care to Mr. Colvin to properly train and supervise
26 its employees to refrain from discrimination, harassment and retaliating against other employees.

27     **93**. Defendant M.J. Dean breached that duty when it failed to properly train and supervise its
28 employees to refrain from discrimination, harassment and retaliating against other employees.

Case 2:20-cv-01765-APG-EJY   Document 12-1   Filed 12/01/20   Page 13 of 14

94. Defendant M.J. Dean knew or should have known that Mr. Gutierrez and possibly other employees and/or agents were subjecting Mr. Colvin to discrimination, harassment and retaliation.

95. The conduct of M.J. Dean as alleged herein, was willful, intentional, oppressive, fraudulent, malicious and done in a wanton and reckless disregard for the rights of Mr. Colvin, thereby warranting the imposition of punitive damages.

96. As a direct result of the negligent and careless conduct of Defendant, Mr. Colvin suffered damages, and he is entitled to be fully compensated therefore.

97. It has become necessary for Plaintiff to retain the services of an attorney to prosecute this action and Plaintiff is entitled to an award of reasonable attorney fees.

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

a. For compensatory damages in a sum according to proof at trial;

b. For special damages in a sum according to proof at trial;

c. For consequential damages in a sum according to proof at trial;

d. For punitive damages in a sum according to proof at trial;

e. For all equitable and declaratory relief available;

f. For interest and pre-judgment interest at the statutory rate until the amount of judgment is paid in full;

f. For attorney's fees and costs of suit incurred; and

g. For such other and further relief as the Court may deem appropriate.

DATED this ____ day of _____, 2020.

JESSE SBAIH & ASSOCIATES, LTD.


By _____
Jesse M. Sbaih (#7898)
Ines Olevic-Saleh (#11431)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
*Attorneys for Plaintiff*

12 of 13

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

Plaintiff Parnell Colvin, by and through the law firm of Jesse Sbaih & Associates, Ltd., hereby demands a jury trial of all issues in the above-captioned matter.

DATED this _____ day of _____, 2020.

JESSE SBAIH & ASSOCIATES, LTD.

By _____
Jesse M. Sbaih (#7898)
Ines Olevic-Saleh (#11431)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
*Attorneys for Plaintiff*