Martin A. Little, Esq.
Nevada Bar No. 7067
Robert L. Rosenthal, Esq.
Nevada Bar No. 6476
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: rlr@h2law.com
Email: mal@h2law.com

*Attorneys for Defendant M.J. Dean Construction, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN,<br><br>        Plaintiff,<br><br>vs.<br><br>M.J. DEAN CONSTRUCTION, INC,<br><br>        Defendant. | Case No. 2:20-cv-01765-APG-EJY<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**<br><br>**(Oral argument requested)**<br><br>**Action filed on September 22, 2020** |

A.  **PLAINTIFF'S CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS MUST BE DISMISSED WITH PREJUDICE BECAUSE (1) IT IS PREEMPTED BY NEVADA'S INDUSTRIAL INSURANCE ACT, AND (2) PLAINTIFF DID NOT SUFFER ANY PHYSICAL INJURIES**

Nevada Revised Statute 616A.020(1) provides that the "rights and remedies provided in [the Nevada Industrial Insurance Act] for an employee on account of an injury by accident sustained arising out of and in the course of the employment ... shall be exclusive of all other rights and remedies of the employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury." NRS 616A.020(1). Additionally, Nevada Revised Statute 616B.612(4) provides that an employer within the provisions of the NIIA "is relieved from other liability for recovery of damages or other compensation for those personal injuries unless otherwise provided by the terms of [the NIIA]." NRS 616B.612(4).

In the present case, Plaintiff's Opposition admits that all of the conduct that gave rise to his claim for negligent infliction of emotional distress ("NIED") occurred during the course and

scope of his employment. Therefore, his claim for NIED must be preempted, as a matter of law, by the NIIA. *See Wood v. Safeway*, 121 Nev. 724, 121 P.3d 1026 (2005), and in *Young v. Zappos.com, Inc.*, 2010 WL 1612140 (D. Nev. 2010),

Additionally, Plaintiff only claims that he suffered boilerplate injuries – none of any tangible physical nature – which renders his claim for NIED untenable. *See Whittemore v. Vast Holdings Group, LLC*, 2:19-cv-01951-GMN-EJY 2020 WL 5848096 (D. Nev. Sep. 30, 2020) (slip copy); *Kennedy v. Carriage Cemetery Servs., Inc.*, 727 F. Supp. 2d 925, 934 (D. Nev. 2010). If "emotional distress damages are not secondary to physical injuries, but rather, precipitate physical symptoms, either a physical impact must have occurred or, in the absence of physical impact, proof of 'serious emotional distress' causing physical injury or illness must be presented." *Ferm v. McCarty*, No. 2:12-cv-00782-RFB-PAL, 2014 WL 6983234, at *7 (D. Nev. Dec. 9, 2014), *citing Barmettler v. Reno Air, Inc.,* 956 P.2d 1382, 1387 (Nev. 1998).

Ironically, Plaintiff's Opposition cites the case of *Burns v. Mayer*, 175 F. Supp. 2d 1259, 1269 (D. Nev. 2001), for the proposition that he can maintain a claim against Defendant for NIED. However, *Burns* is wholly inapposite, because in *Burns*, plaintiff alleged that she was repeatedly *physically assaulted*, which is obviously not the case here.

Accordingly, Plaintiff's claim for NIED should be dismissed with prejudice, particularly because amending his complaint would be futile. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); and *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

B. **PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAILS AS A MATTER OF LAW BECAUSE DEFENDANT'S CONDUCT WAS NOT EXTREME AND OUTRAGEOUS**

Plaintiff's claim for intentional infliction of emotional distress ("IIED") is premised on Mr. Gutierrez calling him the "N-word" word one time in November 2019.[1] Plaintiff's Opposition now argues that the following additional conduct – all of which occurred at least 5 months before

---

[1] Plaintiff was let go approximately 5 months later due to a lack of work. Significantly, Plaintiff's Complaint does not allege that any improper conduct occurred, or that he suffered any sort of emotional distress from the time that he complained about Mr. Gutierrez in November 2019 until his termination.

2

Plaintiff was let go due to a lack of work – constitutes IIED: Mr. Gutirrez "demanded that Mr. Colvin do various unnecessary tasks", Mr. Gutierrez "followed [Plaintiff] him around and scrutinized his work", Mr. Gutierrez "made other derogatory comments directly to Mr. Colvin" (Plaintiff's Complaint does not state what those comments were), and Mr. Gutierrez demanded that Plaintiff "get on his hands and knees to clean up". (Plaintiff's Opposition at p. 9:16-22.)

Clearly, this conduct simply points to the conclusion that Plaintiff believed that Mr. Gutierrez picked on him. However, none of these allegations, including the one-time use of the "N-word" supports a claim for IIED, because the conduct is not "outside all possible bounds of decency." *See Maduike v. Agency Rent–A–Car*, 953 P.2d 24, 26 (Nev.1998); and *Whittemore v. Anderson Financial Services, LLC*, 2020 WL 1430377 (D. Nev. 2020) (slip copy). Accordingly, Plaintiff's claim for IIED must be dismissed with prejudice. Additionally, permitting Plaintiff to amend his Complaint would be futile.

### C. PLAINTIFF'S OPPOSITION ADMITS THAT THERE IS NO SUCH CLAIM AS VICARIOUS LIABILITY / RESPONDEAT SUPERIOR

Plaintiff's Opposition concedes that respondeat superior / vicarious liability is a theory of liability, not a cause of action. *See Mitschke v. Gosal Trucking, LDS.*, et al., 2:14–cv–1099 JCM (VCF), 2014 WL 5307950, at *2–3 (D. Nev. 2014); and *Bravo v. Caesars Entertainment Corporation*, 2:14–CV–1616 JCM (CWH) 2014 WL 7178359 (D. Nev. 2014). However, Plaintiff also seems to mistakenly believe that he can amend his Complaint and sue for vicarious liability. However, that is not possible because respondeat superior and vicarious liability are one and the same. *See Mitschke v. Gosal Trucking, LDS, supra*, at *2-3. Accordingly, there is no way for Plaintiff to amend and create a claim that legally cannot exist. As such, Plaintiff's cause of action must be dismissed with prejudice.

/ / /

/ / /

/ / /

/ / /

3

**D.     PLAINTIFF'S CAUSE OF ACTION FOR NEGLIGENT HIRING, TRAINING AND SUPERVISION MUST BE DISMISSED BECAUSE (1) IT IS PREEMPTED BY THE NIIA, AND (2) PLAINTIFF'S COMPLAINT FAILS TO PROVIDE EVEN A SINGLE FACT IN SUPPORT OF THE CLAIM**

Once again, Plaintiff cannot escape the fact that his Complaint unequivocally maintains that all of the alleged improper conduct occurred during the course and scope of Plaintiff's employment. Therefore, there is no getting around the conclusion that his claim for negligent hiring, training and supervision is preempted by the NIIA and must be dismissed with prejudice. *See Young v. Zappos.com, Inc.*, 2:08–cv–741 JCM (PAL), 2010 WL 1612140, at * 4–5 (D. Nev. 2010) (*citing Wood v. Safeway*, 121 P.3d 1026 (Nev. 2005). Accordingly, the Court should find that the NIIA bars Plaintiff's negligent hiring, training and supervision claim.

Additionally, Plaintiff's Opposition fails to point to even a single fact in the Complaint that supports his claim. Instead, Plaintiff simply regurgitates the same conclusory boilerplate allegations.

> 82.    Defendant M.J. Dean owed a duty of care to Mr. Colvin to properly train and supervise its employees to refrain from discrimination, harassment and retaliating against other employees.
>
> 83.    Defendant MJ. Dean breached that duty when it failed to properly train and supervise its employees to refrain from discrimination, harassment and retaliating against other employees.
>
> 84.    Defendant MJ. Dean knew or should have known that Mr. Gutierrez and possibly other employees and/or agents were subjecting Mr. Colvin to discrimination, harassment and retaliation.

(Complaint, ¶¶ 82-84.)

Finally, Plaintiff's Opposition fails to even address the fact that his Complaint only alleges purely economic loss, which is not recoverable for negligence claims such as negligent hiring, training and supervision. *See Local Joint Executive Bd. of Las Vegas, Culinary Workers Union, Local No. 226 v. Stern*, 651 P.2d 637, 638 (Nev.1982); *Brophy v. Day & Zimmerman Hawthorne Corp.*, 799 F.Supp.2d 1185, 1201–02 (D. Nev. 2011); *Blanck v. Hager*, 360 F.Supp.2d 1137, 1157 (D. Nev. 2005).

/ / /

/ / /

4

### E. CONCLUSION

Based on the foregoing, Plaintiff's causes of action for NIED, IIED, vicarious liability / respondeat superior, and negligent hiring, training and supervision should be dismissed with prejudice.

Dated: December 8, 2020

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ Robert Rosenthal
Robert Rosenthal, Esq.
Martin A. Little, Esq.
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
*Attorneys for Defendant M.J. Dean Construction, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically filed and served upon the following parties on December 8, 2020 through the Court's ECF system.

Jesse M. Sbaih, Esq.
Ines Olevic-Saleh, Esq.
JESSE SBAIH & ASSOCIATES, LTD.
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
*Attorneys for Plaintiff*

/s/ Barbara Dunn
Howard & Howard Attorneys PLLC

.