<-
<-

<-

<-

<-
<-

<-

<-

<-

Martin A. Little, Esq.
Nevada Bar No. 7067
Robert L. Rosenthal, Esq.
Nevada Bar No. 6476
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: rlr@h2law.com
Email: mal@h2law.com

*Attorneys for Defendant M.J. Dean Construction, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN, | Case No. 2:20-cv-01765-APG-EJY |
| Plaintiff, | **DEFENDANT'S RESPONSE TO PLAINTIFF'S COUNTER-MOTION TO AMEND COMPLAINT** |
| vs. | |
| M.J. DEAN CONSTRUCTION, INC, | **(Oral argument requested)** |
| Defendant. | Action filed on September 22, 2020 |

Defendant, M.J. Dean Construction, Inc. ("Defendant" or "MJ Dean") hereby submits the following Response to Plaintiff's Counter-Motion to Amend Complaint and also incorporates by reference its Motion and Reply in support of its Motion to Dismiss.

**A. THE COURT SHOULD DENY PLAINTIFF'S COUNTER-MOTION BECAUSE AMENDING THE COMPLAINT WOULD BE FUTILE**

Courts consider five factors when determining whether to grant a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "Futility alone can justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

District courts may dismiss "where at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The Ninth Circuit has found that "the public's interest in expeditious resolution

1

of litigation always favors dismissal." *Id.* at 990.

In the present case, there is no legal basis for permitting Plaintiff to amend his Complaint, primarily because such an endeavor would be futile, would cause undue delay, and is prejudicial to Defendant, because Defendant would be forced to file another motion to dismiss. Plaintiff's proposed First Amended Complaint ("FAC") fails to cure any of the original Complaint's substantive defects.

With respect Plaintiff's causes of action for negligent infliction of emotional distress and negligent hiring, training and supervision, the FAC still alleges that the underlying offensive conduct occurred during the course and scope of Plaintiff's employment. Therefore, these claims are still preempted by Nevada's Industrial Insurance Acts and they should be dismissed with prejudice.

Additionally, no amount of amending will "create" a cause of action for either respondeat superior or vicarious liability, as there is no such cause of action. *See Mitschke v. Gosal Trucking, LDS.*, et al., 2:14–cv–1099 JCM (VCF), 2014 WL 5307950, at *2–3 (D. Nev. 2014); and *Bravo v. Caesars Entertainment Corporation*, 2:14–CV–1616 JCM (CWH) 2014 WL 7178359 (D. Nev. 2014). Accordingly, Plaintiff's proposed amended claim for respondeat superior / vicarious liability must be dismissed as a matter of law.

Finally, Plaintiff's FAC fails to allege any additional facts that would permit him to maintain a claim for intentional infliction of emotional distress ("IIED"). Once again, all of the claimed improper conduct simply points to the inescapable conclusion that Plaintiff believed that his supervisor, Mr. Gutierrez, picked on him and called him the "N-word" one time. Even taking all of the allegations as true (which they are not), the are simply not enough <u>substantive</u> facts to support a claim for IIED, because the conduct was not "outside all possible bounds of decency." *See Maduike v. Agency Rent–A–Car*, 953 P.2d 24, 26 (Nev.1998); and *Whittemore v. Anderson Financial Services, LLC*, 2020 WL 1430377 (D. Nev. 2020) (slip copy). As such, Plaintiff's claims for IIED should be dismissed with prejudice.

///
///

**B.   CONCLUSION**

Based on the foregoing, Plaintiff's Counter-Motion should be denied.

Dated: December 15, 2020

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ Robert Rosenthal
Robert Rosenthal, Esq.
Martin A. Little, Esq.
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
*Attorneys for Defendant M.J. Dean Construction, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically filed and served upon the following parties on December 15, 2020 through the Court's ECF system.

Jesse M. Sbaih, Esq.
Ines Olevic-Saleh, Esq.
JESSE SBAIH & ASSOCIATES, LTD.
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
*Attorneys for Plaintiff*

/s/ Barbara Dunn
Howard & Howard Attorneys PLLC