Jesse Sbaih & Associates, Ltd.
Jesse M. Sbaih (#7898)
Ines Olevic-Saleh (#11431)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel   (702) 896-2529
Fax  (702) 896-0529
Email: jsbaih@sbaihlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN,<br><br>          Plaintiff,<br><br>vs.<br><br>M.J. DEAN CONSTRUCTION, INC.; DOES I through X; AND ROE CORPORATIONS XI–XX, INCLUSIVE, inclusive;<br><br>          Defendant. | Case No.: 2:20-cv-01765-APG-EJY<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF COUNTERMOTION FOR LEAVE TO AMEND THE COMPLAINT** |

COMES NOW Plaintiff Parnell Colvin ("Mr. Colvin" or "Plaintiff"), by and through his attorneys of record, Jesse Sbaih & Associates, Ltd., and hereby files this Reply in Support of his Countermotion for Leave to Amend the Complaint (ECF No. 12) ("Plaintiff's Countermotion").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

Fed.R.Civ.P. 15(a) provides that a "court should freely give leave when justice so requires." The courts of this jurisdiction have acknowledged and embraced a "strong public policy permitting amendment." ***Outdoor Systems, Inc. v. City of Mesa***, 997 F.2d 604, 614 (9th Cir.1993).

When analyzing propriety of a motion for leave to amend, presence of the following factors is examined: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment;

and (5) whether the plaintiff has previously amended his complaint.[1] **Bonin v. Calderon**, 59 F.3d 815, 845 (9th Cir.1995). "The court must remain guided by 'the underlying purpose of Rule 15 ... to facilitate decision on the merits, rather than on the pleadings or technicalities.'" **Lopez v. Smith**, 203 F.3d 1122,

As demonstrated in Plaintiff's Countermotion, all causes of action alleged by Mr. Colvin have been alleged sufficiently, are proper, and are not subject to dismissal. However, in case this Honorable Court disagrees, Mr. Colvin is seeking an opportunity to amend his Complaint to remedy any deficiencies this Honorable Court may find.

In this instance, if Plaintiff was granted leave to amend his Complaint (if necessary), there is no bad faith, no undue delay and no prejudice to Defendant as this matter is still in its infancy stages. Also, Plaintiff did not previously amend his complaint. Finally, considering the propriety of Mr. Colvin's allegations, amending his complaint would not be futile.

Specifically, contrary to Defendant's assertions, neither Mr. Colvin's claim for Negligent Infliction of Emotional Distress nor his claim for Negligent Hiring, Training and Supervision are preempted by the Nevada Industrial Insurance Act as there is no causal relationship between Mr. Colvin's injury and the nature of his work at M.J. Dean. **See Wood v. Safeway, Inc.,** 121 Nev. 724, 733, 121 P.3d 1026, 1032 (2005). Further, the facts giving rise to allegations by Mr. Colvin are sufficient to maintain his causes of action for both negligent and intentional infliction of emotional distress.

Also, contrary to Defendant's downplay of the preposterousness of its behavior, Defendant's actions were extreme and outrageous to sustain Mr. Colvin's claim for Intentional Infliction of Emotional Distress.

In addition, Mr. Colvin has and can provide sufficient factual background to properly plead his claim for Negligent Hiring, Training and Supervision. Plaintiff's Complaint clearly describes that despite M.J. Dean's knowledge of Mr. Gutierrez's repeated harassment of Mr. Colvin, it chose to retain

---

[1] In its Opposition, Defendant cites to **Yourish v. California Amplifier**, 191 F.3d 983, 990 (9th Cir. 1999) for a court's discussion of the subject five (5) factors. However, Defendant's reliance on **Yourish** is misguided because the language Defendant cites refers to analysis of whether it is appropriate to dismiss a complaint as a sanction, not to assess propriety of an amendment of same.

him as an employee which enabled him to deliver a final employment blow to Mr. Colvin by firing him. Moreover, the Complaint lists other M.J. Dean employees which were implicated in M.J. Dean's despicable conduct and whose hiring, retention and supervision gives rise to Mr. Colvin's allegations.

Finally, Mr. Colvin set forth the claims for Vicarious Liability/Respondeat Superior in a separate cause of action in order to highlight the theory of liability implicating M.J. Dean. However, if this Honorable Court considers that subject allegations should not be plead as a separate cause of action, Plaintiff respectfully re-iterates his request for leave to amend his Complaint to plead Vicarious Liability/Respondeat Superior as a theory of Defendant's liability under the appropriate individual causes of action.

## IV.

## **CONCLUSION**

In keeping with the 9th Circuit's strong public policy favoring amendment, Mr. Colvin hereby respectfully requests that if this Honorable Court finds any deficiencies in Mr. Colvin's allegations, Mr. Colvin be permitted to cure any such deficiencies through an amendment of his Complaint.

DATED this 22nd day of December, 2020.

JESSE SBAIH & ASSOCIATES, LTD.

By   /s/ Ines Olevic-Saleh
Jesse M. Sbaih (#7898)
Ines Olevic-Saleh (#11431)
The District at Green Valley
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

Pursuant to FRCP Rule 5(b), I certify that I am an employee of the law firm of Jesse Sbaih & Associates, Ltd., and that on this 22nd day of December, 2020, I caused **PLAINTIFF'S REPLY IN SUPPORT OF COUNTERMOTION FOR LEAVE TO AMEND THE COMPLAINT** to be served via electronic service to the following:

Martin A. Little, Esq.
Robert L. Rosenthal, Esq.
Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy, Suite 1000
Las Vegas, NV 89169
   *Attorneys for Defendant*

                     /s/ Jennifer Davidson
           An employee of Jesse Sbaih & Associates, Ltd.