UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PARNELL COLVIN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>M.J. DEAN CONSTRUCTION, INC.; DOES I through X; and ROE CORPORATIONS XI-XX, inclusive;<br><br>　　　　Defendants. | Case No. 2:20-cv-01765-APG-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>RE: Motion to Dismiss Complaint (ECF No. 7)<br>and<br>Countermotion For Leave to Amend Complaint (ECF No. 12) |

Pending before the Court are Defendant's Motion to Dismiss Complaint (ECF No. 7) and Plaintiff's Countermotion for Leave to Amend Complaint (ECF No. 12). The Court has considered Defendant's Motion, Plaintiff's Opposition (ECF No. 11), and Defendant's Reply (ECF No. 13), as well as Plaintiff's Countermotion, Defendant's Response (ECF No. 14), and Plaintiff's Reply (ECF No. 15).

**I.    BACKGROUND**

Plaintiff's Complaint alleges employment discrimination, harassment, and retaliation under 42 U.S.C. § 2000e and NRS 613.330-340. Plaintiff also alleges four state law claims including Negligent Infliction of Emotional Distress ("NIED"), Intentional Infliction of Emotional Distress ("IIED"), Vicarious Liability/Respondeat Superior ("Respondeat Superior"), and Negligent Hiring, Training, and Supervision. Defendant's Motion seeks to dismiss Plaintiff's four state law claims only. ECF No. 7 at 2.

Defendant argues Plaintiff's NIED claim is barred by the Nevada Industrial Insurance Act ("NIIA"). Defendant further argues that even if this basis for dismissal is unsuccessful, Plaintiff's alleged harm is insufficient to state a negligence-based emotional distress claim. With respect to Plaintiff's IIED claim, Defendant contends this claim fails because the conduct alleged (which Defendant says consists of Plaintiff being called a racial epithet on one occasion) is not outside the bounds of decency. *Id*. at 3.

Defendant correctly points out that Respondeat Superior is not a cause of action, but a theory of liability and, therefore, this claim must be dismissed with prejudice. *Id*. Finally, Defendant argues that Plaintiff's Negligent Hiring, Training, and Supervision claim fails because the NIIA bars this claim, Plaintiff's claim consists of boilerplate allegations only, and Plaintiff asserts pure economic loss. *Id*. at 3-4.

Plaintiff opposes Defendant's Motion and seeks to amend his Complaint by eliminating his Respondeat Superior claim while adding language regarding vicarious liability to each of his other six claims. ECF No. 12. Plaintiff also points to allegations in his Complaint, in addition to the racial epithet allegation, supporting his emotional distress claims. *Id*. Plaintiff states he suffered neither an injury nor accident as those terms are defined by the NIIA, and there is no causal connection between his injuries arising from his negligence claims and "the nature of the work or workplace … ." *Id*. at 7. Thus, Plaintiff states his claims are not barred by the NIIA. Plaintiff states Nevada recognizes a "direct" claim for NIED, and that physical contact with Plaintiff by Defendant need not occur to state this claim. *Id*. at 8.

Plaintiff argues he suffered severe emotional distress, and Defendant attempts to trivialize Plaintiff's alleged "despicable" conduct. *Id*. at 8-10. Plaintiff argues that Negligent Hiring, Training, and Supervision pleads sufficient facts to support this claim through incorporation of all allegations in his Complaint and that he need not plead "every single detail regarding" a cause of action. *Id*. at 11. As stated above, "Plaintiff does not oppose [ ] dismissal of … [his] … Respondeat Superior" claim so long as Plaintiff's is permitted to amend his Complaint to allege vicarious liability in each of his other claims. *Id*. at 10-11.

With respect to Plaintiff's Countermotion to Amend, Defendant argues this should be denied because amendment would be futile, would cause undue delay, and is prejudicial because Defendant would be forced to file another motion to dismiss. ECF No. 14 at 2. Defendant returns to the alleged NIIA bar to Plaintiff's two negligence claims, says Plaintiff's allegations fail to state an IIED claim, and argues Plaintiff cannot fix his Respondeat Superior cause of action.

## II. DISCUSSION

### A. Legal Standard Applicable to Defendant's Motion to Dismiss.

A complaint must include "[a] short and plain statement of … claim[s] showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). When considering a motion to dismiss, the Court will accept all well-pleaded allegations of material fact as true, while legal conclusions are not entitled to the same presumption. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A plaintiff must do more than assert "[t]hreadbare recitals of the elements of a cause of action." *Id*. at 678 (internal citation omitted). Instead "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (internal citation and quote marks omitted). A facially plausible claim exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (internal citation omitted). The U.S. Supreme Court's decision in *Iqbal* states "that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible.'" *Hester v. Stout Management*, Case No. 2:20-cv-02115-APG-VCF, 2020 WL 7427522, at *1 (D. Nev. Dec. 18, 2020) *citing Iqbal*, 556 U.S. at 680 *citing Twombly*, 550 U.S. at 547.

### B. Legal Standard Applicable to Plaintiff's Countermotion to Amend.

Federal Rule of Civil Procedure 15(a)(1) states that "[a] party may amend its pleading once as a matter of course" either "before being served with a responsive pleading" or "within 21 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar." If Rule 15(a)(1) does not apply, the party seeking to amend must obtain the opposing party's written consent or court leave to file an amended pleading. Fed. R. Civ. P. 15(a)(2). Well settled law establishes that a motion for leave to amend brought pursuant to Rule 15(a)(2) should be granted freely "when justice so requires." When a party seeks court permission to file an amended pleading, the decision whether to grant leave "lies within the sound discretion of" that court. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185-86 (9th Cir. 1987) (internal citation omitted). The

amendment standard is "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

In considering whether to grant or deny a motion seeking leave to amend a complaint, the Court considers whether there is: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and, (5) whether plaintiff has previously amended his complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Here, Plaintiff has not previously amended his Complaint, his motion to amend was made in response to a motion to dismiss evidencing no undue delay or bad faith, there is no prejudice to the opposing party that will arise from amendment as a discovery order was issued in January 2021, and, as discussed below, Plaintiff's claims are not futile. While the Court recommends granting Defendant's Motion to Dismiss in part, the Court also recommends allowing Plaintiff to file a proposed second amended complaint.

        C.       <u>Plaintiff's Motion to Dismiss Based on an Alleged NIIA Bar Fails</u>.

The NIIA is the exclusive remedy for employees who are injured on the job. Such an injury must "arise out of the employment and occur within the course of that employment." *Wood v. Safeway, Inc.*, 121 P.3d 1026, 1032 (Nev. 2005). If both of these requirements are met, an employer is immune from suit. NRS 616A.020(1). "Injury or personal injury means a sudden and tangible happening of a traumatic nature, producing an immediate or prompt result which is established by medical evidence, including injuries to prosthetic devices." NRS 616A.265(1) (internal quote marks omitted). An accident "means an unexpected or unforeseen event happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury." NRS 616A.030. As explained by the Nevada Supreme Court, "[a]n injury is said to arise out of one's employment when there is a causal connection between the employee's injury and the nature of the work or workplace. In contrast, whether an injury occurs within the course of the employment refers merely to the time and place of employment, *i.e.*, whether the injury occurs at work, during working hours, and while the employee is reasonably performing his or her duties." *Wood*, 121 P.3d at 1032 (internal citations omitted).

Plaintiff contends that his supervisor harassed him using curse words, threatened his job, picked on him, demanded he do unnecessary tasks, followed him around, scrutinized his work, sent him to work with other crews, made Plaintiff clean up by getting on his hands and knees, refused him overtime, assigned him an unreasonable number of tasks, and ultimately used an offensive racial epithet commonly referred to as the "N-word." Plaintiff's Complaint, ECF No. 1 ¶¶ 11-13, 16-19, 24, 26-29. Plaintiff claims that after he complained about his supervisor's conduct he was told his supervisor would be fired, but this did not happen. *Id*. ¶¶ 31-32. Instead, Plaintiff was assigned to a new supervisor who ultimately moved to a different project resulting in Plaintiff being reassigned to the original offending supervisor. *Id*. ¶¶ 33-37. The offending supervisor then terminated Plaintiff claiming there was a lack of work. *Id*. ¶ 39. Plaintiff states that others who worked for Defendant for less time than he did were not terminated for lack of work, and job posting at his union showed Defendant continued to seek employees after his termination. *Id*. ¶¶ 40-41. It is all of this alleged conduct that resulted in Plaintiff's supposed emotional distress. *Id*. ¶¶ 64, 66-68, 81, 83-86.

The events Plaintiff describes to support his NIED and Negligent Hiring, Training, and Supervision claim occurred at his work location, while Plaintiff was working, and during working hours. Thus, based on Nevada's interpretation of its NIIA statutes, the events giving rise to Plaintiff's alleged harm occurred within the course of his employment.

The somewhat closer question is whether what Plaintiff describes is an "injury" or "accident" within the meaning of the NIIA. The Court finds the events Plaintiff describes were ongoing; that is, they were neither sudden nor a tangible traumatic event that produced an immediate or prompt result established by medical evidence. The events described were not violent producing objective symptoms of injury at the time they occurred. Instead, Plaintiff alleges various conduct engage in by his supervisor that occurred over the course of Plaintiff's employment supposedly causing harm.

Because Plaintiff sufficiently alleges events that occurred during the course of his employment, but that do not meet the NIIA's definition of an injury or accident, the Court

1  recommends denying Defendant's Motion to Dismiss Plaintiff's NIED and Negligent Hiring, Supervision, and Training claims on the basis of an NIIA bar.[1]

### D. Plaintiff's NIED and IIED Claims Fail to Allege Severe Emotional Distress, but Amendment is not Futile.

To state a claim for NIED, Plaintiff must allege the defendant acted negligently, and that there was a physical impact or, in the absence of physical impact, serious emotional distress causing physical injury or illness. ECF No. 12 at 8 *citing Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998). An IIED claim requires Plaintiff to plead there was extreme and outrageous conduct with either the intention of or reckless disregard for causing emotional distress, plaintiff suffered severe emotional distress, and causation. *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999) (internal citations omitted). Defendant claims Plaintiff's allegations do not allege serious emotional distress sufficient to state an NIED or IIED claim.[2]

Plaintiff's Complaint alleges he was "shocked and dismayed" and "seriously disturbed" by his supervisor's conduct; "intimidated and exasperated by" his supervisor; traumatized by the racial epithet; humiliated and degraded; and, subjected to harassing, discriminatory, and humiliating actions causing him to "suffer serious emotional distress" including "humiliation, depression, anxiety, fear, and trouble sleeping." ECF No. 1 ¶¶ 14, 21, 24, 30, 67, 72. Plaintiff does not allege he suffered any physical impact and he does not identify any specific physical illness arising from the Defendant's alleged conduct. *Id*. Although Plaintiff generally alleges depression and anxiety, which are, at least arguably, potential illnesses, Defendant alleges no facts to support a finding that he suffers from an actual physical illness. *Compare Shoen v. Amerco, Inc.*, 896 P.2d 469, 477 (Nev.

---

[1] Defendant cites *Young v. Zappos.com, Inc.*, Case No. 2:08-cv-741-JCM-PAL, 2010 WL 1612140 (D. Nev. Apr. 19, 2010) for the proposition that the NIIA provides the exclusive remedy for negligent hiring, training, and supervision claims. ECF No. 7 at 9. A review of the *Zappos* decision shows it does not go this far. In *Zappos*, the court stated that the defendant could not be held liable for an employee's "acts [that] are independent and outside the scope of employment where they are not committed in the course of an actual task assigned the employee and such acts are 'not reasonably foreseeable to a person of ordinary prudent and responsibility." *Id*. at *5 *citing* NRS 41.475(1) and (2). The facts giving rise to these citations included an employee twice inappropriately touching another employee during working hours and apparently once at an offsite party. *Id*. The court found this conduct "well outside the scope of employment." *Id*. The court did not hold there were no circumstances in which a negligent hiring, training or supervision claim might fall outside the NIIA's exclusive remedy.

[2] The Nevada Supreme Court recognizes the tort of negligent infliction of emotional distress in the employment termination context. *State v. Eighth Judicial Dist. Court ex rel. Cnty. of Clark*, 42 P.3d 233, 241 (Nev. 2002).

1995) (finding a plaintiff sufficiently alleged severe emotional distress when he "alleged that he [had] been diagnosed as 'situationally depressed,' and [was] receiving psychiatric treatment and taking medication") *and Chowdhry v. NLVH, Inc.*, 851 P.2d 459, 483 (Nev. 1993) (absent other indicia of emotional distress, allegations of "[i]nsomnia and general physical or emotional discomfort are insufficient"); *Alam v. Reno Hilton Corp.*, 819 F. Supp. 905, 911 (D. Nev. 1993) (holding feelings of inferiority, headaches, irritability, and weight loss are insufficient to amount to severe emotional distress).

Here, Plaintiff's allegations do not cross the line from a conceivable to a plausible claim of serious or severe emotional distress. *Hester*, 2020 WL 7427522, at *1 *citing Iqbal*, 556 U.S. at 680 *citing Twombly*, 550 U.S. at 547.[3] Plaintiff alleges no diagnosis, treatment, or other indicia that his emotional distress was more than what might generally occur following the events he alleges. For this reason, the Court recommends granting Defendant's Motion to Dismiss Plaintiff's NIED and IIED claims as currently pleaded. Further, because Plaintiff's proposed amended complaint similarly fails to sufficiently allege facts supporting severe emotional distress, the Court recommends the Countermotion to Amend these claims be denied without prejudice. However, the Court also recommends Plaintiff be granted one opportunity to file a proposed second amended

---

[3] In order to state an IIED claim, Plaintiff must also assert facts that Defendant engaged in extreme and outrageous conduct that was "outside the bounds of decency and … regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (internal citation and quote marks omitted). Hence, "persons must necessarily be expected and required to be hardened to occasional acts that are definitely inconsiderate and unkind." *Id.* (internal quote marks omitted). Liability for emotional distress generally does not extend to "'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" *Candelore v. Clark County Sanitation Dist.*, 752 F.Supp. 956, 962 (D. Nev. 1990) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)), *aff'd*, 975 F.2d 588 (9th Cir. 1992). Further, "[a] retaliatory termination, in itself, does not even come close to extreme and outrageous conduct." *Katynski v. Certainteed Gypsum Manufacturing, Inc.*, Case No. 2:13-cv-00752-APG-PAL, 2015 WL 1038107, at *3 (D. Nev. Mar. 9, 2015) (internal citation omitted). Only where an employer's treatment of an employee "go[es] beyond all possible bounds of decency, is atrocious[,] and utterly intolerable" will the defendant be liable. Occasionally treating another in an inconsiderate, unkind, or rude manner is not enough. Nor is conduct extreme and outrageous merely because an employer knows the employee will regard the conduct as insulting, or will have his feelings hurt." *Id.* (internal citations and quote marks omitted). Here, Plaintiff alleges his supervisor used the N-word on one occasion, which alone is insufficient to allege extreme and outrageous conduct; however, Plaintiff also alleges his supervisor engaged in conduct on numerous occasions intended to humiliate and harass him. ECF No. 1 ¶¶ 11, 13, 16-19, 24, 26-29. As explained in *Gibbons v. Denmore*, Case No. CV-S-0787-RLH-GFW, 2005 WL 8161762, at *3 (D. Nev. Sept. 26, 2005), "it is entirely possible for certain racial comments and harassment to rise to the level of extreme or outrageous conduct." The Court finds that Plaintiff alleges enough different acts with specificity, use of a racial epithet, retaliatory termination, and ongoing harassment such that "[w]hether the[] … alleged racial comments and harassment are indeed 'extreme' or 'outrageous' is" sufficiently stated to survive a motion to dismiss. *Id.*

complaint that adequately pleads the severe emotional distress required to state his NIED and IIED claims.[4]

  E.  <u>Plaintiff's Respondeat Superior Cause of Action Fails as a Matter of Law</u>.

Respondeat Superior "is a theory of liability, not a cause of action." *Phillips v. Target Corp.*, Case No. 2:14-cv-468-JCM-CWH, 2015 WL 4622673, at *5 (D. Nev. Jul. 31, 2015). Apparently recognizing his error, Plaintiff does not oppose Defendant's Motion to Dismiss his currently pleaded sixth cause of action, but instead seeks to amend his Complaint to add this theory of liability to his remaining causes of action. *See* ECF No. 12 at 10-11; ECF No. 12-1 ¶¶ 50-52; 59-61; 69-71; 78-80; and, 87-89.

Because Plaintiff's sixth cause of action for Respondeat Superior fails to state a claim, the Court recommends granting Defendant's Motion to Dismiss this claim. However, because the Court also recommends allowing Plaintiff to file a second amended complaint so that he may attempt to replead his NIED and IIED (and, as discussed immediately below, his Negligent Hiring, Training, and Supervision causes of action), the Court also recommends Plaintiff be permitted to attempt to replead his Respondeat Superior theory of liability within each of these causes of action.[5]

  F.  <u>Plaintiff's Negligent Hiring, Training, and Supervision Fails to State a Claim</u>.

Despite the NIIA not barring this cause of action, Plaintiff's factual allegations are silent with respect to the hiring, supervision, and training of Plaintiff's supervisor. *See* Plaintiff's summary of facts in ECF No. 12 at 3-5. A review of Plaintiff's Negligent Hire, Supervision, and Training causes of action in his Complaint and proposed amended complaint shows Plaintiff asserts only conclusory allegations that Defendant breached a duty to Plaintiff when it failed to properly train and supervise

---

[4] The Court notes that Plaintiff has not previously filed an amended complaint, this case is in its relatively infancy, there is no evidence that discovery has commenced in earnest, and no trial date is set. As explained above and below, with the exception of Plaintiff's Respondeat Superior claim, the Court does not find Plaintiff's state law claims futile. Futility does not arise "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Farina v. Compuware Corp.*, 256 F. Supp. 2d 1033, 1061 (D. Ariz. 2003) (internal citation omitted).

[5] Plaintiff's proposed amended complaint (ECF No. 12-1) includes Respondeat Superior allegations in his three Title VII/Nevada statutory discrimination, harassment, and retaliation claims. There is no motion to dismiss these claims. However, rather than granting Plaintiff's proposed amended complaint as to these claims, while simultaneously recommending dismissal of Plaintiff's four state law claims with leave to amend, the Court finds efficiency in recommending that the presently proposed amended complaint not be filed to allow for one more opportunity to properly replead all of Plaintiff's claims.

Plaintiff. ECF Nos. 1 ¶ 83; 12-1 ¶ 93. Plaintiff's threadbare, conclusory allegations are insufficient to support this claim under Rule 8, Fed. R. Civ. P. *Iqbal*, 556 U.S. at 678-79.[6]

The Court does not find, however, that Plaintiff can assert no set of facts that may allow his Negligent Hire, Supervision, and Training claim to proceed. For this reason, the Court recommends Plaintiff be given the opportunity to file a second amended complaint in which he may attempt to state a Negligent Hiring, Supervision, and Training claim upon which relief may be granted.

### III. RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Defendant's Motion to Dismiss Complaint (ECF No. 7) be GRANTED in part and DENIED in part.

IT IS FURTHER RECOMMENDED that Plaintiff's Sixth Cause of Action for Vicarious Liability/Respondeat Superior be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's Fourth Cause of Action for Negligent Infliction of Emotional Distress, Fifth Cause of Action for Intentional Infliction of Emotional Distress, and Seventh Cause of Action for Negligent Hiring, Training, and Supervision be dismissed without prejudice with leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff's Countermotion to Amend (ECF No. 12) be DENIED without prejudice for the reasons stated above.

---

[6] Defendant's contention that the economic loss doctrine bars Plaintiff's Negligent Hire, Supervision, and Training claim fails. "In Nevada, the economic loss doctrine bars unintentional tort claims when a plaintiff seeks to recover purely economic losses." *Peri & Sons Farms, Inc. v. Jain Irr., Inc.*, 933 F.Supp.2d 1279, 1283 (D. Nev. 2013) *citing Callaway v. City of Reno*, 993 P.2d 1259, 1264 (Nev. 2000) (citing *American Law of Products Liability* (3d) § 60:39, at 69 (1991)); *Terracon Consultants Western, Inc. v. Mandalay Resort Group,* 125 Nev. 66, 73, 206 P.3d 81 (2009). "Purely economic loss has been defined as the loss of the benefit of the user's bargain ... including ... pecuniary damage for inadequate value, the cost of repair and replacement of the defective product, or consequent loss of profits, without any claim of personal injury or damage to other property." *Id*. at 1284 *citing Calloway,* 116 Nev. at 257, 993 P.2d 1259 (citing *American Law of Products Liability* (3d) § 60:36, at 66). Plaintiff's recovery in this case is not based on pure economic loss, but instead seeks tort damages. ECF No. 1 at 11.

9

IT IS FURTHER RECOMMENDED that Plaintiff be granted one additional opportunity to file a proposed second amended complaint within 30 days of the date this Report and Recommendation is ruled upon.

Dated this 7th day of April, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).