Martin A. Little, Esq.
Nevada Bar No. 7067
Robert L. Rosenthal, Esq.
Nevada Bar No. 6476
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: rlr@h2law.com
Email: mal@h2law.com

*Attorneys for Defendant M.J. Dean Construction, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN,<br><br>Plaintiff,<br><br>vs.<br><br>M.J. DEAN CONSTRUCTION, INC,<br><br>Defendant. | Case No. 2:20-cv-01765-APG-EJY<br><br>**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**(Oral argument requested)**<br><br>Action filed on September 22, 2020 |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant M.J. Dean Construction, Inc. ("Defendant" or "M.J. Dean"), hereby moves to dismiss the Fourth Cause of Action for negligent hiring, training and supervision in Plaintiff's First Amended Complaint ("FAC") filed by Plaintiff Parnell Colvin ("Plaintiff" or "Colvin"). This motion is based on and supported by the following points and authorities, the Complaints on file in this case and by any oral argument the Court may require or allow.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

# I.
# ARGUMENT

**A.  LEGAL STANDARD ON MOTION TO DISMISS**

A complaint must include "[a] short and plain statement of … claim[s] showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). When considering a motion to dismiss, the Court will accept all well-pleaded allegations of material fact as true, while legal conclusions are not entitled to the same presumption. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A plaintiff must do more than assert "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (internal citation omitted). Instead "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal citation and quote marks omitted). A facially plausible claim exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citation omitted).

The U.S. Supreme Court's decision in *Iqbal* states "that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible.'" *Hester v. Stout Management*, Case No. 2:20-cv-02115-APG-VCF, 2020 WL 7427522, at *1 (D. Nev. Dec. 18, 2020) *citing Iqbal*, 556 U.S. at 680 *citing Twombly*, 550 U.S. at 547.

**B.  PLAINTIFF'S FOURTH CAUSE OF ACTION FOR NEGLIGENT HIRING, TRAINING AND SUPERVISION FAILS TO ADDRESS THE FACT THAT THE CLAIM CONTINUES TO BE BASED ENTIRELY ON BOILERPLATE CONCLUSORY ALLEGATIONS**

In order to succeed on a claim for negligent hiring, retention and supervision, a plaintiff must establish that: (1) defendant owed a duty of care to the plaintiff; (2) defendant breached that duty by hiring, retaining, and/or supervising an employee even though ***defendant knew, or should have known, of the employee's dangerous propensities***; (3) the breach was the cause of plaintiff's injuries; and (4) damages. *Peterson v. Miranda*, 991 F. Supp. 2d 1109 (D. Nev. 2014).

On November 17, 2020, Defendant filed a motion to dismiss Plaintiff's common law causes of action, including his claim for negligent hiring, training and supervision. (ECF No. 7.) On April 7, 2021, the Court granted Defendant's motion to dismiss Plaintiff's claim for negligent

hiring, training and supervision without prejudice. The Court's Report and Recommendation held that,

> A review of Plaintiff's Negligent Hire, Supervision, and Training causes of action in his Complaint and proposed amended complaint shows Plaintiff asserts only conclusory allegations that Defendant breached a duty to Plaintiff when it failed to properly train and supervise Plaintiff. ECF Nos. 1 ¶ 83; 12-1 ¶ 93. Plaintiff's threadbare, conclusory allegations are insufficient to support this claim under Rule 8, Fed. R. Civ. P. *Iqbal*, 556 U.S. at 678-79.
>
> The Court does not find, however, that Plaintiff can assert no set of facts that may allow his Negligent Hire, Supervision, and Training claim to proceed. For this reason, the Court recommends Plaintiff be given the opportunity to file a second amended complaint in which he may attempt to state a Negligent Hiring, Supervision, and Training claim upon which relief may be granted.

(ECF. No. 19.)

On May 18, 2021, Plaintiff filed his FAC. (ECF No. 21.) The FAC, however, fails to add any actual facts to the Plaintiff's claim for negligent hiring, training and supervision. Instead, Plaintiff simply inserted more conclusory allegations. The cause of action consists of the following threadbare assertions:

> 75. In addition, M.J. Dean had a duty not to hire individuals with a propensity towards committing unlawful acts against Plaintiff including those of discrimination, harassment and retaliation.
>
> 76. In violations of that duty, M.J. Dean injured Plaintiff by failing to supervise, train, and hire appropriate personnel which resulted in damages including, among others, loss of Plaintiff's job and severe emotional distress including but not limited to, great mental and emotional harm, anguish, insecurity, damage to self-esteem and self-worth, shame and humiliation, lack of appetite, loss of sleep, depression, and/or anxiety.
>
> 77. Specifically, upon information and belief, M.J. Dean failed to adequately train, hire and/or supervise its employees and/or agents, including but not limited to Mr. Gutierrez, regarding laws proscribing discrimination, harassment and retaliating in a workplace.

(ECF No. 21, ¶¶ 75 – 77.)

Plaintiff's FAC fails to satisfy the second element of the claim (i.e., that Defendant knew, or should have known, of the employee's dangerous propensities). Indeed, Plaintiff's FAC does contain even a single factual alleged fact regarding how and/or when Defendant knew or should have known that Plaintiff's supervisor, Kevin Gutierrez, or anybody else for that matter, would discriminate and/or retaliate against Plaintiff. Instead, Plaintiff's FAC, like his initial complaint, simply asserts overbroad legal conclusion that Defendant failed to properly supervise, train and hire appropriate personnel "regarding laws proscribing discrimination, harassment and retaliating in a workplace and breached that duty."

Plaintiff's allegations do not constitute *facts*; they are simply regurgitated boilerplate *legal* elements relating to a cause of action for negligent hiring, training and supervision. Accordingly, Plaintiff's claim should be dismissed with prejudice.

## II.
## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Dismiss should be granted and Plaintiff's Fourth Cause of Action for Negligent Hiring, Training and Supervision should be dismissed with prejudice.

Dated: May 21, 2021

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ Robert Rosenthal
Robert Rosenthal, Esq.
Martin A. Little, Esq.
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
*Attorneys for Defendant M.J. Dean Construction, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically filed and served upon the following parties on May 21, 2021 through the Court's ECF system.

Jesse M. Sbaih, Esq.
Ines Olevic-Saleh, Esq.
JESSE SBAIH & ASSOCIATES, LTD.
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
*Attorneys for Plaintiff*

                                          /s/ Barbara Dunn
                            Howard & Howard Attorneys PLLC