Martin A. Little, Esq.
Nevada Bar No. 7067
Robert L. Rosenthal, Esq.
Nevada Bar No. 6476
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: rlr@h2law.com
Email: mal@h2law.com

*Attorneys for Defendant M.J. Dean Construction, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>M.J. DEAN CONSTRUCTION, INC,<br><br>　　　　Defendant. | Case No. 2:20-cv-01765-APG-EJY<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**(Oral argument requested)**<br><br>Action filed on September 22, 2020 |

A.  **WITH RESPECT TO PLAINTIFF'S CAUSE OF ACTION FOR NEGLIGENT HIRING, TRAINING AND SUPERVISION, PLAINTIFF'S OPPOSITION MERELY REITERATES THE SAME CONCLUSORY ALLEGATIONS AND FAILS TO PROVIDE ANY SUPPORTING AUTHORITY; THEREFORE, THE COURT SHOULD GRANT DEFENDANT'S MOTION AND PLAINTIFF'S CLAIM SHOULD BE DISMISSED WITH PREJUDICE**

In order to succeed on a claim for negligent hiring, retention and supervision, a plaintiff must establish that: (1) defendant owed a duty of care to the plaintiff; (2) defendant breached that duty by hiring, retaining, and/or supervising an employee even though defendant knew, or should have known, of the employee's dangerous propensities; (3) the breach was the cause of plaintiff's injuries; and (4) damages. *Peterson v. Miranda*, 991 F. Supp. 2d 1109 (D. Nev. 2014).

Plaintiff's Opposition simply consists of Plaintiff copying and pasting all of the allegations contained in his First Amended Complaint ("FAC") and making the same conclusory assertions. For example, "…M.J. Dean failed to properly train its employees and had therefore, known or

should have known, that Mr. Gutierrez and others as alleged, were not properly trained as M.J. Dean's employees." And "Unmistakably, M.J. Dean knew about Mr. Gutierrez' dangerous propensities…" (Opposition at pp. 7:21-23 and 8:8.) However, these statements are simply conclusory allegations, which are insufficient to maintain a cause of action for negligent hiring, training and supervision.

Plaintiff's Opposition also fails to even address Defendant's argument in its Motion to Dismiss that the FAC contains only the following three new paragraphs in support of the claim, and that they consist entirely of conclusory allegations:

> 75. In addition, M.J. Dean had a duty not to hire individuals with a propensity towards committing unlawful acts against Plaintiff including those of discrimination, harassment and retaliation.
>
> 76. In violations of that duty, M.J. Dean injured Plaintiff by failing to supervise, train, and hire appropriate personnel which resulted in damages including, among others, loss of Plaintiff's job and severe emotional distress including but not limited to, great mental and emotional harm, anguish, insecurity, damage to self-esteem and self-worth, shame and humiliation, lack of appetite, loss of sleep, depression, and/or anxiety.
>
> 77. Specifically, upon information and belief, M.J. Dean failed to adequately train, hire and/or supervise its employees and/or agents, including but not limited to Mr. Gutierrez, regarding laws proscribing discrimination, harassment and retaliating in a workplace.

(ECF No. 21, ¶¶ 75 – 77.)

As can be seen above, paragraph 75 amounts to legal conclusion. Indeed, the FAC does not contain a single *fact* regarding how M.J. Dean should have known that Gutierrez had a propensity to allegedly discriminate, harass or retaliate against others *before* it hired him. Similarly, paragraphs 76 and 77 are also nothing more than further conclusory allegations, because they do not contain any *facts* indicating how M.J. Dean failed to adequately hire, train and/or supervise its employees.

2

Moreover, Plaintiff's FAC fails to discuss or even reference M.J. Dean's hiring process, its employee training programs and/or how it supervises its employees. Accordingly, Plaintiff's cause of action for negligent hiring, training and supervision continues to simply consist of threadbare, conclusory allegations, which are insufficient to support this claim under Rule 8, Fed. R. Civ. P. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## B. CONCLUSION

Plaintiff's allegations in the FAC do not constitute *facts*; they are merely the boilerplate legal elements relating to a cause of action for negligent hiring, training and supervision. Therefore, Plaintiff's cause of action for negligent hiring, training and supervision should be dismissed with prejudice.

Dated: June 11, 2021

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ Robert Rosenthal
Robert Rosenthal, Esq.
Martin A. Little, Esq.
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
*Attorneys for Defendant M.J. Dean Construction, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically filed and served upon the following parties on June 11, 2021 through the Court's ECF system.

Jesse M. Sbaih, Esq.
Ines Olevic-Saleh, Esq.
JESSE SBAIH & ASSOCIATES, LTD.
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
*Attorneys for Plaintiff*

    /s/ Barbara Dunn
Howard & Howard Attorneys PLLC

4