# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PARNELL COLVIN,

    Plaintiff

v.

M.J. DEAN CONSTRUCTION, INC.,

    Defendant

Case No.: 2:20-cv-01765-APG-EJY

**Order Granting in Part Motion to Dismiss and Granting Unopposed Motion to Strike**

[ECF Nos. 22, 23]

    Plaintiff Parnell Colvin sues defendant M.J. Dean Construction, Inc. for alleged employment discrimination. ECF No. 21. M.J. Dean moves to dismiss Colvin's fourth cause of action for negligent hiring, training, and supervision, arguing that Colvin has failed to allege facts making it plausible that M.J. Dean knew or should have known that Colvin's supervisor, Kevin Gutierrez, would discriminate or retaliate against Colvin. M.J. Dean also moves to strike the reference to Does and Roes in the complaint because the deadline for amending to add new parties has expired. Colvin responds that he has adequately alleged that he complained to management about Gutierrez's discriminatory conduct, yet M.J. Dean placed him back under Gutierrez's supervision and Gutierrez then fired him for pretextual reasons. Colvin does not oppose the motion to strike the Does and Roes. ECF No. 27.

    I dismiss the negligent hiring portion of the claim because Colvin has not plausibly alleged negligence in M.J. Dean's hiring of Gutierrez. However, I deny the motion as to negligent training and supervision because Colvin has plausibly alleged that M.J. Dean knew about Gutierrez's alleged discriminatory conduct and not only failed to redress it, but placed Colvin back under Gutierrez's supervision, and Gutierrez fired him for pretextual reasons. I grant the motion to strike as unopposed.

# I. ANALYSIS

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica, Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

## A. Negligent Hiring

"The tort of negligent hiring imposes a general duty on the employer to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position." *Hall v. SSF, Inc.*, 930 P.2d 94, 98 (Nev. 1996) (quotation omitted). "An employer breaches this duty when it hires an employee even though the employer knew, or should have known, of that employee's dangerous propensities." *Id.*

Colvin has not alleged any facts that make it plausible that M.J. Dean knew or should have known of Gutierrez's alleged propensity to engage in discriminatory conduct before it hired him. I therefore dismiss the portion of Colvin's claim that alleges negligent hiring.

## B. Negligent Training and Supervision

An "employer has a duty to use reasonable care in the training, supervision, and retention of his or her employees to make sure that the employees are fit for their positions." *Id.* at 99. "The tort of negligent training and supervision imposes direct liability on the employer if (1) the employer knew that the employee acted in a negligent manner, (2) the employer failed to train or

supervise the employee adequately, and (3) the employer's negligence proximately caused the plaintiff's injuries." *Helle v. Core Home Health Servs. of Nev.*, 124 Nev. 1474, 238 P.3d 818, 2008 WL 6101984, at *3 (Nev. 2008) (internal footnotes omitted) (citing *Hall*, 930 P.2d at 99; *Oehler v. Humana, Inc.*, 775 P.3d 1271, 1272 (Nev. 1989)).

Colvin alleges that M.J. Dean knew that Gutierrez acted in a discriminatory manner because he complained about Gutierrez in an Employee Incident Investigation Report, and he was told by one of M.J. Dean's directors that Gutierrez would be fired. ECF No. 21 at 4. Gutierrez was not fired. *Id.* Instead, Colvin was placed under a different supervisor, but when that supervisor left, Colvin was placed back under Gutierrez's supervision despite his earlier complaint. *Id.* at 4-5. Finally, he alleges Gutierrez fired Colvin based on an alleged lack of work, but employees outside of Colvin's protected class who had less seniority were not terminated due to a lack of work and others were called back to do Colvin's job. *Id.* He also contends that M.J. Dean subsequently posted job listings at the union, and thus was looking for laborers, further undermining Gutierrez's claimed reason for Colvin's termination. *Id.*

It is reasonable to infer from these allegations that, despite knowing of Gutierrez's alleged discriminatory conduct, M.J. Dean failed to adequately train or supervise him and instead put him in a position to discriminate and retaliate against Colvin, resulting in Colvin's pretextual termination. I therefore deny M.J. Dean's motion to dismiss Colvin's negligent training and supervision claim.

## II. CONCLUSION

I THEREFORE ORDER that defendant M.J. Dean Construction, Inc.'s motion to dismiss **(ECF No. 22) is GRANTED in part**. Plaintiff Parnell Colvin's claim for negligent hiring is dismissed. The motion is denied in all other respects.

I FURTHER ORDER that defendant M.J. Dean Construction, Inc.'s motion to strike **(ECF No. 23) is GRANTED as unopposed**. The references in the first amended complaint to Does and Roes are stricken.

DATED this 9th day of July, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE