LAW OFFICE OF DANIEL MARKS
DANIEL MARKS, ESQ.
Nevada State Bar No.: 002003
NICOLE M. YOUNG, ESQ.
Nevada State Bar No. 12659
610 South Ninth Street
Las Vegas, Nevada 89101
Office@danielmarks.net
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN, | Case No. 2:20-cv-01765-APG-EJY |
| Plaintiff, | |
| v. | **MOTION TO EXCLUDE WITNESSES AND STRIKE EXHIBITS** |
| M.J. DEAN CONSTRUCTION, INC, | *Oral Argument Requested* |
| Defendant, | |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

The instant motion relates to the declarations attached to Defendant M.J. Dean Construction, Inc.'s ("MJ Dean") motion for summary judgment, filed on October 8, 2021. (Doc. 43.) The declarations at issue are from witnesses that were not disclosed during discovery, including Theodore Logan, Julian Jeffers, and Antonio Jalomo-Rodriguez. FRCP 37(c)(1) does not allow a party to rely on a witness that it failed to disclose during discovery.

**II.    PROCEDURAL BACKGROUND**

Plaintiff Parnell Colvin ("Colvin") filed the instant employment discrimination case on September 22, 2020. (Doc. 1.) MJ Dean filed a motion to dismiss on November 17, 2020. (Doc. 7.) The Discovery Plan and Scheduling Order was filed on January 5, 2021, stating discovery closed on May 17, 2021. (Doc. 16.) On April 27, 2021, this Court granted in part and denied in part MJ Dean's motion to dismiss. (Doc. 20.) Colvin was permitted to file an amended complaint, which was filed on May 18, 2021. (Doc. 20-21.) MJ Dean then filed another motion

to dismiss on May 21, 2021. (Doc. 22.) That same day, MJ Dean filed a motion to re-open discovery. (Doc. 24.) The motion to re-open discovery was granted, and the close of discovery was extended to August 9, 2021. (Doc. 29.)

### III. LEGAL ARGUMENT

"The district court [] has unquestioned discretionary power to exclude evidence that should have been produced in reciprocal discovery." *United States v. Urena*, 659 F.3d 903, 908 (2011).

Federal Rules of Civil Procedure ("FRCP"), Rule 37(c)(1) states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

FRCP Rule 26(a)(1)(A)(i) requires each party to disclose (without awaiting a discovery request) each witness it "may use to support its claims or defenses, unless the use would be solely for impeachment."

Here, MJ Dean attached various Declarations in support of its motion for summary judgment from witnesses who were not disclosed in discovery, which include Theodore Logan (Defendant's Exhibit K- Doc. 43-12), Julian Jeffers (Defendant's Exhibit L — Doc. 43-13), and Antonio Jalomo-Rodriguez (Defendant's Exhibit — Doc. 43-14). None of those witnesses were disclosed during discovery. (*See* Defendant's FRCP 26(a)(1) Initial Disclosures, dated January 11, 2021, attached hereto as Exhibit 1; see Defendant's First Supplemental FRCP 26 Disclosures, dated January 14, 2021, attached hereto as Exhibit 2; see Defendant's Second Supplemental FRCP 26 Disclosures, dated April 27, 2021, attached hereto as Exhibit 3; and see Defendant's Third Supplemental FRCP 26 Disclosures, dated July 23, 2021, attached hereto as Exhibit 4.) Because those witnesses were not disclosed, Colvin was not able to depose them regarding the

facts of this case because he did not know their full names and contact information. This failure to disclose harms Colvin because he was not permitted the opportunity to conduct discovery regarding those witnesses. This failure to disclose, in violation of FRCP 26(a)(1) cannot be substantially justified. The parties were permitted additional time to conduct discovery, and MJ Dean should have used that additional time to disclose all witnesses it planned to rely on.

Additionally, the *Orr* affidavits attached to MJ Dean's motion do not support the inclusion of these declarations. The Declaration of Thomas Glidewell (Defendant's Exhibit A- Doc. 43-2) describes Exhibit L as "a true and correct copy of correspondence from Madison Square Garden dated April 1, 2020, advising that the Sphere Project needed to be shut down due to COVID-19." In actuality, Exhibit L is the Declaration of Julian Jeffers. The Declaration of Robert Rosenthal (Defendant's Exhibit B- Doc. 43-3) describes Exhibit K as "a true and correct copy of relevant portions of the deposition transcript of Kevin Gutierrez." Exhibit K is actuality the Declaration of Theodore Logan. There is no *Orr* affidavit regarding Exhibit M, the Declaration of Antonio Jalomo-Rodriguez. Because the *Orr* affidavits do not support the inclusion of these non-disclosed witnesses, those witnesses should be excluded.

Because MJ Dean failed to disclose those witnesses during discovery, FRCP 37(c)(1) does not permit MJ Dean to use those witnesses in support of its motion for summary judgment or at trial. As such, this Court should exclude Theodore Logan, Julian Jeffers, and Antonio Jalomo-Rodriguez as witnesses in this case and strike the declarations attached as Exhibits K-M to MJ Dean's motion for summary judgment.

////
////
////
////
////
////
////
////

## IV. CONCLUSION

Based on the foregoing, this Court should exclude Theodore Logan, Julian Jeffers, and Antonio Jalomo-Rodriguez as witnesses in this case because MJ Dean failed to disclose those witnesses during discovery. Additionally, this Court should strike Exhibits K through M from MJ Dean's motion for summary judgment.

DATED this 28th day of October, 2021.

LAW OFFICE OF DANIEL MARKS

_____
DANIEL MARKS, ESQ.
Nevada State Bar No. 002003
NICOLE M. YOUNG, ESQ.
Nevada State Bar No. 12659
610 South Ninth Street
Las Vegas, Nevada 89101
Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the LAW OFFICE OF DANIEL MARKS, and that on the 28 day of October, 2021, I did serve a true and correct copy of the above and foregoing **MOTION TO EXCLUDE WITNESSES AND STRIKE EXHIBITS** by way of Notice of Electronic Filing provided by the court mandated ECF filing service, upon the Defendant at the following:

Robert Rosenthal
Howard & Howard Attorneys Pllc
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Attorneys for Defendant

_____
An employee of the
LAW OFFICE OF DANIEL MARKS