Martin A. Little, Esq.
Nevada Bar No. 7067
Robert L. Rosenthal, Esq.
Nevada Bar No. 6476
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: rlr@h2law.com
Email: mal@h2law.com

*Attorneys for Defendant M.J. Dean Construction, Inc.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN,<br><br>Plaintiff,<br><br>vs.<br><br>M.J. DEAN CONSTRUCTION, INC,<br><br>Defendant. | Case No. 2:20-cv-01765-APG-EJY<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE WITNESSES AND STRIKE EXHIBITS**<br><br>**(Oral Argument Requested)** |

## I.
## INTRODUCTION

Only days before discovery closed on August 9, 2021, Plaintiff, Parnell Colvin ("Colvin"), shifted his focus away from the claimed inappropriate conduct of his supervisor, Eric Gutierrez ("Gutierrez"), and began claiming – *for the first time* – that he had been subjected to severe and pervasive racism because of racist graffiti and pro-Trump comments in the workplace.[1]

Due to the fact that Plaintiff's change in strategy occurred on the eve of the discovery deadline, MJ Dean elected to include declarations from three previously undisclosed witnesses in its Motion for Summary Judgment *for the sole purpose of impeaching Plaintiff concerning these*

---

[1] Plaintiff's shift in focus is clear to see when comparing the facts alleged in his First Amended Complaint with those in his Motion for Partial Summary Judgment and Opposition to Defendant's Motion for Summary Judgment. (See ECF Nos. 25, 44 and 48.)

1

*discrete new issues*, which was in in compliance with Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Accordingly, Plaintiff's Motion should be denied.

## II.
## FACTS / PROCEDURAL HISTORY

On May 18, 2021, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 21.) Plaintiff's FAC alleges that the only person who ever discriminated and/or harassed him was Gutierrez. *Id.* Significantly, the FAC does not contain even a single reference to racist graffiti or racist comments made by other employees in the workplace by anyone. *Id.*

On June 8, 2021, Plaintiff's original counsel filed a motion to withdraw. (ECF No. 30.)

On June 25, 2021, Plaintiff's current attorneys filed a motion to substitute in as Colvin's counsel. (ECF No. 37.)

On July 15, 2021, a little over two weeks after Plaintiff's new attorneys substituted in, Defendant's counsel deposed Colvin. During the deposition, Colvin testified that no one witnessed the incident between him and Gutierrez on November 14, 2019. (*See* Plaintiff's Motion for Partial Summary Judgment, ECF No. 44-1 at pp. 139:25 – 140:2.) Additionally, Plaintiff admitted that he only saw racist graffiti in the restrooms twice, once on December 24, 2019, and again on January 3, 2020. (ECF 44-1 at pp. 177:18 – 187:17.)

Colvin alleged that he complained about the December 24, 2019 graffiti to Julian and Tony, who both worked in MJ Dean's safety department. Colvin also claimed that he complained to Julian about the graffiti that he saw on January 3, 2020. *Id.*

Colvin testified that after he complained about the graffiti on December 24, 2019, he never followed up to see if it had been erased. *Id.* Colvin said that, after he complained to Julian about the graffiti on January 3, 2020, he saw that it had been removed and that he was "happy" with how the issue had been handled by MJ Dean. *Id.*

2

With respect to alleged racist remarks, Plaintiff claimed that he was subjected to "pro-Trump" comments by unnamed MJ Dean employees, which he believed were racist, severe and pervasive. (ECF 44-1 at pp. 239:25 – 240:13.)

In the approximate 10-day period before discovery was cut off on August 9, 2021, Plaintiff's attorney proceeded to depose the following MJ Dean management personnel: Eric Gutierrez (July 29, 2021), John Thomason (July 29, 2021), and Paul Rosequist (August 6, 2021). (Ex. A, Rosenthal Declaration.) During each of these depositions, it became increasingly apparent to Defendant's counsel that Plaintiff's attorney seemed to be far less concerned about Gutierrez allegedly calling Colvin the N-word once than he was about racist graffiti and pro-Trump remarks in the workplace. *Id.*

In light of Plaintiff's last-minute decision to change his focus to racist graffiti and pro-Trump comments in the workplace, and because discovery was set to close in a matter of days, Defendant elected to rebut Plaintiff's new allegations via providing discrete impeachment testimony from three previously undisclosed witnesses, Tony Logan, Julian Jeffers, and Antonio Jalomo-Rodriguez, in compliance with Rule 26(a)(1)(A)(i). The only alternative would have been for Defendant to disclose these new witnesses on the eve of the discovery deadline, which would have surely resulted in Plaintiff moving to strike the disclosure and/or moving to re-open discovery, which in turn, would have wasted the parties' and the Court's valuable time and resources. (Ex. A.)

On October 8, 2021, Defendant filed a Motion for Summary Judgment. (ECF No. 43.) Defendant's Motion included the declarations of Tony Logan, Julian Jeffers and Antonio Jalomo-Rodriguez, which were attached as Exhibits K, L and M, respectively.[2] (ECF Nos. 43-12, 43-13,

---

[2] Defendant acknowledges that the declarations of Glidewell and Rosenthal attached to its Motion for Summary Judgment unintentionally listed incorrect letters in reference to several of its exhibits. Defendant apologizes to Plaintiff and the Court for any inconvenience this may have caused.

3

and 43-14.) These declarations were attached for the sole purpose of impeaching Plaintiff's testimony that, (1) nobody had witnessed his argument with Gutierrez on November 14, 2019; (2) he complained to Julian and Tony about racist graffiti; and (3) racist graffiti and comments in the workplace were severe and pervasive. (Ex. A.)

The above-referenced declarations were limited to the following impeachment statements:

- Logan's declaration states that he personally witnessed the incident between Plaintiff and Gutierrez on November 14, 2019, and he never heard Gutierrez call him (or anyone else) the N-word. Logan also attests that he never heard anybody at MJ Dean say or do anything that discriminated or harassed another employee based on an individual's r race or ethnicity. (ECF 43-12.)

- Jeffers declaration attests that, other than Plaintiff complaining to him about Gutierrez on November 14, 2019, Colvin never complained to him about any sort of discrimination or harassment in the workplace, including racist graffiti and/or racist remarks. Jeffers also states that during the entire time that he has worked at MJ Dean he has never heard anyone make any discriminatory remarks based on someone's race or ethnicity. (ECF 43-13.)

- Jalomo-Rodriguez' declaration states that Colvin never complained to him about anything at any time. It also attests that mirrors that he never heard anyone say or do anything that discriminated or harassed an employee based on the person's race or ethnicity. (ECF 43-14.)

On October 19, 2021, Plaintiff's attorney sent Defendant's counsel an email stating that if the three witnesses had not been disclosed during discovery, Plaintiff intended to move to exclude and strike their declarations. (Ex. A, and Ex. B.)

4

Defendant's counsel sent an email response to Plaintiff's attorney later that day, which stated,

> You're correct. Those witnesses were not included in Defendants' disclosures. However, I believe that I have the right to offer them as rebuttal witnesses for the purpose impeaching Mr. Colvin's deposition testimony, where he alleged for the first time, that no one witnessed his argument with Mr. Gutierrez, that he was subjected to pervasive racist graffiti and white supremacist comments in the workplace, and that he complained about these issues to Antonio and Julian.
>
> If you have any authority that indicates I cannot introduce rebuttal witnesses, please let me know and I will review accordingly.

*Id.*

## III.
## ARGUMENT

Rule 26(A)(1) of the Federal Rules of Civil Procedure states in pertinent part,

> In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, ***unless the use would be solely for impeachment***;

(Emphasis added.)

In the present case, the witness declarations attached to Defendant's Motion for Summary Judgment complied with Rule 26(a)(1)(A)(i) because they solely impeach Plaintiff's testimony concerning three discrete issues: (1) Plaintiff claim that no one witnessed the November 14, 2019 incident; (2) Plaintiff allegation that he complained about racist graffiti to "Julian" (clearly, Julian Jeffers) and "Tony" (clearly, Antonio Jalomo-Rodriguez); and (3) Plaintiff's claim that racist graffiti wand comments in the workplace were severe and pervasive. Therefore, Plaintiff's Motion should be denied.

5

## IV.
## CONCLUSION

Based on the foregoing, the Court should deny Plaintiff's Motion to Exclude Witnesses and Strike Exhibits.

Dated: November 15, 2021              Respectfully submitted,

                                               HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ Robert Rosenthal
    Robert Rosenthal, Esq.
    Martin A. Little, Esq.
    3800 Howard Hughes Parkway, Suite 1000
    Las Vegas, Nevada 89169
    *Attorneys for Defendant M.J. Dean Construction, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically filed and served upon the following parties on November 15, 2021 through the Court's ECF system.

>Law Office of Daniel Marks
>Daniel Marks, Esq.
>Nicole M. Young, Esq.
>610 South Ninth Street
>Las Vegas, Nevada 89101
>
>*Attorneys for Plaintiff*

                                /s/ Barbara Dunn
                    Howard & Howard Attorneys PLLC