LAW OFFICE OF DANIEL MARKS
DANIEL MARKS, ESQ.
Nevada State Bar No.: 002003
NICOLE M. YOUNG, ESQ.
Nevada State Bar No. 12659
610 South Ninth Street
Las Vegas, Nevada 89101
Office@danielmarks.net
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PARNELL COLVIN,

    Plaintiff,

v.

M.J. DEAN CONSTRUCTION, INC,

    Defendant,
_____/

Case No. 2:20-cv-01765-APG-EJY

**REPLY IN SUPPORT OF MOTION TO EXCLUDE WITNESSES AND STRIKE EXHIBITS**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    FACTUAL BACKGROUND**

On May 17, 2021, Plaintiff Parnell Colvin's ("Colvin") former counsel supplemented his disclosure of documents and produced photographs of the racist graffiti at issue, including the (1) "burn all NIGGERS...Trump 2020...White Power" graffiti, and (2) the "BLACK LABORERS = LAZY!" graffiti. (*See* Exhibit 1, attached hereto.) As this Court is aware, Colvin obtained new counsel in this matter. Undersigned counsel substituted in on or about June 25, 2021.

Defendant M.J. Dean Construction, Inc. ("MJ Dean") would have this Court believe that Colvin first raised the racist graffiti issue "[o]nly days before discovery closed on August 9, 2021." That assertion ignores the fact that this evidence was produced to MJ Dean almost three months before the close of discovery. It also ignores the fact that Colvin was extensively questioned, during his deposition on July 15, 2021, (25 days before the close of discovery), regarding the racist graffiti at the MJ Dean job site. (*See* Deposition of Colvin, attached to Plaintiff's PMSJ, at Exhibit 10, at APP175-91.) That portion of the deposition totals 16 pages.

It is interesting that MJ Dean claims Colvin changed his strategy last-minute when MJ Dean was well-aware of the racist graffiti issue in order to properly depose Colvin on that issue 25 days before the close of discovery.

## II. LEGAL ARGUMENT

"The district court [] has unquestioned discretionary power to exclude evidence that should have been produced in reciprocal discovery." *United States v. Urena*, 659 F.3d 903, 908 (2011). FRCP 26(A)(i) obligates the parties to produce the name and contact information of "each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." FRCP 37(c)(1) states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> > (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> >
> > (B) may inform the jury of the party's failure; and
> >
> > (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

Here, MJ Dean attempts to circumvent the obligatory discovery rules to sneak in evidence produced after the close of discovery. MJ Dean claims the witnesses and documents disclosed after the close of discovery is "impeachment evidence," yet the facts of this case show that it is not.

First, MJ Dean was required to disclose the three individuals at issue because they obviously have information related to the claims and defenses in this case. MJ Dean's opposition admits Theodore Logan has knowledge regarding this case. It claims Logan was present during the November 14, 2019, incident between Colvin and Gutierrez. Colvin's position is that there was no one present during that incident. If MJ Dean truly believed Logan was present, then he should have been disclosed in the initial disclosures.

/ / / /

Again, MJ Dean admits Julian Jeffers has information related to the November 14, 2019, incident between Colvin and Gutierrez. He should have been disclosed with the initial disclosures because he also had information that was discoverable regarding that incident. Both Colvin and Gutierrez testified that they both complained to Julian regarding the racist bathroom graffiti. Julian does not comment regarding Gutierrez's complaints regarding racist graffiti in his Declaration.

Antonio Jalomo-Rodriguez ("Tony") admits in his Declaration that Colvin complained on November 14, 2019, regarding Gutierrez's "nigger" comment. Based on that complaint, Tony should have been disclosed in MJ Dean's initial disclosures. Both Colvin and Gutierrez testified that they both complained to Tony in Safety regarding the racist bathroom graffiti. Tony's Declaration does not comment on Gutierrez's complaints regarding racist bathroom graffiti.

These three individuals should have been disclosed in MJ Dean's initial disclosure of witnesses and documents because they have information relating to the November 14, 2019, incident. The fact that they were not shows MJ Dean has something to hide. MJ Dean was well-aware that its tolerance of racist graffiti would be an issue in the motions for summary judgment since May of 2021, well before the depositions were taken in this case. These three individuals were subject to FRCP 26's mandatory and compulsory disclosure.

Second, the use of impeachment evidence in a motion for summary judgment is improper. This Court is unable to resolve questions of fact on a motion for summary judgment. Impeachment evidence, by its nature, requires a judgment be made on credibility, which this Court is unable to do on a motion for summary judgment. MJ Dean's claim these declarations are simply for impeachment is self-serving and in blatant disregard of the rules.

Third, MJ Dean has failed to show its failure to disclose these witnesses is substantially justified or harmless. Instead, MJ Dean attempts to claim it was trying to reduce the issues before the Court. MJ Dean apparently believed it could sneak this evidence in without objection. The fact remains that these three witnesses have information relating to the November 14, 2019, incident between Colvin and Gutierrez. They should have been listed in MJ Dean's initial disclosure of witnesses, regardless of the racist bathroom graffiti issue. The only new evidence

was after Gutierrez's deposition on July 29, 2021, when he testified that he complained regarding the 200 instances of racist bathroom graffiti he encountered to Julian and Tony from Safety. The lengths MJ Dean is going to regarding this issue shows it continues to hide and/or ignore the blatant racism of its organization. This failure to disclose is not substantially justified and is not harmless.

Finally, MJ Dean has not responded regarding the *Orr* affidavit issue regarding the identification of exhibits in support of its motion for summary judgment. The Declaration of Thomas Glidewell (Defendant's Exhibit A- Doc. 43-2) describes Exhibit L as "a true and correct copy of correspondence from Madison Square Garden dated April 1, 2020, advising that the Sphere Project needed to be shut down due to COVID-19." In actuality, Exhibit L is the Declaration of Julian Jeffers. The Declaration of Robert Rosenthal (Defendant's Exhibit B- Doc. 43-3) describes Exhibit K as "a true and correct copy of relevant portions of the deposition transcript of Kevin Gutierrez." Exhibit K is actuality the Declaration of Theodore Logan. There is no *Orr* affidavit regarding Exhibit M, the Declaration of Antonio Jalomo-Rodriguez. Because the *Orr* affidavits do not support the inclusion of these non-disclosed witnesses, those witnesses should be excluded because it is unknown whether these Declarations are authentic.

Because MJ Dean failed to disclose those witnesses during discovery, FRCP 37(c)(1) does not permit MJ Dean to use those witnesses in support of its motion for summary judgment or at trial. As such, this Court should exclude Theodore Logan, Julian Jeffers, and Antonio Jalomo-Rodriguez as witnesses in this case and strike the declarations attached as Exhibits K-M to MJ Dean's motion for summary judgment. This Court may also award Colvin attorney's fees and costs for having to file the instant motion and/or sanction MJ Dean. *See* FRCP 37(C)(1)(A & C).

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

### III. CONCLUSION

Based on the foregoing, this Court should exclude Theodore Logan, Julian Jeffers, and Antonio Jalomo-Rodriguez as witnesses in this case because MJ Dean failed to disclose those witnesses during discovery. Additionally, this Court should strike Exhibits K through M from MJ Dean's motion for summary judgment. This Court may also award Colvin attorney's fees and costs for having to file the instant motion and/or sanction MJ Dean. *See* FRCP 37(C)(1)(A & C).

DATED this 22 day of November, 2021.

LAW OFFICE OF DANIEL MARKS

DANIEL MARKS, ESQ.
Nevada State Bar No. 002003
NICOLE M. YOUNG, ESQ.
Nevada State Bar No. 12659
610 South Ninth Street
Las Vegas, Nevada 89101
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the LAW OFFICE OF DANIEL MARKS, and that on the 22 day of November, 2021, I did serve a true and correct copy of the above and foregoing **REPLY IN SUPPORT OF MOTION TO EXCLUDE WITNESSES AND STRIKE EXHIBITS** by way of Notice of Electronic Filing provided by the court mandated ECF filing service, upon the Defendant at the following:

Robert Rosenthal
Howard & Howard Attorneys PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Attorneys for Defendant

/s/ Raynette
An employee of the
LAW OFFICE OF DANIEL MARKS