LAW OFFICE OF DANIEL MARKS
DANIEL MARKS, ESQ.
Nevada State Bar No. 002003
NICOLE M. YOUNG, ESQ.
Nevada State Bar No. 12659
610 South Ninth Street
Las Vegas, Nevada 89101
Office@danielmarks.net
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PARNELL COLVIN,

Plaintiff,

v.

M.J. DEAN CONSTRUCTION, INC,

Defendant,
_______________________________/

Case No. 2:20-cv-01765-APG-EJY

**JOINT PRETRIAL ORDER**

After pretrial proceedings in this case,

IT IS SO ORDERED:

**I. NATURE OF THE CASE AND RELIEF SOUGHT**

[State nature of action, relief sought, identification and contentions of parties.]

**Plaintiff's Statement**

This is a race-based employment discrimination action. Plaintiff Parnell Colvin is black. His legal claims of (1) retaliation, (2) discrimination regarding overtime opportunities, (3) harassment, and (4) negligent training and supervision will be heard at trial. He seeks lost wages and compensatory damages for pain and suffering, including humiliation, embarrassment, and emotional distress relative to the above legal claims for relief. He also seeks an award of attorneys fees and costs.

////

////

////

**Defendant's Statement**

This is an employment discrimination case, where Plaintiff, Parnell Colvin, who is African American, is suing his former employer, Defendant, M.J. Dean Construction, Inc. ("Dean"). Plaintiff's claims arise out of racism he allegedly experienced while working for Defendant as a laborer on the Madison Square Garden Sphere project (the "Sphere Project"), and Defendant's subsequent termination of his employment. Plaintiff's First Amended Complaint alleges the following causes of action against Defendant:

1. Retaliation. Plaintiff claims that Defendant terminated his employment in retaliation for complaining that his General Foreman, Kevin Gutierrez ("Gutierrez"), had discriminated and/or harassed him on the basis of his race. Defendant contends that a nexus does not exist between Plaintiff's internal complaint against Gutierrez and his termination, which occurred approximately five months later in the form of a mass layoff, when Plaintiff, along with roughly 500 other employees were laid off of the Sphere Project due to COVID 19.

2. Racial Discrimination. Plaintiff maintains that he was denied overtime opportunities because of his race. Defendant asserts that Plaintiff was afforded the same opportunity to work overtime as all other similarly situated employees, and that Plaintiff did in fact work overtime when it was available.

3. Racial Harassment. Plaintiff alleges that he was subjected to racial harassment as a result of Gutierrez calling him "nigger" one time, and seeing racist graffiti twice in restrooms at the Sphere Project construction site. Defendant denies that Gutierrez ever called Plaintiff the n word. Defendant also contends that it took prompt remedial action to address racist graffiti in the restrooms. Additionally, Defendant maintains that these three discrete instances of alleged racial harassment were neither sufficiently severe nor pervasive enough as to alter the conditions of Plaintiff's employment and create an abusive work environment.

4. Negligent Training and Supervision. Plaintiff claims that Defendant failed to properly train its management employees to remedy a racially hostile work environment. Defendant asserts that its management level employees, including Gutierrez, received harassment training and that they were properly and reasonably supervised.

## II. STATEMENT OF JURISDICTION

[State the facts and cite the statutes that give this court jurisdiction of the case.]

The district court has jurisdiction over this action over 38 U.S.C. § 1331 because it arises under 42 U.S.C. § 2000e, et., sec., known as Title VII of the Civil Rights Act of 1964.

## III. STATEMENT OF UNDISPUTED/ADMITTED FACTS

The following facts are admitted by the parties and require no proof:

1. In May 2019, Defendant's Director of Field Operations, John Thomason ("Thomason"), who was in charge of the Sphere Project, told Plaintiff that Defendant would hire him as a Laborer to work on the Sphere Project.
2. On July 23, 2019, Plaintiff was dispatched from the Union hall and began working for Defendant.
3. At the time Plaintiff began working for Defendant, he received, read, and understood the Company's policies and procedures concerning discrimination, harassment, retaliation, and complaint procedures, which were included in the following onboarding documents: Defendant's Anti-Harassment / Discrimination Policy; Defendant's Employee Handbook, which was entitled "Code of Safe Practices & Anti-Drug and Harassment Policies;" and Defendant's Office Policy Manual.
4. From the time that Plaintiff began working for Defendant on July 23, 2019, until November 14, 2019, he was supervised by Gutierrez, who was a General Foreman.
5. On November 14, 2019, there was a confrontation between Gutierrez and Plaintiff.
6. On November 14, 2019, Plaintiff submitted a written Workplace Incident Investigation Report to Defendant, alleging, among other things, that Gutierrez had called him the n-word.
7. On November 14, 2019, Defendant began conducting an internal investigation into Plaintiff's Workplace Incident Investigation Report.

////

////

////

8. On November 14, 2019, George from AECOM Hunt, which was the General Contractor on the Sphere Project, instructed Thomason to have Plaintiff work in a different area so that he would no longer have to work with Gutierrez. Accordingly, Thomason immediately assigned Plaintiff to perform cleanup work in the yard, where Plaintiff worked under the supervision of David Muti.

9. Plaintiff worked under Muti's supervision for the remainder of his employment with Defendant.

10. On April 6, 2020, Plaintiff was laid off.

11. Plaintiff filed a Charge of Discrimination with the EEOC. He received a right to sue letter in June of 2020.

## IV. STATEMENT OF UNCONTESTED/NOT ADMITTED FACTS

The following facts, though not admitted, will not be contested at trial by evidence to the contrary.

N/A

## V. ISSUES OF FACT

**Plaintiff's Issues**

1. Whether Plaintiff was subjected to racist comments and/or racist graffiti when he worked as a laborer on the MSG Sphere project.

2. Whether discrimination on the basis of race at Defendant's workplace at the MSG Sphere was severe and pervasive.

3. Whether disparate subjection to degrading treatment by Defendant against Plaintiff constitutes a cognizable adverse employment action?

4. Whether Defendant was negligent in its employment discrimination training?

5. Whether Defendant was negligent in its supervision of how employment discrimination is handled in the workplace.

6. Whether Defendant retaliated against Plaintiff for opposing discrimination when it terminated Plaintiff.

////

7. Whether Defendant's claim it terminated Plaintiff due to the COVID-19 shutdown is pretextual based on Defendant having Gutierrez, Plaintiff's alleged harassor, terminate Plaintiff.

8. Whether Defendant retaliated against Plaintiff when it did not hire him back after the COVID-19 shutdown.

9. Whether Plaintiff was subjected to sufficiently hostile conduct to constitute an abusive work environment.

10. Whether Kevin Gutierrez was Plaintiff's supervisior prior to November 15, 2019.

11. On December 24, 2019, and January 3, 2020, Plaintiff observed offensive graffiti in two separate restrooms on the Sphere Project job site.

12. Plaintiff reported the graffiti to safety personnel.

13. Whether the racist restroom graffiti complained of by Plaintiff read "burn all niggers," "White power," and "black laborers=lazy[,]" while also depicting a possible swastika and other vulgarities.

14. Whether Gutierrez notified Plaintiff of the termination of his employment on April 6, 2020.

15. Whether Plaintiff timely exhausted all administrative remedies.

**<u>Defendant's Issues</u>**

1. Whether Defendant's Superintendent, David McGrandy, was in charge of assigning overtime, not Gutierrez.

2. Whether Plaintiff was ever denied the opportunity to work overtime due to his race.

3. Whether Plaintiff ever complained in writing to anyone at Defendant or his Union at any point during his employment about a perceived lack of overtime.

4. Whether Plaintiff ever filed a grievance with his Union concerning Defendant or any of Defendant's employees.

5. Whether Plaintiff submitted a Workplace Incident Investigation Report on November 14, 2019, as a way to try to avoid being terminated.

6. Whether Gutierrez ever called Plaintiff the n-word.

7. Whether Plaintiff was ever again supervised by Gutierrez following Plaintiff's submission of the Workplace Incident Investigation Report on November 14, 2019.

8. Whether Plaintiff was pleased with how Defendant handled his Workplace Incident Investigation Report and whether he ever had any problems working with Muti or any other Dean employees - including Gutierrez - for the remainder of his employment.

9. Whether Plaintiff ever complained to anyone at Dean about offensive graffiti in the restrooms at the Sphere Project construction site.

10. If Plaintiff did in fact complain about offensive graffiti in the restrooms at the Sphere Project construction site, what was done in response.

11. Whether on April 1, 2020, General Contractor AECOM Hunt ordered Defendant to shut down the Sphere Project construction site by April 5, 2020, due to COVID 19.

12. Whether pursuant to AECOM Hunt's April 1, 2020 order, beginning on April 2, 2020, Defendant began the process of laying off approximately 500 of its employees who were working on the Sphere Project, which took about ten days to accomplish.

13. Whether Thomason made the decision to lay off Plaintiff as well as approximately 500 other Dean employees.

14. Whether Gutierrez was involved in the decision to lay off Plaintiff.

**VI. ISSUES OF LAW**

The following are the issues of law to be tried and determined at trial.

[Each issue of law must be stated separately and in specific terms.]

**<u>Plaintiff's Issues</u>**

1. Whether Defendant discriminated against Plaintiff on the basis of race when it limited Plaintiff's overtime opportunities.

2. Whether Defendant harassed Plaintiff on the basis of his race.

3. Whether Defendant retaliated against Plaintiff for objecting to race-based discrimination/harassment when it allowed Gutierrez to terminated Plaintiff's employment.

////

4. Whether Defendant subjected Plaintiff to race-based discrimination when Gutierrez denied Plaintiff overtime opportunities.
5. Whether Defendant subjected Plaintiff to race-based discrimination based on disparate degredation.
6. Whether Defendant permitted race-based harassment based on the racist and vulgar restroom graffiti.
7. Whether Defendant negligently trained and supervised its management level employees during Plaintiff's employment.
8. Whether Defendant negligently trained and/or supervised its management regarding how to properly combat race-based discrimination.

**Defendant's Issues**

1. Was Plaintiff's termination on April 6, 2020, in retaliation for Plaintiff filing a Workplace Incident Investigation Report on November 14, 2019, in violation of 42 U.S.C. § 2000e and NRS 613.340?
2. Did Defendant discriminate against Plaintiff on the basis of his race by allegedly denying him overtime opportunities, in violation of 42 U.S.C. § 2000e 2 and NRS 613.330?
3. Did Defendant harass Plaintiff on the basis of his race when Gutierrez called him the n-word one time and Plaintiff saw offensive graffiti twice, in violation of 42 U.S.C. § 2000e-2 and NRS 613.330?
4. Did Defendant fail to reasonably train and/or supervise Gutierrez, and did Plaintiff suffer damages as a result.

## VII. LIST OF EXHIBITS, DEPOSITIONS, AND OBJECTIONS

### A. The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:

1. Defendant's Personnel file for Plaintiff (DEF00001-18)
2. Out of Work lists (DEF00209-219) (*See* Defendant's Third Supplemental Disclosures)
3. Laborers' Referral Slip Copy (DEF00023)
4. MJ Dean Office Policy Manual (DEF00093-165)

5.   MJ Dean Safety Handbook (DEF00166-208)

6.   Employee Incident Investigation Report (DEF00024-30)

7.   Plaintiff's Wage Records (DEF00033-44)

8.   Union Documents (DEF00045-87)

9.   Termination Notice (DEF00019)

10.  E-Mails between Plaintiff and Defendant regarding termination (DEF00031-32)

**B.   As to the following additional exhibits the parties have reached the stipulations stated:**

N/A

**C.   As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:**

| **Plaintiff's Exhibits** | | **Objection** |
|---|---|---|
| 20. | Charge of Discrimination (COLVIN 00003) | Authenticity |
| 21. | Notice of Right to Sue (COLVIN 00004) | Authenticity; Relevance |
| 22. | Text Messages between John Thomason and Parnell Colvin (DEF00088-92) | Authenticity |
| 23. | Employee Incident Investigation Report (DEF00024-26) | Authenticity |
| 21. | Photos of Racist Bathroom Graffiti (COLVIN 00088-92) | Authenticity; Prejudicial |
| 22. | Documents regarding Plaintiff's job search (COLVIN 00012-81) | Authenticity |
| 23. | Text messages regarding job search (COLVIN 00082-91) | Authenticity |

Plaintiff reserves his right to supplement this list as he prepares for trial. Plaintiff reserves his right to use/rely on any exhibit designated by Defendant. Plaintiff reserves his right to supplement this list for purposes of impeachment or rebuttal.

| **Defendant's Exhibits** | | **Objection** |
|---|---|---|
| A. | Plaintiff's First Amended Complaint | Relevance |
| B. | Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint | Relevance |

////

| | | |
|---|---|---|
| C. | 2020 MSG Terminations (DEF00220-230) | Authenticity; Hearsay; Relevance |
| D. | 2020 Termination Dates (DEF00231-241) | Authenticity; Hearsay; Relevance |
| E. | Correspondence between Union and MSG regarding layoffs (DEF00209-212) (See Defendant's Second Supplemental Disclosures) | Authenticity; Hearsay |
| F. | Employee Incident Investigation Report (DEF00027-30) | Authenticity; Hearsay |
| G. | Notice of Unemployment Claim filed by Plaintiff (DEF00020-22) | Relevance |
| H. | Plaintiff's Response to Defendant's Request for Production of Documents | Improper to designate entire response- Need to identify specific documents |
| I. | Plaintiff's Response to Defendant's Interrogatories | Impeachment Only |
| J. | Defendant's Answers to Plaintiff's Third Set of Interrogatories | Hearsay |

Defendant reserves his right to supplement this list as Defendant prepares for trial. Defendant reserves the right to use/rely on any exhibit designated by Plaintiff. Defendant also reserves the right to supplement this list for purposes of impeachment and/or rebuttal.

**D. Electronic evidence**

**N/A**

**E. Depositions**

[Indicate name of deponent and identify portions to be offered by pages and lines and the party or parties against whom offered.]

All depositions that were taken were of Nevada Residents who are expected to be called as witnesses at trial. Unless someone leaves the jurisdiction or dies, the parties only expect to use depositions for impeachment.

## VIII. LIST OF WITNESSES

**Plaintiff's Witnesses**

1. Parnell Colvin
   c/o Law Office of Daniel Marks
   610 South Ninth Street
   Las Vegas, Nevada 89101

2.      Kevin Gutierrez
c/o Robert L. Rosenthal, Esq.
Howard & Howard Attorneys, PLLC
3800 Howard Hughes Parkway #100
Las Vegas, Nevada 89169

3.      John Thomason
c/o Robert L. Rosenthal, Esq.
Howard & Howard Attorneys, PLLC
3800 Howard Hughes Parkway #100
Las Vegas, Nevada 89169

4.      Paul Rosequist
c/o Robert L. Rosenthal, Esq.
Howard & Howard Attorneys, PLLC
3800 Howard Hughes Parkway #100
Las Vegas, Nevada 89169

5.      David Muti
c/o Robert L. Rosenthal, Esq.
Howard & Howard Attorneys, PLLC
3800 Howard Hughes Parkway #100
Las Vegas, Nevada 89169

6.      Olton Gilbert
8000 Badura Ave. #1136
Las Vegas, Nevada 89113

Plaintiff reserves his right to supplement this list as he prepares for trial. Plaintiff reserves his right to use/rely on any witness designated by Defendant. Plaintiff reserves his right to supplement this list for purposes of impeachment or rebuttal.

**Defendant's Witnesses**

1.      Chris Flanagan
c/o Howard & Howard Attorneys PLLC
3800 Howard Hughes Parkway, Ste. 1000
Las Vegas, NV 89169

2.      Thomas Glidewell
c/o Howard & Howard Attorneys PLLC
3800 Howard Hughes Parkway, Ste. 1000
Las Vegas, NV 89169

3.      David McGrandy
c/o Howard & Howard Attorneys PLLC
3800 Howard Hughes Parkway, Ste. 1000
Las Vegas, NV 89169

4.      Kevin Gutierrez
c/o Howard & Howard Attorneys PLLC
3800 Howard Hughes Parkway, Ste. 1000
Las Vegas, NV 89169

5. David Muti
c/o Howard & Howard Attorneys PLLC
3800 Howard Hughes Parkway, Ste. 1000
Las Vegas, NV 89169

6. Paul Rosequist
c/o Howard & Howard Attorneys PLLC
3800 Howard Hughes Parkway, Ste. 1000
Las Vegas, NV 89169
702-257-1483

7. John Thomason
c/o Howard & Howard Attorneys PLLC
3800 Howard Hughes Parkway, Ste. 1000
Las Vegas, NV 89169

8. Ricardo Flores
c/o Howard & Howard Attorneys PLLC
3800 Howard Hughes Parkway, Ste. 1000
Las Vegas, NV 89169

9. Antonio Jalomo-Rodriguez
c/o Howard & Howard Attorneys PLLC
3800 Howard Hughes Parkway, Ste. 1000
Las Vegas, NV 89169

10. Julian Jeffers
c/o Howard & Howard Attorneys PLLC
3800 Howard Hughes Parkway, Ste. 1000
Las Vegas, NV 89169

11. Tony Logan
c/o Howard & Howard Attorneys PLLC
3800 Howard Hughes Parkway, Ste. 1000
Las Vegas, NV 89169

Defendant reserves his right to supplement this list as Defendant prepares for trial. Defendant reserves the right to use/rely on any witness designated by Plaintiff. Defendant also reserves the right to supplement this list for purposes of impeachment and/or rebuttal.

Plaintiff objects to Defendants calling Antonio Jalomo-Rodriguez, Julian Jeffers, and Tony Logan because these three (3) witnesses were not disclosed until after the close of discovery. Defendant did not disclose these witnesses until it filed its Motion for Summary Judgment (Doc. 43). Plaintiff filed a Motion to Exclude those witnesses. (Doc. 45).

Defendant opposed Plaintiff's Motion to Exclude on the basis that Plaintiff sought to introduce new evidence in the form of photographs on the eve of the discovery cut-off date. Defendant's opposition stated that it included declarations from three previously undisclosed

witnesses in its Motion for Summary Judgment for the sole purpose of impeaching Plaintiff's newly proffered evidence, which was in compliance with Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure. (Doc. 52.) This Court's Order regarding the competing Motions for Summary Judgment denied the Motion to Exclude as moot. (Doc. 55.)

**IX. PROPOSED TRIAL DATES**

1. March 20-28, 2023
2. March 27- April 4, 2023

**X. PROPOSED LENGTH OF TRIAL**

Seven (7) full judicial days

DATED this 23rd day of September, 2022.

LAW OFFICE OF DANIEL MARKS

/s/ Nicole M. Young
DANIEL MARKS, ESQ.
Nevada Bar No. 002003
NICOLE M. YOUNG, ESQ.
Nevada State Bar No. 12659
610 South Ninth Street
Las Vegas, Nevada 89101
Attorneys for Plaintiff

DATED this 23rd day of September, 2022.

HOWARD & HOWARD

/s/ Robert Rosenthal
ROBERT ROSENTHAL, ESQ.
Nevada State Bar No. 6476
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Attorney for Defendant

**X. ACTION BY THE COURT**

This case is set down for jury trial on the stacked calendar on March 27, 2023, at 9:00 a.m. Calendar Call will be held on March 21, 2023, at 9:00 a.m. in Las Vegas Courtroom 6C.

The pretrial order has been approved by the parties to this action as evidenced by their signatures or the signatures of their attorneys hereon, and the order is hereby entered and will govern the trial of this case. This order may not be amended except by court order and based upon the parties' agreement or to prevent manifest injustice.

DATED: September 26, 2022

UNITED STATES DISTRICT JUDGE

***NOTICE: Due to the unusually large number of complex criminal cases set for lengthy trials before this Court, civil trials may possibly be held in a trailing status for months or be assigned to another District Court Judge for trial. Therefore, the Court <u>strongly urges</u> the parties to consider their option to proceed before a Magistrate Judge pursuant to Local Rule IB 2-2, in accordance with 28 USC Section 636 and FRCP 73.***

***The Clerk shall provide the parties with a link to AO 85 Notice of Availability, Consent and Order of Reference - Exercise of Jurisdiction by a U.S. Magistrate Judge form on the Courts website.***