Martin A. Little, Esq.
Nevada Bar No. 7067
Robert L. Rosenthal, Esq.
Nevada Bar No. 6476
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: rlr@h2law.com
Email: mal@h2law.com

*Attorneys for Defendant M.J. Dean Construction, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>M.J. DEAN CONSTRUCTION, INC,<br><br>　　　　　Defendant. | Case No. 2:20-cv-01765-APG-EJY<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND JOINT PRETRIAL ORDER TO ADD WITNESSES**<br><br>**(Oral argument requested)**<br><br>Action filed on September 22, 2020 |

## I.
## FACTS / PROCEDURAL HISTORY

Discovery in this case closed well over one year ago on August 9, 2021. (ECF No. 29.) On September 23, 2022, the parties filed a proposed Joint Pretrial Order ("Pretrial Order"). (ECF No. 61.) On September 26, 2022, the Court approved the parties' Pretrial Order. (ECF No. 64.) The Pretrial Order states in pertinent part that, "This order may not be amended except by court order and based upon the parties' agreement or to prevent manifest injustice." *Id.* at p. 13:6-7. This case is for a jury trial on the stacked calendar on March 27, 2023, with calendar call on March 21, 2023. *Id.*

Now, only three months before trial, Plaintiff's Motion to Amend the Pretrial Order (the "Motion") states that he needs to add four previously undisclosed witnesses to the Pretrial Order so that he can have them testify at trial.[1] Plaintiff Motion blames his former counsel, Daniel

---

[1] Not only were the four individuals not part of the Pretrial Order, they were also never included in Plaintiff's Rule 26 witness and document disclosures. (See Ex. A, Rosenthal Decl.)

1

Marks, for failing to include these witnesses in the Pretrial Order.

The following is an overview concerning the four witnesses Plaintiff wishes to add to the Pretrial Order:

**1. Mike Dean.** Plaintiff's Motion neglects to mention that Mike Dean is the owner of Defendant, M.J. Dean Construction, Inc. ("MJ Dean"). Plaintiff claims that he needs to include Mike Dean as a witness so that he can question him "about what action did he take once Colvin sent him his email [sic]" (regarding his termination of employment).

By way of background, the email that Plaintiff's Motion is referring to was sent by Plaintiff to Mike Dean on April 21, 2020 – *more than six months before Plaintiff filed the subject lawsuit*. Plaintiff's email concerned his termination of employment and alleged workplace discrimination. (*See* Ex. A, Rosenthal Decl.; and Ex. B.) Mr. Dean did not reply to Plaintiff's email. Instead, on April 29, 2020, Defendant's Chief Information Officer, Tommy Glidewell, sent Plaintiff a detailed email response, which advised Plaintiff that he had been let go, along with hundreds of other employees, due to COVID-19, and that his claims regarding discrimination had been investigated and were found to be unsubstantiated. *Id.* Both of these emails were disclosed and produced to Plaintiff on January 11, 2021, in Defendant's initial document disclosures. *Id.*

**2. "Jeanette" (last named and contact information not provided).** Plaintiff's Motion contends that he should be permitted to add a woman named "Jeanette" to the Pretrial Order to contradict the deposition testimony of Defendant's Superintendent, John Thomason, regarding when he first met Plaintiff. Plaintiff has known about John Thomason's testimony since July 29, 2021, which was when John Thomason was deposed. (*See* Ex. A, Rosenthal Decl.) There is no reason why Plaintiff did not include "Jeanette" in his Rule 26 disclosures or conduct discovery regarding this supposed issue prior to the discovery cutoff. Further, the scope of Jeanette's anticipated testimony is not material to Plaintiff's claims.

**3. Jeff Lipmann (contact information unknown).** Plaintiff's Motion claims that the first person he told about any alleged workplace discrimination was Jeff Lipmann, who apparently worked as a superintendent for AECOM Hunt, the general contractor on the Sphere Project. Despite the fact that Plaintiff has known about Jeff Lipmann and his expected testimony since

HOWARD & HOWARD ATTORNEYS PLLC

*November 14, 2019* (the first time that Plaintiff ever complained about discrimination) – *which is more than three years ago* – Plaintiff never mentioned Jeff Lipmann in his deposition, and the name "Jeff Lipmann" has never been raised or referenced in any documents or deposition testimony in this case. (*See* Ex. A, Rosenthal Decl.)

**4. "George" (last name and contact information unknown).** Plaintiff maintains that he should be permitted to add a person named "George" (last name and contact information unknown) to the Pretrial Order. Plaintiff's Motion alleges that he complained about workplace discrimination to an AECOM Hunt employee named "George" on November 14, 2019 – *more than three years ago*. Once again, there is no reason why George was never included in Plaintiff's Rule 26 disclosures or the Pretrial Order.

## II.
## ARGUMENT

### A. THE COURT SHOULD DENY PLAINTIFF'S MOTION TO AMEND THE JOINT PRETRIAL ORDER BECAUSE DOING SO WILL *NOT* RESULT IN MANIFEST INJUSTICE TO PLAINTIFF

The parties' Pretrial Order ("Order") complies with Fed. R. Civ. P. 16(e), and it specifically states that, "This order may not be amended except by court order and based upon the parties' agreement or to prevent manifest injustice." Due to the fact that Plaintiff fails to show that he will suffer a manifest injustice, his Motion should be denied.

"In evaluating a motion to amend the pretrial order, a district court should consider four factors: (1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification." *Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005); (*citing Byrd v. Guess*, 137 F.3d 1126, 1132 (9th Cir. 1998); *see also Lologo v. Wal–Mart Stores, Inc.*, 2016 WL 4162631, Case No.: 2:13–cv–1493–GMN–PAL (D. Nev. 2016) (unreported).

After considering the above four factors, if "the court determines that refusal to allow a modification might result in injustice while allowance would cause no substantial injury to the opponent and no more than slight inconvenience to the court, a modification should ordinarily be

3

allowed." *United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981). ***However, the trial judge may exclude evidence not identified in accordance with the pretrial order when the party seeking to introduce the evidence offers no justification for delay.*** *Colvin v. United States*, 549 F.2d 1338, 1340 (9th Cir. 1977). In such a case, "[a]ny injustice resulting from exclusion ... comes from [the defaulting party's] own failure properly to present his case." *Id.*

### 1.  Defendant will be Prejudiced if the Order is Modified

MJ Dean will be prejudiced if the Pretrial Order is modified because it will permit Plaintiff to call four previously unnamed witnesses to testify at trial. Plaintiff has known about the scope of each witness' anticipated testimony since before the lawsuit was even filed; yet, Plaintiff's Motion fails to even provide basic contact information and/or last names for Jeff Lipmann, Jeanette and George. There is no reason why Plaintiff failed to disclose Mike Dean, Jeff Lipmann, Jeanette and George as witnesses in his Rule 26 disclosures. Due to the fact that discovery is now closed, Defendant will be prejudiced by not being permitted to conduct any discovery with respect to these individuals. Therefore, Plaintiff should not be able to benefit as a result of his clear dilatory conduct.

### 2.  Defendant Cannot Cure the Prejudice if Plaintiff's Motion is Granted, Unless the Court Reopens Discovery and Continues the Trial

Defendant cannot cure the prejudice because discovery is closed. Therefore, Defendant cannot take any depositions and/or propound any written discovery. Further, Defendant cannot contact or otherwise communicate with Jeff Lipmann or George because Plaintiff has failed to provide their contact information (let alone George's last name). The only possible way to cure such prejudice would be to reopen discovery and continue the trial; but Plaintiff has not sought such relief.

### 3.  Modifying the Pretrial Order will Impact the Orderly and Efficient Conduct of the Trial

Plaintiff should not have the right to conduct a trial by surprise by having unknown and unnamed witnesses testify. Therefore, Defendant should be afforded the opportunity to depose Jeff Lipmann and George (if it knew how to contact them) before trial; but again, that will require discovery to be reopened and the trial may have to be continued. If Plaintiff's Motion is granted

4

and the four witnesses are required to testify, at a minimum, it will result in a lengthier trial.

### 4. Plaintiff has Acted Willfully and in Bad Faith in Seeking to Amend the Pretrial Order

Plaintiff has known about each of the four witnesses and the scope of their anticipated testimony well-before Plaintiff filed his initial complaint on September 22, 2020. Plaintiff fully participated in the discovery process throughout this case and there is no reason why he could not have disclosed and deposed these witnesses at any time before the close of discovery, and included them in the Pretrial Order. Plaintiff's attempt to blame his prior counsel for these failures and use it as a means to move to amend the Pretrial Order is both willful and in bad faith.

### III.
### CONCLUSION

Based on the foregoing, Plaintiff's Motion to Amend the Pretrial Order should be denied.

Dated: December 13, 2022          Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ Robert Rosenthal
    Robert Rosenthal, Esq.
    Martin A. Little, Esq.
    3800 Howard Hughes Parkway, Suite 1000
    Las Vegas, Nevada 89169
    *Attorneys for Defendant M.J. Dean Construction, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically filed and served upon the following party on December 13, 2022 through the Court's ECF system.

>Parnell Colvin, *In Propria Persona*
>6681 Tara Ave.
>Las Vegas, NV 89146

>/s/ Robert Rosenthal
>Robert Rosenthal
>Howard & Howard Attorneys PLLC