**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PARNELL COLVIN,

    Plaintiff

v.

M.J. DEAN CONSTRUCTION, INC.,

    Defendant

Case No.: 2:20-cv-01765-APG-EJY

**Order Denying Motion to Amend Pretrial Order**

[ECF No. 73]

    The parties filed their proposed Pretrial Order on September 23, 2022. ECF No. 61. I approved it three days later. ECF No. 64. Since then, plaintiff Parnell Colvin's counsel withdrew from representation. Before obtaining new counsel, Colvin filed a *pro se* motion to amend the Pretrial Order to add the following four witnesses:

1. **Mike Dean** is the owner of defendant M.J. Dean Construction, Inc. Colvin wants to question Dean about what he did in response to an email from Colvin after he was fired. ECF No. 73 at 2. M.J. Dean responds that Mike Dean forwarded that email to the company's Chief Information Officer, who responded to Colvin, and Dean was not involved any further. ECF No. 74 at 2.

2. **Jeanette Cabalar**[1] allegedly is a secretary at M.J. Dean. Colvin claims she can rebut the testimony of John Thomason that Thomason did not meet Colvin at the M.J. Dean office. ECF No. 73 at 2. Even if Cabalar's testimony could be considered impeachment evidence, it would be on a collateral issue, as apparently nothing of importance happened at that alleged meeting.

---

[1] Colvin is guessing about this witness' last name. ECF No. 73 at 2.

3. **Jeff Lipmann**[2] was apparently a superintendent at the worksite where Colvin alleges he was harassed. *Id*. at 3. Colvin does not specify what Lipman would testify about or why his testimony would be both admissible and not redundant of other witnesses' testimony.

4. **"George"**[3] was a safety director at the worksite. Colvin claims he told George about the harassment he experienced at the worksite. Colvin does not explain how he will identify, locate, and subpoena George to testify. And any testimony by George about what Colvin told him likely would be inadmissible hearsay.

Colvin did not disclose any of these witnesses during discovery.

To prevail on his motion, Colvin must prove that amendment of the Pretrial Order is necessary to avoid "manifest injustice." *Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005) (citation omitted).

> In evaluating a motion to amend the pretrial order, a district court should consider four factors: (1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification.

*Id*.

M.J. Dean will be significantly prejudiced if these witnesses are added because discovery has been closed for over a year and the Pretrial Order was filed four months ago. Allowing them to testify would create trial by surprise. The only way to limit the prejudice to M.J. Dean is to reopen discovery, presuming that Colvin can even determine the correct names and whereabouts of these witnesses. This also presumes that the witnesses have relevant testimony. But

---

[2] Colvin is guessing about this witness' last name. ECF No. 73 at 3.

[3] Colvin does not know this witness' last name. ECF No. 73 at 3.

reopening discovery about these new witnesses will not cure the prejudice to M.J. Dean as it could lead to the need for additional discovery, depending on what the witnesses know.  And the trial would have to be delayed, which also prejudices M.J. Dean's ability to resolve this dispute and devote its attention and resources to other endeavors.  While it does not appear Colvin is acting in bad faith, neither he nor his prior two counsel identified any of these witnesses as required by Federal Rule of Civil Procedure 26.  Colvin has known about these witnesses for years (since the events at issue in this case).  He does not explain why either of his prior counsel did not disclose them or seek to depose them.  Prior counsel apparently did not believe these witnesses were important or even relevant enough to disclose under Rule 26.

Colvin has not shown that any testimony from these witnesses would be admissible and relevant to the issues at trial.  Colvin has not shown that manifest injustice will occur if the Pretrial Order is not amended.

I THEREFORE ORDER that plaintiff Parnell Colvin's motion to amend the Pretrial Order **(ECF No. 73) is denied.**

DATED this 23rd day of January, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE