Martin A. Little, Nevada Bar No. 7067
Robert L. Rosenthal, Nevada Bar No. 6476
Robert Hernquist, Nevada Bar No. 10616
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: rlr@h2law.com
Email: mal@h2law.com
Email: rwh@h2law.com

*Attorneys for Defendant M.J. Dean Construction, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN,<br><br>    Plaintiff,<br><br>vs.<br><br>M.J. DEAN CONSTRUCTION, INC,<br><br>    Defendant. | Case No. 2:20-cv-01765-APG-EJY<br><br>**DEFENDANT'S FIRST MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT RELATED TO OTHER CLAIMS OR LITIGATION INVOLVING DEFENDANT** |

Defendant M.J. Dean Construction, Inc. ("Defendant" or "MJ Dean"), by and through its attorneys of record, the law firm of Howard & Howard Attorneys PLLC, hereby submits Defendant's First Motion in Limine to Exclude Evidence or Argument Related to Other Claims or Litigation Involving Defendant.

Defendant's counsel attempted to meet and confer in good faith with Plaintiff's attorney in compliance with Local Rule 16-3; however, Plaintiff's attorney refused to respond to Defendant's multiple requests for an explanation as to why Plaintiff would not stipulate to exclude this issue. (Exhibit A, Rosenthal Declaration; and Exhibit B, email chain.)

This Motion is made and based upon the accompanying Memorandum of Points and Authorities, the exhibits attached hereto, all pleadings and papers on file herein, as well as any oral argument that this Court may entertain.

/ / /

/ / /

/ / /

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## INTRODUCTION

This is an employment discrimination case, where Plaintiff, Parnell Colvin ("Plaintiff" or "Colvin"), who is African American, is suing his former employer, Defendant, M.J. Dean Construction, Inc. ("Dean"). Plaintiff's claims arise out of racism he allegedly experienced while working for Defendant as a Union Laborer on the Madison Square Garden Sphere Project (the "Sphere Project"), and Defendant's subsequent termination of his employment. Plaintiff's First Amended Complaint alleges the following causes of action against Defendant:

1.  <u>Retaliation.</u> Plaintiff claims that Defendant terminated his employment in retaliation for complaining that his General Foreman, Kevin Gutierrez ("Gutierrez"), discriminated and/or harassed him on the basis of his race.

2.  <u>Racial Discrimination.</u> Plaintiff alleges that he was denied overtime opportunities because of his race.

3.  <u>Racial Harassment.</u> Plaintiff claims that he was subjected to racial harassment as a result of Gutierrez calling him the "N-word" one time, and seeing racist graffiti on two occasions in restrooms at the Sphere Project construction site. Defendant denies that Gutierrez ever used that racial slur and maintains that it took prompt remedial action to remove the graffiti.

4.  <u>Negligent Training and Supervision.</u> Defendant asserts that its management level employees, including Gutierrez, received harassment training and that they were properly and reasonably supervised.

## II.
## ARGUMENT

**A.   LEGAL STANDARD REGARDING MOTIONS IN LIMINE**

"A motion in limine is a procedural mechanism made in advance to limit testimony or evidence in a particular area" and is "entirely within the discretion of the Court." *Diamond X Ranch, LLC v. Atl. Richfield Co.*, No. 3:13-cv-00570-MMD-WGC, 2018 WL 2127734, at *1 (D. Nev. May 8, 2018). In general, "[t]he court must decide any preliminary question about whether

2

... evidence is admissible." FED. R. EVID. 104(a). In order to satisfy the burden of proof for Federal Rule of Evidence ("FRE") 104(a), "a party must show that the requirements for admissibility are met by a preponderance of the evidence." *Heath v. Tristar Products, Inc.*, 2021 WL 3082564 * 2 (D. Nev. 2021), citing *Bourjaily v. United States*, 483 U.S. 171, 175 (1987)).

"Although the [FRE] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

### B. THE COURT SHOULD EXCLUDE EVIDENCE OR ARGUMENT RELATED TO OTHER CLAIMS OR LITIGATION INVOLVING DEFENDANT BECAUSE IT IS INADMISSIBLE HEARSAY

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. FED. R. EVID. 801. Evidence of other claims or lawsuits against Defendant amounts to simply unsubstantiated allegations and are inadmissible hearsay. *See Lewis v. Ethicon, Inc.*, 2:12-CV-4301, 2014 WL 505234, at *6 (S.D. W. Va. Feb. 5, 2014); *Ross v. Creel Printing & Pub. Co.*, 100 Cal.App.4th 736 (2002).

Although Plaintiff could not point to any other litigation involving Dean during the meet and confer process, Plaintiff should nonetheless be precluded from offering any evidence or argument of other claims or litigation involving Defendant at trial.

### C. EVIDENCE OF OTHER CLAIMS OR LAWSUITS IS IRRELEVANT AND PREJUDICIAL TO THE PRESENT ACTION

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. Only relevant evidence is admissible. FED. R. EVID. 402. Relevant evidence may still be inadmissible "if its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. "Unfairly prejudicial" evidence is that which has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir.

2005).

Evidence of other claims or lawsuits against Defendant is not relevant because such claims are, again, merely unsubstantiated allegations. Evidence of other lawsuits involving Defendant and the allegations therein have no tendency to make the existence or non-existence of a fact necessary for the resolution of this case to be more or less probable. That other individuals may have filed suit against Defendant for a variety of reasons has no bearing on whether, in this particular case, Plaintiff was discriminated and/or harassed because of his race. Accordingly, such evidence is irrelevant and should be excluded.

Further, introduction of evidence of other claims or lawsuits involving Defendant will likely mislead the jury into believing that if Defendant has been sued by other employees or individuals, there must be some validity to Plaintiff's lawsuit, or they must be engaging in illegal activity. Consequently, this will create a substantial danger of undue prejudice to Defendant. Additionally, if Plaintiff is permitted to introduce such evidence, Defendant will be forced to bring in additional witnesses and documents to dispute each and every allegation in unrelated actions, which result in mini-trials with respect to each claim and/or lawsuit. Therefore, the Court should exclude any evidence of other claims or lawsuits against Defendant.

### D. EVIDENCE OF OTHER COMPLAINTS AND LITIGATION INVOLVING DEFENDANT SHOULD BE EXCLUDED AS INADMISSIBLE CHARACTER EVIDENCE

Evidence of a person's character or trait of his or her character, whether in the form of an opinion, evidence of reputation, or evidence of specific instances of his or her conduct, is inadmissible when offered to prove his or her conduct on a specified occasion. FED. R. EVID. 404.

In this case, the only reason Plaintiff would offer evidence of other claims and lawsuits filed by third parties against Defendant would be to attempt to prove that, because Defendant was sued by someone else or allegedly acted in an improper manner before, Defendant must have acted in a similarly inappropriate manner here. This is exactly the type of impermissible inference that Rule 404 is designed to prevent.

Accordingly, Plaintiff should be precluded from offering such evidence or argument.

## III.
## CONCLUSION

Based on the foregoing, Defendant's First Motion in Limine to Exclude Evidence or Argument Related to Other Claims or Litigation Involving Defendant should be granted.

Dated: February 24, 2023

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ Robert Rosenthal
    Robert Rosenthal, Esq.
    Martin A. Little, Esq.
    3800 Howard Hughes Parkway, Suite 1000
    Las Vegas, Nevada 89169
    *Attorneys for Defendant M.J. Dean Construction, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been electronically filed and served upon the following parties on February 24, 2023 through the Court's ECF system.

LAW OFFICES OF MICHAEL P. BALABAN
Michael P. Balaban, Esq.
10726 Del Rudini Street
Las Vegas, NV 89141

*Attorneys for Plaintiff*

            /s/ Barbara Dunn
            Howard & Howard Attorneys PLLC