# EXHIBIT B

# Email Chain Between Counsel for the Parties Regarding Compliance With Local Rule 16-3

# EXHIBIT B

**Robert L. Rosenthal**

| | |
|---|---|
| **From:** | Robert W. Hernquist |
| **Sent:** | Thursday, February 23, 2023 5:34 PM |
| **To:** | Robert L. Rosenthal; 'Michael Balaban' |
| **Cc:** | Brandy L. Sanderson; Barbara Dunn; Martin A. Little |
| **Subject:** | RE: Colvin v. MJ Dean - following up regarding the parties' motions in limine |

Michael,

Just so we have a clear record, you initially proposed 5 motions in limine and ***Rob and I agreed*** that you would not need to file two of them because we had no objection or opposition. You didn't withdraw them—we talked through the issues, expressed our mutual concerns and reached a collective agreement. For instance, one of your proposed MILs was to exclude any findings or investigations by EEOC / NERC. During our telephone call, we expressed to you our position that we would agree to this so long as Plaintiff did not then reference the Right to Sue letter (our concern being that we would then not be able to discuss or address the scope of the EEOC investigation). You agreed not to offer any testimony regarding the Right to Sue letter, and thus through the meet and confer process the parties were able to eliminate the need to file a motion in limine. During our meet and confer call, we reached a similar agreement regarding Mr. Colvin's criminal record.

Even for your proposed motions in limine that we did not reach agreement on, during the meet and confer call Rob and I explained our positions. For instance, one of your other five proposed motions in limine was to exclude any evidence or testimony regarding the 50+ lawsuits that Mr. Colvin has filed. During our meet and confer conference, we explained that we believed those lawsuits were relevant because Colvin has been declared a vexatious litigant and some of those lawsuits are relevant to his damages claims. Thus, although we were unable to reach agreement, we explained our reasoning and bases for why we believed the evidence is admissible.

We would like to have that same dialogue on our proposed motions, and the Local Rule requires it. During our meet and confer conference, when it came time to discuss Defendant's proposed MILs, on many of them you asked us to provide case law and stated you would review those authorities and get back to us (even though we had provided you with our list on Monday, you had not reviewed or researched the issues when we spoke on Friday). As another example, one of our MILs seeks to exclude testimony and evidence alleging that Plaintiff's termination was due to racial discrimination / disparate treatment. This MIL is based on the Court summary judgment order. You said you would review that MSJ order and get back to us. To date, you have still not provided us with your reasoning or bases for opposing our remaining MILs. We want to have that conversation because we believe that even if we cant resolve the dispute we can likely narrow the issues. That is probably why the Local Rules require parties to engage in a meaningful meet and confer process.

We tried calling you this afternoon, and I left a voicemail. The deadline to file MILs is tomorrow. Please call us.

Thanks,
-Rob



**Robert W. Hernquist**
Attorney

3800 Howard Hughes Pkwy, STE 1000, Las Vegas, NV 89169
**D:** 702.667.4834 | **F:** 702.567.1568
rwh@h2law.com | Bio | vCard | LinkedIn

NOTICE: Information contained in this transmission to the named addressee is proprietary information and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

COMMUNICATION: Please copy all Intellectual Property instructions to ipdocket@h2law.com to ensure proper handling and send corresponding originals to our Royal Oak, MI office.

**From:** Robert L. Rosenthal <rrosenthal@howardandhoward.com>
**Sent:** Thursday, February 23, 2023 4:47 PM
**To:** 'Michael Balaban' <mbalaban@balaban-law.com>
**Cc:** Robert W. Hernquist <rwh@h2law.com>; Brandy L. Sanderson <bsanderson@howardandhoward.com>; Barbara Dunn <bdunn@HowardandHoward.com>; Martin A. Little <MAL@h2law.com>
**Subject:** RE: Colvin v. MJ Dean - following up regarding the parties' motions in limine

Michael,

There is no need to resort to ad hominem attacks. We again contend that you have not met and conferred in good faith regarding these issues because you have not provided any reasons for your refusal to agree with the subject motions in limine. Simply stating "no" is not meeting and conferring in good faith. Accordingly, we will be calling you so that we can try to resolve these matters.

Best regards,

Rob



**Robert L. Rosenthal**
Attorney and Counselor

3800 Howard Hughes Pkwy, STE 1000, Las Vegas, NV 89169
**D:** 702.667.4809 | **F:** 702.567.1568
rrosenthal@howardandhoward.com | Bio | vCard | LinkedIn

NOTICE: Information contained in this transmission to the named addressee is proprietary information and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

**From:** Michael Balaban <mbalaban@balaban-law.com>
**Sent:** Thursday, February 23, 2023 4:06 PM
**To:** Robert L. Rosenthal <rrosenthal@howardandhoward.com>
**Cc:** Robert W. Hernquist <rwh@h2law.com>; Brandy L. Sanderson <bsanderson@howardandhoward.com>; Barbara Dunn <bdunn@HowardandHoward.com>; Martin A. Little <MAL@h2law.com>
**Subject:** Re: Colvin v. MJ Dean - following up regarding the parties' motions in limine

Robert:

The reason I emailed you at 4:29 a.m. is because I am a sole practitioner and I work long hours. I don't have the luxury of having multiple attorneys, secretaries and assistants working on a case and being able to bill everything to the client. As to the rest of your email I responded to it accordingly. At the meet and confer we went over each Motion in Limine you intended to file, I told you my thoughts and I said I would get back to you if I agreed *not* to potentially introduce evidence or argument on a specific subject discussed in the Motions in Limine. As to Motions in Limine nos. 6 and 8, I agreed not to, and as to 1, 2, 3, 10 and 13, I did not. Again we already discussed these at the meet and confer conference and the long and the short of it is that any additional thoughts I might have would not matter anyway because one thing I've learned about you in the short time we've worked together is that Robert Rosenthal is going to do what Robert Rosenthal is going to do regardless of what the other side says. So, if you want to file Motions in Limine on numbers 1, 2, 3, 10 and 13, go ahead and file them and I will respond to them accordingly. If you choose not to file them then that is your prerogative also. It should be noted of the five Motions in Limine I proposed initially, I agreed to withdrawal two of them (almost half of them), while of the 13 Motions in Limine you were going to file, you and you firm only agreed to withdraw one of them. So if anyone is acting in bad faith it is you and your firm, not me.

Sincerely yours,


Michael P. Balaban

LAW OFFICES OF MICHAEL P. BALABAN

10726 Del Rudini Street

Las Vegas, NV 89141-4216

(702)586-2964

Fax (702)586-3023


NOTICE OF CONFIDENTIALITY - This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachment without reading, printing, copying or forwarding it

---

**From:** Robert L. Rosenthal <rrosenthal@howardandhoward.com>
**Sent:** Thursday, February 23, 2023 12:13 PM
**To:** Michael Balaban <mbalaban@balaban-law.com>
**Cc:** Robert W. Hernquist <rwh@h2law.com>; Brandy L. Sanderson <bsanderson@howardandhoward.com>; Barbara Dunn <bdunn@HowardandHoward.com>; Martin A. Little <MAL@h2law.com>
**Subject:** RE: Colvin v. MJ Dean - following up regarding the parties' motions in limine

Michael,

Your response does not comply with the parties' agreement that was reached during our conference call on 2/17/2023 concerning motions in limine, as well as your duty to meet and confer in good faith. More

specifically, your most recent email dated 2/23/2023 at 4:29 AM, does not explain the reason(s) for your refusal to agree Defendant's motion in limine number 1, 2, 3, 10 and 13. For your convenience, immediately below is a copy of the complete list of the parties' motions in limine, Defendant's further responses to numbers 1, 2, 3, 10 and 13, that addresses the inadequacy of your 2/23/2023 email, and areas highlighted in yellow for you to *fully explain* your refusal to agree with motions in limine 1, 2, 3, 10 and 13.

**Please respond no later than 5:00 PM today.**

Best regards,

Rob

## DEFENDANT'S PROPOSED MOTIONS IN LIMINE

1. Motion in limine to preclude Plaintiff from providing his own opinion concerning his job performance.

The parties agreed that Defendant would provide Plaintiff with legal authority in support of its position and that Plaintiff would then advise Defendant how he wished to proceed.

Accordingly, Defendant hereby provides the following additional information: Federal courts have consistently held in discrimination actions that a fired employee's "perception of himself... is not relevant. It is the perception of the decision maker that is relevant. *See for example Smith v. Flax*, 618 F.2d 1062, 1067 (4th Cir. 1980); and *Cervantes v. Concentra Health Services, Inc.*, 2021 WL 6496829 (U.S.D.C. C.D. Cal. 2021) (slip copy). Further, a plaintiff's opinions regarding the manner in which he was evaluated or the "correctness" of the employer's evaluation of him and/or his job performance are inadmissible. *Douglas v. Anderson*, 656 F.2d 528, 533 n.5 (9th Cir. 1981). Finally, Plaintiff's opinions regarding his own job performance are not relevant, and therefore, not admissible. *See* Fed. R. Evid. 401, 402 and 403.

**Defendant's Further Response (2/23/2023):** Your email on 2/22/2023 stated that you would not agree with Defendant's Motion in Limine No. 1, despite the fact that we provided you with relevant legal authority in support of our position, *as you requested*. Accordingly, please explain your refusal to agree to this motion in limine.

**Plaintiff's Justification for Refusing to Agree to the Subject Motion in Limine:**

2. Motion in limine to exclude testimony from Plaintiff's co-workers regarding Plaintiff's job performance.

Plaintiff agreed to advise Defendant if any of Plaintiff's witnesses will testify about Plaintiff's job performance.

**Defendant's Further Response (2/23/2023):** Your email on 2/22/2023 stated that you would not agree with Defendant's Motion in Limine No. 2; however, you failed to advise Defendant if any of Plaintiff's non-supervisory / non-managerial co-workers were going to testify about Plaintiff's job performance. Therefore, please clarify your email. If you still will not agree to exclude such evidence, please let us know who on your witness list will be providing such testimony.

**Plaintiff's Justification for Refusing to Agree to the Subject Motion in Limine:**

3. Motion in limine to exclude testimony and evidence of Defendant's alleged misconduct against other employees.

   Plaintiff agreed to advise Defendant if Plaintiff intends to provide testimony and evidence of Defendant's alleged misconduct against other employees.

   **Defendant's Further Response (2/23/2023):** Your email on 2/22/2023 stated that you would not agree with Defendant's Motion in Limine No. 3; but your email failed to comply with your promise to advise Defendant if Plaintiff intended to provide testimony and evidence of Defendant's alleged misconduct against other employees. Therefore, please clarify your email by letting us know who on your witness list will be providing such testimony, and the scope of such testimony (i.e., when and where it occurred, the actors involved, the nature of the allegations (racial discrimination and/or other acts). Please note that Plaintiff testified in his deposition that he never personally observed any other acts of misconduct by MJ Dean; therefore, we would not expect you to disagree with the subject motion in limine.

   **Plaintiff's Justification for Refusing to Agree to the Subject Motion in Limine:**

4. Motion in limine to exclude testimony and evidence of alleged discrimination, harassment and/or inappropriate conduct that Plaintiff did not observe.

   Plaintiff agreed to exclude testimony and evidence of alleged discrimination, harassment and/or inappropriate conduct that Plaintiff did not observe.

5. Motion in limine to exclude evidence or argument related to other claims or litigation involving Defendant.

   Plaintiff would not agree to exclude evidence or argument related to other claims or litigation involving Defendant, because he contended that it concerned the same issues as Plaintiff's first motion in limine, which the parties were unable to resolve.

6. Motion in limine to preclude Plaintiff from making a "David versus Goliath" argument during trial.

   The parties agreed that Defendant would provide Plaintiff with legal authority in support of its position and that Plaintiff would then advise Defendant how he wished to proceed.

   Accordingly, Defendant hereby provides the following additional information: Such argument is inadmissible pursuant to Fed. R. Evid. 401, 402 and 403. Further, such argument would only be admissible during a punitive damages phase of the trial. *See for example Teague v. Remington Arms Company, LLC,* 2022 WL 17103236 (U.S.D.C. Montana 2022), holding that "this type of argument is inadmissible because it encourages jurors to exercise personal bias rather than objectivity and neutrality based on the evidence presented." *See also Eriksen v. Wal-Mart Stores, Inc.,* CV 14-155-BLG-SPW, 2017 WL 1497870 (D. Mont. Apr. 25, 2017).

7. Motion in limine to exclude testimony and evidence concerning Defendant's financial condition.

Plaintiff agreed to exclude testimony and evidence concerning Defendant's financial condition.

8. Motion in limine to exclude Plaintiff's use of the "Reptile Theory" and the "Golden Rule."

The parties agreed that Plaintiff will not use a "Reptile Theory" argument. The parties agreed that Defendant would provide Plaintiff with legal authority in support of its proposed motion in limine to exclude Plaintiff's use of the "Golden Rule" and that Plaintiff would then advise Defendant how he wished to proceed.

Accordingly, Defendant hereby provides the following additional information: In *Alexander v. Wal-Mart Stores, Inc.*, 2013 WL 427132 (D. Nev. 2013), the court held that use of Golden Rule "arguments or statements are never proper and are prohibited in front of the jury." *Id.*, *citing Lioce v. Cohen*, 174 P.3d 970, 984 (Nev.2008) ("An attorney may not make a golden rule argument, which is an argument asking jurors to place themselves in the position of one of the parties. Golden rule arguments are improper because they infect the jury's objectivity."). Further, such argument is inadmissible pursuant to Fed. R. Evid. 401, 402 and 403.

9. Motion in limine to exclude evidence of "stray remarks."

Defendant agreed to withdraw this motion in limine.

10. Motion in limine to exclude testimony and evidence concerning any alleged bad acts perpetrated by Defendant that occurred after Plaintiff's termination of employment.

The parties agreed that Defendant would provide Plaintiff with legal authority in support of its position and that Plaintiff would then advise Defendant how he wished to proceed.

Accordingly, Defendant hereby provides the following additional information: Testimony and evidence concerning any alleged bad acts perpetrated by Defendant that occurred after Plaintiff's termination of employment are inadmissible pursuant to Fed. R. Evid. 401, 402 and 403; *see also Day v. Forman Automotive Group*, 2015 WL 1250447 (D. Nev. 2015).

**Defendant's Further Response (2/23/2023):** Your email on 2/22/2023 stated that you would not agree with Defendant's Motion in Limine No. 10, despite the fact that we provided you with relevant legal authority in support of our position, *as you requested*. Accordingly, please explain your refusal to agree to this motion in limine.

**Plaintiff's Justification for Refusing to Agree to the Subject Motion in Limine:**

11. Motion in limine to exclude photos and evidence of graffiti at worksite.

The parties agreed to submit this issue to the court for resolution.

12. Motion in limine to exclude testimony and evidence concerning expression of "pro-Trump" beliefs at the worksite.

The parties agreed to submit this issue to the court for resolution.

13. Motion in limine to exclude testimony and evidence alleging that Plaintiff's termination was due to racial discrimination / disparate treatment.

Plaintiff agreed to review this issue and advise Defendant how Plaintiff intends to proceed.

**Defendant's Further Response (2/23/2023):** Your email on 2/22/2023 stated that you would not agree with Defendant's Motion in Limine No. 13, despite the fact that the subject motion in

limine accurately reflects the Court's Order on Defendant's motion for summary judgment. Therefore, explain your refusal to agree to this motion in limine.

**<mark>Plaintiff's Justification for Refusing to Agree to the Subject Motion in Limine:</mark>**

Please respond in detail to the foregoing by the close of business today.

Best regards,

Rob



**Robert L. Rosenthal**
Attorney and Counselor

3800 Howard Hughes Pkwy, STE 1000, Las Vegas, NV 89169
**D:** 702.667.4809 | **F:** 702.567.1568
rrosenthal@howardandhoward.com | Bio | vCard | LinkedIn

NOTICE: Information contained in this transmission to the named addressee is proprietary information and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

**From:** Michael Balaban <mbalaban@balaban-law.com>
**Sent:** Thursday, February 23, 2023 4:29 AM
**To:** Robert L. Rosenthal <rrosenthal@howardandhoward.com>
**Cc:** Robert W. Hernquist <rwh@h2law.com>; Brandy L. Sanderson <bsanderson@howardandhoward.com>; Barbara Dunn <bdunn@HowardandHoward.com>
**Subject:** Re: Colvin v. MJ Dean - following up regarding the parties' motions in limine

**CAUTION: EXTERNAL EMAIL**

Robert:

With regard to Plaintiff's proposed motions in limine we will bring motions based on (1) past lawsuits or legal filings/proceedings, (2) termination from past employment and (3) exclusions of witnesses Antonio Jalomo-Rodriguez, Julian Jeffers and Tony Logan as set forth in the pretrial order and discussed at the meet and confer conference. As to Defendant's proposed motions in limine Plaintiff will agree to exclude any David versus Goliath argument at trial and use of the Golden Rule argument at trial. Any other motion in limine not already addressed at the meet and confer (ie. numbers 1, 2, 3, 10 and 13) should be submitted for court resolution unless you wish to withdraw them. Thank you.

Sincerely yours,

Michael P. Balaban

LAW OFFICES OF MICHAEL P. BALABAN

10726 Del Rudini Street

Las Vegas, NV 89141-4216

(702)586-2964

Fax (702)586-3023

NOTICE OF CONFIDENTIALITY - This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachment without reading, printing, copying or forwarding it.

**From:** Robert L. Rosenthal <rrosenthal@howardandhoward.com>
**Sent:** Wednesday, February 22, 2023 11:30 AM
**To:** Michael Balaban <mbalaban@balaban-law.com>
**Cc:** Robert W. Hernquist <rwh@h2law.com>; Brandy L. Sanderson <bsanderson@howardandhoward.com>; Barbara Dunn <bdunn@HowardandHoward.com>
**Subject:** Colvin v. MJ Dean - following up regarding the parties' motions in limine

Michael,

The following will serve to confirm that, on February 17, 2023, counsel for the parties met and conferred regarding their proposed motions in limine, set forth their respective positions, and agreed upon the following course of action going forward (see areas in red below).

## PLAINTIFF'S PROPOSED MOTIONS IN LIMINE

1. Past lawsuits or legal filings/proceedings.

   The parties agreed to submit this issue to the court for resolution.

2. Termination from past employment.

   Defendant will not agree to exclude Plaintiff's termination from past employment. Plaintiff testified in his deposition that he was terminated from Turner Construction Company and that he sued the company, Jeff Cummings, Sean Dishman, and Jeff Oberman for wrongful discharge. Plaintiff also testified that he received $100,000 to settle the lawsuit. Accordingly, Defendant believes that this information is admissible pursuant to Fed. R. Evid. 401 and 402.

3. Criminal Record except for felony convictions or convictions for crimes involving dishonesty.

8

The parties agreed to that they would comply with the Federal Rules concerning testimony and evidence concerning Plaintiff's criminal record, except for felony convictions or convictions for crimes involving dishonesty.

4. Any findings or investigations by EEOC/NERC.

The parties agreed to that they would not offer any evidence or testimony regarding any findings, investigations and/or right to sue letter issued by EEOC/NERC.

## DEFENDANT'S PROPOSED MOTIONS IN LIMINE

1. Motion in limine to preclude Plaintiff from providing his own opinion concerning his job performance.

The parties agreed that Defendant would provide Plaintiff with legal authority in support of its position and that Plaintiff would then advise Defendant how he wished to proceed.

Accordingly, Defendant hereby provides the following additional information: Federal courts have consistently held in discrimination actions that a fired employee's "perception of himself... is not relevant. It is the perception of the decision maker that is relevant. *See for example Smith v. Flax*, 618 F.2d 1062, 1067 (4th Cir. 1980); and *Cervantes v. Concentra Health Services, Inc.*, 2021 WL 6496829 (U.S.D.C. C.D. Cal. 2021) (slip copy). Further, a plaintiff's opinions regarding the manner in which he was evaluated or the "correctness" of the employer's evaluation of him and/or his job performance is inadmissible. *Douglas v. Anderson*, 656 F.2d 528, 533 n.5 (9th Cir. 1981). Finally, Plaintiff's opinions regarding his own job performance are not relevant, and therefore, not admissible. *See* Fed. R. Evid. 401, 402 and 403.

2. Motion in limine to exclude testimony from Plaintiff's co-workers regarding Plaintiff's job performance.

Plaintiff agreed to advise Defendant if any of Plaintiff's witnesses will testify about Plaintiff's job performance.

3. Motion in limine to exclude testimony and evidence of Defendant's alleged misconduct against other employees.

Plaintiff agreed to advise Defendant if Plaintiff intends to provide testimony and evidence of Defendant's alleged misconduct against other employees.

4. Motion in limine to exclude testimony and evidence of alleged discrimination, harassment and/or inappropriate conduct that Plaintiff did not observe.

Plaintiff agreed to exclude testimony and evidence of alleged discrimination, harassment and/or inappropriate conduct that Plaintiff did not observe.

5. Motion in limine to exclude evidence or argument related to other claims or litigation involving Defendant.

Plaintiff would not agree to exclude evidence or argument related to other claims or litigation involving Defendant, because he contended that it concerned the same issues as Plaintiff's first motion in limine, which the parties were unable to resolve.

6. Motion in limine to preclude Plaintiff from making a "David versus Goliath" argument during trial.

The parties agreed that Defendant would provide Plaintiff with legal authority in support of its position and that Plaintiff would then advise Defendant how he wished to proceed.

Accordingly, Defendant hereby provides the following additional information: Such argument is inadmissible pursuant to Fed. R. Evid. 401, 402 and 403. Further, such argument would only be admissible during a punitive damages phase of the trial. *See for example Teague v. Remington Arms Company, LLC*, 2022 WL 17103236 (U.S.D.C. Montana 2022), holding that "this type of argument is inadmissible because it encourages jurors to exercise personal bias rather than objectivity and neutrality based on the evidence presented." *See also Eriksen v. Wal-Mart Stores, Inc.*, CV 14-155-BLG-SPW, 2017 WL 1497870 (D. Mont. Apr. 25, 2017).

7. Motion in limine to exclude testimony and evidence concerning Defendant's financial condition.

   Plaintiff agreed to exclude testimony and evidence concerning Defendant's financial condition.

8. Motion in limine to exclude Plaintiff's use of the "Reptile Theory" and the "Golden Rule."

   The parties agreed that Plaintiff will not use a "Reptile Theory" argument. The parties agreed that Defendant would provide Plaintiff with legal authority in support of its proposed motion in limine to exclude Plaintiff's use of the "Golden Rule" and that Plaintiff would then advise Defendant how he wished to proceed.

   Accordingly, Defendant hereby provides the following additional information: In *Alexander v. Wal-Mart Stores, Inc.*, 2013 WL 427132 (D. Nev. 2013), the court held that use of Golden Rule "arguments or statements are never proper and are prohibited in front of the jury." *Id., citing Lioce v. Cohen*, 174 P.3d 970, 984 (Nev.2008) ("An attorney may not make a golden rule argument, which is an argument asking jurors to place themselves in the position of one of the parties. Golden rule arguments are improper because they infect the jury's objectivity."). Further, such argument is inadmissible pursuant to Fed. R. Evid. 401, 402 and 403.

9. Motion in limine to exclude evidence of "stray remarks."

   Defendant agreed to withdraw this motion in limine.

10. Motion in limine to exclude testimony and evidence concerning any alleged bad acts perpetrated by Defendant that occurred after Plaintiff's termination of employment.

    The parties agreed that Defendant would provide Plaintiff with legal authority in support of its position and that Plaintiff would then advise Defendant how he wished to proceed.

    Accordingly, Defendant hereby provides the following additional information: Testimony and evidence concerning any alleged bad acts perpetrated by Defendant that occurred after Plaintiff's termination of employment are inadmissible pursuant to Fed. R. Evid. 401, 402 and 403; *see also Day v. Forman Automotive Group*, 2015 WL 1250447 (D. Nev. 2015).

11. Motion in limine to exclude photos and evidence of graffiti at worksite.

    The parties agreed to submit this issue to the court for resolution.

12. Motion in limine to exclude testimony and evidence concerning expression of "pro-Trump" beliefs at the worksite.

    The parties agreed to submit this issue to the court for resolution.

13. Motion in limine to exclude testimony and evidence alleging that Plaintiff's termination was due to racial discrimination / disparate treatment.

    Plaintiff agreed to review this issue and advise Defendant how Plaintiff intends to proceed.

**ADDITIONAL *IMMEDIATE* FOLLOW-UP REQUIRED FROM PLAINTIFF**

In light of the foregoing and the fact that motions in limine are due this **Friday, February 25, 2023**, please let us know by the **end of business today, February 22, 2023,** how you intend to proceed with respect the following motions in limine:

- Defendant's motion in limine # 1 to preclude Plaintiff from providing his own opinion concerning his job performance.

- Defendant's motion in limine # 2 to exclude testimony from Plaintiff's co-workers regarding Plaintiff's job performance.

- Defendant's motion in limine # 3 to exclude testimony and evidence of Defendant's alleged misconduct against other employees.

- Defendant's motion in limine # 6 to preclude Plaintiff from making a "David versus Goliath" argument during trial.

- Defendant's motion in limine # 8 to exclude Plaintiff's use of the "Golden Rule."

- Defendant's motion in limine # 10 to exclude testimony and evidence concerning any alleged bad acts perpetrated by Defendant that occurred after Plaintiff's termination of employment.

- Defendant's motion in limine # 13 to exclude testimony and evidence alleging that Plaintiff's termination was due to racial discrimination / disparate treatment.

Best regards,

Rob



**Howard & Howard** | **Robert L. Rosenthal**
law for business | Attorney and Counselor

3800 Howard Hughes Pkwy, STE 1000, Las Vegas, NV 89169
**D:** 702.667.4809 | **F:** 702.567.1568
rrosenthal@howardandhoward.com | Bio | vCard | LinkedIn

NOTICE: Information contained in this transmission to the named addressee is proprietary information and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.