Martin A. Little, Nevada Bar No. 7067
Robert L. Rosenthal, Nevada Bar No. 6476
Robert Hernquist, Nevada Bar No. 10616
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: rlr@h2law.com
Email: mal@h2law.com
Email: rwh@h2law.com

*Attorneys for Defendant M.J. Dean Construction, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PARNELL COLVIN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>M.J. DEAN CONSTRUCTION, INC,<br><br>　　　　Defendant. | Case No. 2:20-cv-01765-APG-EJY<br><br>**DEFENDANT'S FIFTH MOTION IN LIMINE TO EXCLUDE TESTIMONY AND EVIDENCE CONCERNING ANY ALLEGED BAD ACTS PERPETRATED BY DEFENDANT THAT OCCURRED AFTER PLAINTIFF'S TERMINATION OF EMPLOYMENT** |

Defendant M.J. Dean Construction, Inc. ("Defendant" or "MJ Dean"), by and through its attorneys of record, the law firm of Howard & Howard Attorneys PLLC, hereby submits Defendant's Fifth Motion in Limine to Exclude Testimony and Evidence Concerning any Alleged Bad Acts Perpetrated by Defendant that Occurred After Plaintiff's Termination of Employment.

Defendant's counsel attempted to meet and confer in good faith with Plaintiff's attorney in compliance with Local Rule 16-3; however, Plaintiff's attorney failed to respond to Defendant's multiple requests for an explanation as to why Plaintiff would not agree to the subject Motion in Limine. (Exhibit A, Declaration of Robert Rosenthal; and Exhibit B, email chain.)

This Motion is made and based upon the accompanying Memorandum of Points and Authorities, the exhibits attached hereto, all pleadings and papers on file herein, as well as any oral argument that this Court may entertain.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## INTRODUCTION

This is an employment discrimination case, where Plaintiff, Parnell Colvin ("Plaintiff" or "Colvin"), who is African American, is suing his former employer, Defendant, M.J. Dean Construction, Inc. ("Dean"). Plaintiff's claims arise out of racism he allegedly experienced while working for Defendant as a Union Laborer on the Madison Square Garden Sphere Project (the "Sphere Project"), and Defendant's subsequent termination of his employment. Plaintiff's First Amended Complaint alleges the following causes of action against Defendant:

1. <u>Retaliation.</u> Plaintiff claims that Defendant terminated his employment in retaliation for complaining that his General Foreman, Kevin Gutierrez ("Gutierrez"), discriminated and/or harassed him on the basis of his race.

2. <u>Racial Discrimination.</u> Plaintiff alleges that he was denied overtime opportunities because of his race.

3. <u>Racial Harassment.</u> Plaintiff claims that he was subjected to racial harassment as a result of Gutierrez calling him the "N-word" one time, and seeing racist graffiti on two occasions in restrooms at the Sphere Project construction site. Defendant denies that Gutierrez ever used that racial slur and maintains that it took prompt remedial action to remove the graffiti.

4. <u>Negligent Training and Supervision.</u> Defendant asserts that its management level employees, including Gutierrez, received harassment training and that they were properly and reasonably supervised.

## II.
## ARGUMENT

**A.   LEGAL STANDARD REGARDING MOTIONS IN LIMINE**

"A motion in limine is a procedural mechanism made in advance to limit testimony or evidence in a particular area" and is "entirely within the discretion of the Court." *Diamond X Ranch, LLC v. Atl. Richfield Co.*, No. 3:13-cv-00570-MMD-WGC, 2018 WL 2127734, at *1 (D. Nev. May 8, 2018). In general, "[t]he court must decide any preliminary question about whether

2

... evidence is admissible." Fed. R. Evid. 104(a). In order to satisfy the burden of proof for Federal Rule of Evidence ("FRE") 104(a), "a party must show that the requirements for admissibility are met by a preponderance of the evidence." *Heath v. Tristar Products, Inc.*, 2021 WL 3082564 * 2 (D. Nev. 2021), citing *Bourjaily v. United States*, 483 U.S. 171, 175 (1987).

"Although the [FRE] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

**B.   PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE AND TESTIMONY CONCERNING ANY ALLEGED BAD ACTS PERPETRATED BY DEFENDANT THAT OCCURRED AFTER PLAINTIFF'S TERMINATION OF EMPLOYMENT BECAUSE IT IS IRRELEVANT AND PREJUDICIAL**

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Only relevant evidence is admissible. Fed. R. Evid. 402. Relevant evidence may still be inadmissible "if its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfairly prejudicial" evidence is that which has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005).

In this case, Plaintiff should be precluded from discussing any alleged bad acts by Defendant that occurred after Plaintiff's employment was terminated pursuant to Rules 401, 402 and 403. Plaintiff has never claimed that this litigation is premised on a "pattern and practice" or "disparate impact" theory and has never provided any evidence in support of such a contention. Accordingly, evidence and argument of this nature should be excluded. *See Day v. Forman Auto. Group*, 2015 WL 1250447 (D. Nev. 2015); and *Coachman v. Seattle Auto Mgmt. Inc.*, 2018 WL 4510067 (W.D. Wash. 2018) (not reported in Fed. Supp.).

/ / /

/ / /

### III.
### CONCLUSION

Based on the foregoing, Defendant's Fifth Motion in Limine to Exclude Testimony and Evidence Concerning any Alleged Bad Acts Perpetrated by Defendant that Occurred After Plaintiff's Termination of Employment should be granted.

Dated: February 24, 2023          Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ Robert Rosenthal
    Robert Rosenthal, Esq.
    Martin A. Little, Esq.
    3800 Howard Hughes Parkway, Suite 1000
    Las Vegas, Nevada 89169
    *Attorneys for Defendant M.J. Dean Construction, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been electronically filed and served upon the following parties on February 24, 2023 through the Court's ECF system.

LAW OFFICES OF MICHAEL P. BALABAN
Michael P. Balaban, Esq.
10726 Del Rudini Street
Las Vegas, NV 89141

*Attorneys for Plaintiff*

/s/ Barbara Dunn
Howard & Howard Attorneys PLLC