# EXHIBIT A

# Attorney Declaration Regarding Compliance With Local Rule 16-3

EXHIBIT A

## DECLARATION OF ROBERT ROSENTHAL

I, Robert Rosenthal, depose and state as follows under penalty of perjury:

1. I am over the age of 18 and mentally competent. I am an attorney licensed to practice in all of the courts in Nevada and I represent Defendant MJ Dean Construction, Inc. ("Defendant" or "MJ Dean") in this matter.

2. I make this Declaration in support of Defendant's Fifth Motion in Limine to Exclude Testimony and Evidence Concerning any Alleged Bad Acts Perpetrated by Defendant that Occurred After Plaintiff's Termination of Employment. I have personal knowledge of the facts in this matter except for those matters stated upon information and belief, and to those I believe them to be true. If called upon to testify, I could and would do so.

3. On February 6, 2023, I had a telephone call with Plaintiff's attorney and we agreed that we would exchange lists of our proposed motions in limine on Monday, February 13, 2023, and then schedule a meet and confer telephone conference to discuss them later that week.

4. Pursuant to Local Rule 16-3, counsel for the parties then scheduled a meet and confer telephone conference for Friday, February 17, 2023.

5. During the February 17, 2023 meet and confer telephone conference, counsel for MJ Dean (Robert Hernquist and Robert Rosenthal) agreed to two of the five motions in limine proposed by Plaintiff. For the remaining three motions in limine proposed by Plaintiff, counsel for MJ Dean provided the legal and evidentiary reasons for why they could not agree.

6. During the February 17, 2023 meet and confer telephone conference, counsel for the parties discussed the subject motion in limine. The parties agreed that Defendant's counsel would provide Plaintiff's attorney with legal authority in support of its position and that Plaintiff's attorney would then advise Defendant's counsel how he wished to proceed.

7. On February 23, 2023, Plaintiff's attorney sent Defendant's counsel an email stating Plaintiff would not agree to the subject motion in limine, but did not provide any basis for the refusal. Later that day, Defendant's counsel sent a reply to Plaintiff's email that stated, "Your email on 2/22/2023 stated that you would not agree with Defendant's Motion … despite the fact that we provided you with relevant legal authority in support of our position, as you requested. Accordingly, please explain your refusal to agree to this motion in limine."

8. Counsel for the parties exchanged several additional emails regarding the subject motion in limine, but Plaintiff's attorney continued to refuse to provide any reason why he would not agree to its terms.

9. On February 23, 2023 at approximately 4:55 pm, Defendant's counsel called Plaintiff's attorney in a good faith attempt to meet and confer on this issue and understand the basis for his refusal to agree with the subject motion in limine. Plaintiff's attorney did not answer the call and Defendant's counsel left a voicemail message.

10. At the time of this filing, Plaintiff's attorney has not returned Defendant's telephone call and has still not provided any reason for refusing to agree with this motion in limine.

11. Attached hereto as Exhibit B is a true and correct copy of an email chain with Plaintiff's attorney concerning the parties' motions in limine.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and if called upon as a witness I could and would competently testify thereto.

Dated: February 24, 2023

_____
Robert Rosenthal