Martin A. Little, Nevada Bar No. 7067
Robert L. Rosenthal, Nevada Bar No. 6476
Robert Hernquist, Nevada Bar No. 10616
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: rlr@h2law.com
Email: mal@h2law.com
Email: rwh@h2law.com

*Attorneys for Defendant M.J. Dean Construction, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PARNELL COLVIN,<br><br>          Plaintiff,<br><br>vs.<br><br>M.J. DEAN CONSTRUCTION, INC,<br><br>          Defendant. | Case No. 2:20-cv-01765-APG-EJY<br><br>**DEFENDANT'S SIXTH MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT THAT PLAINTIFF'S TERMINATION WAS DUE TO RACIAL DISCRIMINATION OR DISPARATE TREATMENT** |

Defendant M.J. Dean Construction, Inc. ("Defendant" or "MJ Dean"), by and through its attorneys of record, the law firm of Howard & Howard Attorneys PLLC, hereby submits Defendant's Sixth Motion in Limine to Exclude Evidence or Argument that Plaintiff's Termination was Due to Racial Discrimination or Disparate Treatment.

Defendant's counsel attempted to meet and confer in good faith with Plaintiff's attorney in compliance with Local Rule 16-3; however, Plaintiff's attorney refused to respond to Defendant's multiple requests for an explanation as to why Plaintiff would not stipulate to exclude this issue. (Exhibit A, Hernquist Declaration; and Exhibit B, email chain.)

This Motion is made and based upon the accompanying Memorandum of Points and Authorities, the exhibits attached hereto, all pleadings and papers on file herein, as well as any oral argument that this Court may entertain.

/ / /

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## INTRODUCTION

On June 6, 2022, this Court issued an Order granting summary judgment in MJ Dean's favor on Plaintiff's discrimination claim based on his firing. (ECF 55 at 6:12-18 & 7:10-11). Specifically, this Court held:

> A reasonable jury could not conclude that Dean subjected Colvin to disparate treatment by firing him. Colvin provides no evidence regarding the class composition of the terminated group or of any non-terminated employees. He likewise provides no evidence of class composition relating to the rehired group of 200 employees. Even viewing the evidence in a light most favorable to Colvin, insufficient facts exist to allow a reasonable jury to determine that similarly situated individuals outside Colvin's protected class were treated more favorably in the context of his termination.

*Id.* at 6:12-18.

Based on this Court's ruling, MJ Dean contends it would be improper for Plaintiff to present any evidence or argument at trial suggesting that Plaintiff's firing was due to racial discrimination or disparate treatment. During the meet and confer process, Plaintiff's counsel refused to agree on this issue, yet failed to provide any grounds or bases as to why any such evidence or argument would be relevant in light of the Court's Summary Judgment Order. (Exhibits A and B.) Consequently, MJ Dean has been forced to file this motion.

## II.
## ARGUMENT

A. **LEGAL STANDARD REGARDING MOTIONS IN LIMINE**

"A motion in limine is a procedural mechanism made in advance to limit testimony or evidence in a particular area" and is "entirely within the discretion of the Court." *Diamond X Ranch, LLC v. Atlantic Richfield Co.*, No. 3:13-cv-00570-MMD-WGC, 2018 WL 2127734, at *1 (D. Nev. May 8, 2018). In general, "[t]he court must decide any preliminary question about whether ... evidence is admissible." FED. R. EVID. 104(a). In order to satisfy the burden of proof for Federal Rule of Evidence ("FRE") 104(a), "a party must show that the requirements for admissibility are met by a preponderance of the evidence." *Heath v. Tristar Products, Inc.*, 2021

2

WL 3082564 * 2 (D. Nev. 2021), citing *Bourjaily v. United States*, 483 U.S. 171, 175 (1987).

"Although the [FRE] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

**B.   THE COURT SHOULD EXCLUDE EVIDENCE OR ARGUMENT THAT PLAINTIFF'S TERMINATION WAS DUE TO RACIAL DISCRIMINATION OR DISPARATE TREATMENT BECAUSE IT IS IRRELEVANT AND IT CONFORMS WITH THE COURT'S ORDER ON SUMMARY JUDGMENT**

Relevant evidence is generally admissible unless an exception applies, however irrelevant evidence is never admissible. FED. R. EVID. 402. Even if the evidence is relevant, a court may exclude evidence if its probative value is outweighed by the danger of prejudice, of confusing the jury, or causing undue delay. FED. R. EVID. 403. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. The proponent of admitting an item of evidence has the initial burden of establishing relevance. *See Dowling v. United States*, 493 U.S. 342, 351 n.3 (1990).

Here, any evidence or argument suggesting that Plaintiff's termination was due to racial discrimination or disparate treatment is irrelevant, as a result of this Court's Summary Judgment Order. (ECF 55). This Court has already ruled that Plaintiff may not proceed on this claim. *Id.* Likewise, such evidence or argument is not relevant to any of Plaintiff's remaining claims or any of the Issues of Fact identified in the Joint Pre-Trial Order. (ECF 64 at pp. 4-5.)

Accordingly, such evidence is irrelevant and should be excluded.

**C.   EVEN IF RELEVANT, SUCH EVIDENCE SHOULD BE EXCLUDED AS PREJUDICIAL, CONFUSING, AND UNDULY CONSUMPTIVE OF TIME UNDER FRE 403**

Additionally, even if the evidence is relevant, a court may exclude evidence if its probative value is outweighed by the danger of prejudice, of confusing the jury, or causing undue delay. FED. R. EVID. 403. "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury.*" United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098-99

(9th Cir. 2005), *citing United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992).

Allowing Plaintiff to present evidence or argument suggesting that Plaintiff's termination was due to racial discrimination or disparate treatment would be prejudicial, confuse the jury and cause undue delay. It is particularly prejudicial because this claim has already been dismissed by this Court. Consequently, if allowed, MJ Dean would then be required to rebut such evidence even though it is not relevant to any of the remaining claims. There is also danger that, if not rebutted, the jury might misuse this evidence because they will not be provided a jury instruction on the dismissed claim.

### III.
### CONCLUSION

Based on the foregoing, Defendant's Sixth Motion in Limine to Exclude Evidence or Argument that Plaintiff's Termination was Due to Racial Discrimination or Disparate Treatment should be granted.

Dated: February 24, 2023             Respectfully submitted,

                                     HOWARD & HOWARD ATTORNEYS PLLC

                                     By: /s/ Robert Hernquist
                                         Robert Rosenthal
                                         Martin A. Little
                                         Robert Hernquist
                                         3800 Howard Hughes Parkway, Suite 1000
                                         Las Vegas, Nevada 89169
                                         *Attorneys for Defendant M.J. Dean Construction, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically filed and served upon the following parties on February 24, 2023 through the Court's ECF system.

LAW OFFICES OF MICHAEL P. BALABAN
Michael P. Balaban, Esq.
10726 Del Rudini Street
Las Vegas, NV 89141

*Attorneys for Plaintiff*

/s/ Barbara Dunn
Howard & Howard Attorneys PLLC