Martin A. Little, Nevada Bar No. 7067
Robert L. Rosenthal, Nevada Bar No. 6476
Robert Hernquist, Nevada Bar No. 10616
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: rlr@h2law.com
Email: mal@h2law.com
Email: rwh@h2law.com

*Attorneys for Defendant M.J. Dean Construction, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN,<br><br>    Plaintiff,<br><br>vs.<br><br>M.J. DEAN CONSTRUCTION, INC,<br><br>    Defendant. | Case No. 2:20-cv-01765-APG-EJY<br><br>**DEFENDANT'S SEVENTH MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING EXPRESSION OF "PRO-TRUMP" BELIEFS AT THE JOBSITE** |

Defendant M.J. Dean Construction, Inc. ("Defendant" or "MJ Dean"), by and through its attorneys of record, the law firm of Howard & Howard Attorneys PLLC, hereby submits Defendant's Seventh Motion in Limine to Exclude Evidence or Argument Regarding Expression of "Pro-Trump" Beliefs at the Jobsite.

Defendant's counsel attempted to meet and confer in good faith with Plaintiff's attorney in compliance with Local Rule 16-3; however, Plaintiff's attorney stated that it is "accepted" that Donald Trump and his supporters are white supremacists. (Exhibit A, Hernquist Declaration).

This Motion is made and based upon the accompanying Memorandum of Points and Authorities, the exhibits attached hereto, all pleadings and papers on file herein, as well as any oral argument that this Court may entertain.

/ / /

/ / /

/ / /

1

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### INTRODUCTION

Donald Trump is arguably the most polarizing and incendiary American President in recent history. He has been practically a daily fixture in media and news reporting for the last seven years, for a host of reasons. Over that time, it is clear that the American public has developed strong opinions about him—amongst both those that support him and those that oppose his views.

Plaintiff has indicated that, in order to support his claim that he was subjected to discrimination and harassment based on his race—African American—he will attempt to introduce evidence and argument that workers at the jobsite expressed "Pro-Trump" sentiments. During the parties' meet and confer conference to discuss this Motion, Plaintiff's current attorney stated that it is "accepted" that Donald Trump and his supporters are white supremacists. (Exhibit A at ¶ 6, Hernquist Declaration). Plaintiff takes the position that the expression of *any* Pro-Trump sentiment is akin to racism, and that the display of *any* Pro-Trump stickers, t-shirts, signs or graffiti at the jobsite are akin to stickers, t-shirts, signs or graffiti that say "white power."

Evidence as to whether or not Plaintiff's co-workers supported Trump is irrelevant and highly prejudicial. Plaintiff's position is based upon a logical fallacy—that anybody who supports Trump must be racist. The reality is, that while racists may indeed support Trump, many other Americans who are not racist support him for a host of other reasons.

Additionally, allowing such evidence is also highly prejudicial. For example, while Trump's positions regarding minorities is appalling to some, many Americans despise him for a host of other reasons unrelated to race. Accordingly, this Court should enter an order precluding Plaintiff from using Trump as a dog whistle for racism and instead require Plaintiff to focus on the actual merits.

/ / /

/ / /

2

# II.
# ARGUMENT

**A.   LEGAL STANDARD REGARDING MOTIONS IN LIMINE**

"A motion in limine is a procedural mechanism made in advance to limit testimony or evidence in a particular area" and is "entirely within the discretion of the Court." *Diamond X Ranch, LLC v. Atlantic Richfield Co.*, No. 3:13-cv-00570-MMD-WGC, 2018 WL 2127734, at *1 (D. Nev. May 8, 2018). In general, "[t]he court must decide any preliminary question about whether ... evidence is admissible." FED. R. EVID. 104(a). In order to satisfy the burden of proof for Federal Rule of Evidence ("FRE") 104(a), "a party must show that the requirements for admissibility are met by a preponderance of the evidence." *Heath v. Tristar Products, Inc.*, 2021 WL 3082564 * 2 (D. Nev. 2021) (citing *Bourjaily v. United States*, 483 U.S. 171, 175 (1987).

"Although the [FRE] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

**B.   EVIDENCE OR ARGUMENT REGARDING PRO-TRUMP SENTIMENTS EXPRESSED AT THE WORKPLACE HAVE NO BEARING ON THE ISSUES TO BE TRIED**

Relevant evidence is generally admissible unless an exception applies, however irrelevant evidence is never admissible. FED. R. EVID. 402. Even if the evidence is relevant, a court may exclude evidence if its probative value is outweighed by the danger of prejudice, of confusing the jury, or causing undue delay. FED. R. EVID. 403. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. The proponent of admitting an item of evidence has the initial burden of establishing relevance. *See Dowling v. United States*, 493 U.S. 342, 351 n.3 (1990).

Here, Plaintiff bears the burden to establish to this Court that the expression of Pro-Trump beliefs, <u>alone</u>, makes any fact of consequence more or less probable. *Dowling*, 493 U.S. at 351 n.3. Plaintiff cannot meet that burden, and any such argument would be based upon bias and logical fallacy. While Plaintiff's attorney claims that it is "accepted" that Trump and his

supporters are white supremacists, the reality is that over 74 million Americans voted for President Trump in the 2020 election.[1] Plaintiff cannot present evidence that all 74 million of those voters are racists or supporters of white supremacy, and it is certainly not "accepted" that each and every one of those 74 million voters is racist. Any such argument relies upon a logical fallacy: while it may be true that racists support Trump, it does not mean the inverse is true and that all Trump supporters are racists.

Further, the expression of political views, without more, is not relevant to any of Plaintiff's claims at trial. Courts routinely hold that a party's political views are irrelevant. *Westfahl v. Dist. of Columbia*, No. 11-cv-02210 (CRC), 2015 BL 523506 (D.D.C. July 24, 2015) (granting a motion in limine and holding that plaintiff's political views were irrelevant); *Evans v. Cernics, Inc.*, No. 3:14-CV-125, 2017 BL 384830 at *1, 2017 AD Cases 384830 (W.D. Pa. Oct. 26, 2017) (granting motion in limine and holding that defendants' political views were irrelevant in an ADA case "because it does not make it more or less probable that Defendants discriminated and/or retaliated against Plaintiff in violation of the ADA and the PHRA"); *Am. Heartland Port, Inc. v. Am. Port Holdings, Inc.*, No. 5:11CV50, 2014 BL 180482, at *2 (N.D.W. Va. June 30, 2014) (granting motion in limine and holding that evidence of plaintiff's political views was irrelevant).

Accordingly, such evidence is irrelevant and should be excluded.

### C.    EVEN IF RELEVANT, SUCH EVIDENCE SHOULD BE EXCLUDED AS PREJUDICIAL, CONFUSING, AND UNDULY CONSUMPTIVE OF TIME UNDER FRE 403

Additionally, even if the evidence is relevant, a court may exclude evidence if its probative value is outweighed by the danger of prejudice, of confusing the jury, or causing undue delay. FED. R. EVID. 403. "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098-99 (9th Cir. 2005), *citing United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992).

---

[1] Trump received 74,224,319 votes nationwide. See *Presidential Election Results: Biden Wins*, NEW YORK TIMES (Nov. 6, 2020) *available at* https://www.nytimes.com/interactive/2020/11/03/us/elections/results-president.html.

4

Here, Plaintiff wants to offer evidence and argument of pro-Trump sentiments being expressed at the workplace for the specific purpose of prejudice and misleading the jury. Plaintiff is attempting to use "Trump" as a dog whistle to evoke bias and confusion amongst the jury. Trump is arguably the most polarizing and inflammatory President in American history. It appears that because Plaintiff's evidence of discrimination is so sparse and speculative, he instead hopes to incite the emotions of the jury. If Plaintiff is allowed to present this evidence and argument, there is significant risk that jurors will be guided by their own attitudes toward Trump instead of the relevant facts of this case. Defendant fears the jurors will place too great a focus on Trump and too little on the real issues.

Courts have excluded evidence and argument about a defendants' affiliations and political views where the danger of prejudice outweighs any probative value. *See Lewis v. Sch. Dist. No. 70*, 05-CV-776-WDS, 2009 WL 928874, at *5 (S.D. Ill. Apr. 6, 2009) (excluding evidence and argument regarding any political party or political party affiliation of any litigant); and *Am. Heartland Port, Inc. v. Am. Port Holdings, Inc.*, No. 5:11CV50, 2014 BL 180482 at *2 (N.D. W. Va. June 30, 2014) (granting a motion in limine and excluding evidence regarding a party's political beliefs because such evidence was irrelevant and prejudicial).

For those same reasons, a trial court in California recently issued a ruling on a motion in limine that:

> I am not going to allow any reference to Donald Trump under any circumstances, in any way, shape, or form. It is irrelevant. It is prejudicial. It requires an undue consumption of time, and you are instructed, as are you being instructed to tell all of your witnesses, they are not to mention Donald Trump's name at all. That's my ruling.

*People v. Cordova*, No. E073199, 2021 BL 134779, at *4-5 (Cal. Ct. App. 4th Dist. Apr. 13, 2021). The trial court further explained that,

> The very name [Trump] in this political climate triggers emotions that are breaking up friendships, breaking up families . . . elicit[ing] a visceral response from people . . . [a]nd it could work both for or against either side. For example, you could have a juror on the case who was very much anti-Trump, and that would have been devastating for the defendant . . . .

*Id.* at *7. On appeal, the appellate court upheld the trial court's ruling and found that allowing

5

evidence of defendant's support for President Trump would have been prejudicial and inflammatory. *Id.* The appellate court also concluded that allowing the presentation of evidence regarding the parties' political views would have been time-consuming at trial, resulting in a mini trial on political issues. *Id.* Additionally, the court determined allowing such evidence would cause delay in the selection of a jury, as every potential juror would need to be asked about their political beliefs and issues they have had with the current political climate. *Id.*

The issues and concerns identified in *Cordova* are instructive here. Trump and the MAGA movement are incendiary to many Americans for many reasons. While it may be true that racists and white supremacists support Trump, there are a host of other reasons why the jury may be biased against him. Moreover, many of those reasons may have arisen *after* Plaintiff's employment was terminated. (Plaintiff's employment was terminated on April 4, 2020—six months before the 2020 election.) (ECF 21 at ¶ 35). Following the 2020 election, Trump alienated even more Americans as a result of his false claims that the election was fraudulent (described as the "Big Lie" by the media and United States House Select Committee to Investigate the January 6th Attack on the United States Capitol), his involvement in the January 6th insurrection, and his social media posts calling for the termination of the United States Constitution. During the summer of 2022, every major news channel broadcast hearings by the United States House Select Committee to Investigate the January 6th Attack on the United States Capitol. Currently, the media reports almost daily on current investigations by federal and state agencies regarding Trump's efforts to overturn the 2020 election.

Allowing Plaintiff to elicit testimony regarding Trump is also prejudicial because the majority of Nevada residents do not support him. The majority of voters in Clark County, Nevada did not vote Trump in the 2020 election. Trump received 44.31% of the vote in Clark County.[2]  This District Court draws prospective jurors from registered voters. Therefore, mathematically it is most likely that the majority of the jurors will not be Trump supporters. If Plaintiff is allowed to make this trial into a referendum on Trump, the risk of confusion of the

---

[2] Nevada Secretary of State Official Election Results, available at
https://www.nvsos.gov/SOSelectionPages/results/2020StateWideGeneral/Clark.aspx

issues and potential unfair prejudice is profound. In addition to that prejudice, it will be unduly consumptive of time, as the Court will be required to address the prospective jurors' political views and biases regarding Trump and the MAGA movement.

### III.
### CONCLUSION

Based on foregoing, Seventh Motion in Limine to Exclude Evidence or Argument Regarding Expression of "Pro-Trump" Beliefs at the Jobsite should be granted.

Dated: February 24, 2023            Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ Robert Hernquist
    Robert Rosenthal
    Martin A. Little
    Robert Hernquist
    3800 Howard Hughes Parkway, Suite 1000
    Las Vegas, Nevada 89169
    *Attorneys for Defendant M.J. Dean Construction, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically filed and served upon the following parties on February 24, 2023 through the Court's ECF system.

LAW OFFICES OF MICHAEL P. BALABAN
Michael P. Balaban, Esq.
10726 Del Rudini Street
Las Vegas, NV 89141

*Attorneys for Plaintiff*

/s/ Barbara Dunn
Howard & Howard Attorneys PLLC