Martin A. Little, Nevada Bar No. 7067
Robert L. Rosenthal, Nevada Bar No. 6476
Robert Hernquist, Nevada Bar No. 10616
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: rlr@h2law.com
Email: mal@h2law.com
Email: rwh@h2law.com

*Attorneys for Defendant M.J. Dean Construction, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>M.J. DEAN CONSTRUCTION, INC,<br><br>　　　　Defendant. | Case No. 2:20-cv-01765-APG-EJY<br><br>**DEFENDANT'S EIGHTH MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING RACIST GRAFFITI THAT PLAINTIFF ALLEGEDLY SAW AT THE JOBSITE** |

　　　　Defendant M.J. Dean Construction, Inc. ("Defendant" or "MJ Dean"), by and through its attorneys of record, the law firm of Howard & Howard Attorneys PLLC, hereby submits Defendant's Eighth Motion in Limine to Exclude Evidence or Argument Regarding Racist Graffiti that Plaintiff Allegedly Saw at the Jobsite.

　　　　Defendant's counsel attempted to meet and confer in good faith with Plaintiff's attorney in compliance with Local Rule 16-3 but the parties were unable to reach an agreement. (Exhibit A, Declaration of Robert Hernquist).

　　　　This Motion is made and based upon the accompanying Memorandum of Points and Authorities, the exhibits attached hereto, all pleadings and papers on file herein, as well as any oral argument that this Court may entertain.

/ / /

/ / /

/ / /

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## INTRODUCTION

This is an employment discrimination case, where Plaintiff, Parnell Colvin ("Plaintiff" or "Colvin"), who is African American, is suing his former employer, Defendant, M.J. Dean Construction, Inc. ("Dean"). Plaintiff's claims arise out of racism he allegedly experienced while working for Defendant as a Union Laborer on the Madison Square Garden Sphere Project (the "Sphere Project"), and Defendant's subsequent termination of his employment. Plaintiff's First Amended Complaint claims that he was subjected to racial harassment as a result of seeing racist graffiti on two occasions in restrooms at the Sphere Project jobsite. Defendant denies that Gutierrez ever used that racial slur and maintains that it took prompt remedial action to remove the graffiti.

At trial, Plaintiff intends to offer into evidence photographs that he allegedly took of graffiti inside restrooms at the jobsite. (ECF 64 at 8:17). However, Plaintiff also admits that he has no idea who wrote the graffiti and also admits that there were employees from other construction companies on the jobsite:

> Q. Do you know if the person or persons who wrote what's contained on Exhibit I that was in the restroom area, if the people or person who did this was an M.J. Dean employee?
>
> A. I don't know.
>
> Q. So it could have been an AECOM employee or somebody else from a different company. Right?
>
> A. Possible.
>
> Q. There were other employees on the jobsite other than M.J. Dean employees. Correct?
>
> A. Yes.
>
> Q. Again, you don't know who wrote these things on Exhibit I. Right?
>
> A. Right. I don't know.

2

\* \* \*

Q. You don't know who wrote the contents of what's in Exhibit J. Right?

A. I don't know.

Q. You don't know if the person who wrote Black laborers equals lazy with an exclamation mark was an M.J. Dean employee or somebody else. Right?

A. Correct.

(Colvin Depo. Tr. at pp. 170:24-171:12, 176:11-17, attached as Exhibit B).

Plaintiff also admits that when he informed MJ Dean management of the graffiti, they immediately cleaned and removed it and that he was happy with how the issue was resolved. (Exhibit B at 170:21-23).

## II.
## ARGUMENT

**A.    LEGAL STANDARD REGARDING MOTIONS IN LIMINE**

"A motion in limine is a procedural mechanism made in advance to limit testimony or evidence in a particular area" and is "entirely within the discretion of the Court." *Diamond X Ranch, LLC v. Atlantic Richfield Co.*, No. 3:13-cv-00570-MMD-WGC, 2018 WL 2127734, at *1 (D. Nev. May 8, 2018). In general, "[t]he court must decide any preliminary question about whether ... evidence is admissible." FED. R. EVID. 104(a). In order to satisfy the burden of proof for Federal Rule of Evidence ("FRE") 104(a), "a party must show that the requirements for admissibility are met by a preponderance of the evidence." *Heath v. Tristar Products, Inc.*, 2021 WL 3082564 * 2 (D. Nev. 2021), citing *Bourjaily v. United States*, 483 U.S. 171, 175 (1987).

"Although the [FRE] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

/ / /

/ / /

/ / /

3

**B.  THE PHOTOGRAPHS SHOULD BE EXCLUDED BECAUSE PLAINTIFF LACKS KNOWLEDGE THAT THE GRAFFITI WAS DONE BY A MJ DEAN EMPLOYEE**

Rule 602 of the Federal Rules of Evidence requires that witnesses may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. FED. R. EVID.602.

Here, Colvin admits he has no personal knowledge as to who put up the graffiti. (Exhibit B). He also admits that employees from other companies were present at the job site, and that any one of those employees from other companies could have put up the graffiti. *Id.* Consequently, the photographs should not be allowed into evidence because Colvin lacks personal knowledge and any suggestion that the graffiti was put up by a MJ Dean employee is rank speculation. FED. R. EVID. 602.

Alternatively, based on Colvin's admissions, Plaintiff should be enjoined from presenting any testimony or argument that the graffiti was put up by a MJ Dean employee.

**C.  EVEN IF RELEVANT, SUCH EVIDENCE SHOULD BE EXCLUDED AS PREJUDICIAL, CONFUSING, AND UNDULY CONSUMPTIVE OF TIME UNDER FRE 403**

Additionally, even if the evidence is relevant, a court may exclude evidence if its probative value is outweighed by the danger of prejudice, of confusing the jury, or causing undue delay. FED. R. EVID. 403. "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098-99 (9th Cir. 2005), *citing United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992).

The photographs of the graffiti should be excluded because they are highly prejudicial. Colvin admits he has no knowledge as to who put up the graffiti and concedes that representatives from numerous other companies had access to the restrooms, yet apparently intends to argue to the jury that MJ Dean is somehow responsible. That argument would be pure speculation, and should not be permitted. Due to the inflammatory nature of the graffiti, and lack of evidentiary foundation, the photographs should be excluded.

4

### III.
### CONCLUSION

Based on the foregoing, Defendant's Eighth Motion in Limine to Exclude Evidence or Argument Regarding Racist Graffiti that Plaintiff Allegedly Saw at the Jobsite should be granted.

Dated: February 24, 2023

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ Robert Hernquist
   Robert Rosenthal, Esq.
   Martin A. Little, Esq.
   Robert Hernquist
   3800 Howard Hughes Parkway, Suite 1000
   Las Vegas, Nevada 89169
   *Attorneys for Defendant M.J. Dean Construction, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically filed and served upon the following parties on February 24, 2023 through the Court's ECF system.

LAW OFFICES OF MICHAEL P. BALABAN
Michael P. Balaban, Esq.
10726 Del Rudini Street
Las Vegas, NV 89141

*Attorneys for Plaintiff*

                                                  /s/ Barbara Dunn
                                                Howard & Howard Attorneys PLLC