Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023
E-Mail: mbalaban@balaban-law.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN, | CASE NO. 2:20-cv-01765-APG-EJY |
| Plaintiff, | PLAINTIFF'S SECOND MOTION IN LIMINE TO EXCLUDE EVIDENCE OF TERMINATION OF PAST EMPLOYMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| vs. | |
| M.J. DEAN CONSTRUCTION, INC., | Trial: March 27, 2023 |
| Defendant. | Time: 9;00 a.m. Judge: Honorable Andrew Gordon |

TO: ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff PARNELL COLVIN ("Colvin" or "Plaintiff") hereby moves this Court for an order excluding any physical evidence, witness testimony and attorney comments relating termination from past employment.

This motion is made under the provisions of Federal Rules of Evidence 402, and 403 and is based upon the supporting Memorandum of Points and Authorities, the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing on this matter.

1

DATED: 2/24/2023                    LAW OFFICES OF MICHAEL P. BALABAN

BY: /s/ Michael P. Balaban
  Michael P. Balaban, Esq.
  LAW OFFICES OF MICHAEL P. BALABAN
  10726 Del Rudini Street
  Las Vegas, NV  89141

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**PRELINARY STATEMENT**

This is a race-based employment discrimination action.  Plaintiff Colvin is black.  His legal claims of (1) retaliation, (2) discrimination regarding overtime opportunities, (3) harassment and (4) negligent training and supervision will be heard at trial.  He seeks lost wages and compensatory damages for pain and suffering, including humiliation, embarrassment and emotional distress relative to the above legal claims.  He also seeks attorney's fees and costs.

Defendant M.J. Dean Construction, Inc. ("Defendant" or "M.J. Dean Construction") seeks to introduce physical evidence, witness testimony and attorney comments relating to termination from past employment.

By this motion, Colvin seeks an order precluding the introduction of any evidence, or mention of evidence, relating to termination from past employment.

This motion is based upon the grounds that the evidence is irrelevant, unfairly prejudicial and clearly inadmissible.

**II.**

**THIS COURT MAY EXCLUDE EVIDENCE IN ADVANCE OF**

**TRIAL BY WAY OF AN IN LIMINE MOTION**

The Court has authority to grant a motion in limine, in advance of trial, which excludes inadmissible evidence, as well as any and all reference by the parties, attorneys and witnesses to

the inadmissible evidence. *Luce v. U.S.*, 469 U.S. 38, 41 (1984), 16 Fed. R. Evid. Serv. 833 (1984); *U.S. v. Lachman*, 48 F.3d 586, 590-94, 41 Fed. R. Evid. Serv. 339 (1st Cir. 1995).

In addition, Federal Rules of Evidence 103(c) and 104(c) allow the court to hear and determine the question of the admissibility of evidence outside the presence or hearing of the jury. *Williams v. Board of Regents of University System of Georgia*, 629 F.2d 993, 999-1001 (5th Cir. 1980).

## III.

## EVIDENCE OF TERMINATION FROM PAST EMPLOYMENT IS IRRELEVANT AND SHOULD THEREFORE BE EXCLUDED FROM INTRODUCTION AT TRIAL

Federal Rule of Evidence 401 provides that "evidence is relevant if (a) it has any tendency to make a fact more or less probably than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Huddleston v. U.S.*, 485 U.S. 681, 682-92, 25 Fed. R. Evid. Serv. 1 (1988); *U.S. v. Brandon*, 17 F.3d 409, 443-46 (1st Cir. 1994) (rejected on other grounds by, *U.S. v. Stockheimer*, 157 F.3d 1082 (7th Cir. 1998)). Evidence must be excluded where it is not relevant to matters at issue. *Arlio v. Lively*, 474 F.3d 46 (2nd Cir. 2007) (evidence regarding a prior arbitration was irrelevant and should have been excluded); *U.S. v. Edwards*, 631 F.2d 1049, 1051 (2d Cir. 1980) (trial judge had discretion to exclude two witnesses that were offered by the defendant as irrelevant and collateral.) In fact, Federal Rule of Evidence 402 states in pertinent part, "Irrelevant evidence is not admissible."

This case is about Plaintiff and his employment with Defendant and before the jury is whether Colvin was retaliated against for reporting racial harassment, suffered discrimination because of his race regarding overtime opportunities, was harassed because of his race and whether M.J. Dean Construction is liable for negligent training and supervision.

This being the case, the fact that Colvin was termination from past employment is wholly irrelevant to the facts and issues to be decided at trial. In fact Plaintiff's termination is not even at issue in this lawsuit so how could it be relevant that he was terminated from past employment.

Thus any mention of Colvin being terminated from past employment should be excluded from being introduced at trial.

### IV.

### EVIDENCE OF PAST LAWSUITS, LEGAL FILINGS AND/OR PROCEEDINGS OF PLAINTIFF UNRELATED TO THIS LAWSUIT SHOULD FURTHER BE EXCLUDED PURSUANT TO FEDERAL RULE OF EVIDENCE 403

Under Federal law, evidence should be excluded when the prejudicial impact of the evidence outweighs the probative value of it. *Old Chief v. U.S.*, 519 U.S. 172, 180-92, 45 Fed. R. Evid. Serv. 835 (1997); *U.S. v. Aguilar-Aranceta*, 58 F.3d 796, 800-02, 42 Fed. R. Evid. Serv. 843 (1st Cir. 1995); *Coleman v. Home Depot, Inc.,* 306 F.3d 1333, 1343, 59 Fed. R. Evid. Serv. 431 (3rd Cir. 2002).

In fact, Federal Rule of Evidence 403 specifically states, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needless presenting cumulative evidence."

As set forth above this is an employment case and involves issues of whether Plaintiff was retaliated against, suffered discrimination regarding overtime opportunities, was harassed and whether Defendant is liable for negligent training and supervision. It has absolutely nothing to do with Colvin being terminated from past employment.

Thus allowing the evidence in will unlikely result in unfair prejudice to Plaintiff without advancing even marginally probative evidence. For example the jury could conclude that because Colvin was terminated from past employment that his claims for retaliation, discrimination regarding overtime opportunities, harassment and negligent training and supervision in this case don't have merit without analyzing the specific facts and law as it relates to the individual claims.

It is also expected that Defendant with try to get into evidence that Plaintiff was terminated for a past job, sued the employer for wrongful discharge and received a substantial settlement.

Allowing presentation of that type of evidence would likely confuse the issues and lead the jury to conclude that Colvin is just suing M.J. Dean Construction to get a settlement or to receive a verdict that he is not entitled to.

This being the case, admitting the evidence will likely lead to juror confusion of the issues and result in unfair prejudice to Plaintiff.  As a result of the foregoing, the evidence of Colvin's termination from past employment or lawsuits or settlements related to should be excluded.

## V.
## CONCLUSION

For all the reasons stated above, Plaintiff requests that this Court exclude any reference at trial, including physical evidence, witness testimony and attorney comments, relating to Plaintiff's termination from past employment or lawsuits or settlements related to should be excluded.

DATED:  2/24/2023                              LAW OFFICES OF MICHAEL P. BALABAN


                                               BY: /s/ Michael P. Balaban
                                                   Michael P. Balaban, Esq.
                                                   LAW OFFICES OF MICHAEL P. BALABAN
                                                   10726 Del Rudini Street
                                                   Las Vegas, NV  89141

5

**CERTIFICATE OF SERVICE**

I hereby certify that pursuant to FRCP Rule 5(b)(3) and LR IC 4-1(a), a true and correct copy of the foregoing document was electronically served via the Court's CM/ECF electronic filing system to the following persons on February 24, 2023:

Martin A. Little, Esq.<br>
Robert L. Rosenthal, Esq.<br>
HOWARD & HOWARD ATTORNEYS PLLC<br>
*Attorneys for Defendant*

       /s/ Michael P. Balaban
       Michael P. Balaban