Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023
E-Mail: mbalaban@balaban-law.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN, | CASE NO. 2:20-cv-01765-APG-EJY |
| Plaintiff, | PLAINTIFF'S THIRD MOTION IN LIMINE TO EXCLUDE TESTIMONY OR OTHER EVIDENCE FROM WITNESSES WHO WERE NOT TIMELY IDENTIFIED PURSUANT TO FRCP 26(a) OR (e); POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| vs. | |
| M.J. DEAN CONSTRUCTION, INC., | |
| Defendant. | Trial: March 27, 2023<br>Time: 9;00 a.m.<br>Judge: Honorable Andrew Gordon |

TO: ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff PARNELL COLVIN ("Colvin" or "Plaintiff") hereby moves this Court for an order excluding testimony or other evidence from witnesses who were not timely identified pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 26(a) or (e).

This motion is made upon the supporting Memorandum of Points and Authorities, the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing on this matter.

1

DATED: 2/24/2023                    LAW OFFICES OF MICHAEL P. BALABAN

BY: /s/ Michael P. Balaban
    Michael P. Balaban, Esq.
    LAW OFFICES OF MICHAEL P. BALABAN
    10726 Del Rudini Street
    Las Vegas, NV  89141

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**PRELINARY STATEMENT**

This is a race-based employment discrimination action.  Plaintiff Colvin is black.  His legal claims of (1) retaliation, (2) discrimination regarding overtime opportunities, (3) harassment and (4) negligent training and supervision will be heard at trial.  He seeks lost wages and compensatory damages for pain and suffering, including humiliation, embarrassment and emotional distress relative to the above legal claims.  He also seeks attorney's fees and costs.

Defendant M.J. Dean Construction, Inc. ("Defendant" or "M.J. Dean Construction") seeks to introduce witness testimony or other evidence from witnesses that were not disclosed during discovery, including Theodore Logan, Julian Jeffers, and Antonio Jalomo-Rodriguez.  Rule 37(c)(1) does not allow a party to rely on a witness at trial if the failed to disclose the witness during discovery.

By this motion, Colvin seeks an order excluding Theodore Logan, Julian Jeffers, and Antonio Jalomo-Rodriguez from testifying at trial or exclude other evidence based on their testimony, representations or observations.

**II.**

**THIS COURT MAY EXCLUDE EVIDENCE IN ADVANCE OF**

**TRIAL BY WAY OF AN IN LIMINE MOTION**

The Court has authority to grant a motion in limine, in advance of trial, which excludes

inadmissible evidence, as well as any and all reference by the parties, attorneys and witnesses to the inadmissible evidence. *Luce v. U.S.*, 469 U.S. 38, 41 (1984), 16 Fed. R. Evid. Serv. 833 (1984); *U.S. v. Lachman*, 48 F.3d 586, 590-94, 41 Fed. R. Evid. Serv. 339 (1st Cir. 1995).

In addition, Federal Rules of Evidence 103(c) and 104(c) allow the court to hear and determine the question of the admissibility of evidence outside the presence or hearing of the jury. *Williams v. Board of Regents of University System of Georgia*, 629 F.2d 993, 999-1001 (5th Cir. 1980).

### III.
### THEODORE LOGAN, JULIAN JEFFERS AND ANTONIO JALOMO-RODRIGUEZ SHOULD BE EXCLUDED FROM TESTIFYING AT TRIAL AND OTHER EVIDENCE BASED ON THEIR TESTIMONY, REPRESENTATIONS OR OBSERVATIONS SHOULD ALSO BE EXCLUDED

"The district court has unquestioned discretionary power to exclude evidence that should have been produced in reciprocal discovery." *United States v. Urena*, 659 F.3d 903, 908 (2011).

Rule 37(c)(1) states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is *not* allowed to use that information or witness to supply evidence on a motion, at a hearing, *or at a trial*, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>   (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
>   (B) may inform the jury of the party's failure; and
>
>   (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

Rule 26(a)(1)(A)(i) requires each party to disclose (without awaiting a discovery request) each witness it "may use to support its claims or defenses, unless the use would solely for impeachment."

Here the first time M.J. Dean Construction disclosed these witnesses (ie. Theodore

Logan, Julian Jeffers and Antonio Jalomo-Rodriguez) in support of their motion for summary judgment. [*See* Declarations of Logan, Jeffers and Jalomo-Rodriguez - Doc #43, Exs. K, L and M.] None of these were disclosed during discovery. [*See* Defendant's Initial Disclosures and First, Second and Third Supplements thereto - Doc #49, Exs. 1, 2, 3 and 4.]

Because those witnesses were not disclosed, Colvin was not able to depose them regarding the facts of this case because he did not know their full names and contact information. This failure to disclose harmed Plaintiff because he was not permitted the opportunity to conduct discovery regarding those witnesses. This failure to disclose, in violation of Rule 26(a)(1) cannot be substantially justified. The parties were permitted additional time to conduct discovery, and Defendant should have used that additional time to disclose all witnesses it planned to rely on.

Further M.J. Dean Construction expected attempt to sneak in this evidence as "impeachment evidence" should *not* be allowed.

Logan had knowledge of the case because he claimed to have been present during the November 14, 2019 incident between Colvin and Gutierrez. Jeffers also claimed to have information related to the November 14, 2019 incident between Colvin and Gutierrez and both Colvin and Gutierrez testified that they complained to Jeffers regarding racist bathroom graffiti. Finally Jalomo-Rodriguez admits that Plaintiff complained to him on November 14, 2019 regarding Gutirerrez's "nigger" comment and both Colvin and Gutierrez testified that they complained to Jalomo-Rodriguez about the racist bathroom graffiti.

Thus all three had information about the claims or defenses in this case and should have been disclosed during discovery.

Further M.J. Dean Construction has failed to show its failure to disclose these witnesses was substantially justified or harmless. Instead Defendant attempts to claim it was trying to reduce issues before the Court. M.J. Dean Construction apparently believed it could sneak this evidence in without objection. The fact remains that these witnesses have information relating to

the November 14, 2019 incident between Colvin and Gutierrez. They should have been listed in Defendant's initial disclosures or witnesses, regardless of the racist bathroom graffiti issue.

The only new evidence was after Gutierrez's deposition on July 29, 2021, when he testified that he complained regarding the 200 instances of racist graffiti he encountered to Jeffers and Jalomo-Rodriguez. The lengths M.J. Dean Construction is going to regarding this issue shows it continues to hide and/or ignore the blatant racism of its organization. This failure to disclose is not substantially justified and is not harmless.

Thus because M.J. Dean Construction failed to disclose these witnesses during discovery, Rule 37(c)(1) does *not* permit Defendant using these witnesses at trial and an order excluding Theodore Logan, Julian Jeffers, and Antonio Jalomo-Rodriguez from testifying at trial should be entered forthwith.

## IV.
## CONCLUSION

For all the reasons stated above, Plaintiff requests that this Court exclude Theodore Logan, Julian Jeffers, and Antonio Jalomo-Rodriguez from testifying at trial or exclude other evidence based on their testimony, representations or observations.

DATED: 2/24/2023                                    LAW OFFICES OF MICHAEL P. BALABAN

                                                   BY: /s/ Michael P. Balaban
                                                       Michael P. Balaban, Esq.
                                                       LAW OFFICES OF MICHAEL P. BALABAN
                                                       10726 Del Rudini Street
                                                       Las Vegas, NV  89141

**CERTIFICATE OF SERVICE**

I hereby certify that pursuant to FRCP Rule 5(b)(3) and LR IC 4-1(a), a true and correct copy of the foregoing document was electronically served via the Court's CM/ECF electronic filing system to the following persons on February 24, 2023:

Martin A. Little, Esq.
Robert L. Rosenthal, Esq.
HOWARD & HOWARD ATTORNEYS PLLC
*Attorneys for Defendant*

/s/ Michael P. Balaban
Michael P. Balaban