Martin A. Little, Nevada Bar No. 7067
Robert L. Rosenthal, Nevada Bar No. 6476
Robert Hernquist, Nevada Bar No. 10616
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: rlr@h2law.com
Email: mal@h2law.com
Email: rwh@h2law.com

*Attorneys for Defendant M.J. Dean Construction, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN, | Case No. 2:20-cv-01765-APG-EJY |
| Plaintiff, | **JOINT STATUS REPORT** |
| vs. | |
| M.J. DEAN CONSTRUCTION, INC, | |
| Defendant. | |

Pursuant to Local Rule 16-3 and this Court's Order entered February 27, 2023 (ECF 89), the Parties submit the following Status Report:

1. Pursuant to a mutual agreement, the Parties exchanged lists of proposed motions in limine via email on Monday, February 13, 2023. Pursuant to Local Rule 16-3, counsel for the Parties then scheduled a telephonic meet and confer for Friday, February 17, 2023.

A. PLAINTIFF'S MOTIONS IN LIMINE

2. Plaintiff's counsel initially proposed five motions in limine. During the February 17th meet and confer conference, Defendants agreed to two of the five. Thus, the Parties stipulate and agree that (a) no argument or testimony will be presented regarding Mr. Colvin's criminal record except for felony convictions or convictions for crimes involving dishonesty and (b) no argument or testimony will be presented by any party regarding any findings or investigations by EEOC and/or NERC, including but not limited to any reference to any right to sue letter.

1

3. As to Plaintiff's *First Motion in Limine to Exclude Evidence of Past Lawsuits, Legal Filings and/or Proceedings* (ECF 86), the Parties met and conferred during the February 17th meet and confer conference and discussed this matter in depth. Counsel for Defendant explained their reasons and bases as to why they believe this information is both relevant and admissible—Defendant explained that Plaintiff has been declared a vexatious litigant, explained that some of Plaintiff's prior lawsuits are relevant to his damages claims, and explained that the prior litigation is also relevant as to Plaintiff's credibility. In response, Plaintiff's counsel countered that Plaintiff's prior lawsuits, legal filings and/or proceedings were not relevant and that their probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, etc. In sum, the Parties submit that they met and conferred as required by Local Rule 16-3 on February 17, 2023, participated in good faith, and were unable to resolve this matter.

4. As to Plaintiff's *Second Motion in Limine to Exclude Evidence of Termination of Past Employment* (ECF 87), the Parties met and conferred during the February 17th meet and confer conference and discussed this matter in depth. Counsel for Defendant explained their reasons and bases as to why they believe this information is both relevant and admissible. In a follow-up email sent on February 22, 2023, counsel for Defendant provided additional reasons as to why Defendant could not agree—at deposition Mr. Colvin testified regarding a prior case he had filed for alleged wrongful discharge. In response, Plaintiff's counsel countered this evidence was not relevant and that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, etc. In sum, the Parties submit that they met and conferred as required by Local Rule 16-3 on February 17, 2023, participated in good faith, and were unable to resolve this matter.

5. As to Plaintiff's *Third Motion in Limine to Exclude Testimony or Other Evidence From Witnesses Who Were Not Timely Disclosed* (ECF 88), the Parties met and conferred during the February 17th meet and confer conference and discussed this matter in depth. Counsel for Defendant explained their reasons and bases as to why they believe these witnesses should not be excluded. In sum, the Parties submit that they met and conferred as required by

Local Rule 16-3 on February 17, 2023, participated in good faith, and were unable to resolve this matter.

**B.    DEFENDANT'S MOTIONS IN LIMINE**

6.    Defendant's counsel initially proposed thirteen motions in limine. During the February 17th meet and confer conference, Plaintiff's attorney agreed to two of the thirteen. Additionally, Defendant withdrew one of them. Thus, the Parties stipulate and agree that (a) Plaintiff will not present any testimony or evidence of alleged discrimination, harassment and/or inappropriate conduct that Plaintiff did not observe and (b) Plaintiff will not introduce any argument or evidence regarding Defendant's financial condition.

7.    On Thursday, February 23, 2023, Plaintiff's counsel agreed to two more of Defendant's proposed motions in limine. Thus, the Parties stipulate and agree that (a) Plaintiff will not make any "David versus Goliath" argument at trial and (b) Plaintiff will not make any argument at trial using the "Reptile Theory" or "Golden Rule."

8.    As to Defendant's *First Motion in Limine to Exclude Evidence or Argument Related to Other Claims or Litigation Involving Defendant* (ECF 78), the Parties met and conferred during the February 17th meet and confer conference and discussed this matter in depth. Plaintiff's counsel stated that he was unaware of any other litigation involving Defendant, but would not agree to this motion unless Defendant agreed to his similar motion. Counsel for Defendant stated they could not agree, because they were aware of specific litigation involving Plaintiff that is relevant to this lawsuit. In sum, the Parties submit that they met and conferred as required by Local Rule 16-3 on February 17, 2023, participated in good faith, and were unable to resolve this matter.

9.    As to Defendant's *Second Motion in Limine to Preclude Plaintiff from Providing His Own Opinions Concerning His Job Performance* (ECF 79), the Parties met and conferred during the February 17th meet and confer conference and discussed this matter. The Parties held a second telephonic meet and confer conference on February 28, and discussed this motion further. Plaintiff's counsel stated he agreed to this Motion, and consequently this Motion can either (a) be considered granted or (b) can be withdrawn in conjunction with a stipulation that

Plaintiff will not offer any evidence or testimony as to his own opinions regarding his job performance.

10. As to Defendant's *Third Motion in Limine to Exclude Testimony from Plaintiff's Non-Decision Maker Co-Workers Regarding Plaintiff's Job Performance* (ECF 80), the Parties met and conferred during the February 17th meet and confer conference and discussed this matter. The Parties held a second telephonic meet and confer conference on February 28, and discussed this motion further. Plaintiff's counsel stated he agreed to this Motion, and consequently this Motion can either (a) be considered granted or (b) can be withdrawn in conjunction with a stipulation that Plaintiff will not offer any evidence or testimony as to his non-decision maker co-worker's opinions regarding Plaintiff's job performance.

11. As to Defendant's *Fourth Motion in Limine to Exclude Testimony and Evidence of Defendant's Alleged Misconduct Against Other Employees* (ECF 81), the Parties met and conferred during the February 17th meet and confer conference and discussed this matter. The Parties held a second telephonic meet and confer conference on February 28, and discussed this motion further. Plaintiff's counsel stated that he did not agree and that he believes any such evidence is relevant and admissible in support of his claims of a hostile work environment. Defendant's counsel posited that this evidence is not admissible and cited case law in support of their position. In sum, the Parties submit that they met and conferred as required by Local Rule 16-3 on February 17, 2023 and again on February 28, 20223, participated in good faith, and were unable to resolve this matter.

12. As to Defendant's *Fifth Motion in Limine to Exclude Testimony and Evidence Concerning any Alleged Bad Acts Perpetrated by Defendant that Occurred After Plaintiff's Termination of Employment* (ECF 82), the Parties met and conferred during the February 17th meet and confer conference and discussed this matter. Plaintiff's counsel stated that he did not agree and that he believes any such evidence is relevant and admissible in support of his claims of a hostile work environment. Defendant's counsel posited that this evidence is not admissible and cited case law in support of their position. In sum, the Parties submit that they met and conferred as required by Local Rule 16-3 on February 17, 2023 and again on February 28,

20223, participated in good faith, and were unable to resolve this matter.

13. As to Defendant's *Sixth Motion in Limine to Exclude Evidence or Argument that Plaintiff's Termination was Due to Racial Discrimination or Disparate Treatment* (ECF 83), the Parties met and conferred during the February 17th meet and confer conference and discussed this matter. The Parties held a second telephonic meet and confer conference on February 28, and discussed this motion further. Plaintiff's counsel stated he agreed to this Motion, and consequently this Motion can either (a) be considered granted or (b) can be withdrawn in conjunction with a stipulation that Plaintiff will not offer any evidence or argument that his termination was due to racial discrimination or disparate treatment.

14. As to Defendant's *Seventh Motion in Limine to Exclude Evidence or Argument Regarding Expression of "Pro-Trump" Beliefs at the Jobsite* (ECF 84), the Parties met and conferred during the February 17th meet and confer conference and discussed this matter in depth. During that conversation, counsel for Defendant explained their position that references to Mr. Trump were irrelevant and prejudicial. In response, counsel for Plaintiff stated that he disagreed, and stated that it is "accepted" that Donald Trump and many of his supporters are white supremacist or racist. In sum, the Parties submit that they met and conferred as required by Local Rule 16-3 on February 17, 2023, participated in good faith, and were unable to resolve this matter.

15. As to Defendant's *Eighth Motion in Limine to Exclude Evidence or Argument Regarding Racist Graffiti that Plaintiff Allegedly Saw at the Jobsite* (ECF 85) the Parties met and conferred during the February 17th meet and confer conference and discussed this matter in depth. During that conversation, counsel for Defendant explained their position that references to the graffiti were improper and prejudicial because Plaintiff did not know who put up the graffiti and admitted that employees of other companies used the restrooms. Counsel for Plaintiff disagreed with this argument. In sum, the Parties submit that they met and conferred as required by Local Rule 16-3 on February 17, 2023, participated in good faith, and were unable to resolve this matter.

Dated this 2nd day of March, 2023

HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ Robert Hernquist
   Martin A. Little, Nevada Bar No. 7067
   Robert Rosenthal, Nevada Bar No. 6476
   Robert Hernquist, Nevada Bar No. 10616

*Attorneys for Defendant M.J. Dean Construction, Inc.*

Dated this 2nd day of March, 2023

LAW OFFICES OF MICHAEL P. BALABAN

By: /s/   Michael P. Balaban
   Michael P. Balaban, Nevada Bar No. 9370

*Attorney for Plaintiff Parnell Colvin*