Martin A. Little, Nevada Bar No. 7067
Robert L. Rosenthal, Nevada Bar No. 6476
Robert Hernquist, Nevada Bar No. 10616
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: rlr@h2law.com
Email: mal@h2law.com
Email: rwh@h2law.com

*Attorneys for Defendant M.J. Dean Construction, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| PARNELL COLVIN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>M.J. DEAN CONSTRUCTION, INC,<br><br>　　　　Defendant. | Case No. 2:20-cv-01765-APG-EJY<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S FIRST MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PAST LAWSUITS AND LEGAL PROCEEDINGS** |
|---|---|

　　　　Defendant M.J. Dean Construction, Inc. ("Defendant" or "MJ Dean") submits the following Opposition to Plaintiff's *First Motion in Limine to Exclude Evidence of Past Lawsuits, Legal Filings and/or Proceedings* (ECF 86):

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  PRELIMINARY STATEMENT

In his motion, Plaintiff Parnell Colvin ("Colvin") asks this Court to issue an order precluding any reference at trial to his other lawsuits and legal filings.  Curiously, Colvin's motion does not discuss any of those other lawsuits with any specificity.  During the parties' meet and confer conference, MJ Dean's attorneys discussed those prior lawsuits at depth with Plaintiff's attorney and explained their reasons as to why they believed some of it was relevant and admissible.

Colvin has been a party to dozens of lawsuits over the last ten years[1], and in violation of the Bankruptcy Code he and his wife have also filed thirteen separate bankruptcy petitions.  Nevada's Justice Court has made findings that Colvin abuses the legal system and delays eviction proceedings by filing baseless bankruptcy petitions and frivolous federal cases.  As a result of that vexatious gamesmanship, he has delayed evictions and lived rent-free for years.  Nevada's federal court has tired of Colvin's litigation abuse, and just a few months ago Judge Silva entered an Order declaring Colvin a vexatious litigant.  These findings are relevant here because Colvin's litigation history undermines his credibility and establishes a plan, scheme or modus operandi.

Additionally, Colvin's other lawsuits are relevant to his damages claims in this case.  At trial, Colvin will be asking the jury to award him hundreds of thousands of dollars for lost earnings.  However, in a pending personal injury case, Colvin claims that he is unable to work due to "permanent and disabling" injuries that prevent him from working.  Naturally, both claims cannot be true.  In fact, his attorney in that personal injury case recently withdrew because Colvin had not told him about his case against MJ Dean—that attorney told Colvin that the claims asserted by Colvin against MJ Dean are "absolutely contrary to the multiple false representations you made to me, where you stated that you were unable to obtain work as a laborer after the slip-and-fall incident due to the injuries you sustained." (Exhibit I).  In other cases, Colvin has submitted pro per filings stating he was suffering from a hernia and that he had been debilitated by Covid-19 for months—those admissions also belie his damages claims in this case, and thus

---

[1] See Matrix of Litigation prepared by MJ Dean's counsel, attached as Exhibit B.

are directly relevant.

In addition to the personal injury case, Colvin has also been involved in protracted litigation against his union for years. That litigation belies Colvin's claims in this case that his lost wages claim should be premised upon union scale. Also in that litigation, Colvin filed a pro per document stating that he is part of an undercover FBI sting operation against the union—this written admission is relevant to Colvin's credibility. (Exhibit L).

Colvin's litigation history establishes that he will say and do anything in a legal proceeding that he believes will benefit him—regardless of the truth. Colvin's credibility will be a central issue at trial, and MJ Dean should be allowed to present evidence to that challenges his credibility and damages claims. Accordingly, the motion in limine should be denied.

## II.   FACTS

### A.   PLAINTIFF'S OTHER LAWSUITS ARE RELEVANT TO HIS DAMAGES CLAIMS

In this lawsuit, Colvin alleges he began working for MJ Dean on July 17, 2019. (ECF 21 at 11). Colvin alleges he was involved with an altercation with his foreman on November 14, 2019, and he was then transferred to another supervisor. Colvin further alleges that his employment terminated on April 4, 2020. (ECF 21 at ¶ 35). In his Rule 26 Disclosures, Plaintiff stated that at trial he will be "seeking back pay, which currently totals $191,466, as well as front pay." (Plaintiff's Second Supp. Disclosure at p. 3, Exhibit C). Similarly, in response to an interrogatory regarding his claimed damages, Plaintiff stated that:

> Plaintiff earned $58.02 per hour and worked approximately 50 hours per week with Defendant M.J. Dean Construction, Inc. That hourly amount includes Plaintiff's pension, vacation, and health insurance benefits. Accordingly, Plaintiff's lost wages total $191,466 through July 10, 2021.

(Plaintiff's Response to Interrogatory No. 1, Exhibit D).

However, Plaintiff has filed documents in other lawsuits that indicate that his damages claims in this case are not credible. For instance, on September 10, 2020 (five months *after* his employment with MJ Dean was terminated), Colvin filed a personal injury lawsuit claiming he has suffered "permanent and disabling" injuries in a slip and fall accident. (Complaint at ¶¶ 12 & 23, Exhibit E). In that case, Colvin also claims lost wages as a result of his injuries, in the

3

amount of $37,190.64 as of November 17, 2020.  (Exhibit F).  That document also states that Colvin's hourly wage was much lower than the hourly wage he claims in this case.  (*Id.*).  Most recently, Colvin's attorney[2] in that case withdrew on the grounds that Colvin had made "material misrepresentations."  (Exhibits G & H).  One of those misrepresentations involved this lawsuit involving MJ Dean–Colvin's former counsel informed Colvin that the claims asserted by Colvin against MJ Dean are "absolutely contrary to the multiple false representations you made to me, where you stated that you were unable to obtain work as a laborer after the slip-and-fall incident due to the injuries you sustained."  (Exhibit I).

In another case, Colvin filed a pro per document in January of 2022 claiming that he could not participate in court proceedings because he had spent the last month in a hospital due to Covid-19, that he was on oxygen, and that he had a "long road to recover" including rehab."  (Exhibit J).  That written admission undermines any claim of damages against MJ Dean during that period.

And in another case, in October of 2022, Colvin filed a pro per document claiming that he needed an extension of time because he was scheduled to have surgery for a hernia.  (Exhibit M).  That written admission undermines any claim of damages against MJ Dean during that period.

Further, Colvin has also been engaged in protracted litigation with his union for years.  In 2021, Local 872 filed a lawsuit against Colvin for unpaid union dues.  (Exhibit N).  The case was stayed on numerous occasions because Colvin filed numerous bankruptcy cases (all of which were dismissed because Colvin failed to comply with bankruptcy requirements).  (Exhibits O & P).  In January of 2022, a default was entered against Colvin.  (Exhibit Q).

These other lawsuits are all relevant to Colvin's damages claims in this case, because they discredit his claims for lost wages.  Colvin's claims for lost wages are belied by his numerous claims of suffering injuries and medical issues that prevent him from working.  Additionally, his status with Local 872 belies his claims that he was unable to earn union wages as a result of his termination from MJ Dean.

---

[2] To be accurate, this was actually the third law firm that withdrew from representing Colvin in that case.

B. **PLAINTIFF'S OTHER LAWSUITS ARE RELEVANT FOR PURPOSES OF IMPEACHMENT**

At deposition, Colvin testified that he has only filed two prior lawsuits. (Exhibit R). However, the truth is that he has filed dozens of lawsuits. (Exhibit B).

C. **PLAINTIFF'S OTHER LAWSUITS RELATE TO HIS CREDIBILITY, AND SHOW A PLAN, SCHEME, OR MODUS OPERANDI**

Colvin has a history of abusing the legal system and filing frivolous claims and actions. For instance, on at least six occasions Colvin responding to eviction proceedings by filing separate actions against the landlords in federal court. (Exhibit K). These cases were all dismissed for lack of subject matter jurisdiction, failure to prosecute or failure to comply with the law or a court order. (*Id.*). As a result of those frivolous and abusive lawsuits, on December 12, 2022, Judge Cristina D. Silva of the U.S. District Court of Nevada entered an order declaring Colvin a vexatious litigant. (*Id.*). Judge Silva stated that "having thoroughly reviewed the circumstances of this case, and the numerous others that Colvin has filed in this district, I find that he has abused the judicial process in a fashion that not only wastes judicial resources in this district, but also interferes with and harasses the parties involved in his state-court cases." (*Id.* at 1: 17-20).

This Court has also been impacted by Colvin's frivolous litigation methods. On December 12, 2022, this Court entered an Order dismissing another of Colvin's frivolous suits. (Exhibit S). This Court noted that "Judge Silva's order is further supported by Colvin's removal in this case, which he filed within three days after I remanded his prior removal attempt and four days after Judge Silva remanded her case." (*Id.*).

Colvin's abuse of the legal system has also been documented by the courts addressing the numerous eviction cases filed against him. In December of 2022, Hearing Master David Brown filed an affidavit in response to accusations by Colvin that Hearing Master Brown is biased and racist. (Exhibit T). Hearing Master Brown noted that Colvin had also accused Judge Silva and Judge Gall of being biased and conspiring to deny him constitutional rights. (*Id.* at 4:8-14). Hearing Master Brown also noted that since 2015, Colvin and his wife have filed 13 bankruptcy petitions since 2015—each time in response to summary eviction proceedings—and that every

5

one of those bankruptcy filings was dismissed with no discharge of debt.[3] (*Id*. at 6:19-25). Hearing Master Brown stated that these numerous bankruptcy filings were relevant because they demonstrate that Colvin "will knowingly make misrepresentations in legal pleadings." (*Id*. at 7:1-2). Those misrepresentations include a failure to disclose prior bankruptcy filings, and filing under different names and using different social security / TIN numbers. (*Id*. at 7:2-4). Colvin's motion for recusal was denied. (Exhibit U). Subsequently, Hearing Master Brown denied Colvin's motion to seal that eviction proceeding, finding that Colvin's "extreme and baseless efforts, namely the abuse of civil processes in federal bankruptcy and district court to delay the eviction hearing and the possibility of eviction in this case . . . all while Tenant was not paying rent, justifies denial of Tenant's Motion to Seal." (Exhibit V).

### III.   LAW AND ARGUMENT

#### A.   LEGAL STANDARD REGARDING MOTIONS IN LIMINE

Evidence should not be excluded on a motion in limine unless it is inadmissible on all potential grounds. *McConnell v. Wal-Mart Stores, Inc.*, 995 F. Supp. 2d 1164, 1167 (D. Nev. 2014). Unless this high standard is met, ruling on the motion in limine should be denied until trial so that the evidence can be considered in its proper context. *McConnell*, 995 F. Supp. 2d at 1167 Regardless of a court's initial decision on a motion in limine, however, it may revisit the issue at trial. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984) ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). The Supreme Court has recognized that a ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court. *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (*citing Luce*, 469 U.S. at 41-42.)

#### B.   EVIDENCE OF PLAINTIFF'S OTHER LITIGATION IS RELEVANT AND WILL NOT BE IMPROPERLY OFFERED AS CHARACTER EVIDENCE

MJ Dean recognizes and acknowledges that the case law generally holds that prior lawsuits are inadmissible to show that the plaintiff is litigious. *See Henderson v. Peterson*, 2011

---

[3] See also Motion to Dismiss Bankruptcy Case at Page 3, which lists Colvin's numerous bankruptcy cases, and Order dismissing bankruptcy. (Exhibits W & X).

6

WL 2838169, at *6 (N.D. Cal. July 15, 2011) ("evidence of Plaintiff's litigiousness is inadmissible character evidence."). Nonetheless, such evidence is admissible for other purposes. *United States v. Gay*, 967 F.2d 322, 328 (9th Cir. 1992) (noting that "[Rule 404(b)] does not proscribe the use of other act evidence as an impeachment tool during cross-examination.").

For instance, courts have held that evidence and testimony regarding a plaintiff's prior litigation is admissible to challenge the credibility of their damages claims. *See Otto v. Commerce St. Capital*, 2013 WL 2357623, at *2 (E.D. Pa. May 29, 2013) (finding that evidence of plaintiffs' prior lawsuits, which made "nearly identical damage claims," was admissible to challenge credibility); *Tomaino v. O'Brien*, 315 F.App'x 359, 361 (2d Cir. 2009) (upholding admission of evidence concerning plaintiff's five prior lawsuits on the ground that a jury could infer that plaintiff had made "strikingly similar claims [and] that his testimony in support of a sixth such suit was not credible."). Furthermore, evidence of injuries claimed in prior lawsuits against third parties may be admissible to show that a plaintiff's claimed damages were not caused by the defendant's negligence. *See Rico v. American Family Insurance Group*, 267 F. Supp. 2d 554, 558 (E.D. La. 2002); *Downing v. Barrett Mobile Home Transp., Inc.*, 113 Cal. Rptr. 277, 281 (Cal. Ct. App. 1974) (holding that past accidents may be admissible to show pre-existing damages and to impeach). In *Rico*, the court held that testimony about plaintiff's claimed injuries in a prior lawsuit was relevant to show the plaintiff was claiming damages for injuries he had previously sustained and been compensated for and was thus admissible. 267 F. Supp. 2d at 558.

Here, Colvin is seeking a significant amount in damages against MJ Dean for lost wages. However, in other litigation Colvin has claimed that he is unable to work. Colvin's prior written statements regarding illnesses and injuries contradict his damages claims in this case. Likewise, Colvin's litigation with his own union raises questions regarding his claims that his damages should be calculated based upon a union wage.

Courts have also held that prior lawsuits may be admissible to show a plan, scheme, or modus operandi. *Mathis v. Phillips Chevrolet, Inc.*, 269 F.3d 771, 775 (7th Cir. 2001). In *Mathis*, the court held that evidence of a pattern of suspect employment discrimination lawsuits against Chicago-area car dealerships is admissible to show a plan, scheme, or modus operandi despite

Rule 404(b). 269 F.3d at 775. Here, Colvin's litigation history establishes that Colvin abuses the legal system in response to adverse decisions against him. For instance, when facing a summary eviction he responds by filing bankruptcies and removing the cases to federal court. In this case, the evidence at trial will establish that Colvin was being reprimanded and transferred when he concocted his story of racial epithets being used against him. As Hearing Master Brown stated in his written statement, Colvin has a plan or modus operandi of abusing the legal system and knowingly making misrepresentations in legal pleadings. (Exhibit T).

Finally, evidence of prior claims may become relevant to Plaintiff's credibility. *See* FED. R. EVID. 613. For example, if Plaintiff denies suffering a prior injury, Defendant may question him on prior allegations he made in her prior claims. *Id*. Here, many of Colvin's filings in his other lawsuits were filed pro per, and thus those documents constitute prior written statements under Rule 613. Consequently, MJ Dean should be allowed to confront Colvin with those documents as impeachment evidence if he denies those statements.

Plaintiff's arguments regarding perceived prejudice are equally unpersuasive. Under the Federal Rules of Evidence, "admissibility of evidence is favored unless the probative value of the evidence is so low as to warrant exclusion when prejudice is a factor." *Coffey v. United States*, No. CIV 08-0588 JB/LFG, 2012 U.S. Dist. LEXIS 67261, 2012 WL 1698289 at *3-4 (D.N.M. May 8, 2012). Rule 403 was designed "to keep evidence not germane to any issue outside the purview of the jury's consideration." *Id*. Here, the evidence at issue is germane to Plaintiff's credibility and damages claims. Consequently, Plaintiff's arguments regarding Rule 403 are insufficient to exclude this line of questioning and the motion should be denied.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

Based on the foregoing, Plaintiff's First Motion in Limine to Exclude Evidence of Past Lawsuits, Legal Filings and/or Proceedings (ECF 86) should be denied.

HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ Robert Hernquist
Robert Rosenthal
Martin A. Little
Robert Hernquist

*Attorneys for Defendant M.J. Dean Construction, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically filed and served upon the following parties on March 10, 2023 through the Court's ECF system.

LAW OFFICES OF MICHAEL P. BALABAN
Michael P. Balaban, Esq.
10726 Del Rudini Street
Las Vegas, NV 89141

*Attorneys for Plaintiff*

/s/ Barbara Dunn
Howard & Howard Attorneys PLLC

**LIST OF EXHIBITS**

| Exhibit No. | Description of Exhibit |
|---|---|
| A | Declaration of Robert Hernquist |
| B | Litigation Matrix of Cases Involving Parnell Colvin |
| C | Plaintiff's Second Supplemental Disclosure |
| D | Plaintiff's Responses to MJ Dean's Interrogatories |
| E | Complaint, Colvin v. Tako LLC |
| F | Colvin's Supplemental Petition for Exemption from Arbitration, Colvin v Tako LLC |
| G | Motion to Withdraw as Counsel, Colvin v. Tako LLC |
| H | Supplemental Brief In Support of Motion to Withdraw |
| I. | Letter from Milan Chatterjee to Parnell Colvin 2/8/2023 re: Withdrawing due to Colvin's Misrepresentations to His Own Attorney |
| J | Colvin Pro Per filing, Colvin v. Tako LLC (federal case) |
| K | Order Declaring Parnell Colvin a Vexatious Litigant |
| L | Colvin Reply to Defendant's Motion to Dismiss |
| M | Colvin Motion for Extension to File Answer |
| N | Complaint, Laborer's Int'l Union of North America Local 872 v. Colvin |
| O | Order Lifting Stay |
| P | Order Granting Motion to Strike Defendant's Answer |
| Q | Clerk's Default |
| R | Excerpt from deposition of Plaintiff Parnell Colvin |
| S | Order Granting Emergency Motion to Remand |
| T | Affidavit of Hearing Master David Brown |
| U | Order Regarding Motion for Recusal |
| V | Order Regarding Motion to Seal Summary Eviction |
| W | Order on Motion to Dismiss Bankruptcy Case |
| X | Motion to Dismiss Bankruptcy Case |