**EXHIBIT E**

**EXHIBIT E**

Electronically Filed
9/10/2020 4:12 PM
Steven D. Grierson
CLERK OF THE COURT

1 **COMP**
MATTHEW W. HOFFMANN, ESQ.
2 Nevada Bar No. 009061
TYLER M. CRAWFORD, ESQ.
3 Nevada Bar No. 10559
DAVID FINEGOLD, ESQ.
4 Nevada Bar No. 15220
ATKINSON WATKINS & HOFFMANN, LLP
5 10789 W. Twain Ave., Suite 100
Las Vegas, NV 89135
6 Telephone: 702-562-6000
Facsimile: 702-562-6066
7 Email: mhoffmann@awhlawyers.com
Email: tcrawford@awhlawyers.com
8 Email: dfinegold@awhlawyers.com
*Attorneys for Plaintiff*

CASE NO: A-20-820973-C
Department 19

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| PARNELL COLVIN, an individual; | CASE NO.: |
| Plaintiff, | DEPT. NO.: |
| v. | |
| TAKO, LLC, a domestic limited-liability company; and DOES I through X, inclusive; and ROE CORPORATIONS I through V, inclusive; | **COMPLAINT** |
| Defendants. | |

COMES NOW, Plaintiff, PARNELL COLVIN, by and through his counsel of record, of the law firm ATKINSON WATKINS & HOFFMANN, LLP, and for his Complaint on file herein alleges as follows:

### I.

### GENERAL ALLEGATIONS

1. Plaintiff, PARNELL COLVIN (hereinafter referred to as "Plaintiff"), is, and at all times relevant hereto, was a resident of the County of Clark, State of Nevada.

2. At all times relevant hereto, Defendant TAKO, LLC. (hereinafter referred to as "Defendant"), is and at all times relevant hereto, was a domestic limited-liability company,

1  organized and existing under the laws of the State of Nevada and at all times relevant herein was
2  doing business in the County of Clark, State of Nevada.

3     3.    At all times relevant hereto, Defendant owned/controlled/managed the property
4  located at 6681 Tara Ave., Las Vegas, Nevada 89146.

5     4.    That the facts and circumstances that give rise to the subject lawsuit occurred in
6  Clark County, Nevada.

7     5.    That at all times relevant hereto, Defendants, and each of them, were licensed to
8  conduct business in the State of Nevada and/or incorporated in the State of Nevada, and that the
9  true names and capacities, whether individual, corporate, association or otherwise of the
10 Defendants, DOES I through X, and/or ROE CORPORATIONS I through V, inclusive, are
11 unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.

12    6.    That the identities of the Defendants, ROE CORPORATIONS I through V are
13 unknown at this time and may be individuals, partnerships or corporations. Plaintiff alleges that
14 each of the Defendants designated herein as ROE is responsible in some manner for the damages
15 herein alleged. Plaintiff requests leave of the Court to amend this Complaint to name the
16 Defendants specifically when their identities become known.

17    7.    That on or about February 20, 2019, Plaintiff was a tenant at Defendant's property
18 located at 6681 Tara Ave., Las Vegas, NV 89146. Plaintiff encountered flooding in the master
19 bathroom and notified Defendant. Defendant, negligently and carelessly, failed to make necessary
20 repairs in a timely manner. Plaintiff slipped and fell, suffering severe injuries to his person.

21    8.    That on or about February 20, 2019, Defendants, and/or their employees and agents,
22 while in the course and scope of their employment and agency, negligently failed to control,
23 operate, supervise, monitor, and maintain their premises in a safe and reasonable manner.

## II.

## FIRST CLAIM FOR RELIEF

### (Negligence)

27    9.    Plaintiff repeats and realleges each and every allegation contained in Paragraph 1
28 through 8 hereinabove and incorporates the same by reference as though fully set forth herein.

10. Defendants and/or their employees' and/or agents' negligence failed to maintain and repair their premise causing Plaintiff to slip and fall on or about February 20, 2019, in the County of Clark, State of Nevada.

11. As a direct and proximate result of Defendant's/s' and/or their employees' and/or agents' conduct and negligence, Plaintiff suffered severe personal injuries.

12. The injuries and damages sustained by the Plaintiff were the direct and proximate result of the negligence of the named Defendant/s and/or their employees and/or agents. As a direct and proximate result of the Defendants' and/or their employees' and/or agents' conduct, Plaintiff was seriously injured and caused to suffer great pain of body and mind, some of which conditions are permanent and disabling all to her general damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

13. As a further direct and proximate result of Defendant's/s' and/or their employees' and/or agents' conduct and negligence, Plaintiff incurred expenses for medical care and treatment and will incur expenses for future medical care and treatment in an amount to be proven at trial.

14. As a further direct and proximate result of Defendant's/s' and/or their employees' and/or agents' conduct and negligence, Plaintiff incurred a loss of earnings.

15. As a further direct and proximate result of Defendant's/s' and/or their employees' and/or agents' conduct and negligence, Plaintiff has and will continue to incur into the future pain and suffering and emotional distress, in an amount in excess of $15,000.00.

16. Plaintiff has been required to obtain services of an attorney to prosecute this action, and, is, therefore entitled to reasonable attorney's fees and costs.

### III.
### SECOND CLAIM FOR RELIEF
**(Negligent Hiring, Training, Retention, Supervision, and Management)**

17. Plaintiff repeats and realleges each and every allegation contained in Paragraph 1 through 16 hereinabove and incorporates the same by reference as though fully set forth herein.

18. Defendant/s were negligent in the selection, hiring, training, supervision, and/or retention of DOE and ROE Defendants at all times relevant herein.

- 3 -

19. Defendant/s knew or reasonably should have known that management, and DOE and ROE Defendants, were engaging in a negligent or inadequate protocol, safety and/or supervision of their premises.

20. Defendant/s engaged in actions including, but not limited to, failure to make necessary repairs to their premise and failed to maintain their premise.

21. At all times relevant, Defendant/s knew or reasonably should have known that their conduct, acts, or failures to act directly injured Plaintiff.

22. At all times relevant, Defendant/s knew or reasonably should have known that the incidents and conduct of management and other employees described above, would and did proximately result in injuries and damages to Plaintiff, including but not limited to, physical injuries, mental anguish and emotional distress.

23. The injuries and damages sustained by the Plaintiff were the direct and proximate result of the negligent hiring, training, retention, supervision, and management of the named Defendant/s and/or their employees and/or agents. As a direct and proximate result of the Defendants' and/or their employees' and/or agents' conduct, Plaintiff was seriously injured and caused to suffer great pain of body and mind, some of which conditions are permanent and disabling all to her general damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

24. As a further direct and proximate result of Defendant's/s' and/or their employees' and/or agents' conduct and negligent hiring, training, retention, supervision, and management, Plaintiff incurred expenses for medical care and treatment and will incur expenses for future medical care and treatment in an amount to be proven at trial.

25. As a further direct and proximate result of Defendant's/s' and/or their employees' and/or agents' conduct and negligent hiring, training, retention, supervision, and management, Plaintiff incurred a loss of earnings.

26. As a further direct and proximate result of Defendant's/s' and/or their employees' and/or agents' conduct and negligent hiring, training, retention, supervision, and management, Plaintiff has and will continue to incur into the future pain and suffering and emotional distress, in an amount in excess of $15,000.00.

1     WHEREFORE, Plaintiff prays for Judgment of this Court as follows:

2     1.     General damages in excess of $15,000.00;

3     2.     Special damages in excess of $15,000.00;

4     3.     Attorneys' fees and costs herein;

5     4.     For such further relief as the Court deems proper.

6     DATED this 10th day of September, 2020.

ATKINSON WATKINS & HOFFMANN, LLP

/s/ Tyler M. Crawford Esq.
MATTHEW W. HOFFMANN, ESQ.
Nevada Bar No. 9061
TYLER M. CRAWFORD, ESQ.
Nevada Bar No. 10559
DAVID FINEGOLD, ESQ.
Nevada Bar No. 15220
10789 W. Twain, Suite 100
Las Vegas, NV 89135
*Attorneys for Plaintiff*

- 5 -