# EXHIBIT F

# EXHIBIT F

Electronically Filed
11/17/2020 4:44 PM
Steven D. Grierson
CLERK OF THE COURT

**ABSUPREA**
MATTHEW W. HOFFMANN, ESQ.
Nevada Bar No. 009061
TYLER M. CRAWFORD, ESQ.
Nevada Bar No. 10559
ATKINSON WATKINS & HOFFMANN, LLP
10789 W. Twain Ave., Suite 100
Las Vegas, NV  89135
Telephone: 702-562-6000
Facsimile: 702-562-6066
Email: mhoffmann@awhlawyers.com
Email: tcrawford@awhlawyers.com
*Attorneys for Plaintiff*

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| PARNELL COLVIN, an individual; | CASE NO.:  A-20-820973-C |
| Plaintiff, | DEPT. NO.: XIX |
| v. | |
| TAKO, LLC, a domestic limited-liability company; and DOES I through X, inclusive; and ROE CORPORATIONS I through V, inclusive; | **PLAINTIFF'S SUPPLEMENTAL PETITION FOR EXEMPTION FROM ARBITRATION** |
| Defendants. | |

COMES NOW, Plaintiff, PARNELL COLVIN (hereinafter referred to as "Plaintiff"), by and through his attorney of record, TYLER M. CRAWFORD, ESQ., of the law firm of ATKINSON WATKINS & HOFFMANN, LLP, and hereby requests the above-entitled matter be exempt from Arbitration pursuant to Nevada Arbitration Rules 3 and 5, as this case:

      1. \_\_\_\_        Presents a significant issue of public policy;

      2. \_X\_        Damages exceed $50,000.00;

      3. \_X\_        Involves an amount in controversy in excess of $50,000.00 exclusive of interest and costs;

      4. \_\_\_\_        Presents unusual circumstances which constitute good cause for removal from the program;

5. _____      Requests declaratory relief.

A specific summary of the facts which support Plaintiff's Supplemental Petition for Exemption is as follows:

## I.      NATURE OF THE CASE

This case arises from a slip and fall incident that occurred on or about February 20, 2019.  On that date, the Plaintiff was a tenant at Defendant TAKO, LLC's property located at 6681 Tara Avenue in Las Vegas, Nevada.  Defendant negligently and carelessly failed to make necessary repairs in the Plaintiff's residence, resulting in flooding in the master bathroom, which caused the Plaintiff to slip, fall, and injure himself.

## II.      ARGUMENT

Plaintiff must only demonstrate that his case has a probable jury award of over $50,000. Moreover, Plaintiff is not required by the NRCP, NAR, or Arbitration Commissioner to attach the entirety of the medical records to their request for exemption. To do so would be burdensome on the Office of the Commissioner. Plaintiff is also not required to send any of the Defendants his medical records and bills up to 14 days after the Case Conference has been held. That conference has not been held in this case yet.

Defendant's argument that Plaintiff's Request for Exemption from Arbitration must fail due to a lack of documentation or additional evidence supporting the claim of a probable jury award in excess of $50,000 fails.  Plaintiff inadvertently omitted his claim for lost wages in Plaintiff's Petition for Exemption from Arbitration but has supplemented this response with the necessary information. In addition, Plaintiff has suffered medical expenses in the amount of $20,364.94, lost wages in the amount of $37,190.64, and may have to undergo a medical procedure that will cost between $31,420.00 to 40,420.00.

Plaintiff's Petition for Exemption should be granted. First, there are numerous issues in this case that will require a longer and more sophisticated discovery process than the arbitration program allows for.  Second, Plaintiff's past medical expenses and lost wages amount to more than $50,000. If this case stays in the arbitration program, Plaintiff's opportunity to be justly compensated for his injuries will be foreclosed.

- 2 -

### III.    AMOUNT OF DAMAGEST SOUGHT

As a result of this incident, Plaintiff has required extensive medical treatment and care, including emergency medical treatment, radiological studies, chiropractic care, and orthopedic care. Plaintiff's past medical specials, lost wages, and reasonably estimated future medical expenses total more than the $50,000.00 minimum valuation to exempt the case from the Nevada Arbitration Program. In specific, Plaintiff will seek the total amount of his past medical specials, future medical expenses, lost wages, and damages for pain and suffering, detailed below.

### IV.    TOTAL MEDICAL SPECIALS INCURED TO DATE

**Past Medical Specials**

| PROVIDER | DATES | COST |
|---|---|---|
| 1. Spring Valley Hospital | 02/20/2019 | $12,197.00 |
| 2. Shadow Emergency Physicians | 02/20/2019 | $1,957.00 |
| 3. Desert Radiology | 02/20/2019 | $304.12 |
| 4. C1 Chiropractic | 03/04/2019 – 03/20/2019 | $2,456.82 |
| 5. Pueblo Medical Imaging | 03/13/2019 | $3,300.00 |
| 6. A.S. Martin Orthopedics | 04/01/2019 – 02/06/2020 | $150.00 |
| | **TOTAL:** | **$20,364.94** |

### V.    INJURIES SUSTAINED

Plaintiff's medical records state that he was diagnosed with the following:

- Traumatic lateral epicondylitis right elbow
- Right lateral collateral ligament sprain knee with partial tear of lateral retinaculum
- Concussion
- Subluxation of C5/C6 cervical vertebrae
- Subluxation of C6/C7 cervical vertebrae
- Injury of brachial plexus
- Cervicalgia
- Other cervical disc degeneration, unspecified cervical region
- Sprain of joints and ligaments of other parts of neck
- Other intervertebral disc disorders, lumbar region
- Other dorsalgia

- Sprain of unspecified site of right knee
- Sprain of ligaments of lumbar spine
- Tension-type headache
- Pain in right elbow
- Unspecified sprain of right elbow
- Pain in right shoulder
- Sprain of other specified parts of left shoulder girdle
- Unspecified internal derangement of right knee
- Prepatellar bursitis, right knee

This list of diagnoses is not exhaustive, not intended to substitute for the opinion of a medical expert and is subject to supplementation. Nothing herein should be construed as a resignation of Plaintiff's rights.

### VI. TREATMENT RENDERED

On February 20, 2019, Plaintiff went to Spring Valley Hospital Medical Center. Plaintiff was diagnosed with a concussion and was released with a prescription for medicine. Plaintiff also treated at C1 Chiropractic, where he underwent chiropractic manipulative therapies, ultrasound therapy, electro-simulation, hot and cold packs therapy, and lumbo sacral support. Plaintiff was also under the care of Dr. Andrew Martin at A.S. Martin Orthopedics for his orthopedic needs.

### VII. PROGNOSIS/FUTURE TREATMENT RECOMMENDED

Dr. Andrew Martin at A.S. Martin Orthopedics diagnosed Plaintiff with a right knee lateral collateral ligament grade 1 sprain with a high grade tear of lateral patellar retinaculum. Dr. Martin recommended Plaintiff undergo surgery if Plaintiff's pain continues with no relief of physical therapy. Plaintiff is still in pain currently. Provided is a brief estimate of the procedure and cost:

**Procedure: Repair primary torn ligament, cap, and knee collateral.**

| PROVIDER | DATES | COST |
|---|---|---|
| 1.  Physician Fees (Andrew Martin, M.D.) | TBD | $3,920.00 |
| 2.  Anesthesia | TBD | $500-$1,500.00 |
| 3.  Hospital (Summerlin Hospital) | TBD | $27,000.00-35,000.00 |
|  | **TOTAL:** | **$31,420.00 – 40,420.00** |

## VIII.   LOST WAGES

Plaintiff inadvertently omitted his claim for lost wages in Plaintiff's Petition for Exemption from Arbitration. At the time of the accident, Plaintiff was a Journeyman Construction Laborer at LiUNA! Plaintiff earned $27.65 at his hourly rate plus the hourly fringe benefits of $28.36, which put his pay at $56.01. As a result of his injuries, Plaintiff's lost wages total from the date of injury is $37,190.64.

## IX.   PAIN AND SUFFERING DAMAGES

Plaintiff reserves the right to claim pain and suffering damages in an amount to be proven at trial.

## X.   CONCLUSION

There is no question this matter should be exempted from the Nevada Mandatory Arbitration Program based upon the injuries to the Plaintiff, as well as future medical treatment which may be necessary, Plaintiff's lost wages, and Plaintiff's extensive pain and suffering.

## XI.   CERTIFICATION STATEMENT

I hereby certify pursuant to NRCP 11 this case to be within the exemption(s) marked above and I am aware of the sanctions which may be imposed against any attorney or party who without good cause of justification attempts to remove a case from the arbitration program.

DATED this _17th_ day of November, 2020.

ATKINSON WATKINS & HOFFMANN, LLP


_/s/ Tyler M. Crawford, Esq._
MATTHEW W. HOFFMANN, ESQ.
Nevada Bar No. 9061
TYLER M. CRAWFORD, ESQ.
Nevada Bar No. 10559
10789 W. Twain, Suite 100
Las Vegas, NV  89135
_Attorneys for Plaintiff_

1

## **CERTIFICATE OF SERVICE**

2       Pursuant to NEFCR 9, NRCP 5(b) and EDCR 7.26, I certify that on this date, I served the

3   foregoing **PLAINTIFF'S SUPPLEMENTAL PETITION FOR EXEMPTION FROM**

4   **ARBITRATION** on the following parties by electronic transmission through the Odyssey system:

5       **Person(s) served:**

6   Scott W. Ulm, Esq.
    Nevada Bar No. 12652
7   Jennifer D. Golanics, Esq.
    Nevada Bar No. 13687
8   BREMER WHYTE BROWN & O'MEARA, LLP
9   1160 N. Town Center Dr., Ste. 250
    Las Vegas, NV 89144
10  *Attorneys for Defendant Tako, LLC*

11
    DATED this __17th__ day of November, 2020.
12

13
    */s/ Erika Jimenez*
14      An Employee of ATKINSON WATKINS & HOFFMANN, LLP

15

16

17

18

19

20

21

22

23

24

25

26

27

28