**EXHIBIT O**

**EXHIBIT O**

Las Vegas Justice Court
Electronically Filed
12/2/2021 8:03 AM
Melissa Saragosa
CLERK OF THE COURT

1  KRISTINA L. HILLMAN, Bar No. 7752
   SEAN W. McDONALD, Bar No. 12817
2  WEINBERG, ROGER & ROSENFELD
   A Professional Corporation
3  3199 E. Warm Springs Road, Suite 400
   Las Vegas, Nevada 89120
4  Telephone (702) 508-9282
   Fax (510) 337-1023
5  E-Mail: khillman@unioncounsel.net
           smcdonald@unioncounsel.net
6          nevadacourtnotices@unioncounsel.net

7  Attorneys for Plaintiff

8  **IN THE JUSTICE COURT OF LAS VEGAS TOWNSHIP**

9  **COUNTY OF CLARK, STATE OF NEVADA**

| | |
|---|---|
| LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 872,<br><br>Plaintiff,<br><br>v.<br><br>PARNELL COLVIN,<br><br>Defendant. | Case No. 21C008234<br><br>Dept. No. 5<br><br>**ORDER LIFTING STAY AND ON MOTIONS** |

16  This matter came on for a status hearing on Wednesday, December 1, 2021, at 10 a.m.,

17  relating to this Court's previous Order Staying Case entered on October 20, 2021, and for the

18  hearing of pending motions, detailed below. Present in open court on behalf of Plaintiff,

19  Laborers' International Union of North America, Local 872, was Sean W. McDonald, Esq., of the

20  law firm Weinberg, Roger & Rosenfeld. Defendant, Parnell Colvin, was not present, either in

21  open court or via BlueJeans.

22  This Court previously stayed this action by the Court's Order Staying Case entered on

23  October 20, 2021. In that Order, the Court stayed this case in light of a bankruptcy petition filed

24  by Defendant. Based upon the representations of Plaintiff's counsel and the information before

25  the Court at that time, it appeared that the automatic stay would expire in 30 days from the date

26  of Colvin's bankruptcy petition unless relief extending the stay was obtained from the

27  Bankruptcy Court. The Court ordered Plaintiff to provide supplemental information as to

28  whether the automatic stay had expired, whether relief from stay was obtained, or whether the

1  Bankruptcy Court had extended the automatic stay. The Order Staying Case further provided that
2  if the bankruptcy automatic stay had expired or if Plaintiff obtained relief from the automatic
3  stay before December 1, 2021, it was this Court's intention to lift the stay entered in this Court
4  and proceed to hearing the pending motions.

### Bankruptcy Automatic Stay Expired; This Court Lifts Its Own Stay

6  In compliance with the Order Staying Case, Plaintiff filed a Status Report on November
7  19, 2021, supplying this Court with information that the automatic stay had automatically
8  expired by operation of law under 11 U.S.C. § 362(c)(3)(A) because, as of that date, no order
9  extending the automatic stay in bankruptcy was on file in the bankruptcy case. Subsequently, on
10 November 23, 2021, Defendant filed in this Court a copy of a document apparently filed the
11 same day in the Bankruptcy Court purporting to seek extension of the stay.[1] As of the date of the
12 December 1, 2021 status hearing, it appears no order extending the stay was on file in the
13 bankruptcy case. Accordingly, based on the information supplied by Plaintiff and the Court's
14 own inquiry into the docket of the Bankruptcy Court case, this Court finds that there has been no
15 order entered by the Bankruptcy Court extending the automatic stay as of December 1, 2021, and
16 that therefore the automatic stay expired by operation of law on November 18, 2021 under 11
17 U.S.C. § 362(c)(3)(A). As such, this Court may properly lift the stay imposed by the Order
18 Staying Case entered on October 20, 2021, and proceed to the pending motions, and this Court
19 does so lift the stay it previously ordered.

### Purported Removal to Federal Court

21 Meanwhile, on November 29, 2021, Defendant filed in this Court documents purporting
22 show a removal of this action from this Court to the United States District Court for the District
23 of Nevada. The document Defendant filed is captioned as Documents in Support of Notice of
24 Removal Filed in Federal Court. Plaintiff filed an opposition to those documents on November
25 30, 2021. Attached to Defendant's document is a single page Civil Cover Sheet of a case

---

[1] The Court notes that Defendant's November 23, 2021 filing in this Court does not have an accompanying certificate of mailing of certificate of service. As such, it is not clear whether Plaintiff's counsel has been served a copy of this document in a manner compliant with JCRCP 5.

2

1  apparently filed in the United States District Court and a single page printout of an excerpt from
2  a Wikipedia article on removal jurisdiction. This Court finds that the Civil Cover Sheet is
3  insufficient evidence to demonstrate a proper removal to federal court has in fact been filed.
4      Moreover, Plaintiff's counsel provided to this Court, in open court during the hearing on
5  December 1, 2021, additional documentation showing what had been filed in the federal court.[2]
6  The documents Plaintiff's counsel supplied are a copy of the docket as of the morning of
7  December 1, 2021, in Case No. 2:21-cv-02109-RFB-NJK filed in the United States District
8  Court for the District of Nevada, which is the case Defendant Colvin purports to be the removal
9  to federal court, copies of the papers filed in that case as of the morning of December 1, 2021,
10 and a November 30, 2021 email from Defendant Colvin to Plaintiff's counsel about the filings
11 made in federal court—all of which this Court ordered filed in open court so as to be made a part
12 of the record in this Court. Based on this information, which this Court reviewed in open court,
13 this Court concludes that no effective removal from this Court to federal court has in fact
14 occurred, as the documentation supplied does not reflect a proper removal to federal court under
15 28 U.S.C.§§ 1441 and 1446, and thus this Court continues to have jurisdiction to proceed to the
16 motions pending before this Court.

17 **Pending Motions**

18     Turning to the pending motions, in light of the expiration of the automatic stay in
19 bankruptcy and this Court lifting its own stay as of today, and in light of the fact that there is no
20 effective removal of this action from state court to federal court, this Court now proceeds to rule
21 on the motions.
22     Pending before the Court are Defendant's Motion to Dismiss Frivolus (sic) Complaint
23 and Plaintiff's Motion to Strike Motion to Dismiss, Motion to Strike Unserved Answer and to
24 Enter Default, and Motion for Sanctions Under JCRCP 11. As to each of the Motions to Strike,

---

[2] This Court notes that Plaintiff's counsel represented on the record that no service of any documents filed in the federal court relating to the purported removal to federal court had yet been received from Defendant Colvin. Based on the documents the Court reviewed in open court and on the record as to the federal case, none of those documents bear a certificate of mailing or other proof of service to demonstrate proper service of those documents on Plaintiff or Plaintiff's counsel.

3

1 | Defendant did not timely file an opposition. As to the Motion for Sanction Under JCRCP 11, no
2 | opposition was on file as of December 1, 2021, at 10 a.m.
3 |     For the reasons stated on the record during the hearing on December 1, 2021, and as
4 | recited below, the Court finds and rules on the motions as follows.
5 |     As to Defendant's Motion to Dismiss, the Court finds that the Complaint adequately
6 | pleads proper causes of action for which this Court has jurisdiction. Defendant has not
7 | articulated a proper basis for the dismissal of the case in his Motion to Dismiss, and the
8 | Defendant has not met his burden to adequately demonstrate why this breach of contract action
9 | seeking collection of unpaid dues and other amounts may only be brought in federal court, which
10 | would deprive this Court of jurisdiction. Therefore, Defendant's Motion to Dismiss is denied.
11 |     Having denied Defendant's Motion to Dismiss, Plaintiff's Motion to Strike Motion to
12 | Dismiss is denied as moot.
13 |     With respect to Plaintiff's Motion to Strike Unserved Answer and to Enter Default, the
14 | Court notes that the Defendant's Answer filed on July 26, 2021, does not have attached to it a
15 | certificate of service or other appropriate proof of service showing that proper service of the
16 | Answer was made on Plaintiff's counsel as required by applicable provisions of JCRCP 5. And
17 | no such proof of service has since been filed as to the Answer. As such, the Court finds that the
18 | Answer has not been properly served on Plaintiff's counsel as required under JCRCP 5.
19 |     This Court declines at this time to strike the Answer and to enter Defendant's default for
20 | this service defect. Rather, the Court will give Defendant an opportunity to cure the service
21 | defect. As such, this Court orders Defendant Colvin, within 10 judicial days, or by no later than
22 | Thursday, December 16, 2021, to serve the Answer on Plaintiff's counsel by mail in the manner
23 | authorized by JCRCP 5, and to file and serve an appropriate certificate of mailing or other proof
24 | of service evidencing that proper service of the Answer has been made by the Defendant.
25 | Defendant shall accomplish service by mail to the following address:
26 |     Sean W. McDonald, Esq.
    Weinberg, Roger & Rosenfeld
27 |     1399 E Warm Spring Road Suite 400
    Las Vegas, NV 89120
28 |

4

1     Defendant is warned that failure to timely comply with this order and to file an appropriate certificate of mailing or other appropriate proof of service may be treated by this Court as grounds to strike the Answer and to enter a default. Defendant shall serve Plaintiff's counsel by mail in a manner complaint with JCRCP 5. Defendant is admonished to comply with JCRCP 5 in filing and serving copies of all documents or papers he files in this Court.

    Finally, pending before the Court is Plaintiff's Motion for Sanctions Under JCRCP 11. Because the Court has ordered that Defendant be given an opportunity to cure the service defect as to the Answer, the Court finds that deciding the Motion for Sanctions, which relates to the Answer and its attachments, is premature. Accordingly, this Court will set a Status Hearing for Wednesday, December 29, 2021. At that time, the Court intends (1) to consider whether Defendant Colvin has complied with the order to serve the Answer and to file and serve an appropriate certificate of mailing or other proof of service, and (2) to hear the pending Motion for Sanctions.

    Therefore, for the reasons stated on the record in the hearing and recited above in this order, the Court enters the following orders:

    **IT IS HEREBY ORDERED** that the stay imposed by this Court's Order Staying Case entered October 20, 2021, is **LIFTED**.

    **IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Frivolus (sic) Complaint is **DENIED**.

    **IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Motion to Dismiss Frivolus (sic) Complaint is **DENIED AS MOOT**.

    **IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Unserved Answer and to Enter Default is **GRANTED IN PART, DENIED IN PART**, for the reasons stated on the record on December 1 2021, and recited in this Order.

    **IT IS FURTHER ORDERED** that Defendant Colvin shall, within 10 judicial days or by no later than Thursday, December 16, 2021, serve by mail a copy of his Answer filed on July 26, 2021, including all of its attachments, on Plaintiff's counsel by mail in a manner complaint with JCRCP 5 addressed as follows:

Sean W. McDonald, Esq.
Weinberg, Roger & Rosenfeld
1399 E Warm Spring Road Suite 400
Las Vegas, NV 89120

**IT IS FURTHER ORDERED** that Defendant Colvin shall file and serve an appropriate certificate of mailing or other appropriate proof of service showing evidence of proper service under JCRCP 5 of the Answer as soon as is reasonably practicable after compliant service of the Answer, but in no case later than December 21, 2021.

**IT IS FURTHER ORDERED** that a Status Hearing is **SET** for Wednesday, December 29, 2021, at the hour of 10:00 a.m. in relation to Defendant's compliance with this Order and to take up the pending Motion for Sanctions.

Dated this  2nd  day of  December , 2021.

Electronically signed by

Justice of the Peace
Department 5 Las Vegas Justice Court

**JUSTICE OF THE PEACE**

Submitted by:

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

 /s/ Sean W. McDonald 
Kristina L. Hillman
Sean W. McDonald

151533\1226350

6