**EXHIBIT P**

**EXHIBIT P**

Las Vegas Justice Court
Electronically Filed
1/5/2022 5:28 PM
Melissa Saragosa
CLERK OF THE COURT

**JUSTICE COURT, LAS VEGAS TOWNSHIP**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 872, <br><br> Plaintiff, <br><br> vs. <br><br> PARNELL COLVIN, <br><br> Defendant. | CASE NO.: 21C008234 <br><br> DEPT. NO.: 5 <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S UNSERVED ANSWER AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS UNDER JCRCP 11 |

On January 5, 2022, this Court held a hearing to determine if Defendant Colvin had complied with the December 2, 2021 Order to serve his answer upon Plaintiff's Counsel and to file appropriate proof of such service and to hear the pending Motion for Sanctions Under JCRCP 11 filed by Plaintiff on November 11, 2021. Defendant Colvin did not appear. Plaintiff was represented by Mr. Sean McDonald, Esq. The Court having considered the procedural history of this case, and good cause appearing, hereby finds the following:

*Procedural Posture*

Defendant filed his Answer on July 26, 2021, devoid of proof of service. On August 5, 2021, Defendant filed a Motion to Dismiss Frivolous Lawsuit. On August 23, 2021, Plaintiff filed a Motion to Strike Defendant's Motion to Dismiss, a separate Motion to Strike Unserved Answer and Enter Default, and an Opposition to Defendant's Motion to Dismiss. On September 28, 2021, a hearing was held at which time Defendant requested a continuance due to a family emergency. This Court granted the continuance and orally ordered that no documents regarding the pending motions would be accepted until the motions were heard. The hearing was continued to October 19, 2021.

1

On October 18, 2021, Defendant filed a Notice of Bankruptcy Filing.[1] At the October 19, 2021 hearing, Plaintiff's Counsel informed the Court that Defendant filed for bankruptcy for the eighth time. Due to the bankruptcy, the case was automatically stayed by operation of law so the Court continued the matter to December 1, 2021, for a status check regarding the bankruptcy. An order clarifying that the case was stayed was entered on October 20, 2021. On November 19, 2021, Plaintiff filed a Status Report Regarding the Order Staying Case outlining that the automatic stay was terminated by operation of law on November 18, 2021. On December 2, 2021, the Court issued an Order Lifting Stay[2].

On November 22, 2021, Plaintiff file a Motion for Sanctions Under JCRCP 11. The next day, November 23, 2021, Plaintiff filed Documents in Support which consisted of the Motion to Extend Automatic Stay he filed in bankruptcy court as well as a letter to this Court. Then, on November 29, 2021, Defendant filed Documents in Support of Notice of Removal Filed in Federal Court. This purported Notice of Removal is merely the civil cover sheet for a new action filed by Plaintiff in federal court listing Defendant as Plaintiff and Plaintiff as Defendant. The cover sheet provided the case number for the instant case as a related case. Additionally, there was a print out of a Wikipedia article regarding Removal Jurisdiction.

While the determination of whether a removal is proper or not is to be determined by the federal district court, this Court noted in its December 2, 2021 Order, and notes once again, that Defendant has failed to file a proper document titled Notice of Removal with this Court. *See* 28 U.S.C. §1446(d) (requiring that the party removing the case provide a copy of the Notice of Removal to state court). Pursuant to 28 U.S.C. §1446(a), the Notice of Removal shall contain a short and plain statement of the grounds for removal. Here,

---

[1] After filing this notice, Defendant has failed to appear in person or by BlueJeans at the dates and times set for hearing.

[2] The Order also ruled on Motions filed by Plaintiff. The Court is aware the bankruptcy court has exclusive jurisdiction over bankruptcy matters and issued both orders regarding the stay of this case to lay a clear record in an overabundance of caution.

2

there is simply a civil cover sheet noting a new case instigated in federal court, not a removal, and there is no copy of the Notice of Removal filed with federal court. As the Notice of Removal divests this court of jurisdiction, the Court must receive a proper Notice of Removal. Plaintiff responded to Defendant's Documents in Support and Notice of Removal on November 30, 2021, noting a deficiency in Defendant's removal documents and noting that Defendant may have initiated a new case in federal court instead of removing this case to federal court. On December 1, 2021, Plaintiff filed exhibits regarding Defendant's federal removal documenting Defendant had initiated a new case in federal court, not removal proceedings.

On December 1, 2021, a hearing was held, at which time the Court found that because the bankruptcy stay had expired, the Court was prepared to rule upon the pending motions. The December 2, 2021 Order contains the final rulings from the December 1, 2021 hearing. The December 2, 2021 Order denied Defendant's Motion to Dismiss, denied Plaintiff's Motion to Strike Defendant's Motion to Dismiss as Moot and Granted in Part and Denied in Part Plaintiff's Motion to Strike Unserved Answer and to Enter Default, granting Defendant until December 16, 2021 to serve his Answer in compliance with JCRCP 5, and requiring Defendant to file appropriate proof of service. The order also noted Defendant had not submitted a proper Notice of Removal to remove the matter to federal court. A status check was scheduled for December 29, 2021.

On December 14, 2021, Defendant filed Documents in Support of Notice of Removal to Federal Court. In this filing, Defendant appears to acknowledge receipt of the December 2, 2021 Order. Once again, a review of the documents does not show compliance with the specific requirements for removal, and once again shows the filing of a separate case in federal court naming the Defendant as Plaintiff and Plaintiff as Defendant. There is no Notice of Removal as required by 28 U.S.C. 1446(a) and (d). The filing included a narrative by Defendant stating that because the instant case has been legally removed to federal court, he would not be participating in any further proceedings with the Justice

3

Court. Additionally, Defendant stated he would be forced to file a complaint with the Nevada Commission on Judicial Discipline if this Court continued to violate the law. Defendant informed the Court that no further filings or requests would be honored due to this Court intentionally violating the law.[3] This Court had previously notified Defendant in its December 2, 2021 Order that his attempt to remove the case was insufficient to divest this Court of jurisdiction.

Despite Defendant's proclamation that he would no longer be participating in this litigation, Plaintiff had Monique Brown call court staff on his behalf to inform the Court that Defendant would be unable to attend the December 29, 2021 hearing for medical reasons. The Court rescheduled the status check from December 29, 2021, to January 5, 2022, based on this request.

Plaintiff filed a 3 page Notice Regarding Defendant's Noncompliance with Court's December 2, 2021 Order on December 28, 2021. This Notice informs the Court that as of 10:00 AM on December 28, 2021, Plaintiff's Counsel still had not been served with Defendant's Answer.

*Answer Remains Unserved in Violation of December 2, 2021 Court Order*

Pursuant to JCRCP 5(a), everything filed during litigation must be served upon each party to the litigation unless a party is in default. JCRCP 5(b) outlines how service can be made, the most straight forward method being mailing the filing directly to a party's attorney of record. *See* JCRCP 5(b)(2).

Defendant has been given ample opportunity to properly serve his Answer upon Plaintiff's Counsel, yet has failed to do so. Before the January 5, 2022 hearing took place,

---

[3] Defendant appears to be stating that he and Richard Vella will no longer be participating in litigation because the case has been removed to federal court. On December 28, 2021, Plaintiff filed Plaintiff's Response to Defendant's Documents in Support of Notice of Removal Filed to Federal Court and Documents of Filing Case in Federal Court. In this filing, Plaintiff lays out how Defendant has still not properly removed this case. Additionally, Plaintiff notes that Defendant does not have the authority to represent Mr. Vella in any capacity because he is not an attorney. This is true, but only tangentially related to the matters before this Court.

4

minutes prior to the hearing, the Court checked to see if a certificate of service had been filed, which it had not. At the hearing, the Court asked Plaintiff's Counsel if he had received the Answer in the mail; he had not. This failure to complete the simple act of mailing his Answer to Plaintiff's Counsel belies any argument that the Answer should not be stricken. In fact, the failure to mail the Answer after nearly four months elapsed between the filing of Plaintiff's Motion to Strike Unserved Answer and the deadline for service provided in the December 2, 2021 hearing, is illustrative of Defendant's efforts to cause unnecessary delay to the litigation of this case and his lack of compliance with court rules and orders. Accordingly, the Court finds that striking the Answer for failure to serve as required by JCRCP 5(b) is appropriate.

As the Answer is stricken by this Order, Plaintiff may proceed with seeking Default.

*Motion for Sanctions*

The relief Plaintiff seeks via its Motion for Sanctions Under JCRCP 11 is that exhibits and certain portions of Defendant's Answer be stricken and that attorney's fees and costs be awarded. As the Court is now ordering Defendant's Answer in its entirety be stricken, the motion is now moot. The Court cannot award Plaintiff attorney's fees and costs as a sanction under JCRCP 11, as the motion is not being granted.

IT IS HEREBY ORDERED that Plaintiff's Motion to Strike Unserved Answer is GRANTED and Defendant's Answer filed July 26, 2021, shall be stricken from the court record.

IT IS FURTHER ORDERED that Plaintiff's Motion for Sanctions is DENIED.

DATED this 5th day of January, 2022.

CYNTHIA CRUZ
Justice of the Peace

5