**EXHIBIT U**

**EXHIBIT U**

Las Vegas Justice Court
Electronically Filed
12/16/2022 2:17 PM
Melissa Saragosa
CLERK OF THE COURT

JUSTICE COURT, LAS VEGAS TOWNSHIP

CLARK COUNTY, NEVADA

| | |
|---|---|
| TAKO LLC, <br>     Landlord, <br>   vs. <br> PARNELL COLVIN, <br>     Tenant. | CASE NO.: 21E014316 <br><br> JC Evictions Department <br><br> ORDER REGARDING MOTION FOR RECUSAL OF HEARING MASTER DAVID BROWN FROM HEARING SAID CASE FOR HIS BIASES AND PREJUDICES TOWARDS PARNELL COLVIN AND BLACK TENANTS THAT COME BEFORE HIM |

  This matter came before this Court on Tenant's Motion for Recusal of Hearing Master David Brown from Hearing Said Case for his Biases and Prejudices towards Parnell Colvin and Black Tenants that Come Before Him, filed on December 8, 2022. The Court, having reviewed the pleadings on file, hereby finds the following;

*Procedural Deficiencies*

  NRS 1.235 authorizes a party in a court action to seek disqualification of a judge for actual or implied bias or prejudice. Specific procedural steps are required in order to seek such disqualification. First, the party must seek disqualification by filing an affidavit alleging bias or prejudice. Second, "at the time the affidavit is filed, a copy must be served upon the judge sought to be disqualified. Service must be made by delivering the copy to the judge personally or by leaving it at the judge's chambers with some person of suitable age and discretion employed therein." (NRS 1.235(4)).

  Here, on December 8, 2022, Tenant electronically filed a document entitled "Motion for Recusal of Hearing Master David Brown from Hearing Said Case for his Biases and Prejudices towards Parnell Colvin and Black Tenants that Come Before Him." Tenant did not file an affidavit as required by NRS 1.235 nor did he file a declaration made under the penalty of perjury as authorized by NRS 53.045.

1  Furthermore, there is no proof provided to the court to indicate that the motion was
2  properly served, pursuant to NRS 1.235(4).
3  However, assuming *arguendo* that the procedural deficiencies could be overcome,
4  the Court will address the merits of the allegations.

*Procedural History*

6  In order to fully consider the motion in the above-captioned case, this Court takes
7  judicial notice of the court's records contained in its case management system pursuant to
8  NRS 47.130 and 47.150.
9  This action commenced on July 19, 2021, on Tenant filing an "Answer to
10 Complaint for Unlawful Detainer." Upon Landlord filing a Complaint on July 28, 2021, a
11 hearing was scheduled for September 7, 2021.
12 To date, no hearing has been held, despite hearings being scheduled for September
13 7, 2021, January 20, 2022, August 25, 2022, and November 17, 2022. Each hearing was
14 vacated due to Tenant filing a removal action in US District Court and/or filing with the US
15 Bankruptcy Court.
16 On December 5, 2022, US District Court once again remanded the matter to this
17 jurisdiction. The Court set the hearing for December 12, 2022. On December 8, 2022,
18 Tenant filed a Motion to Recuse Hearing Master Brown, a Motion to Continue and/or for
19 Telephonic Appearance, and a Motion to Dismiss. Pursuant to NRS 1.235(5)(b), Hearing
20 Master Brown took no further action and arranged for another Justice of the Peace to rule
21 on all motions pending a decision on the Motion to Recuse.

*Substantive Allegations*

23 1. Mr. Colvin alleges that he has had "many encounter [sic] and witness how he treats
24 black tenants that come before him" and "[o]riginally when I first came before David
25 Brown, he did not no [sic] much about tenant laws not real educated or knowledgeable."
26 Tenant alleges he had to "correct him and challenge him on the laws and how he was
27 misinterpreted [sic] the tenant and other laws." However, Mr. Colvin provides no evidence
28 to support any of his allegations.

2. Mr. Colvin believes that Hearing Master Brown has a personal vendetta against him based on previous rulings in his cases. He alleges that Hearing Master Brown intentionally places his case at the end of the calendar for no reason other than to inconvenience Mr. Colvin. Hearing Master Brown and every judicial officer manages their calendar in a way that they perceive to be most efficient. If a judicial officer has a contested case, placing it at the end of the calendar so as to move quickly through the calendar is not uncommon and certainly not a basis for disqualification.

3. Mr. Colvin makes vague allegations that Hearing Master Brown favors Landlords and rules against Tenants. There is no evidence of such conduct by Hearing Master Brown.

4. Mr. Colvin further alleges that he was wrongfully evicted (in a previous action) after attempting to pay rent at the hearing. Pursuant to the notices served on Tenant, Tenant had a specified amount of time to pay rent or quit. A landlord is not required to accept any rent beyond the time Tenant was required to pay. Hearing Master Brown's ruling was valid.

5. Mr. Colvin alleges Hearing Master Brown did not give him a "fair opportunity to respond usually a case is set at leat [sic] two out" in reference to setting the December 12, 2022, Court date. This allegation is unfounded as this case has been pending since July 28, 2021. Tenant has had numerous opportunities to respond and will have an opportunity to respond at a hearing.

6. Mr. Colvin continues to argue that Hearing Master Brown is relying on a forged lease; however, until a hearing is held, no ruling on this allegation can be made and Mr. Colvin himself is the one that has prevented a hearing for the past 17 months.

*Legal Analysis*

A judge is presumed to be impartial and the burden is on the party asserting the challenge to establish sufficient factual grounds warranting disqualification. *Ybarra v. State of Nevada*, 127 Nev. 47, 247 P.3d 269, 272 (2011).

The Supreme Court of Nevada has specifically held that a judge is not disqualified merely because of his or her judicial rulings. See, *In re Petition to Recall Dunleavy*, 104 Nev. 784, 789-90 (1988) (noting that the "rulings and actions of a judge during the course

of official judicial proceedings do not establish legally cognizable grounds for disqualification," and "personal bias necessary to disqualify must 'stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'") (quoting *United States v. Beneke*, 449 F.2d 1259, 1260-61 (8th Cir. 1971)). The disqualification process cannot be validly triggered by Tenant's dissatisfaction with Hearing Master Brown's ruling in this or any other case. In this case, Hearing Master Brown has ruled in Tenant's favor on every motion Tenant has filed.

Tenant has failed to meet his burden in overcoming the presumption that Hearing Master Brown possesses no actual or implied bias or prejudice. Therefore,

**IT IS HEREBY ORDERED** that Tenant's Motion for Recusal of Hearing Master David Brown is DENIED.

DATED this 16th day of December 2022.

MELISSA A. SARAGOSA
Chief Judge