**EXHIBIT V**

**EXHIBIT V**

Case 2:20-cv-01765-APG-EJY   Document 92-22   Filed 03/10/23   Page 2 of 3

Las Vegas Justice Court
Electronically Filed
1/24/2023 1:18 PM
Cynthia Cruz
CLERK OF THE COURT

**JUSTICE COURT, LAS VEGAS TOWNSHIP**

**CLARK COUNTY, NEVADA**

| | | |
|---|---|---|
| Tako LLC, | | CASE NO.: 21E014316 |
| | Landlord(s) | DEPT. NO.: JC CIVIL EVICTIONS |
| vs. | | |
| Parnell Colvin, | | ORDER REGARDING MOTION TO SEAL SUMMARY EVICTION |
| | Tenant(s) | |

This matter having come before the Court on the Tenant's Motion to Seal Eviction Case Court File and the Court having reviewed the pleadings and documentation on file herein and good cause appearing therefore,

**IT IS HEREBY ORDERED** that:

☐ The Motion is GRANTED and the eviction case court file is hereby SEALED.

☐ The Motion shall be heard on the ____ day of _____, 20____ at _____ .m. in Courtroom ____, Regional Justice Center, 200 Lewis Avenue, Las Vegas, NV 89155.

☒ The Motion is DENIED.

☒ Other: NRS 40.2545 reads in pertinent part as follows:

3. ... the court may order the sealing of an eviction case court file for an action for summary eviction pursuant to NRS 40.253, 40.254 or 40.2542:

... (b) Upon motion of the tenant and decision by the court if the court finds that:

(1) The eviction should be set aside pursuant to Rule 60 of the Justice Court Rules of Civil Procedure; or

(2) Sealing the eviction case court file is in the interests of justice and those interests are not outweighed by the public's interest in knowing about the contents of the eviction case court file, after considering, without limitation, the following factors:

(I) Circumstances beyond the control of the tenant that led to the eviction;

(II) Other extenuating circumstances under which the order of eviction was granted; and

(III) The amount of time that has elapsed between the granting of the order of eviction and the filing of the motion to seal the eviction case court file.

The court finds there are no grounds pursuant to Rule 60 by which this case file may be sealed. Neither will the case be automatically sealed based upon section 1 of NRS 40.2545 as there was no dismissal or denial and the eviction was granted well after Governor Sisolak terminated the COVID

emergency declaration. Accordingly, the only provision under which Tenant's case may be sealed is NRS 40.4525(3)(b)(2) wherein the court must find that sealing the eviction case court file is in the interests of justice and those interests are not outweighed by the public's interest in knowing about the contents of the eviction case court file. The court will evaluate the case under the three factors set forth in the statute.

The court does not find that there were circumstances beyond Tenant's control. Tenant received the 30-day no-cause notice on June 2, 2021, hearing was set for September 7, 2021. It is possible, as of September 7, 2021, that Tenant may have been experiencing circumstances beyond his control which might justify sealing the eviction. However, Tenant altered the overall circumstances of the summary eviction case when he delayed the proceedings with two bankruptcy filings and then removed the case five times to the US District Court until that court adjudicated Tenant a vexatious litigant. Tenant's efforts delayed the hearing by 15 months. During the 15 month delay, Tenant always had the opportunity to quit the premises but failed to do so. As this was a no-cause eviction proceeding, Tenant had essentially depleted any defenses that he might have had under NRS 118A.510 and/or AB486.

The court will evaluate the substance of Tenant's Motion to Seal. In his motion, Tenant alleged that "I had moved out of the property well before the court date and hearing was taking place. I was not in the property when the constable came to do a lockout. For these reasons the case should be sealed." First, Tenant's assertion that he had moved out of the property well before the court date is in direct contradiction to Tenant's testimony at the December 27, 2022 hearing. At the time of the hearing, Tenant stated, effectively, that he would make it easy on everyone, announcing that he was in the process of moving out and only needed until January 3, 2023 to surrender the rental residence to the Landlord. Tenant did not represent that he had vacated the residence, but would surrender possession after one week. The court explained at the hearing to Tenant that, if he had in fact already vacated, the issue of possession would be moot and the court would not grant eviction. Tenant repeated he only needed until January 3, 2023 and never stated that he had moved out. The court finds Tenant's testimony at hearing to be the most reliable. Tenant in fact had not moved out, and Tenant's now revised version of the facts does not change that factual finding.

The court may consider other extenuating circumstances which might favor sealing Tenant's court case file or the amount of time that has lapsed since the eviction order. It has been less than a month since eviction was ordered, so no consideration will be given on that basis. Moreover, all other circumstances work against sealing of this case. The facts of this case in fact support the public's interest in knowing the contents of the eviction case court file. The public and future landlords have an interest in a Tenant's rental history. In this case, Tenant's extreme and baseless efforts, namely, the abuse of civil processes in federal bankruptcy and district court to delay the eviction hearing and the possibility of eviction in this case...all while Tenant was not paying rent, justifies denial of Tenant's Motion to Seal.

Accordingly, after review of the criteria governing the sealing by motion of an eviction case court file, the court finds no grounds exist for sealing Tenant's case. Therefore, Tenant's Motion to Seal is hereby denied.

DATED this 23rd day of January, 2023.

David Brown
HEARING MASTER