Martin A. Little, Nevada Bar No. 7067
Robert L. Rosenthal, Nevada Bar No. 6476
Robert Hernquist, Nevada Bar No. 10616
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: rlr@h2law.com
Email: mal@h2law.com
Email: rwh@h2law.com

*Attorneys for Defendant M.J. Dean Construction, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN,<br><br>    Plaintiff,<br><br>vs.<br><br>M.J. DEAN CONSTRUCTION, INC,<br><br>    Defendant. | Case No. 2:20-cv-01765-APG-EJY<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S SECOND MOTION IN LIMINE TO EXCLUDE EVIDENCE OF TERMINATION OF PAST EMPLOYMENT** |

Defendant M.J. Dean Construction, Inc. ("Defendant" or "MJ Dean") submits the following Opposition to Plaintiff's Second Motion in Limine to Exclude Evidence of Termination of Past Employment (ECF 87):

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I. PRELIMINARY STATEMENT

In this motion, Plaintiff asks this Court to issue a ruling that would preclude MJ Dean from questioning Plaintiff "relating to termination from past employment." (ECF 87 at 2:17-18). During the parties meet and confer conference, counsel for MJ Dean informed Plaintiff's newest attorney that Plaintiff had testified at deposition regarding a prior employment termination and lawsuit and that MJ Dean believed this information was admissible pursuant to FRE 401 and 402. (See email correspondence, ECF 83-2). Plaintiff's motion does not address this specific testimony or the specific reasons identified by MJ Dean and does not address the narrow remaining dispute following the parties' meet and confer conference. Indeed, Plaintiff did not even both to attach an attorney declaration regarding the meet and confer conference as required by Local Rule 16-3.

The dispute is far narrower than what is identified in Plaintiff's motion. At deposition, Plaintiff testified that he was terminated from Turner Construction Company and that he sued the company, Jeff Cummings, Sean Dishman, and Jeff Oberman for wrongful discharge. Plaintiff also testified that he received $100,000 to settle the lawsuit. As discussed below, this specific instance of Plaintiff's termination from past employment is both admissible and relevant. Consequently, the motion should be denied.

## II. LAW AND ARGUMENT

### A. LEGAL STANDARD REGARDING MOTIONS IN LIMINE

Evidence should not be excluded on a motion in limine unless it is inadmissible on all potential grounds. *McConnell v. Wal-Mart Stores, Inc.*, 995 F. Supp. 2d 1164, 1167 (D. Nev. 2014). Unless this high standard is met, ruling on the motion in limine should be denied until trial so that the evidence can be considered in its proper context. *McConnell*, 995 F. Supp. 2d at 1167 Regardless of a court's initial decision on a motion in limine, however, it may revisit the issue at trial. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984) ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). The Supreme Court has recognized that a ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court.

2

*United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (*citing Luce*, 469 U.S. at 41-42.)

**B.  EVIDENCE REGARDING PLAINTIFF'S PRIOR TERMINATION, AND SUBSEQUENT DISCRIMINATION CLAIM, IS RELEVANT AND SHOULD BE ADMISSIBLE**

Plaintiff argues his prior termination of employment, and subsequent claim of discrimination following that termination, is irrelevant.  Notably, Plaintiff fails to cite any legal authority on this issue.

Courts have also held that prior lawsuits may be admissible to show a plan, scheme, or modus operandi.  *Mathis v. Phillips Chevrolet, Inc.*, 269 F.3d 771, 775 (7th Cir. 2001). In *Mathis*, the court held that evidence of a pattern of suspect employment discrimination lawsuits against Chicago-area car dealerships is admissible to show a plan, scheme, or modus operandi despite Rule 404(b).  269 F.3d at 775.  Here, MJ Dean submits that Plaintiff's prior instance of asserting a discrimination claim following termination of his employment is evidence of a plan, scheme, or modus operandi.  Plaintiff's prior claims against Turner Construction Company are relevant to his credibility, and MJ Dean should be allowed to question Plaintiff on this subject at trial.

Plaintiff's arguments regarding perceived prejudice are equally unpersuasive.  Under the Federal Rules of Evidence, "admissibility of evidence is favored unless the probative value of the evidence is so low as to warrant exclusion when prejudice is a factor."  *Coffey v. United States*, No. CIV 08-0588 JB/LFG, 2012 U.S. Dist. LEXIS 67261, 2012 WL 1698289 at *3-4 (D.N.M. May 8, 2012).  Rule 403 was designed "to keep evidence not germane to any issue outside the purview of the jury's consideration."  *Id*.  Here, the evidence at issue is germane to Plaintiff's credibility.  Consequently, Plaintiff's arguments regarding Rule 403 are insufficient to exclude this line of questioning and the motion should be denied.

/ / /
/ / /
/ / /
/ / /
/ / /

3

### III. CONCLUSION

Based on the foregoing, Plaintiff's Second Motion in Limine to Exclude Evidence of Termination of Past Employment (ECF 87) should be denied.

HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ Robert Hernquist
    Robert Rosenthal
    Martin A. Little
    Robert Hernquist

*Attorneys for Defendant M.J. Dean Construction, Inc.*

4

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been electronically filed and served upon the following parties on February 24, 2023 through the Court's ECF system.

LAW OFFICES OF MICHAEL P. BALABAN
Michael P. Balaban, Esq.
10726 Del Rudini Street
Las Vegas, NV 89141

*Attorneys for Plaintiff*

/s/ Barbara Dunn
Howard & Howard Attorneys PLLC