Martin A. Little, Nevada Bar No. 7067
Robert L. Rosenthal, Nevada Bar No. 6476
Robert Hernquist, Nevada Bar No. 10616
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: rlr@h2law.com
Email: mal@h2law.com
Email: rwh@h2law.com

*Attorneys for Defendant M.J. Dean Construction, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN, | Case No. 2:20-cv-01765-APG-EJY |
| Plaintiff, | **DEFENDANT'S OPPOSITION TO PLAINTIFF'S THIRD MOTION IN LIMINE TO EXCLUDE WITNESSES** |
| vs. | |
| M.J. DEAN CONSTRUCTION, INC, | |
| Defendant. | |

## I.
## INTRODUCTION

Plaintiff's third motion in limine ("MIL") is a complete re-hash of Plaintiff's motion to exclude witnesses and strike exhibits that Plaintiff filed almost *1 ½ years ago* in response to Defendant's motion for summary judgment. (ECF Nos. 43 and 45.) Accordingly, Plaintiff's MIL is again trying to exclude the same three witnesses from testifying at trial (Theodore Logan, Julian Jeffers and Antonio-Jalomo-Rodriguez), when they are solely being offered to impeach Plaintiff's testimony concerning the following three discrete issues:

1. Plaintiff's claim that Kevin Gutierrez discriminated and harassed Plaintiff based on his race and called him the N-word one time on November 14, 2019;

2. Plaintiff's statement that he complained about racist graffiti to "Julian" (clearly, referring to Defendant's witness, Julian Jeffers) and "Tony" (clearly, referring to Defendant's witness Antonio Jalomo-Rodriguez); and

3. Plaintiff's allegation that racist graffiti and remarks in the workplace were severe

and pervasive.

On June 10, 2022, the Court denied Plaintiff's Motion to Strike and Exclude as moot.

> Colvin seeks to exclude three witnesses and strike their respective declarations attached to Dean's motion for summary judgment. The declarations concern whether Gutierrez called Colvin a racial slur during their confrontation, and whether Colvin reported the graffiti to safety personnel. The declarations do not alter my decisions on the parties' dispositive motions. Consequently, I deny as moot Colvin's motions to exclude witnesses and strike exhibits.

(ECF No. 55 at pp. 10:22 – 11:3.)

Plaintiff has, therefore, been well-aware of what these three witnesses will testify about at trial since at least October 8, 2021, when their declarations were included in Defendant's motion for summary judgment. (ECF No. 43-12, 13 and 14). Further, Plaintiff fails to advise the Court that the reason why these three witnesses were not included in Defendant's disclosures was because only days before discovery closed on August 9, 2021, Plaintiff claimed *for the first time* that he had been subjected to severe and pervasive racist graffiti.[1] (ECF No. 52.)

Due to the fact that Plaintiff's change in strategy occurred on the eve of the discovery deadline, Defendant was forced to include declarations from three previously undisclosed witnesses in its Motion for Summary Judgment for the sole limited purpose of impeachment concerning these discrete new issues, which was in in compliance with Fed. R. Civ. P. 26(a)(1)(A)(i).

At no time during the last year and a half has Plaintiff asked to take the depositions of any of these three fact witnesses or sought to re-open discovery for such a purpose. Indeed, it is telling that Plaintiff's motion to amend the parties' joint pre-trial order never discussed Defendant's three witnesses. (ECF 76 at p. 2:1-8.)

In light of the foregoing, the fact that these three witnesses were not included in Defendant's Rule 26 disclosures was both justified and harmless, particularly because they are only being offered for impeachment purposes. In addition, Plaintiff will not be prejudiced if these

---

[1] Plaintiff's shift in focus to the graffiti is readily apparent when comparing the facts alleged in Plaintiff's First Amended Complaint ("FAC") with those in his Motion for Partial Summary Judgment and Opposition to Defendant's Motion for Summary Judgment, particularly because the FAC never mentions graffiti. (ECF Nos. 25, 44 and 48.)

2

witnesses are permitted to testify at trial because Defendant intends to limit the scope of their testimony to what they already stated in their declarations.

## II.
## ARGUMENT

A. **LEGAL STANDARD REGARDING MOTIONS IN LIMINE**

Evidence should not be excluded on a motion in limine unless it is inadmissible on all potential grounds. *McConnell v. Wal-Mart Stores, Inc.*, 995 F. Supp. 2d 1164, 1167 (D. Nev. 2014). Unless this high standard is met, ruling on the motion in limine should be denied until trial so that the evidence can be considered in its proper context. *McConnell*, 995 F. Supp. 2d at 1167 Regardless of a court's initial decision on a motion in limine, however, it may revisit the issue at trial. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984) ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). The Supreme Court has recognized that a ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court. *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (*citing Luce*, 469 U.S. at 41-42.)

B. **PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE DEFENDANT'S FAILURE TO INCLUDE THE THREE FACT WITNESSES IN ITS DISCLOSURES WAS SUBSTANTIALLY JUSTIFIED OR HARMLESS**

Information may be introduced at trial if a party's failure to disclose the required information is substantially justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir .2001). "In determining whether to preclude introduction of evidence pursuant to [Rule] 37, courts consider (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Dey, L.P. v. Ivax Pharms., Inc.*, 233 F.R.D. 567, 571 (C.D. Cal. 2005). Additionally, Rule 37(c)(1) does not require the court, in all instances, to exclude evidence as a sanction for a late disclosure that is neither justified nor harmless. *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 594 (D. Nev.2011); *citing Design Strategy, Inc. v. Davis*, 469 F.3d at 296, 298, and *Allstate Ins. Co. v.*

3

*Nassiri*, 2011 WL 2977127, *5–6 (D.Nev.2011).

Applying the factors listed in *Dey, L.P.* to the present case, Plaintiff cannot claim surprise in Defendant wanting to have these three fact witnesses at trial. The scope of their anticipated testimony was already disclosed in their declarations, which were attached to Defendant's motion for summary judgment that was filed on October 8, 2021. (ECF Nos. 43-12, 43-13 and 43-14.) Further, Plaintiff testified that he complained about graffiti to "Julian" and "Tony" in his deposition, which could only mean Julian Jeffers and Antonio Jalomo-Rodriguez. Further, all three individuals were named as trial witnesses in the parties' joint pretrial order (albeit, with objections from Plaintiff). (ECF No. 11 at p. 11.)

If the Court permits the Logan, Jeffers and Jalomo-Rodriguez to testify at trial, it would not disrupt the proceedings in the least, as the scope of their testimony will be limited to what they already declared in their declarations. This testimony is important and material to this case, because it directly contradicts Plaintiff's claim that he complained about, and was subject to, racial discrimination and harassment. Finally, as previously discussed, Defendant's failure to disclose these witnesses was justified due to Plaintiff's last-minute change in strategy.

**C.  THE COURT SHOULD PERMIT THE THREE FACT WITNESSES TO TESTIFY AT TRIAL BECAUSE THEIR TESTIMONY IS FOR IMPEACHMENT PURPOSES ONLY**

Rule 26(A)(1) of the Federal Rules of Civil Procedure states in pertinent part,

> In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, ***unless the use would be solely for impeachment***;

(Emphasis added.)

In the present case, the witnesses should be permitted to testify at trial in order to impeach Plaintiff's testimony concerning his interactions with Gutierrez and Plaintiff's alleged complaints

4

about discrimination and harassment in the workplace. Indeed, Plaintiff is well-aware that the three witnesses will provide the following impeachment testimony:

**Theodore Logan:** Logan's testimony will mirror the statements in his declaration, where he stated that he personally witnessed the incident between Plaintiff and Gutierrez on November 14, 2019, and that he never heard Gutierrez call him (or anyone else) the N-word. Logan also attested that he never heard anybody at MJ Dean say or do anything that discriminated or harassed another employee based on an individual's race or ethnicity. (ECF 43-12.)

**Julian Jeffers:** Jeffers' testimony will also mimic his declaration, where he said that, other than Plaintiff complaining to him about Gutierrez on November 14, 2019, at no other time did Plaintiff complain to him about any sort of discrimination or harassment in the workplace, including racist graffiti and/or racist remarks. Jeffers also declared that, during the entire time that he has worked for Defendant, he never heard anyone make any discriminatory remarks based on someone's race or ethnicity. (ECF 43-13.)

**Antonio Jalomo-Rodriguez:** Jalomo-Rodriguez' testimony will mirror his declaration, where he stated that Colvin never complained to him about anything at any time. Jalomo-Rodriguez also asserted that he never heard anyone say or do anything that discriminated or harassed an employee based on the person's race or ethnicity. (ECF 43-14.)

Due to the fact that the above-referenced witnesses are only being offered for impeachment purposes, they did not need to be included in the Rule 26 disclosures. Accordingly, they should be permitted to testify at trial.

/ / /

/ / /

/ / /

/ / /

/ / /

5

## III.
## CONCLUSION

Based on the foregoing, Plaintiff's Third Motion in Limine should be denied.

                                               HOWARD & HOWARD ATTORNEYS PLLC

                                               By: /s/ Robert Hernquist
                                                         Robert Rosenthal
                                                         Martin A. Little
                                                         Robert Hernquist

                                               *Attorneys for Defendant M.J. Dean*
                                               *Construction, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically filed and served upon the following parties on March 10, 2023 through the Court's ECF system.

LAW OFFICES OF MICHAEL P. BALABAN
Michael P. Balaban, Esq.
10726 Del Rudini Street
Las Vegas, NV 89141

*Attorneys for Plaintiff*

/s/ Barbara Dunn
Howard & Howard Attorneys PLLC