Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023
E-Mail: mbalaban@balaban-law.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN,<br><br>   Plaintiff,<br><br> vs.<br><br>M.J. DEAN CONSTRUCTION, INC.,<br><br>   Defendant. | CASE NO. 2:20-cv-01765-APG-EJY<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT RELATED TO OTHER CLAIMS OR LITIGATION INVOLVING DEFENDANT<br><br>Trial: March 27, 2023<br>Time: 9;00 a.m.<br>Judge: Honorable Andrew Gordon |

  Plaintiff PARNELL COLVIN ("Plaintiff" or "Colvin") submits this Response to Defendant M.J. Dean Construction, Inc's ("Defendant" or "M.J. Dean Construction") First Motion in Limine to exclude evidence or argument related to other claims or litigation involving Defendant.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**PRELIMINARY STATEMENT**

  This is a race-based employment discrimination action.  Plaintiff Colvin is black.  His legal

1

claims of (1) retaliation, (2) discrimination regarding overtime opportunities, (3) harassment and (4) negligent training and supervision will be heard at trial. He seeks lost wages and compensatory damages for pain and suffering, including humiliation, embarrassment and emotional distress relative to the above legal claims. He also seeks attorney's fees and costs.

M.J. Dean Construction seeks to exclude evidence or argument related to other claims or litigation involving Defendant.

Although Plaintiff is not aware of any other claims or litigation involving Defendant he seeks to introduce at trial, Plaintiff position is that other claims or litigation involving both Plaintiff and Defendant should be excluded at trial.

## II.

## THIS COURT MAY EXCLUDE EVIDENCE IN ADVANCE OF TRIAL BY WAY OF AN IN LIMINE MOTION

The Court has authority to grant a motion in limine, in advance of trial, which excludes inadmissible evidence, as well as any and all reference by the parties, attorneys and witnesses to the inadmissible evidence. *Luce v. U.S.*, 469 U.S. 38, 41 (1984), 16 Fed. R. Evid. Serv. 833 (1984); *U.S. v. Lachman*, 48 F.3d 586, 590-94, 41 Fed. R. Evid. Serv. 339 (1st Cir. 1995).

In addition, Federal Rules of Evidence 103(c) and 104(c) allow the court to hear and determine the question of the admissibility of evidence outside the presence or hearing of the jury. *Williams v. Board of Regents of University System of Georgia*, 629 F.2d 993, 999-1001 (5th Cir. 1980).

## III.

## EVIDENCE OF OTHER CLAIMS OR LITIGATION INVOLVING BOTH PLAINTIFF AND DEFENDANT SHOULD BE EXCLUDED FROM INTRODUCTION AT TRIAL AS HEARSAY, INADMISSABLE CHARACTER EVIDENCE, IRRELEVANT OR UNFAIRLY PREJUDICIAL

Federal Rule of Evidence 401 provides that "evidence is relevant if (a) it has any tendency

to make a fact more or less probably than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Huddleston v. U.S.*, 485 U.S. 681, 682-92, 25 Fed. R. Evid. Serv. 1 (1988); *U.S. v. Brandon*, 17 F.3d 409, 443-46 (1st Cir. 1994) (rejected on other grounds by, *U.S. v. Stockheimer*, 157 F.3d 1082 (7th Cir. 1998)).  Evidence must be excluded where it is not relevant to matters at issue. *Arlio v. Lively*, 474 F.3d 46 (2nd Cir. 2007) (evidence regarding a prior arbitration was irrelevant and should have been excluded); *U.S. v. Edwards*, 631 F.2d 1049, 1051 (2d Cir. 1980) (trial judge had discretion to exclude two witnesses that were offered by the defendant as irrelevant and collateral.)  Further, "[T]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needless presenting cumulative evidence." *Federal Rule of Evidence 403*.

In addition hearsay is a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. *Federal Rule of Evidence 801*.  Finally evidence of a person's character or trait of his or her character, whether in the form of an opinion, evidence of reputation, or evidence of specific instances or his or her conduct, is inadmissible when offered to prove his or her conduct on a specified occasion. *Federal Rule of Evidence 404*.

In this case, if other claims or litigation involving Defendant are inadmissible hearsay or character evidence or not relevant to the issues present in this case or any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, etc. then how could other claims or litigation involving Plaintiff somehow not be hearsay, inadmissible character evidence, be relevant and their probative value not be substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, etc.

In either case, the jury would be asked to conclude that because of the other claims or litigation the Plaintiff or Defendant as the case may be, is liable or not liable, at least in part, because of the other claims or litigation.

Further with respect to the other claims or litigation of Plaintiff that Defendant is trying to introduce at trial, none of these were disclosed in discovery or made part of the parties Joint Pretrial Order.

Thus for all these reasons, the Court should exclude evidence at trial of other claims or litigation of both Plaintiff and Defendant.

## IV.

## CONCLUSION

For all the reasons stated above, Plaintiff requests that this Court exclude evidence at trial of other claims or litigation involving both Plaintiff and Defendant.

DATED: 3/10/2023                         LAW OFFICES OF MICHAEL P. BALABAN

BY: /s/ Michael P. Balaban
Michael P. Balaban, Esq.
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to FRCP Rule 5(b)(3) and LR IC 4-1(a), a true and correct copy of the foregoing document was electronically served via the Court's CM/ECF electronic filing system to the following persons on March 10, 2023:

Martin A. Little, Esq.
Robert L. Rosenthal, Esq.
HOWARD & HOWARD ATTORNEYS PLLC
*Attorneys for Defendant*

/s/ Michael P. Balaban
Michael P. Balaban