\Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023
E-Mail: mbalaban@balaban-law.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PARNELL COLVIN,

               Plaintiff,

      vs.

M.J. DEAN CONSTRUCTION, INC.,

          Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 2:20-cv-01765-APG-EJY

PLAINTIFF'S RESPONSE TO DEFENDANT'S FOURTH MOTION IN LIMINE TO EXCLUDE TESTIMONY AND EVIDENCE OF DEFENDANT'S ALLEGED MISCONDUCT AGAINST OTHER EMPLOYEES

Trial: March 27, 2023
Time: 9;00 a.m.
Judge: Honorable Andrew Gordon

       Plaintiff PARNELL COLVIN ("Plaintiff" or "Colvin") submits this Response to Defendant M.J. Dean Construction, Inc's ("Defendant" or "M.J. Dean Construction") Fourth Motion in Limine to exclude testimony and evidence of Defendant's alleged misconduct against other employees.

///

///

///

1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## PRELIMINARY STATEMENT

This is a race-based employment discrimination action.  Plaintiff Colvin is black.  His legal claims of (1) retaliation, (2) discrimination regarding overtime opportunities, (3) harassment and (4) negligent training and supervision will be heard at trial.  He seeks lost wages and compensatory damages for pain and suffering, including humiliation, embarrassment and emotional distress relative to the above legal claims.  He also seeks attorney's fees and costs.

M.J. Dean Construction fourth motion seeks to exclude testimony and evidence of Defendant's alleged misconduct against other employees.

In order to prove a hostile work environment the conduct must be sufficiently severe or pervasive to alter the conditions of plaintiff's employment and create a racially abusive or hostile work environment.  Because the inquiry focuses on the workplace environment as a whole, a racially hostile work environment may exist even if some of the hostility was directed at other workers.

Further an issue exists in the case as to whether Defendant was negligent in its training, supervision and hiring which might include looking at its misconduct against other employees.

This being the case Defendant's motion to exclude testimony and evidence of alleged misconduct against other employees is not well taken and should be summarily denied.

## II.

## THIS COURT MAY EXCLUDE EVIDENCE IN ADVANCE OF

## TRIAL BY WAY OF AN IN LIMINE MOTION

The Court has authority to grant a motion in limine, in advance of trial, which excludes inadmissible evidence, as well as any and all reference by the parties, attorneys and witnesses to the inadmissible evidence. *Luce v. U.S.*, 469 U.S. 38, 41 (1984), 16 Fed. R. Evid. Serv. 833 (1984); *U.S. v. Lachman*, 48 F.3d 586, 590-94, 41 Fed. R. Evid. Serv. 339 (1st Cir. 1995).

In addition, Federal Rules of Evidence 103(c) and 104(c) allow the court to hear and determine the question of the admissibility of evidence outside the presence or hearing of the jury. *Williams v. Board of Regents of University System of Georgia*, 629 F.2d 993, 999-1001 (5th Cir. 1980).

### III.

**TESTIMONY AND EVIDENCE OF DEFENDANT'S ALLEGED MISCONDUCT AGAINST OTHER EMPLOYEES IS RELEVANT AND THEREFORE SHOULD NOT BE EXCLUDED FROM INTRODUCTION AT TRIAL AND AT ANY RATE SHOULD NOT BE EXCLUDED AT THIS POINT WITHOUT KNOWING EXACTLY WHAT THE EVIDENCE IS**

Federal Rule of Evidence 401 provides that "evidence is relevant if (a) it has any tendency to make a fact more or less probably than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Huddleston v. U.S.*, 485 U.S. 681, 682-92, 25 Fed. R. Evid. Serv. 1 (1988); *U.S. v. Brandon*, 17 F.3d 409, 443-46 (1st Cir. 1994) (rejected on other grounds by, *U.S. v. Stockheimer*, 157 F.3d 1082 (7th Cir. 1998)).  Evidence must be excluded where it is not relevant to matters at issue. *Arlio v. Lively*, 474 F.3d 46 (2nd Cir. 2007) (evidence regarding a prior arbitration was irrelevant and should have been excluded); *U.S. v. Edwards*, 631 F.2d 1049, 1051 (2d Cir. 1980) (trial judge had discretion to exclude two witnesses that were offered by the defendant as irrelevant and collateral.)  Finally, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needless presenting cumulative evidence." *Federal Rule of Evidence 403.*

Here relevant evidence in this case is any evidence that tends to show that a racially hostile work environment existed at M.J. Dean Construction.  That may include testimony or other evidence showing misconduct based on his race against Colvin or other employees.

*See McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1117 (9th Cir. 2004)-"if racial hostility

pervades a workplace, a plaintiff may establish a violation of Title VII, even if such hostility was not directly targeted at the plaintiff".

Where racial slurs have been directed at a minority race which plaintiff is a member, similar slurs directed at other minorities may contribute to the overall hostility of the working environment. *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 (2nd Cir. 2000).

Plaintiff must show the conduct was so offensive "as to render the workplace hostile not only for him but for any reasonable employee who likewise was a bystander rather than a target of the harassment. *Walker v. Mueller Industries, Inc.*, 408 F.3d 328, 331 (7th Cir. 2005); *Barnett v. Whirlpool Corp.*, 556 F.3d 502, 511-513 (6th Cir. 2009).

Finally motions in limine are improper where it is not known exactly what evidence will be presented at trial.  Often the trial judge must wait until the context of the trial before the judge can assess the factual context of the evidence and determine the admissibility of it.  Actual testimony often defies pretrial predictions of what a witness will say on the stand. *U.S. v. Cline*, 188 F. Supp. 2d 1287, 1291, 59 Fed. R. Evid. Serv. 99 (D. Kan. 2002), aff'd 349 F.3d 1276 (10th Cir. 2003).

"[T]he trial court must consider the evidence in light of the entire case and determine whether it provides a basis for reasonable inferences related to plaintiff's claim." *Cummings v. Standard Register Co.*, 265 F.3d 56, 63 (1st Cir. 2001).

Plaintiff intends to call all of the witnesses listed as Plaintiff's witnesses (and possibly some of the Defendant's witnesses) in the Joint Pretrial Order and intends to ask most if not all of them about Defendant's misconduct against other employees.

Thus if anything the Court should wait to see what evidence is presented at trial with respect to Defendant's misconduct against other employees and thus deny Defendant's motion in limine at this point.

## IV.

## CONCLUSION

For all the reasons stated above, Plaintiff requests that this Court *not* exclude testimony

and evidence of Defendant's alleged misconduct against other employees at this point but wait until the evidence is presented at trial.

DATED: 3/10/2023                        LAW OFFICES OF MICHAEL P. BALABAN


                                        BY: /s/ Michael P. Balaban
                                           Michael P. Balaban, Esq.
                                           LAW OFFICES OF MICHAEL P. BALABAN
                                           10726 Del Rudini Street
                                           Las Vegas, NV  89141


### CERTIFICATE OF SERVICE

I hereby certify that pursuant to FRCP Rule 5(b)(3) and LR IC 4-1(a), a true and correct copy of the foregoing document was electronically served via the Court's CM/ECF electronic filing system to the following persons on March 10, 2023:


Martin A. Little, Esq.
Robert L. Rosenthal, Esq.
HOWARD & HOWARD ATTORNEYS PLLC
*Attorneys for Defendant*


                                        /s/ Michael P. Balaban
                                        Michael P. Balaban