Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023
E-Mail: mbalaban@balaban-law.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN, | CASE NO. 2:20-cv-01765-APG-EJY |
| Plaintiff, | PLAINTIFF'S RESPONSE TO DEFENDANT'S FIFTH MOTION IN LIMINE TO EXCLUDE TESTIMONY AND EVIDENCE CONCERNING ANY BAD ACTS PERPETRATED BY DEFENDANT THAT OCCURRED AFTER PLAINTIFF'S TERMINATION OF EMPLOYMENT |
| vs. | |
| M.J. DEAN CONSTRUCTION, INC., | |
| Defendant. | Trial: March 27, 2023<br>Time: 9;00 a.m.<br>Judge: Honorable Andrew Gordon |

Plaintiff PARNELL COLVIN ("Plaintiff" or "Colvin") submits this Response to Defendant M.J. Dean Construction, Inc's ("Defendant" or "M.J. Dean Construction") Fifth Motion in Limine to exclude testimony and evidence concerning any alleged bad acts perpetrated by Defendant that occurred after Plaintiff's termination of employment.

///

///

///

///

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## PRELIMINARY STATEMENT

This is a race-based employment discrimination action. Plaintiff Colvin is black. His legal claims of (1) retaliation, (2) discrimination regarding overtime opportunities, (3) harassment and (4) negligent training and supervision will be heard at trial. He seeks lost wages and compensatory damages for pain and suffering, including humiliation, embarrassment and emotional distress relative to the above legal claims. He also seeks attorney's fees and costs.

M.J. Dean Construction seeks to exclude testimony and evidence concerning any bad acts perpetrated by Defendant after Plaintiff's termination of employment.

Specifically this evidence should not be excluded because it is relevant to show that bad acts or a hostile environment persisted even after Plaintiff was terminated and could thus be relevant to show that Defendant was still not compliant with its duty to ensure that a hostile work environment was not present at its workplace and that it was still negligent in its training, supervision and hiring, even after Plaintiff's employment was terminated.

This being the case Defendant's motion to exclude testimony and evidence concerning any bad acts perpetrated by Defendant after Plaintiff's termination of employment should be summarily denied.

## II.

## THIS COURT MAY EXCLUDE EVIDENCE IN ADVANCE OF TRIAL BY WAY OF AN IN LIMINE MOTION

The Court has authority to grant a motion in limine, in advance of trial, which excludes inadmissible evidence, as well as any and all reference by the parties, attorneys and witnesses to the inadmissible evidence. *Luce v. U.S.*, 469 U.S. 38, 41 (1984), 16 Fed. R. Evid. Serv. 833 (1984); *U.S. v. Lachman*, 48 F.3d 586, 590-94, 41 Fed. R. Evid. Serv. 339 (1st Cir. 1995).

In addition, Federal Rules of Evidence 103(c) and 104(c) allow the court to hear and

determine the question of the admissibility of evidence outside the presence or hearing of the jury. *Williams v. Board of Regents of University System of Georgia*, 629 F.2d 993, 999-1001 (5th Cir. 1980).

### III.

### TESTIMONY AND EVIDENCE CONCERNING ANY BAD ACTS PERPETRATED BY DEFENDANT THAT OCCURRED AFTER PLAINTIFF'S TERMINATION OF EMPLOYMENT COULD BE RELEVANT AND THEREFORE SHOULD NOT BE EXCLUDED FROM INTRODUCTION AT TRIAL AND AT ANY RATE SHOULD NOT BE EXCLUDED AT THIS POINT WITHOUT KNOWING EXACTLY WHAT THE EVIDENCE IS

Federal Rule of Evidence 401 provides that "evidence is relevant if (a) it has any tendency to make a fact more or less probably than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Huddleston v. U.S.*, 485 U.S. 681, 682-92, 25 Fed. R. Evid. Serv. 1 (1988); *U.S. v. Brandon*, 17 F.3d 409, 443-46 (1st Cir. 1994) (rejected on other grounds by, *U.S. v. Stockheimer*, 157 F.3d 1082 (7th Cir. 1998)). Evidence must be excluded where it is not relevant to matters at issue. *Arlio v. Lively*, 474 F.3d 46 (2nd Cir. 2007) (evidence regarding a prior arbitration was irrelevant and should have been excluded); *U.S. v. Edwards*, 631 F.2d 1049, 1051 (2d Cir. 1980) (trial judge had discretion to exclude two witnesses that were offered by the defendant as irrelevant and collateral.) Finally, "[T]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needless presenting cumulative evidence." *Federal Rule of Evidence 403*.

In a hostile work environment case, the employer must take remedial steps not only initially, but must take permanent remedial steps "reasonably calculated to end the current harassment and deter future harassment from the same offender or others" *Yamaguchi v. United States Department of the Air Force*, 109 F.3d 1475, 1483 (9th Cir. 1997); *Mikels v. City of*

*Durham, N.C.*, 183 F.3d 1475, 1483 (4th Cir. 1999).

Thus evidence of bad acts (ie. racially hostile speech, graffiti or other conduct) that continued to permeate M.J. Dean Construction's workplace after Colvin was terminated might be relevant given the evidence.

This being the case, it would be more prudent for the Court to take a "wait and see" approach and not make a determination on admissibility until the evidence is actually presented at trial. *See U.S. v. Cline*, 188 F. Supp. 2d 1287, 1291, 59 Fed. R. Evid. Serv. 99 (D. Kan. 2002), aff'd 349 F.3d 1276 (10th Cir. 2003)-Motions in limine are improper where it is not know exactly what evidence will be presented at trial. Often the trial judge must wait until the context of the trial before the judge can assess the factual context of the evidence and determine the admissibility of it. Actual testimony often defies pretrial predictions of what a witness will say on the stand.

## IV.
## CONCLUSION

For all the reasons stated above, Plaintiff requests that this Court *not* exclude at this point, testimony and evidence concerning any alleged bad acts perpetrated by Defendant that occurred after Plaintiff's termination of employment but wait until the evidence is presented at trial.

DATED: 3/10/2023                LAW OFFICES OF MICHAEL P. BALABAN

                                BY: /s/ Michael P. Balaban
                                    Michael P. Balaban, Esq.
                                    LAW OFFICES OF MICHAEL P. BALABAN
                                    10726 Del Rudini Street
                                    Las Vegas, NV  89141

# CERTIFICATE OF SERVICE

I hereby certify that pursuant to FRCP Rule 5(b)(3) and LR IC 4-1(a), a true and correct copy of the foregoing document was electronically served via the Court's CM/ECF electronic filing system to the following persons on March 10, 2023:

Martin A. Little, Esq.
Robert L. Rosenthal, Esq.
HOWARD & HOWARD ATTORNEYS PLLC
*Attorneys for Defendant*

/s/ Michael P. Balaban
Michael P. Balaban