Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023
E-Mail: mbalaban@balaban-law.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN,<br><br>  Plaintiff,<br><br>  vs.<br><br>M.J. DEAN CONSTRUCTION, INC.,<br><br>  Defendant. | CASE NO. 2:20-cv-01765-APG-EJY<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT'S SEVENTH MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING EXPRESSION OF "PRO-TRUMP" BELIEFS AT THE JOBSITE<br><br>Trial: March 27, 2023<br>Time: 9;00 a.m.<br>Judge: Honorable Andrew Gordon |

Plaintiff PARNELL COLVIN ("Plaintiff" or "Colvin") submits this Response to Defendant M.J. Dean Construction, Inc's ("Defendant" or "M.J. Dean Construction") Seventh Motion in Limine to exclude evidence or argument regarding expression of pro-Trump beliefs at the jobsite.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**PRELIMINARY STATEMENT**

This is a race-based employment discrimination action.  Plaintiff Colvin is black.  His legal

1

claims of (1) retaliation, (2) discrimination regarding overtime opportunities, (3) harassment and (4) negligent training and supervision will be heard at trial.  He seeks lost wages and compensatory damages for pain and suffering, including humiliation, embarrassment and emotional distress relative to the above legal claims.  He also seeks attorney's fees and costs.

M.J. Dean Construction's seventh motion seeks to exclude evidence or argument regarding expression of pro-Trump beliefs at the jobsite.

The motion seems to suggest that any mention of Donald Trump name has no relevance to any issue in the lawsuit, and even if it did, the prejudicial impact of the evidence outweighs the probative value of it.

Plaintiff does not seek to show that because someone at the worksite supported Trump they were a white supremacist or racist like the Defendant argues.

Rather Plaintiff will show that pro-Trump speech or graffiti at the worksite mixed in with racist and white supremacist speech or graffiti could be evidence that a hostile work environment was present at the jobsite.  For example some of the graffiti Plaintiff saw and reported referenced Trump and Kevin Gutierrez said in his deposition that some of the white supremacist talk he heard on the jobsite was made by Trump supporters and related to Trump and his 2020 reelection.

Thus pro-Trump speech at the jobsite might be relevant to issues in the case when it was mixed in with racist and white supremacist speech or graffiti and thus help to show that a hostile environment was present at the jobsite.

And while the evidence might be prejudicial depending on what the presentation of the evidence is, all evidence is prejudicial to some extent, and it should not be excluded if its probative value clearly outweighs any prejudice M.J. Dean Construction might incur by the presentation of the evidence.

Finally like most of the motions in limine being filed by M.J. Dean Construction, asking for a blanket exclusion without knowing what will be presented at trial is prejudicial to Colvin's right to present relevant evidence at trial.  If some evidence is presented that mentions Trump's

name is presented, an objection can be made at that time, but just saying that no mention of Trump is proper without knowing the context of what evidence is being presented goes way beyond what is needed and risks the exclusion of relevant evidence that could support Plaintiff's case.

## II.

## THIS COURT MAY EXCLUDE EVIDENCE IN ADVANCE OF TRIAL BY WAY OF AN IN LIMINE MOTION

The Court has authority to grant a motion in limine, in advance of trial, which excludes inadmissible evidence, as well as any and all reference by the parties, attorneys and witnesses to the inadmissible evidence. *Luce v. U.S.*, 469 U.S. 38, 41 (1984), 16 Fed. R. Evid. Serv. 833 (1984); *U.S. v. Lachman*, 48 F.3d 586, 590-94, 41 Fed. R. Evid. Serv. 339 (1st Cir. 1995).

In addition, Federal Rules of Evidence 103(c) and 104(c) allow the court to hear and determine the question of the admissibility of evidence outside the presence or hearing of the jury. *Williams v. Board of Regents of University System of Georgia*, 629 F.2d 993, 999-1001 (5th Cir. 1980).

## III.

## EVIDENCE OR ARGUMENT REFERENCING THE TRUMP NAME OR PRO TRUMP BELIEFS MIGHT BE RELEVANT TO ISSUES PRESENTED IN THE CASE AND THEREFORE SHOULD NOT BE EXCLUDED FROM INTRODUCTION AT TRIAL AND AT ANY RATE SHOULD NOT BE EXCLUDED AT THIS POINT WITHOUT KNOWING EXACTLY WHAT THE EVIDENCE IS

Federal Rule of Evidence 401 provides that "evidence is relevant if (a) it has any tendency to make a fact more or less probably than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Huddleston v. U.S.*, 485 U.S. 681, 682-92, 25 Fed. R. Evid. Serv. 1 (1988); *U.S. v. Brandon*, 17 F.3d 409, 443-46 (1st Cir. 1994) (rejected on other grounds by, *U.S. v. Stockheimer*, 157 F.3d 1082 (7th Cir. 1998)). Evidence must be excluded where it is not relevant to matters at issue. *Federal Rule of Evidence 402*; *Arlio v. Lively*, 474 F.3d

46 (2nd Cir. 2007) (evidence regarding a prior arbitration was irrelevant and should have been excluded); *U.S. v. Edwards*, 631 F.2d 1049, 1051 (2d Cir. 1980) (trial judge had discretion to exclude two witnesses that were offered by the defendant as irrelevant and collateral.)

In this case Colvin does *not* seek to argue that just because the Trump name or pro-Trump views are mentioned that that is racist, white supremacist speech that created a racially hostile environment.

On the other hand some of the evidence in this case includes the mention of Trump and to exclude that evidence (especially at this point) would be wrong.

For example one of the pieces of graffiti Colvin observed in the restroom said, "burn all NIGGERS-White Power-Trump 2020". In addition when Kevin Gutierrez was asked in his deposition "During 2020, was there white supremacy talk relating to Trump's reelection?", answer: "Yes". Depo. Gutierrez, 40:21-25. "What was the nature of the white supremacy talk on the Sphere project in 2020?, answer: "Trump supporters". Depo. Gutierrez, 41:8-10.

Donald Trump has become the face of white supremacy in America for many. This is supported by quotes he made during his presidency, among other, in reference to a violent white nationalist rally Charlottesville, Virginia in 2017 that there were "very fine people on both sides" and telling the Proud Boys a white supremacist hate group in the 2020 presidential debate to "stand back and stand by".

Not surprisingly Trump has become a figure that white supremacist and white nationalist look up to, so to exclude the mention of his name when speech, graffiti, etc. in this case mentions it would unduly prejudicial to Plaintiff's ability to present his case. White supremacist and racist speech, graffiti, etc. mention his name for a reason and the speech, graffiti, etc. should not be excluded just because Trump's name or support for him is included in it.

Finally motions in limine are improper where it is not know exactly what evidence will be presented at trial. Often the trial judge must wait until the context of the trial before the judge can assess the factual context of the evidence and determine the admissibility of it. Actual testimony

often defies pretrial predictions of what a witness will say on the stand. *U.S. v. Cline*, 188 F. Supp. 2d 1287, 1291, 59 Fed. R. Evid. Serv. 99 (D. Kan. 2002), aff'd 349 F.3d 1276 (10th Cir. 2003).

Here Defendant wants a blanket exclusion of any mention of the Trump name, pro-Trump sentiment, etc. without knowing what actual testimony or evidence will be presented. It would be much more prudent at this point for the Court to wait to decide the admissibility of any mention of the Trump name, pro-Trump sentiment, etc. until such time which it is presented at trial.

## IV.

## EVIDENCE OR ARGUMENT REFERENCING THE TRUMP NAME OR PRO TRUMP BELIEFS SHOULD NOT BE EXCLUDED PURSUANT TO FEDERAL RULE OF EVIDENCE 403

Under Federal law, evidence should be excluded when the prejudicial impact of the evidence outweighs the probative value of it. *Old Chief v. U.S.*, 519 U.S. 172, 180-92, 45 Fed. R. Evid. Serv. 835 (1997); *U.S. v. Aguilar-Aranceta*, 58 F.3d 796, 800-02, 42 Fed. R. Evid. Serv. 843 (1st Cir. 1995); *Coleman v. Home Depot, Inc.,* 306 F.3d 1333, 1343, 59 Fed. R. Evid. Serv. 431 (3rd Cir. 2002).

In fact, Federal Rule of Evidence 403 specifically states, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needless presenting cumulative evidence."

Defendant essentially argues that if jurors are against Trump and they hear his name or support for him, they are going to decide against M.J. Dean Construction on that basis. This is probably a false assumption, but the flipside of that argument is jurors are for Trump they will decide for M.J. Dean Construction.

But the real inquiry should be, should the evidence be excluded just on that basis. The mention of Trump's name or support for him is highly probative because as mentioned above his name came up a lot as part of the case. As set forth above, Colvin doesn't plan to argue that just

because someone supported Trump that they were racist or supported white supremacy. On the other hand, if pro-Trump speech, graffiti, etc. is mixed in with racist, anti-black, white supremacist views it should not be excluded just because it could be prejudicial.

As set forth above, all evidence is prejudicial to some extent, and it should not be excluded if its probative value clearly outweighs any prejudice that might occur by the presentation of the evidence.

This being the case, the evidence should not be excluded pursuant to Federal Rule of Evidence 403 or at least a determination on whether the evidence is excluded should wait until which time that it is actually presented.

## V.

## CONCLUSION

For all the reasons stated above, Plaintiff requests that this Court *not* exclude evidence or argument of Trump's name or pro-Trump beliefs at the jobsite or at least wait to trial to do so.

DATED: 3/10/2023                                    LAW OFFICES OF MICHAEL P. BALABAN

BY: /s/ Michael P. Balaban
    Michael P. Balaban, Esq.
    LAW OFFICES OF MICHAEL P. BALABAN
    10726 Del Rudini Street
    Las Vegas, NV  89141

**CERTIFICATE OF SERVICE**

I hereby certify that pursuant to FRCP Rule 5(b)(3) and LR IC 4-1(a), a true and correct copy of the foregoing document was electronically served via the Court's CM/ECF electronic filing system to the following persons on March 10, 2023:

Martin A. Little, Esq.
Robert L. Rosenthal, Esq.
HOWARD & HOWARD ATTORNEYS PLLC
*Attorneys for Defendant*

/s/ Michael P. Balaban
Michael P. Balaban