Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023
E-Mail: mbalaban@balaban-law.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>M.J. DEAN CONSTRUCTION, INC.,<br><br>　　　　　Defendant. | CASE NO. 2:20-cv-01765-APG-EJY<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT'S EIGHTH MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING RACIST GRAFFITI THAT PLAINTIFF ALLEGEDLY SAW AT THE JOBSITE<br><br>Trial: March 27, 2023<br>Time: 9;00 a.m.<br>Judge: Honorable Andrew Gordon |

　　　　Plaintiff PARNELL COLVIN ("Plaintiff" or "Colvin") submits this Response to Defendant M.J. Dean Construction, Inc's ("Defendant" or "M.J. Dean Construction") Eighth Motion in Limine to exclude evidence or argument regarding racist graffiti that Plaintiff allegedly saw at the jobsite.

///

///

///

///

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## PRELIMINARY STATEMENT

This is a race-based employment discrimination action. Plaintiff Colvin is black. His legal claims of (1) retaliation, (2) discrimination regarding overtime opportunities, (3) harassment and (4) negligent training and supervision will be heard at trial. He seeks lost wages and compensatory damages for pain and suffering, including humiliation, embarrassment and emotional distress relative to the above legal claims. He also seeks attorney's fees and costs.

M.J. Dean Construction seeks to exclude evidence or argument regarding racist graffiti that Plaintiff allegedly saw at the jobsite.

This motion should be denied for a number of reasons. First and foremost this argument goes to the weight of the evidence. If Defendant wants to argue that the graffiti was put up by a non-M.J. Dean Construction they can do it. Further even if it was put up by a non-M.J. Dean Construction it was in an area that they had control of. Thus it goes directly to the issues of whether Plaintiff was exposed to a racially hostile work environment and whether M.J. Dean Construction sufficiently monitored their work place under the law.

Finally its probative value given that it's key evidence in this case clearly outweighs any prejudice M.J. Dean Construction might incur by the presentation of the evidence.

## II.

## THIS COURT MAY EXCLUDE EVIDENCE IN ADVANCE OF
## TRIAL BY WAY OF AN IN LIMINE MOTION

The Court has authority to grant a motion in limine, in advance of trial, which excludes inadmissible evidence, as well as any and all reference by the parties, attorneys and witnesses to the inadmissible evidence. *Luce v. U.S.*, 469 U.S. 38, 41 (1984), 16 Fed. R. Evid. Serv. 833 (1984); *U.S. v. Lachman*, 48 F.3d 586, 590-94, 41 Fed. R. Evid. Serv. 339 (1st Cir. 1995).

In addition, Federal Rules of Evidence 103(c) and 104(c) allow the court to hear and

determine the question of the admissibility of evidence outside the presence or hearing of the jury. *Williams v. Board of Regents of University System of Georgia*, 629 F.2d 993, 999-1001 (5th Cir. 1980).

### III.

### EVIDENCE OR ARGUMENT REGARDING RACIST GRAFFITI THAT PLAINTIFF ALLEGEDLY SAW AT THE JOBSITE SHOULD NOT BE EXCLUDED FROM INTRODUCTION AT TRIAL

Federal Rule of Evidence 401 provides that "evidence is relevant if (a) it has any tendency to make a fact more or less probably than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Huddleston v. U.S.*, 485 U.S. 681, 682-92, 25 Fed. R. Evid. Serv. 1 (1988); *U.S. v. Brandon*, 17 F.3d 409, 443-46 (1st Cir. 1994) (rejected on other grounds by, *U.S. v. Stockheimer*, 157 F.3d 1082 (7th Cir. 1998)).  Evidence must be excluded where it is not relevant to matters at issue. *Arlio v. Lively*, 474 F.3d 46 (2nd Cir. 2007) (evidence regarding a prior arbitration was irrelevant and should have been excluded).

Here the evidence is clearly relevant.  It was something that Colvin observed, took pictures of and reported while at work and is evidence that supports that Plaintiff was exposed to a racially hostile work environment at M.J. Dean Construction.[1]

Defendant's argument that the evidence is not admissible pursuant to Federal Rule of Evidence 602 because Colvin has no personal knowledge of who put up the graffiti misses the point completely.

Besides the fact that M.J. Dean Construction knows that Plaintiff would have likely had to seen who put up the graffiti while they were putting it up and known that they were a M.J. Dean Construction employee for him to have personal knowledge of the matter, the fact that Colvin saw, took pictures and reported the graffiti in the bathroom is still relevant and admissible.

If Defendant wants to make the argument that it was made by a non-M.J. Dean

1  Construction then they can make it.  They can have someone that has personal knowledge that the
2  graffiti was put up by a non-M.J. Dean Construction testify to fact and the jury can give
3  appropriate weight to that piece of evidence.
4      But that doesn't change the fact that Plaintiff saw the graffiti in the restroom.  It also
5  doesn't change the fact that even if the graffiti was put up by a non-M.J. Dean Construction, they
6  still had the duty to assure that the graffiti was not present in an area that they knew that their
7  employees used.
8      This being the case, the evidence should not be excluded.  The fact that Colvin observed,
9  took pictures of and reported while at work is relevant evidence that supports that Plaintiff was
10 exposed to a racially hostile work environment at M.J. Dean Construction.  The fact that he has no
11 personal knowledge of who put up the graffiti goes to the weight of the evidence along with any
12 testimony that it was a non-M.J. Dean Construction who was responsible for the Graffiti.  Finally
13 even if the graffiti was put up by a non-M.J. Dean Construction, Defendant still had the duty to
14 assure that the graffiti was not present in an area that they knew that their employees used.

**IV.**

**EVIDENCE OR ARGUMENT REGARDING RACIST GRAFFITI THAT PLAINTIFF ALLEGEDLY SAW AT THE JOBSITE SHOULD NOT BE EXCLUDED FROM INTRODUCTION AT TRIAL SHOULD NOT BE EXCLUDED PURSUANT TO FEDERAL RULE OF EVIDENCE 403**

Under Federal law, evidence should be excluded when the prejudicial impact of the evidence outweighs the probative value of it. *Old Chief v. U.S.*, 519 U.S. 172, 180-92, 45 Fed. R. Evid. Serv. 835 (1997); *U.S. v. Aguilar-Aranceta*, 58 F.3d 796, 800-02, 42 Fed. R. Evid. Serv. 843 (1st Cir. 1995); *Coleman v. Home Depot, Inc.,* 306 F.3d 1333, 1343, 59 Fed. R. Evid. Serv. 431 (3rd Cir. 2002).

In fact, Federal Rule of Evidence 403 specifically states, "The court may exclude relevant

---

[1] It should be noted that although Defendant now seeks to exclude evidence or argument regarding racist graffiti that Plaintiff allegedly saw at the jobsite, this is one of the issues that they cite in the parties pre-trial order. See Joint

4

evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needless presenting cumulative evidence."

As set forth above Colvin seeing, taking pictures of and reporting graffiti is key evidence and thus highly relevant to whether Plaintiff was exposed to a racially hostile work environment and whether M.J. Dean Construction sufficiently monitored their work place under the law.

This being the case it has substantial probative value.  Defendant argues that the evidence is speculative but the fact that Colvin saw the graffiti, took pictures of it and reported it is not speculative.  While it is speculative whether a M.J. Dean Construction employee was responsible for the graffiti, Defendant wants this Court to speculate it was not a M.J. Dean Construction employee but as set forth above even it was not, M.J. Dean Construction still had the duty to assure that the graffiti was not present in an area that they knew that their employees used.

This being the case, any unfair prejudice is minimal compared to the substantial probative value of the evidence and Colvin testimony and photo regarding the graffiti should be allowed at trial.

## V.
## CONCLUSION

For all the reasons stated above, Plaintiff requests that this Court *not* exclude evidence or argument regarding racist graffiti that Plaintiff allegedly saw, took pictures of and reported at the jobsite.

DATED:  3/10/2023			LAW OFFICES OF MICHAEL P. BALABAN

			BY: /s/ Michael P. Balaban
			    Michael P. Balaban, Esq.
			    LAW OFFICES OF MICHAEL P. BALABAN
			    10726 Del Rudini Street
			    Las Vegas, NV  89141

---

Pretrial Order, pg. 7, lns.18-19.

Case 2:20-cv-01765-APG-EJY   Document 99   Filed 03/11/23   Page 6 of 6

**CERTIFICATE OF SERVICE**

I hereby certify that pursuant to FRCP Rule 5(b)(3) and LR IC 4-1(a), a true and correct copy of the foregoing document was electronically served via the Court's CM/ECF electronic filing system to the following persons on March 10, 2023:

Martin A. Little, Esq.
Robert L. Rosenthal, Esq.
HOWARD & HOWARD ATTORNEYS PLLC
*Attorneys for Defendant*

/s/ Michael P. Balaban
Michael P. Balaban