MARTIN A. LITTLE, ESQ.
Nevada Bar No. 7067
ROBERT L. ROSENTHAL, ESQ.
Nevada Bar No. 6476
ROBERT HERNQUIST, ESQ.
Nevada Bar No. 10616
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: rlr@h2law.com
        mal@h2law.com
        rwh@h2law.com

*Attorneys for Defendant M.J. Dean Construction, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN, | Case No. 2:20-cv-01765-APG-EJY |
| Plaintiff, | |
| vs. | **DEFENDANT'S PROPOSED JURY INSTRUCTIONS** |
| M.J. DEAN CONSTRUCTION, INC, | Date of Trial: March 27, 2023 |
| Defendant. | Time of Trial: 9:00 a.m. |

Defendant M.J. Dean Construction, Inc., by and through its counsel of record, hereby submits its Proposed Jury Instructions in the above-entitled matter.

Dated: March 16, 2023

/s/ Robert L. Rosenthal
Robert Rosenthal, Esq.
Robert Hernquist, Esq.
HOWARD & HOWARD ATTORNEYS PLLC

*Attorneys for Defendant M.J. Dean Construction, Inc.*

HOWARD & HOWARD ATTORNEYS PLLC

**PROPOSED JURY INSTRUCTION NO. 1**

**A CORPORATION AS A PARTY**

One of the parties in this case is a Corporation (an LLC). A Corporation is entitled to the same fair and unprejudiced treatment as an individual would be under like circumstances, and you should decide the case with the same impartiality you would use in deciding a case between individuals.

HOWARD & HOWARD ATTORNEYS PLLC

## PROPOSED JURY INSTRUCTION NO. 2

### WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I have instructed you to accept as proved.

3

## PROPOSED JURY INSTRUCTION NO. 3

### WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.    Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4.    Anything you may have seen or heard when the court was not in session is not evidence.

## PROPOSED JURY INSTRUCTION NO. 4

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## PROPOSED JURY INSTRUCTION NO. 5

### RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Authority**

Ninth Circuit Model Jury Instructions 1.13

6

**PROPOSED JURY INSTRUCTION NO. 6**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;

2.  the witness's memory;

3.  the witness's manner while testifying;

4.  the witness's interest in the outcome of the case, if any;

5.  the witness's bias or prejudice, if any;

6.  whether other evidence contradicted the witness' testimony;

7.  the reasonableness of the witness's testimony in light of all the evidence; and

8.  any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## PROPOSED JURY INSTRUCTION NO. 7

### IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

## **Authority**

Ninth Circuit Model Jury Instructions 2.9

## PROPOSED JURY INSTRUCTION NO. 8

### BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

The plaintiff has the burden of proving his claim by a preponderance of the evidence. That means you must be persuaded by the evidence that the claim is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

**PROPOSED JURY INSTRUCTION NO. 9**

**ATTORNEY'S RIGHT TO INTERVIEW WITNESS**

An attorney has a right to interview a witness for the purpose of learning what testimony the witness will give. The fact that the witness has talked to an attorney and told that attorney what he or she would testify to does not, by itself, reflect adversely on the truth of the testimony of the witness.

## PROPOSED JURY INSTRUCTION NO. 10

### EVIDENCE ADMITTED FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of and not for any other purpose.

**Authority**

Ninth Circuit Model Jury Instructions 1.11

## PROPOSED JURY INSTRUCTION NO. 11

### NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**Authority**

Ninth Circuit Model Jury Instructions 1.17

## PROPOSED JURY INSTRUCTION NO. 12

### TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Authority**

Ninth Circuit Model Jury Instructions 1.18

**HOWARD & HOWARD ATTORNEYS PLLC**

14

## PROPOSED JURY INSTRUCTION NO. 13

### QUESTIONS TO WITNESSES BY JURORS

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

### PROCEDURES

In the event the court allows jurors to submit questions for witnesses the judge may consider taking the following precautions and use the following procedures:

1.  At the conclusion of each witness's testimony, the court asks if jurors have written questions, which are brought to the judge;

2.  Outside the presence of the jury, counsel are given the opportunity to make objections to the question or to suggest modifications to the question, by passing the written

HOWARD & HOWARD ATTORNEYS PLLC

question between counsel and the court during a side-bar conference or by excusing jurors to the jury room;

3. The judge asks the question of the witness;

4. Counsel are permitted to ask appropriate follow-up questions; and

5. The written questions are made part of the record.

**<u>Authority</u>**

Ninth Circuit Model Jury Instructions 1.19

## PROPOSED JURY INSTRUCTION NO. 14

### BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is was present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

### Authority

Ninth Circuit Model Jury Instructions 1.20

## PROPOSED JURY INSTRUCTION NO. 15

### OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement.

An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine. After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Authority**

Ninth Circuit Model Jury Instructions 1.21

## PROPOSED JURY INSTRUCTION NO. 16

### DEPOSITION EVIDENCE

Certain testimony has been put into evidence from a deposition. A deposition is testimony taken under oath before the trial and preserved in writing, by sound recording and/ or by video and sound recording. You are to consider that testimony as if it had been given in court.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**HOWARD & HOWARD ATTORNEYS PLLC**

## PROPOSED JURY INSTRUCTION NO. 17

### USE OF INTERROGATORIES

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers [have been] [were] given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Authority**

Ninth Circuit Model Jury Instructions 2.11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HOWARD & HOWARD ATTORNEYS PLLC

## PROPOSED JURY INSTRUCTION NO. 18

### STIPULATIONS OF FACT

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

**Authority**

Ninth Circuit Model Jury Instructions 2.2

## PROPOSED JURY INSTRUCTION NO. 19

### DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I have said or done that I have an opinion regarding the evidence or what your verdict should be. I have not intended to state or imply any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inferences should be drawn from the evidence. If anything I have said or done has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it.

**PROPOSED JURY INSTRUCTION NO. 20**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Authority**

Ninth Circuit Model Jury Instructions 3.1

**PROPOSED JURY INSTRUCTION NO. 21**

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—

including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

**<u>Authority</u>**

Ninth Circuit Model Jury Instructions 3.2

## PROPOSED JURY INSTRUCTION NO. 22

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

### Authority

Ninth Circuit Model Jury Instructions 3.3

## PROPOSED JURY INSTRUCTION NO. 23

### RETURN OF VERDICT

A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.] After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

### Authority

Ninth Circuit Model Jury Instructions 3.5

## PROPOSED JURY INSTRUCTION NO. 24

### DEADLOCKED JURY

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now retire and continue your deliberations.

**Authority**

Ninth Circuit Model Jury Instructions 3.7

**PROPOSED JURY INSTRUCTION NO. 25**

**TITLE VII—DISPARATE TREATMENT**

With respect to plaintiff's claim that he was not permitted to work overtime and was forced to perform degrading tasks because of the plaintiff's race, the plaintiff has the burden of proving each the following elements by a preponderance of the evidence:

1.  the plaintiff belongs to a protected class; and

2.  the plaintiff was qualified for his position; and

3.  the plaintiff was subjected to an "adverse employment action" in that he was not permitted to work overtime and was forced to perform certain types of work that he considered undignified; and

4.  similarly situated individuals outside of the plaintiff's race were treated more favorably.

If the plaintiff has proven each of these elements by a preponderance of the evidence, the plaintiff is entitled to your verdict.

**Authority**

Ninth Circuit Model Jury Instructions 10.1; *Chuang v. Univ. Cal. Davis Bd. Trs.*, 225 F.3d 1115, 1123 (9th Cir. 2000); and ECF No. 55 p. 6:7-11.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HOWARD & HOWARD ATTORNEYS PLLC

## PROPOSED JURY INSTRUCTION NO. 26

### TITLE VII— "ADVERSE EMPLOYMENT ACTION"

### IN DISPARATE TREATMENT CASES DEFINED

An action is an adverse employment action if it materially affects the compensation, terms, conditions, or privileges of employment.

**Authority**

Ninth Circuit Model Jury Instructions 10.11

HOWARD & HOWARD ATTORNEYS PLLC

## PROPOSED JURY INSTRUCTION NO. 27

## TITLE VII HOSTILE WORK ENVIRONMENT—HARASSMENT BECAUSE OF PROTECTED CHARACTERISTICS—ELEMENTS

The plaintiff seeks damages against the defendant for a racially hostile work environment while employed by the defendant. In order to establish a racially hostile work environment, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the plaintiff was subjected to slurs, insults, jokes or other verbal comments or physical contact or intimidation of a racial nature;

2. the conduct was unwelcome;

3. the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a racially abusive or hostile work environment;

4. the plaintiff perceived the working environment to be abusive or hostile; and

5. a reasonable person in the plaintiff's circumstances would consider the working environment to be abusive or hostile.

In determining whether a work environment is hostile, you may consider some or all of the following factors: the nature and severity of the conduct, whether the conduct complained of was humiliating, whether the conduct complained of was repeated or a single incident, the context in which the conduct occurred, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with the plaintiff's work performance.

### Authority

Ninth Circuit Model Jury Instructions 10.5; *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1988); *Harris v. Forklift Sys.*, 510 U.S. 17, 23 (1993); *O'Shea v. Yellow Tech. Servs.*, 185

F.3d 1093, 1097-98 (10th Cir. 1999); and *Penry v. Fed. Home Loan Bank of Topeka*, 1555 F.3d 1257, 1261 (10th Cir. 1998).

**HOWARD & HOWARD ATTORNEYS PLLC**

### PROPOSED JURY INSTRUCTION NO. 28

### TITLE VII—HOSTILE WORK ENVIRONMENT CAUSED BY SUPERVISOR—

### CLAIM BASED ON VICARIOUS LIABILITY—TANGIBLE EMPLOYMENT

### ACTION—AFFIRMATIVE DEFENSE

An employer may be liable when an employee's supervisor creates a racially hostile work environment for that employee. A "supervisor" is someone who is empowered by the employer to take tangible employment actions regarding the employee, such as hiring, firing, failing to promote, reassigning with significantly different responsibilities, or significantly changing benefits.

The plaintiff claims that he was subjected to a racially hostile work environment by plaintiff's General Foreman, Kevin Gutierrez, who was empowered by defendant to take tangible employment actions against the plaintiff.

The defendant denies the plaintiff's claim. Plaintiff must prove his claim by a preponderance of the evidence.

In addition to denying the plaintiff's claim, the defendant has asserted an affirmative defense. Before you consider this affirmative defense, you must first decide whether plaintiff has proved by a preponderance of the evidence that he suffered a tangible employment action as a result of racial harassment by Kevin Gutierrez.

If you find that the plaintiff has proved that he suffered a tangible employment action as a result of racial harassment by Kevin Gutierrez, you must not consider the affirmative defense.

If the plaintiff has not proved that he suffered a tangible employment action, then you must decide whether the defendant has proved by a preponderance of the evidence each of the following elements:

1. the defendant exercised reasonable care to prevent and promptly correct the racially harassing behavior, and

2.  the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or unreasonably failed to otherwise avoid harm.

If the defendant proves these elements, the plaintiff is not entitled to prevail on this claim.

**<u>Authority</u>**

Ninth Circuit Model Jury Instructions 10.6

**PROPOSED JURY INSTRUCTION NO. 29**

**TITLE VII—RETALIATION—ELEMENTS AND BURDEN OF PROOF**

The plaintiff seeks damages against the defendant for retaliation. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.  the plaintiff participated in an activity protected under federal law, that is he submitted an internal workplace complaint; and

2.  the defendant subjected the plaintiff to an adverse employment action in the form of terminating plaintiff's employment; and

3.  the plaintiff was subjected to the adverse employment action (i.e., termination) because he complained of racial harassment.

A plaintiff is "subjected to an adverse employment action" because of his participation in a protected activity (i.e., submitting an internal complaint), if the adverse employment action would not have occurred but for that participation.

If you find that the plaintiff has proved all three of these elements, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

**Authority**

Ninth Circuit Model Jury Instructions 10.4 and 10.8

## PROPOSED JURY INSTRUCTION NO. 30

**TITLE VII— "ADVERSE EMPLOYMENT ACTION" IN RETALIATION CASES**

An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

**Authority**

Ninth Circuit Model Jury Instructions 10.10

36

**PROPOSED JURY INSTRUCTION NO. 31**

**NEGLIGENT TRAINING AND SUPERVISION**

**ELEMENTS AND BURDEN OF PROOF**

The plaintiff seeks damages against the defendant for negligent training and supervision. In order for the plaintiff to prevail on his claim for negligent training and supervision, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.  the defendant knew about graffiti in the workplace and acted in a negligent manner; and

2.  the defendant failed to train or supervise its employees adequately with respect to how to respond to graffiti in the workplace; and

3.  the defendant's negligence proximately caused the plaintiff to suffer injuries.

**Authority**

*Helle v. Home Health Servs. of Nev.*, No. 48427, 2008 WL 6101984, at *3 (Nev. 2008) (*citing Hall v. SFF, Inc.*, 930 P.2d 94, 98 (Nev. 1996)); *Oehler v. Humana, Inc.*, 775 P.3d 1271, 1272 (Nev. 1989); and ECF No. 55 at p. 10:1-20.

**PROPOSED JURY INSTRUCTION NO. 32**

**ELEMENTS OF NEGLIGENCE CLAIM**

To prevail on a negligence claim, a plaintiff must establish that,

1.  the defendant owed the plaintiff a duty of care; and

2.  the defendant breached that duty of care; and

3.  the breach was the legal cause of the plaintiff's injuries; and

4.  the plaintiff suffered damages.

**Authority**

Nevada Jury Instruction 4.2; *Foster v. Costco Wholesale Corp.*, 128 Nev. 773, 777, 291 P.3d 150, 153 (2012*), citing DeBoer v. Sr. Bridges of Sparks Fam. Hosp.*, 128 Nev. 406, 412, 282 P.3d 727, 732 (2012), *citing Klasch v. Walgreen Co.*, 127 Nev. 832, 837, 264 P.3d 1155, 1159 (2011); *Doud v. Las Vegas Hilton Corp.*, 109 Nev. 1096, 1100, 864 P.2d 796, 798 (1993); and *Scialabba v. Brandise Constr. Co.*, 112 Nev. 965, 968, 921 P.2d 928, 930 (1996).

1
2

## PROPOSED JURY INSTRUCTION NO. 33

### NEGLIGENCE: LEGAL CAUSE: DEFINITION

3
4

A legal cause of injury, damage, loss, or harm is a cause that is a substantial factor in bringing about the injury, damage, loss, or harm.

5
6
7
8

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

9

**Authority**

10

Nevada Jury Instruction 4.5

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**HOWARD & HOWARD ATTORNEYS PLLC**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**HOWARD & HOWARD ATTORNEYS PLLC**

## PROPOSED JURY INSTRUCTION NO. 34

### DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on any of the plaintiff's claims, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

The nature and extent of the injuries.

The mental, physical, emotional pain and suffering experienced; and

The reasonable value of wages lost up to the present time.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Authority**

Ninth Circuit Model Jury Instructions 5.1, 5.2

## PROPOSED JURY INSTRUCTION NO. 35

### DAMAGES—MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages. The defendant has the burden of proving by a preponderance of the evidence:

1.  that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.  the amount by which damages would have been mitigated.

**Authority**

Ninth Circuit Model Jury Instructions 5.3

1

**PROPOSED JURY INSTRUCTION NO. 36**

2

**PRESUMPTION OF INTENT**

3
You are to presume that a person intends the ordinary consequences of that person's

4
voluntary act, unless that person presents evidence that convinces you that the person did not

5
intend the ordinary consequences of the voluntary act.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOWARD & HOWARD ATTORNEYS PLLC

**PROPOSED JURY INSTRUCTION NO. 37**

**MEASURING DAMAGES**

It is my duty to instruct you about the measure of damages. By instructing you on damages, I do not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on his intentional infliction of emotional distress claim, you must determine the amount of damages to award, if any. Your award must be based upon evidence and not upon speculation, guesswork, or conjecture. In determining the amount of damages suffered by the plaintiff, you will decide upon a sum of money sufficient to reasonably and fairly compensate him for the following items:

1. The physical and mental pain, suffering, anguish, disability, and loss of enjoyment of life endured by the plaintiff as a result of the incident from the date of the incident to the present; and

2. The physical and mental pain, suffering, anguish, disability, and loss of enjoyment of life which you believe the plaintiff will be reasonably certain to experience in the future as a result of the incident.

## PROPOSED JURY INSTRUCTION NO. 38

### PAIN AND SUFFERING: NO DEFINITE STANDARD

No fixed standard exists for deciding the amount of mental or emotional pain and suffering damages. Nor is the opinion of any witness required as to the amount of such reasonable compensation. You must use your judgment to decide upon a reasonable amount based on the evidence and your common sense.

HOWARD & HOWARD ATTORNEYS PLLC

## PROPOSED JURY INSTRUCTION NO. 39

### PUNITIVE DAMAGES

If you find that the plaintiff is entitled to compensatory damages for actual harm caused by the defendant's actions, then you may consider whether you should award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

You may in your discretion award punitive damages only if the plaintiff proves by clear and convincing evidence that the wrongful conduct upon which you base your finding of liability for compensatory damages was engaged in with fraud, oppression, or malice by the defendant. You cannot punish the defendant for conduct that is lawful, or which did not cause actual harm to the plaintiff. For the purposes of your consideration of punitive damages only:

"Clear and convincing evidence" is a higher standard than proof by a preponderance of the evidence, and requires evidence establishing every factual element to be highly probable. "Fraud" means an intentional misrepresentation, deception, or concealment of a material fact known to the defendant with the intent to deprive another person of her rights of property or to otherwise injure another person.

"Oppression" means despicable conduct that subjects a person to cruel and unjust hardship with conscious disregard of the rights of that person. "Conscious disregard" means the knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to act to avoid those consequences.

"Malice" means conduct which is intended to injure a person, or despicable conduct that is engaged in with a conscious disregard of the rights or safety of others.

"Despicable conduct" means conduct that is so vile, base, or contemptible that it would be looked down upon and despised by ordinary, decent people.

HOWARD & HOWARD ATTORNEYS PLLC

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, you may consider the degree of reprehensibility of the the defendant's conduct.

The purposes of punitive damages are to punish a wrongdoer that acts with fraud, oppression, or malice in harming a plaintiff and to deter similar conduct in the future, not to make the plaintiff whole for his injuries. A plaintiff is never entitled to punitive damages as a matter of right, and whether to award punitive damages against the defendant is entirely within your discretion.

**HOWARD & HOWARD ATTORNEYS PLLC**

**PROPOSED JURY INSTRUCTION NO. 40**

**PUNITIVE DAMAGES AGAINST EMPLOYER FOR ACT OF EMPLOYEE**

You may consider awarding punitive damages against the defendant for the wrongful conduct of its employee only if:

1.      The defendant had advance knowledge that the employee was unfit for the purposes of the employment and employed him with a conscious disregard of the rights or safety of others; or

2.      The defendant expressly authorized or ratified the wrongful act of the employee for which the damages are awarded; or

3.      The defendant is personally guilty of oppression, fraud or malice, under the instructions I have given you.

Because the defendant is a Corporation, these requirements must be met by a member or managing agent of the defendant who was expressly authorized to direct or ratify the employee's conduct on behalf of the defendant.

A "managing agent" is a person who exercises substantial independent authority, discretion, and judgment in his or her company decision making so that his or her decisions ultimately determine company policy. Whether someone is a "managing agent" of the defendant depends on what that person was authorized to do by the defendant and whether the person has the discretion as to what is done and how it is to be done.

## PROPOSED JURY INSTRUCTION NO. 41

### CLOSING INSTRUCTIONS

When you begin your deliberations, elect one member of the jury as your foreperson. Your foreperson will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach an agreement, if you can. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, and discussed it fully with your fellow jurors, listening to their views. Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict, but only if each of you can do so after making your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a unanimous verdict.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

If during your deliberations you need to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will respond to the jury concerning the case only in writing or here in open court. If you send me a question, I will consult with the lawyers before answering it, which may take some time. You should continue your deliberations while waiting for the answer to any question.

## SCERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically filed and served upon the following parties on March 16, 2023, through the Court's CM/ECF system.

Law Office of Michael P. Balaban, Esq.
Michael P. Balaban, Esq.
10726 Del Rudini Street
Las Vegas, NV 89141
*Attorneys for Plaintiff*

_____/s/  *Barbara Dunn*_____
Howard & Howard Attorneys PLLC