MARTIN A. LITTLE, ESQ.
Nevada Bar No. 7067
ROBERT L. ROSENTHAL, ESQ.
Nevada Bar No. 6476
ROBERT HERNQUIST, ESQ.
Nevada Bar No. 10616
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: rlr@h2law.com
       mal@h2law.com
       rwh@h2law.com

*Attorneys for Defendant M.J. Dean Construction, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PARNELL COLVIN, <br><br>    Plaintiff, <br><br>vs. <br><br>M.J. DEAN CONSTRUCTION, INC, <br><br>    Defendant. | Case No. 2:20-cv-01765-APG-EJY <br><br>**DEFENDANT'S SEPARATE PROPOSED JURY INSTRUCTIONS <u>NOT</u> AGREED TO BY PLAINTIFF AND DEFENDANT'S OPPOSITION TO PLAINTIFF'S SEPARATE PROPOSED INSTRUCTIONS** <br><br>Date of Trial: March 27, 2023 <br><br>Time of Trial: 9:00 a.m. |

Defendant M.J. Dean Construction, Inc., by and through its counsel of record, hereby submits its Separate Proposed Jury Instructions That Have Not Been Agreed To By Plaintiff in the above-entitled matter.

Dated: March 16, 2023

/s/ Robert L. Rosenthal
Robert Rosenthal, Esq.
Robert Hernquist, Esq.
HOWARD & HOWARD ATTORNEYS PLLC

*Attorneys for Defendant M.J. Dean Construction, Inc.*

1

# PROPOSED JURY INSTRUCTION NO.

# NEGLIGENT TRAINING AND SUPERVISION

# ELEMENTS AND BURDEN OF PROOF

The plaintiff seeks damages against the defendant for negligent training and supervision. In order for the plaintiff to prevail on his claim for negligent training and supervision, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. the defendant knew about graffiti in the workplace and acted in a negligent manner; and

2. the defendant failed to train or supervise its employees adequately with respect to how to respond to graffiti in the workplace; and

3. the defendant's negligence proximately caused the plaintiff to suffer injuries.

**Authority**

*Helle v. Home Health Servs. of Nev.*, No. 48427, 2008 WL 6101984, at *3 (Nev. 2008) (*citing Hall v. SFF, Inc.*, 930 P.2d 94, 98 (Nev. 1996)); *Oehler v. Humana, Inc.*, 775 P.3d 1271, 1272 (Nev. 1989); and ECF No. 55 at p. 10:1-20.

## DEFENDANT'S ARGUMENT AND AUTHORITY IN SUPPORT OF JURY INSTRUCTION FOR NEGLIGENT TRAINING AND SUPERVISION

Defendant's proposed instruction adheres to relevant authority and is a direct quote of this Court's list of the elements necessary to support this claim in the Order on summary judgment. (ECF No. 55 at p. 10:1-20.) Plaintiff's counsel maintains that the first element listed above should also include the following italicized and underline additional language:

1. the defendant knew *or should have known* about graffiti in the workplace and acted in a negligent manner;

As previously stated, Defendant's proposed instruction perfectly mirrors the Court's Order; therefore, it should be adopted as the operative instruction for the jury.

2

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S REQUEST TO INCLUDE NINTH CIRCUIT MODEL JURY INSTRUCTION NO. 10.7: CIVIL RIGHTS TITLE VII—HOSTILE WORK ENVIRONMENT CAUSED BY *NON-IMMEDIATE SUPERVISOR OR BY CO-WORKER*—CLAIM BASED ON NEGLIGENCE**

Plaintiff is insisting that Ninth Circuit Model Jury Instruction 10.7 must be a jury instruction. However, Plaintiff has *never* claimed that any specific *non-managerial* employees harassed him on the basis of his race. Indeed, since the inception of this litigation, Plaintiff has only ever alleged that he was harassed by his supervisor, Kevin Gutierrez. (See First Amended Complaint, ECF No. 21.)

Nonetheless, Plaintiff contends that he was subjected to a hostile work environment by *non-managerial* co-workers as a result of seeing offensive graffiti in the portable restrooms at the Sphere project jobsite twice and hearing racist comments. However, it is undisputed that Plaintiff has never been able to identify who created the graffiti or who made racist comments (other than Gutierrez). Moreover, the general contractor of the Sphere project, AECOM Hunt, was in charge of the portable restrooms, not MJ Dean. And MJ Dean was just one of approximately 20 other subcontractors on the jobsite – each of whom had access to the portable restrooms.

In light of the fact that Plaintiff cannot name a single non-managerial employee who was responsible for the graffiti and the comments, there is no reason why this instruction should be included. Plaintiff's desire to have this instruction is simply an attempt to create an additional last-second liability issue where there is none. Accordingly, the Court should exclude Ninth Circuit Model Jury Instruction No. 10.7.

For the Court's convenience, Ninth Circuit Model Jury Instruction No. 10.7 states as follows:

**10.7 Civil Rights—Title VII—Hostile Work Environment Caused by Non-Immediate Supervisor or by Co-Worker—Claim Based on Negligence**

The plaintiff seeks damages from the defendant for a hostile work environment caused by [sexual] [racial] [*other Title VII protected characteristic*] harassment. The plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

3

1. the plaintiff was subjected to a [sexually] [racially] [*other Title VII protected characteristic*] hostile work environment by a [non-immediate supervisor] [co-worker]; and

2. the defendant or a member of the defendant's management knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

A person is a member of management if the person has substantial authority and discretion to make decisions concerning the terms of the harasser's employment or the plaintiff's employment, such as authority to counsel, investigate, suspend, or fire the accused harasser, or to change the conditions of the plaintiff's employment. A person who lacks such authority is nevertheless part of management if he or she has an official or strong duty in fact to communicate to management complaints about work conditions. You should consider all the circumstances in this case in determining whether a person has such a duty.

The defendant's remedial action must be reasonable and adequate. Whether the defendant's remedial action is reasonable and adequate depends on the remedy's effectiveness in stopping the individual harasser from continuing to engage in such conduct and in discouraging other potential harassers from engaging in similar unlawful conduct. An effective remedy should be proportionate to the seriousness of the offense.

If you find that the plaintiff has proved both of the elements on which the plaintiff has the burden of proof, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically filed and served upon the following parties on March 16, 2023, through the Court's CM/ECF system.

> Law Office of Michael P. Balaban, Esq.
> Michael P. Balaban, Esq.
> 10726 Del Rudini Street
> Las Vegas, NV 89141
> *Attorneys for Plaintiff*

                                              /s/ *Barbara Dunn*
                                         Howard & Howard Attorneys PLLC