MARTIN A. LITTLE, ESQ.
Nevada Bar No. 7067
ROBERT L. ROSENTHAL, ESQ.
Nevada Bar No. 6476
ROBERT HERNQUIST, ESQ.
Nevada Bar No. 10616
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: rlr@h2law.com
        mal@h2law.com
        rwh@h2law.com

*Attorneys for Defendant M.J. Dean Construction, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN, | Case No. 2:20-cv-01765-APG-EJY |
| Plaintiff, | |
| vs. | **DEFENDANT'S SUPPLEMENTAL SEPARATE PROPOSED JURY INSTRUCTIONS NOT AGREED TO BY PLAINTIFF AND DEFENDANT'S OPPOSITION TO PLAINTIFF'S SEPARATE PROPOSED INSTRUCTIONS** |
| M.J. DEAN CONSTRUCTION, INC, | |
| Defendant. | Date of Trial:  March 27, 2023 |
| | Time of Trial: 9:00 a.m. |

Defendant M.J. Dean Construction, Inc., by and through its counsel of record, hereby submits its Supplemental Separate Proposed Jury Instructions That Have Not Been Agreed To By Plaintiff in the above-entitled matter, due to the fact that Plaintiff's attorney advised Defendant's counsel on March 20, 2023 at approximately 3:00 pm that he wanted to have a stand-alone instruction concerning a single incident of hostile work environment harassment, and he would not stipulate to Defendant's Proposed Jury Instruction No. 29 regarding retaliation. Defendant's

Dated: March 20, 2023

/s/ Robert L. Rosenthal
Robert Rosenthal, Esq.
Robert Hernquist, Esq.
HOWARD & HOWARD ATTORNEYS
*Attorneys for Defendant MJ Dean Constr.*

HOWARD & HOWARD ATTORNEYS PLLC

1

HOWARD & HOWARD ATTORNEYS PLLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED JURY INSTRUCTION NO. 29

### TITLE VII—RETALIATION—ELEMENTS AND BURDEN OF PROOF

The plaintiff seeks damages against the defendant for retaliation. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. the plaintiff participated in an activity protected under federal law, that is he submitted an internal workplace complaint; and

2. the defendant subjected the plaintiff to an adverse employment action in the form of terminating plaintiff's employment; and

3. the plaintiff was subjected to the adverse employment action (i.e., termination) because he complained of racial harassment.

A plaintiff is "subjected to an adverse employment action" because of his participation in a protected activity (i.e., submitting an internal complaint), if the adverse employment action would not have occurred but for that participation.

If you find that the plaintiff has proved all three of these elements, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

**Authority**

Ninth Circuit Model Jury Instructions 10.4 and 10.8

### DEFENDANT'S ARGUMENT AND AUTHORITY IN SUPPORT OF JURY INSTRUCTION FOR NEGLIGENT TRAINING AND SUPERVISION

The above jury instruction adheres to relevant authority and accurately represents the allegations in this case. Under Title VII, establishing a claim of retaliation requires that Colvin "show that he engaged in a protected activity, [that] he was subsequently subjected to an adverse employment action, and that a causal link exists between the two." *Dawson v. Entek Int'l*, 630 F.3d 928, 936 (9th Cir. 2011). The causal link element "can be inferred from circumstantial evidence such as the employer's knowledge of the protected activit[y] and the proximity in time

between the protected activity and the adverse action." *Id.* Once a plaintiff establishes a prima facie case, "the burden shifts to the defendant employer to offer evidence that the challenged action was taken for legitimate, non-discriminatory reasons." *Id.* If the employer provides a legitimate explanation, the burden shifts back to the plaintiff to "show that the [employer's] explanation is merely a pretext." *Id.*

Here, Plaintiff's attorney advised Defendant's counsel that he would not agree to the foregoing instruction, as factor number three above (i.e., the plaintiff was subjected to the adverse employment action (i.e., termination) because he complained of racial harassment) was too narrow in scope. However, the record in this case clearly reflects that Plaintiff's cause of action for retaliation is based *solely* on his contention that he was subjected to an adverse employment action (i.e., his layoff on April 6, 2020) *because* he complained about racial harassment (i.e., his internal complaint against Gutierrez that he submitted on November 14, 2019). Plaintiff is now attempting to claim that the retaliation included more than just these facts; but again, the record indicates otherwise. Accordingly, the Court should use Defendant's Proposed Jury Instruction No. 29.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S REQUEST TO INCLUDE A STAND-ALONE JURY INSTRUCTION PERTAINING TO A SINGLE INCIDENT OF HOSTILE WORK ENVIRONMENT HARASSMENT**

Plaintiff has already stipulated to Jury Instruction No. 27 (Hostile Work Environment Harassment), which already includes specific language regarding a single incident of harassment. Instruction No. 27 states,

**PROPOSED JURY INSTRUCTION NO. 27**
**TITLE VII HOSTILE WORK ENVIRONMENT—**
**HARASSMENT BECAUSE OF PROTECTED**
**CHARACTERISTICS—ELEMENTS**

The plaintiff seeks damages against the defendant for a racially hostile work environment while employed by the defendant. In order to establish a racially hostile work environment, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the plaintiff was subjected to slurs, insults, jokes or other verbal comments or physical contact or intimidation of a racial nature;
2. the conduct was unwelcome;
3. the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a racially abusive or hostile work environment;
4. the plaintiff perceived the working environment to be abusive or hostile; and
5. a reasonable person in the plaintiff's circumstances would consider the working environment to be abusive or hostile.

In determining whether a work environment is hostile, you may consider some or all of the following factors: the nature and severity of the conduct, whether the conduct complained of was humiliating, **whether the conduct complained of was repeated or a single incident**, the context in which the conduct occurred, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with the plaintiff's work performance.

**Authority**
Ninth Circuit Model Jury Instructions 10.5; *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1988); *Harris v. Forklift Sys.*, 510 U.S. 17, 23 (1993); *O'Shea v. Yellow Tech. Servs.*, 185 F.3d 1093, 1097-98 (10th Cir. 1999); and *Penry v. Fed. Home Loan Bank of Topeka*, 1555 F.3d 1257, 1261 (10th Cir. 1998).

(Emphasis added.)

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HOWARD & HOWARD ATTORNEYS PLLC

Due to the fact that the above instruction accurately reflects the factors that the jury may consider—including a single incident of harassment—there is no need for a separate stand-alone instruction, as it would be entirely duplicative and superfluous. Furthermore, Defendant would be unduly prejudiced if a separate instruction is given concerning this issue, because a single incident of harassment is but one factor among many that the jury can consider. Additionally, if the jury is given a separate instruction regarding this one issue, it could mislead them into believing that it is the most important factor of all, and by extension, if they find that a single incident of harassment occurred, it must be a violation *per se* of Title VII.

Therefore, the Court should deny Plaintiff's request to have a stand-alone jury instruction for a single incident of hostile work environment harassment.

Dated: March 20, 2023

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ Robert Rosenthal
   Robert Rosenthal, Esq.
   Robert Hernquist, Esq.
   3800 Howard Hughes Parkway, Suite 1000
   Las Vegas, Nevada 89169
   *Attorneys for Defendant M.J. Dean Construction, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically filed and served upon the following parties on March 20, 2023, through the Court's CM/ECF system.

Law Office of Michael P. Balaban, Esq.
Michael P. Balaban, Esq.
10726 Del Rudini Street
Las Vegas, NV 89141
*Attorneys for Plaintiff*


                    /s/  *Barbara Dunn*
Howard & Howard Attorneys PLLC

HOWARD & HOWARD ATTORNEYS PLLC