MARTIN A. LITTLE, ESQ.
Nevada Bar No. 7067
ROBERT L. ROSENTHAL, ESQ.
Nevada Bar No. 6476
ROBERT HERNQUIST, ESQ.
Nevada Bar No. 10616
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: rlr@h2law.com
        mal@h2law.com
        rwh@h2law.com
*Attorneys for Defendant M.J. Dean Construction, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN, | Case No. 2:20-cv-01765-APG-EJY |
| Plaintiff, | |
| vs. | **DEFENDANT'S PROPOSED SPECIAL VERDICT FORM** |
| M.J. DEAN CONSTRUCTION, INC, | Date of Trial: March 27, 2023 |
| Defendant. | Time of Trial: 9:00 a.m. |

Defendant M.J. DEAN CONSTRUCTION, INC., by and through its counsel of record, the law firm of HOWARD & HOWARD ATTORNEYS, PLLC, hereby submits its Proposed Special Verdict Form.

Dated: March 20, 2023            HOWARD & HOWARD ATTORNEYS PLLC


                                 By:    /s/   *Robert Rosenthal*
                                        Robert Rosenthal, Esq.
                                        Martin A. Little, Esq.
                                        Robert Hernquist, Esq.
                                        3800 Howard Hughes Parkway, Suite 1000
                                        Las Vegas, Nevada 89169
                                        *Attorneys for Defendant,*
                                        *M.J. Dean Construction, Inc.*

**SPECIAL VERDICT FORM**

Please answer the following questions. Your answers must be unanimous.

**PART 1**
**HOSTILE WORK ENVIRONMENT**

**Question 1:**   Did Parnell Colvin prove by a preponderance of the evidence that he was subjected to slurs, insults, jokes or other verbal comments or physical contact or intimidation of a racial nature?

_____ Yes          _____ No

If your answer to **Question 1** is "Yes," then answer **Question 2**. If you answered "No," then proceed directly to **Question 11**.

**Question 2:**   Did Parnell Colvin prove by a preponderance of the evidence that the conduct was unwelcome?

_____ Yes          _____ No

If your answer to **Question 2** is "Yes," then answer **Question 3**. If you answered "No," then proceed directly to **Question 11**.

**Question 3:**   Did Parnell Colvin prove by a preponderance of the evidence that the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create a racially abusive or hostile work environment?

_____ Yes          _____ No

If your answer to **Question 3** is "Yes," then answer **Question 4**. If you answered "No," then proceed directly to **Question 11**.

**Question 4:**   Did Parnell Colvin prove by a preponderance of the evidence that he perceived the working environment to be abusive or hostile?

_____ Yes          _____ No

If your answer to **Question 4** is "Yes," then answer **Question 5**. If you answered "No," then proceed directly to **Question 11**.

**Question 5:**   Did Parnell Colvin prove by a preponderance of the evidence that a reasonable person in his circumstances would consider the working environment to be abusive or hostile?

_____ Yes          _____ No

If your answer to **Question 5** is "Yes," then answer **Question 6**. If you answered "No," then proceed directly to **Question 11**.

**Question 6:** Did Parnell Colvin prove by a preponderance of the evidence that Kevin Gutierrez was a supervisor?

_____ Yes          _____ No

If your answer to **Question 6** is "Yes," then answer **Question 7**. If you answered "No," then proceed directly to **Question 11**.

**Question 7:** Did Parnell Colvin prove by a preponderance of the evidence that he was subjected to a racially hostile work environment by Kevin Gutierrez?

_____ Yes          _____ No

If your answer to **Question 7** is "Yes," then answer **Question 8**. If you answered "No," then proceed directly to **Question 11**.

**Question 8:** Did Parnell Colvin prove by a preponderance of the evidence that he suffered a tangible employment action as a result of racial harassment by Kevin Gutierrez?

_____ Yes          _____ No

If your answer to **Question 8** is "Yes," then answer **Question 9**. If you answered "No," then proceed directly to **Question 11**.

**Question 9:** Did M.J. Dean Construction prove by a preponderance of the evidence that it exercised reasonable care to prevent and promptly correct the racially harassing behavior?

_____ Yes          _____ No

If your answer to **Question 9** is "Yes," then answer **Question 10**. If you answered "No," then proceed directly to **Question 11**.

**Question 10:** Did M.J. Dean Construction prove by a preponderance of the evidence that Parnell Colvin unreasonably failed to take advantage of any preventive or corrective opportunities provided by M.J. Dean Construction or unreasonably failed to otherwise avoid harm?

_____ Yes          _____ No

If your answer to **Question 1** is "Yes," then answer **Question 11**. If you answered "No," then proceed directly to **Question 11**.

HOWARD & HOWARD ATTORNEYS PLLC

3

**PART 2**
**RETALIATION**

**Question 11:**  Did Parnell Colvin prove by a preponderance of the evidence that participated in an activity protected under federal law, that is he submitted an internal workplace complaint?

_____ Yes          _____ No

If your answer to **Question 11** is "Yes," then answer **Question 12**. If you answered "No," then proceed directly to **Question 14**.

**Question 12:**  Did Parnell Colvin prove by a preponderance of the evidence that M.J. Dean Construction subjected him to an adverse employment action by terminating his employment?

_____ Yes          _____ No

If your answer to **Question 12** is "Yes," then answer **Question 13**. If you answered "No," then proceed directly to **Question 14**.

**Question 13:**  Did Parnell Colvin prove by a preponderance of the evidence that he was terminated because he complained of racial harassment.

_____ Yes          _____ No

If your answer to **Question 1** is "Yes," then answer **Question 14**. If you answered "No," then proceed directly to **Question 14**.

**PART 3**
**NEGLIGENT TRAINING AND SUPERVISION**

**Question 14:**  Did Parnell Colvin prove by a preponderance of the evidence that M.J. Dean Construction knew about graffiti in the workplace and acted in a negligent manner?

_____ Yes          _____ No

If your answer to **Question 14** is "Yes," then answer **Question 15**. If you answered "No," then proceed directly to **Question 17**.

**Question 15:**  Did Parnell Colvin prove by a preponderance of the evidence that M.J. Dean Construction failed to train or supervise its employees adequately with respect to how to respond to graffiti in the workplace?

_____ Yes          _____ No

4

If your answer to **Question 15** is "Yes," then answer **Question 16**. If you answered "No," then proceed directly to **Question 17**.

**Question 16:** Did Parnell Colvin prove by a preponderance of the evidence that M.J. Dean Construction's negligence proximately caused him to suffer injuries?

_____ Yes          _____ No

If your answer to **Question 16** is "Yes," then answer **Question 17**. If you answered "No," then proceed directly to **Question 17**.

## PART 4

**Question 17:** If you answered **any** of the following questions in exactly the manner shown below, then proceed directly to **Questions 19**.

   **Question 10:  No**
   **Question 13:  Yes**
   **Question 16:  Yes**

**Question 18:** If you answered **all** of the following questions in the manner shown below, stop here, answer no further questions, and have the Presiding Juror sign and date the last page of this form.

   **Question 10:  Yes, or did not have to answer Question 10.**
   **Question 13:  No, or did not answer Question 13.**
   **Question 16:  No, or did not answer Question 16.**

## PART 5
## DAMAGES

**Question 19:** Did Parnell Colvin prove by a preponderance of the evidence that he suffered any damages?

_____ Yes          _____ No

If your answer to **Question 19** is "Yes," then proceed directly to **Question 20**. If you answered "No," stop here, answer no further questions, and have the Presiding Juror sign and date the last page of this form.

**Question 20:** What damages, if any, do you find Parnell Colvin proved he incurred by a preponderance of evidence against Defendant M.J. Dean Construction with respect to the following:

   a.      Mental, physical, emotional pain and suffering experienced:

   $_____

HOWARD & HOWARD ATTORNEYS PLLC

b.    Past lost wages:

$_____

c.    Future lost wages:

$_____

TOTAL      $_____

### PART 6
### PUNITIVE DAMAGES

**Question 21:**  Did Parnell Colvin prove by clear and convincing evidence that M.J. Dean Construction acted with malice, fraud, or oppression against him?

_____ Yes          _____ No

If your answer to **Question 21** is "Yes," then proceed directly to **Question 22**. If you answered "No," stop here, answer no further questions, and have the Presiding Juror sign and date the last page of this form.

**Question 22:**  Did Parnell Colvin prove by clear and convincing evidence that an officer, director or managing agent of M.J. Dean Construction expressly authorized or ratified the malicious, fraudulent, or oppressive conduct against him?

_____ Yes          _____ No

*****

Dated: _____          _____
                                                                                      Presiding Juror

After this form has been signed and dated, notify the Clerk that you are ready to present your verdict in the courtroom.

6

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been electronically filed and served upon the following parties on March 20, 2023, through the Court's CM/ECF system.

Law Office of Michael P. Balaban, Esq.
Michael P. Balaban, Esq.
10726 Del Rudini Street
Las Vegas, NV 89141
*Attorneys for Plaintiff*

                                 /s/  *Barbara Dunn*
                              Howard & Howard Attorneys PLLC