1  Michael P. Balaban   State Bar No. 9370
   LAW OFFICES OF MICHAEL P. BALABAN
2  10726 Del Rudini Street
   Las Vegas, NV  89141
3  (702)586-2964
   Fax: (702)586-3023
4  E-Mail: mbalaban@balaban-law.com

5  Attorney for Plaintiff

6

7

8
                    UNITED STATES DISTRICT COURT
9
                         DISTRICT OF NEVADA
10

11
   PARNELL COLVIN,                    )   CASE NO. 2:20-cv-01765-APG-EJY
12                                    )
                                      )
13           Plaintiff,                )   PLAINTIFF'S PROPOSED VERDICT FORM
                                      )
14      vs.                           )
                                      )
15                                    )
                                      )
16 M.J. DEAN CONSTRUCTION, INC.,      )
                                      )
17           Defendant.                )
                                      )   Trial: March 27, 2023
18                                    )   Time: 9;00 a.m.
                                      )   Judge: Honorable Andrew Gordon
19 _____)

20
        Plaintiff PARNELL COLVIN ("Plaintiff" or "Colvin") submits his proposed jury instruction
21
   as follows:
22

23 ///

24
   ///
25

26 ///

27
   ///
28

1

## SPECIAL VERDICT FORM

Please answer the following questions. Your answers must be unanimous.

## PART 1

## DISPARATE TREATMENT

**Question 1:** Did Parnell Colvin prove by a preponderance of the evidence that he belongs to a protected class?

_____ Yes _____ No

If your answer to Question 1 is "Yes," then answer Question 2. If you answered "No," then proceed directly to Question 5.

**Question 2:** Did Parnell Colvin prove by a preponderance of the evidence that he was qualified for his position and performing his position satisfactorily?

_____ Yes _____ No

If your answer to Question 2 is "Yes," then answer Question 3. If you answered "No," then proceed directly to Question 5.

**Question 3:** Did Parnell Colvin prove by a preponderance of the evidence that he was subjected to an adverse employment action in that he was not permitted to work overtime and was forced to perform types of work that he considered undignified?

_____ Yes _____ No

If your answer to Question 3 is "Yes," then answer Question 4. If you answered "No," then proceed directly to Question 5.

**Question 4:** Did Parnell Colvin prove by a preponderance of the evidence that similarly situated individuals outside of his protected class were treated more favorably?

_____ Yes _____ No

If your answer to Question 4 is "Yes," then answer Question 5. If you answered "No," then proceed directly to Question 5.

## PART 2

## HOSTILE WORK ENVIRONMENT

**Question 5:** Did Parnell Colvin prove by a preponderance of the evidence that he was subjected to slurs, insults, jokes or other verbal comments or physical contact or intimidation of a racial nature?

_____ Yes _____ No

2

If your answer to Question 5 is "Yes," then answer Question 6. If you answered "No," then proceed directly to Question 19.

**Question 6:** Did Parnell Colvin prove by a preponderance of the evidence that the conduct was unwelcome?

_____ Yes _____ No

If your answer to Question 6 is "Yes," then answer Question 7. If you answered "No," then proceed directly to Question 19.

**Question 7:** Did Parnell Colvin prove by a preponderance of the evidence that the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create a racially abusive or hostile work environment?

_____ Yes _____ No

If your answer to Question 7 is "Yes," then answer Question 8. If you answered "No," then proceed directly to Question 19.

**Question 8:** Did Parnell Colvin prove by a preponderance of the evidence that he perceived the working environment to be abusive or hostile?

_____ Yes _____ No

If your answer to Question 8 is "Yes," then answer Question 9. If you answered "No," then proceed directly to Question 19.

**Question 9:** Did Parnell Colvin prove by a preponderance of the evidence that a reasonable person in his circumstances would consider the working environment to be abusive or hostile?

_____ Yes _____ No

If your answer to Question 9 is "Yes," then answer Question 10. If you answered "No," then proceed directly to Question 19.

**Question 10:** Did Parnell Colvin prove by a preponderance of the evidence that Kevin Gutierrez was a supervisor?

_____ Yes _____ No

If your answer to Question 10 is "Yes," then answer Question 11. If you answered "No," then proceed directly to Question 17.

**Question 11:** Did Parnell Colvin prove by a preponderance of the evidence that he was subjected to a racially hostile work environment by Kevin Gutierrez?

_____ Yes _____ No

If your answer to Question 11 is "Yes," then answer Question 12. If you answered "No," then proceed directly to Question 17.

**Question 12:** Did Parnell Colvin prove by a preponderance of the evidence that he suffered a tangible employment action as a result of racial harassment by Kevin Gutierrez?

_____ Yes _____ No

If your answer to Question 12 is "Yes," then answer Question 13. If you answered "No," then proceed directly to Question 17.

**Question 13:** Did M.J. Dean Construction prove by a preponderance of the evidence that it exercised reasonable care to prevent and promptly correct the racially harassing behavior?

_____ Yes _____ No

If your answer to Question 13 is "Yes," then answer Question 14. If you answered "No," then proceed directly to Question 17.

**Question 14:** Did M.J. Dean Construction prove by a preponderance of the evidence that Parnell Colvin unreasonably failed to take advantage of any preventive or corrective opportunities provided by M.J. Dean Construction or unreasonably failed to otherwise avoid harm?

_____ Yes _____ No

If your answer to Question 14 is "Yes," then answer Question 15. If you answered "No," then proceed directly to Question 17.

**Question 15:** Did M.J. Dean Construction prove by a preponderance of the evidence that it exercised reasonable care to prevent and promptly correct the racially harassing behavior?

_____ Yes _____ No

If your answer to Question 15 is "Yes," then answer Question 16. If you answered "No," then proceed directly to Question 17.

**Question 16:** Did M.J. Dean Construction prove by a preponderance of the evidence that Parnell Colvin unreasonably failed to take advantage of any preventive or corrective opportunities provided by M.J. Dean Construction or unreasonably failed to otherwise avoid harm?

_____ Yes _____ No

If your answer to Question 16 is "Yes," then answer Question 17. If you answered "No," then proceed directly to Question 17.

**Alternatively:**

**Question 17:** Did Parnell Colvin prove by a preponderance of the evidence that he was subjected to a racially hostile work environment by a non-immediate supervisor or co-worker?

_____ Yes _____ No

If your answer to Question 17 is "Yes," then answer Question 18. If you answered "No," then proceed directly to Question 19.

**Question 18:** Did Parnell Colvin prove by a preponderance of the evidence that M.J. Dean Construction or a member of M.J. Dean Construction's management knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment?

_____ Yes _____ No

If your answer to Question 18 is "Yes," then answer Question 19. If you answered "No," then proceed directly to Question 19.

## PART 3

## RETALIATION

**Question 19:** Did Parnell Colvin prove by a preponderance of the evidence that he participated in an activity protected under federal law by submitting an internal workplace complaint(s)?

_____ Yes _____ No

If your answer to Question 19 is "Yes," then answer Question 20. If you answered "No," then proceed directly to Question 22.

**Question 20:** Did Parnell Colvin prove by a preponderance of the evidence that M.J. Dean Construction subjected him to an adverse employment action including but not limited to, terminating plaintiff's employment and/or not hiring him back after the COVID-19 shutdown terminating his employment?

_____ Yes _____ No

If your answer to Question 20 is "Yes," then answer Question 21. If you answered "No," then proceed directly to Question 22.

**Question 21:** Did Parnell Colvin prove by a preponderance of the evidence that he was subjected to an adverse employment action including but not limited to, terminating plaintiff's employment and/or not hiring him back after the COVID-19 shutdown because he participated in an activity protected under federal law by submitting an

internal workplace complaint(s).

_____ Yes _____ No

If your answer to Question 21 is "Yes," then answer Question 22. If you answered "No," then proceed directly to Question 22.

## PART 4

## NEGLIGENT TRAINING AND SUPERVISION

**Question 22:** Did Parnell Colvin prove by a preponderance of the evidence that M.J. Dean Construction knew or should have known about race-based graffiti or other race-based discrimination or harassment in the workplace and acted in a negligent manner?

_____ Yes _____ No

If your answer to Question 22 is "Yes," then answer Question 23. If you answered "No," then proceed directly to Question 25.

**Question 23:** Did Parnell Colvin prove by a preponderance of the evidence that M.J. Dean Construction failed to train or supervise its employees adequately with respect to race-based graffiti or other race-based discrimination or harassment in the workplace?

_____ Yes _____ No

If your answer to Question 23 is "Yes," then answer Question 24. If you answered "No," then proceed directly to Question 25.

**Question 24:** Did Parnell Colvin prove by a preponderance of the evidence that M.J. Dean Construction's negligence proximately caused him to suffer injuries?

_____ Yes _____ No

If your answer to Question 24 is "Yes," then answer Question 25. If you answered "No," then proceed directly to Question 25.

## PART 5

**Question 25:** If you answered any of the following questions in exactly the manner shown below, then proceed directly to Questions 19.

**Question 4: Yes**

**Question 16: No**

**Question 18: Yes**

**Question 21: Yes**

**Question 24: Yes**

**Question 26:** If you answered all of the following questions in the manner shown below, stop here, answer no further questions, and have the Presiding Juror sign and date the last page of this form.

**Question 4: No, or did not have to answer Question 4.**

**Question 16: Yes, or did not have to answer Question 16.**

**Question 18: No, or did not have to answer Question 18.**

**Question 21: No, or did not have to answer Question 21.**

**Question 24: No, or did not have to answer Question 24.**

## PART 6

## DAMAGES

**Question 27:** Did Parnell Colvin prove by a preponderance of the evidence that he suffered any damages?

_____ Yes _____ No

If your answer to Question 27 is "Yes," then proceed directly to Question 28. If you answered "No," stop here, answer no further questions, and have the Presiding Juror sign and date the last page of this form.

**Question 28:** What damages, if any, do you find Parnell Colvin proved he incurred by a preponderance of evidence against Defendant M.J. Dean Construction with respect to the following:

a. Mental, physical, emotional pain and suffering experienced:

$_____

b. Past lost wages:

$_____

c. Future lost wages:

$_____

TOTAL $_____

///

## PART 7

## PUNITIVE DAMAGES

**Question 29:** Did Parnell Colvin prove by clear and convincing evidence that M.J. Dean Construction acted with malice, fraud, or oppression against him?

_____ Yes _____ No

If your answer to Question 29 is "Yes," then proceed directly to Question 30. If you answered "No," stop here, answer no further questions, and have the Presiding Juror sign and date the last page of this form.

**Question 30:** Did Parnell Colvin prove by clear and convincing evidence that an officer, director or managing agent of M.J. Dean Construction expressly authorized or ratified the malicious, fraudulent, or oppressive conduct against him?

_____ Yes _____ No

*****

Dated: _____    _____

Presiding Juror

After this form has been signed and dated, notify the Clerk that you are ready to present your verdict in the courtroom.

DATED: 3/21/2023          LAW OFFICES OF MICHAEL P. BALABAN

BY: /s/ Michael P. Balaban
 Michael P. Balaban, Esq.
 LAW OFFICES OF MICHAEL P. BALABAN
 10726 Del Rudini Street
 Las Vegas, NV  89141

## **CERTIFICATE OF SERVICE**

I hereby certify that pursuant to FRCP Rule 5(b)(3) and LR IC 4-1(a), a true and correct copy of the foregoing document was electronically served via the Court's CM/ECF electronic filing system to the following persons on March 21, 2023:

Martin A. Little, Esq.
Robert L. Rosenthal, Esq.
HOWARD & HOWARD ATTORNEYS PLLC
*Attorneys for Defendant*

/s/ Michael P. Balaban
Michael P. Balaban