JESSE SBAIH & ASSOCIATES, LTD.
Jesse M. Sbaih (#7898)
Ines Olevic-Saleh (#11431)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel     (702) 896-2529
Fax    (702) 896-0529
Email: jsbaih@sbaihlaw.com

*Former Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| PARNELL COLVIN, | Case No.: 2:20-cv-01765-APG-EJY |
|---|---|
| Plaintiff, | |
| vs. | **JESSE SBAIH & ASSOCIATES, LTD.'S MOTION TO ADJUDICATE ATTORNEY'S LIEN AND REDUCE LIEN TO JUDGMENT** |
| M.J. DEAN CONSTRUCTION, INC.; DOES I through X; AND ROE CORPORATIONS XI–XX, INCLUSIVE, inclusive; | |
| Defendant. | |

Jesse Sbaih & Associates, Ltd. ("JSA"), former counsel for Plaintiff Parnell Colvin ("Plaintiff") hereby moves the Court for an order adjudicating its attorney's lien and reducing said lien to judgment in the principal amount of $10,470.00.

///

///

///

///

///

///

///

///

This Motion is made and based on the following Points and Authorities; the Declaration of Ines Olevic-Saleh, Esq. below; the papers on file herein, the exhibits attached hereto; and any oral argument to be made at the time of the hearing of this Motion.

DATED this 7th day of July, 2023.

JESSE SBAIH & ASSOCIATES, LTD.

By  /s/ Ines Olevic-Saleh
Jesse M. Sbaih (#7898)
Ines Olevic-Saleh (#11431)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
*Former Attorneys for Plaintiff*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**LEGAL AUTHORITY**

This Honorable Court has ancillary jurisdiction over motions to adjudicate an attorney's lien filed after a case has closed. *Cohen v. Gold*, 2018 WL 1308945, at *2 (D. Nev. Mar. 12, 2018)(citation omitted) ("Courts have ancillary jurisdiction over an award of attorney fees following dismissal").

Under Nevada law, "[t]here is no doubt, however, of the power of the court, in the action in which the services are rendered, by means of its control over its processes and the parties, to enforce or determine the validity of the attorney's claimed lien, by some appropriate proceeding, and to protect the attorney against any attempt improperly to defeat the lien, . . .." *Earl v. Las Vegas Auto Parts, Inc.*, 73 Nev. 58, 62, 307 P.2d 781, 783 (1957). Indeed, "[i]t is well recognized that as a condition to granting substitution of attorneys the court may protect the original attorney by appropriate orders relative to his compensation." *Id.*

NRS 18.015(6) states that, "[o]n motion filed by an attorney having a lien under this section, the attorney's client or any party who has been served with notice of the lien, the court shall, after 5 days' notice to all interested parties, adjudicate the rights of the attorney, client or other parties and

enforce the lien." Pursuant to NRS 18.015(6), JSA is requesting that this Honorable Court adjudicate JSA's rights and reduce its attorney's lien to judgment.

All procedural requirements have been satisfied for adjudicating the lien to judgment. Former counsel for Plaintiff served a Notice of Lien by Certified Mail, Return Receipt Requested and electronic service via email, on Plaintiff and Daniel Marks, Esq., Plaintiff's counsel at the time. *See* a true and accurate copy of JSA's Notice of Attorney Lien attached hereto as ***Exhibit 1***. Therefore, a judgment in favor of JSA in the amount of the $10,470.00 lien is respectfully requested.

## II.

### DECLARATION OF INES OLEVIC-SALEH, ESQ. IN SUPPORT OF MOTION TO ADJUDICATE ATTORNEY LIEN TO JUDGMENT

INES OLEVIC-SALEH, ESQ., being first duly sworn deposes and says:

1. I am an attorney licensed to practice law in the State of Nevada, and I am an attorney with Jesse Sbaih & Associates, Ltd., the former attorneys for Plaintiff.

2. As there appears to be a dispute relating to JSA's Notice of Attorney Lien, I respectfully provide this Declaration in accordance with Rule of Professional Conduct 1.6(b)(5).

3. There is good cause for reducing JSA's attorney's lien to judgment.

4. Specifically, on or about June 24, 2021, Plaintiff terminated JSA's representation and Daniel Marks, Esq. substituted in as counsel for Plaintiff in the above-referenced matter.

5. At the time of the substitution of counsel, Defendant had made an offer to settle Plaintiff's claim for the sum of $25,000.00, an amount that Plaintiff had rejected.

6. Under the Contingent Fee Agreements entered into between JSA and Plaintiff, JSA is entitled to 40% of the $25,000.00 settlement offer, which is $10,000.00, plus costs. *See* a true and accurate copy of the Contingency Fee Agreement attached hereto as ***Exhibit 1***.

7. On July 1, 2021, in accordance with NRS 18.015, JSA perfected its attorney lien in the amount of $10,470.00. *See **Exhibit 2***.

8. Prior to its termination from the matter, JSA's attorneys spent well in excess of twenty five (25) hours on, among other things, meeting with Plaintiff; preparing a demand to Defendant; preparing and filing the Complaint on September 22, 2020; reviewing and opposing Defendant's Motion to Dismiss; preparing a Countermotion to Amend the Complaint; preparing a proposed Amended Complaint; preparing a Reply in Support of the Countermotion to Amend Complaint; reviewing Defendant's Reply in Support of the Motion to Dismiss; preparing an extensive nine (9) page single-spaced ENE statement; attending the January 12, 2021 ENE that lasted several hours; reviewing the various court orders (ECF #19 and ECF #20); meeting with counsel and drafting the Discovery Plan; preparing Interrogatories, Requests for Production of Documents, and Requests for Admissions to Defendant; and reviewing Defendant's responses to Plaintiff's written discovery.

9. At the time said services were rendered, my hourly rate was $400.00, a reasonable rate for an attorney with 12 years of experience in civil litigation, which includes numerous matters in employment law.

10. On October 31, 2022, Mr. Marks filed a Motion to Withdraw from representing Plaintiff.

11. On January 7, 2023, Michael P. Balaban, Esq. made an appearance for Plaintiff.

12. On March 26, 2023, approximately two and half months after Mr. Balaban appeared in the case, a Notice of Settlement was filed in the action.

13. On May 4, 2023, this Court entered an Order dismissing the case with prejudice.

14. To date, Plaintiff, through Mr. Balaban, has refused to honor JSA's lien in the amount of $10,470.00. *See* attached hereto as ***Exhibit 3*** email chain in which Mr. Balaban represents that Plaintiff told him that JSA did not have a lien and, as a result, he did not know about JSA's lien when he disbursed the settlement funds.

///

///

15. At this time, JSA respectfully requests that this Honorable Court adjudicate and enforce the lien by entering a judgment in favor of JSA in the amount of $10,470.00 for the unpaid attorney fees in the amount of $10,000.00 and costs in the amount of $470.00.00.

I declare under the penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Further this Declarant sayeth naught.

DATED this 7th day of July, 2023.

                                           */s/ Ines Olevic-Saleh*_____
                                           Ines Olevic-Saleh

### III.

### CONCLUSION

Based on the foregoing reasons, Jesse Sbaih & Associates, Ltd. respectfully requests that this Honorable Court grant its Motion to Adjudicate Attorney's Lien and Reduce Lien to Judgment.

DATED this 7th day of July, 2023.

                                    JESSE SBAIH & ASSOCIATES, LTD.

                          By    */s/ Ines Olevic-Saleh*_____
                                        Jesse M. Sbaih (#7898)
                                        Ines Olevic-Saleh (#11431)
                                        The District at Green Valley Ranch
                                        170 South Green Valley Parkway, Suite 280
                                        Henderson, Nevada 89012
                                                  *Former Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that pursuant to FRCP Rule 5(b)(3) and LR IC 4-1(a), a true and correct copy of the foregoing document was electronically served via the Court's CM/ECF electronic filing system to the following persons on July 7, 2023:

Michael P. Balaban, Esq.
LAW OFFICES OF MICHAEL P. BALABAN
*Current Attorneys for Plaintiff*

Martin A. Little, Esq.
Robert L. Rosenthal, Esq.
HOWARD & HOWARD ATTORNEYS PLLC
*Attorneys for Defendant*

<u>*/s/ Ines Olevic-Saleh*</u>
Ines Olevic-Saleh