Martin A. Little, Nevada Bar No. 7067
Robert L. Rosenthal, Nevada Bar No. 6476
Robert Hernquist, Nevada Bar No. 10616
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: rlr@h2law.com
Email: mal@h2law.com
Email: rwh@h2law.com

*Attorneys for Defendant M.J. Dean Construction, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN,<br><br>    Plaintiff,<br><br>vs.<br><br>M.J. DEAN CONSTRUCTION, INC,<br><br>    Defendant. | Case No. 2:20-cv-01765-APG-EJY<br><br>**DEFENDANT'S RESPONSE TO FORMER PLAINTIFF'S ATTORNEY JESSE SBAIH & ASSOCIATES, LTD.'S MOTION TO ADJUDICATE ATTORNEY'S LIEN AND REDUCE LIEN TO JUDGMENT** |

**A.     PROCEDURAL HISTORY**

On June 24, 2021, Plaintiff's original counsel in this matter, Jesse Sbaih & Associates, Ltd. ("Sbaih") withdrew as Plaintiff's attorney. (ECF 40.) On July 6, 2021, Sbaih served Plaintiff, Plaintiff's new attorney, Daniel Marks, and counsel for Defendant M.J. Dean Construction, Inc. ("Dean") with a notice of an attorney lien.

On or about March 25, 2023, the parties entered into a settlement agreement wherein Dean agreed to pay Plaintiff and his attorney, Michael Balaban, certain sums of money in exchange for Plaintiff releasing any and all claims against Dean.[1] On March 26, 2023, Plaintiff filed a Notice of Settlement with the Court. (ECF 119.) Thereafter, on May 3, 2023, the parties filed a stipulation to dismiss the case with prejudice, with each party agreeing to bear its own fees and costs. (ECF 121.) On May 4, 2023, the Court ordered this matter dismissed with prejudice and Court's docket reflected that this case was "terminated." (ECF 122.)

---

[1] By that time, attorney Daniel Marks had withdrawn, and Plaintiff was represented by his third lawyer, Michael J. Balaban.

1

On July 7, 2023, more than three months after the parties filed their Notice of Settlement, and over two months since the Court dismissed this case with prejudice, Sbaih filed the instant motion seeking to recover fees pursuant to his lien. (ECF 123.)

Prior to and after Sbaih filed his motion for fees, Defendant's counsel repeatedly advised Plaintiff's attorney that Plaintiff and/or Mr. Balaban were solely responsible for paying any money under his lien, not Defendant.[2] However, Sbaih continued to insist that Dean was somehow responsible for satisfying his lien, despite the clear language and intent behind NRS 18.015.

**B.  DEFENDANT CANNOT BE HELD LIABLE FOR SBAIH'S ATTORNEY'S LIEN BECAUSE DEAN DID NOT _RECOVER_ ANYTHING – ONLY PLAINTIFF AND HIS COUNSEL OBTAINED ANY MONEY**

NRS 18.015 is Nevada's attorney's lien statute and controls the issues with respect to the present motion. NRS 18.015(4)(a) states that a lien "attaches to any verdict, judgment or decree entered and to *any money* or property *which is recovered* on account of the suit or other action." (Emphasis added.)

In *Advanced Pre-Settlement Funding LLC v. Gazda & Tadayon*, 135 Nev. 602 (Nev. 2019), the Court concluded that the word "recovered" referred to money or property that had been distributed. More specifically, the Court held,

> The statute at issue here provides that the attorney's perfected lien attaches to money that "is recovered." NRS 18.015(4)(a); *Golightly & Vannah*, 132 Nev. at 420, 373 P.3d at 105. As the statute does not specifically define "recovered," we give the term its ordinary meaning, which can be ascertained through contemporaneous dictionary definitions. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 566-67 (2012); cf. 1977 Nev. Stat., ch. 401, § 3, at 773 (enacting NRS 18.015). Webster's Ninth New Collegiate Dictionary defines "recover" as "to get back" or, relevantly, "to gain by legal process," while it defines "gain" as "to acquire or get possession of usu[ally] by industry, merit or craft." Webster's Ninth New Collegiate Dictionary 502, 985 (1983). Black's Law Dictionary defines "recover" as "[t]o get or obtain again," as well as "[i]n a narrower sense, to be successful in a suit, to collect or obtain

---

[2] Dean's counsel sent Sbaih the following email on July 14, 2023: "We assume that you're moving only against Colvin and current counsel, Michael Balaban, and not MJ Dean, correct? We fully settled the case, so any proceeds that you're entitled to would have to come from plaintiff and/or his counsel." Sbaih disagreed and claimed that, because Dean received notice of the lien, it was responsible for paying his fees.

2

amount, to have judgment, to obtain favorable or final judgment, to obtain in any legal manner in contrast to voluntary payment." Recover, Black's Law Dictionary 1440 (rev. 4th ed. 1968). Black's defines "obtain" as "to get hold of by effort; to get possession of; to procure; to acquire, in any way." Obtain, *Id.* at 1228. In the context of money that "is recovered," the dictionary definitions best support concluding that money must be possessed to be "recovered" because that is when the money has been acquired, possessed, or gotten hold of. *See Berkson v. LePome*, 126 Nev. 492, 497, 245 P.3d 560, 563 (2010) ("Words in a statute will be given their plain meaning unless such an approach would violate the spirit of the act."). ***The prevailing party or its counsel has then recovered the money when it actually possesses it.*** *See Golightly & Vannah*, 132 Nev. at 420, 373 P.3d at 105 ***(considering funds to have been recovered on delivery to counsel)***.

*Id.* at 605. (Emphasis added.)

In the instant action, Sbaih reliance NRS 18.015 is misplaced, because it does not permit recovery of his fees under the lien from a non-recovering party. Further, to interpret 18.015 in the manner requested by Sbaih is contrary to the intent of the statute and leads to a completely illogical result. NRS 18.015's purpose is ***equitable*** so as to permit a plaintiff's prior attorney to receive his/her fair share of what is ultimately recovered.

Here, Dean did not ***recover*** anything; rather, Dean simply ***distributed*** the settlement money to Plaintiff and Mr. Balaban. As such, they should be solely responsible for satisfying Sbaih's lien. Accordingly, Sbaih's motion must be denied with respect to Defendant Dean.

Dated: July 19, 2023

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ Robert Rosenthal
Robert Rosenthal, Esq.
Martin A. Little, Esq.
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
*Attorneys for Defendant M.J. Dean Construction, Inc.*

3

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically filed and served upon the following parties on July 19, 2023 through the Court's ECF system.

Michael P. Balaban, Esq.
Law Offices of Michael P. Balaban
Current Attorney for Plaintiff

Jesse M. Sbaih, Esq.
Ines Olevic-Saleh, Esq.
Jesse Sbaih & Associates, Ltd.
Former Attorneys for Plaintiff

/s/ Barbara Dunn
Howard & Howard Attorneys PLLC