Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023
E-Mail: mbalaban@balaban-law.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN,<br><br>             Plaintiff,<br><br>      vs.<br><br>M.J. DEAN CONSTRUCTION, INC.,<br><br>             Defendant. | CASE NO. 2:20-cv-01765-APG-EJY<br><br>PLAINTIFF'S RESPONSE TO JESSE SBAIH & ASSOCIATES, LTD'S MOTION TO ADJUDICATE ATTORNEY'S LIEN AND REDUCE LIEN TO JUDGMENT |

Plaintiff PARNELL COLVIN ("Plaintiff" or "Colvin") submits this Response to Jesse Sbaih & Associates, LTD's (Sbaih) Motion to Adjudicate Attorney's Lien and Reduce Lien to Judgment.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**PRELIMINARY STATEMENT**

This is motion is an attempt by Sbaih to collect on attorney's fees and costs in a case that it made a conscious decision to withdraw from the case after the Early Neutral Evaluation

1

Conference ("ENE") because they did not want to continue to litigate the case and are now trying to collect a lien on the case which they should not be entitled to.

First when Sbaih took on this case, they did so on a contingency basis. Thus it was the expectation of Colvin that Sbaih would litigate the case to its conclusion which did *not* happen. Instead when the case did *not* settle at the ENE for what Colvin concluded was an acceptable amount, Sbaih decided to "jump ship" and withdraw from the case leaving Colvin "high and dry" and left to fend for himself.

Luckily Plaintiff was able to get other attorneys to take the case forward which eventually settled for well in excess of the sum[1] that Sbaih is saying was reasonable in their professional opinion given the facts and circumstances of the case.

This being the case, the Court should reject Sbaih's demand to recovery attorney's fees in the case because they breached their obligation to continue to litigate the case in "good faith" and in breach of their Contingency Fee Agreement.

Although Sbaih claims that their Contingency Fee Agreement provides that they can withdrawal if they deem a settlement offer is reasonable under the facts and circumstances of the case and the Client rejects the offer, this Court should reject this argument for a couple of reasons.

First Sbaih's conclusion that the settlement offer at the ENE was reasonable was made in "bad-faith". The facts and circumstances of the case dictated that a much higher settlement value be assigned to the case and Sbaih only said the offer was reasonable because they didn't want to litigate the case and they were only looking for a quick settlement because this suited their purposes, *not* the best interest their client Colvin.

Second allowing Sbaih to recover an attorney's lien like they are trying to do in this case goes against public policy and court policy regarding the ENE process. Firms like Sbaih's who "dabble" in employment cases knowing that they can withdraw after the ENE if the case doesn't settle hurts the administration of cases in the U.S. District Court, District of Nevada and leaves

---

[1] The final settlement amount of the case is subject to a confidentiality clause and the final amount of settlement cannot be disclosed.

employees "stranded" once their lawyer withdraws because they the client refuse to take some "lowball" or nuisance value settlement.

In addition the amount that Sbaih is asking for is *not* reasonable given the total work that was involved in getting the case to trial and eventually negotiating a favorable settlement for Plaintiff.

Finally even if the Court accepts Sbaih's lien and finds the amount reasonable, any order and/or judgment should *not* apply to Michael Balaban of the Law Offices of Michael P. Balaban ("Balaban) because he had *no* notice of the lien prior to Sbaih's office contacting him recently by email well after the settlement proceeds had been distributed and the case had been dismissed.

## II.

## LEGAL DISCUSSION

**A. THIS COURT SHOULD DENY SBAIH'S CLAIM FOR AN ATTORNEY'S LIEN BECAUSE SBAIH REFUSED TO CONTINUE TO LITIGATES COLVIN CLAIM AND INSTEAD CHOSE TO WITHDRAW FROM THE CASE**

Nevada recognizes two types of attorney's liens. See, e.g., *Newstar Chemicals (M) SDN BHD v. Megola, Inc.*, 2012 U.S. Dist. LEXIS 135945, at *4 (D. Nev. Sept. 21, 2012) (citation omitted); *see also Figliuzzi v. Eigth Judicial Dist. Court In and For Cty. of Clark*, 890 P.2d 789, 801 (Nev. 1995). The first is "a special or charging lien," which provides a lien on "the judgment or settlement [that] the attorney has obtained for the client." The second is a "retaining lien," which allows an attorney that has been terminated by the client to withhold the client's file, documents, and other property "until the court, at the request or consent of the client, adjudicates the client's rights and obligations" and orders the attorney to return the items to the client upon payment of attorneys' fees. *Newstar Chemicals (M) SDN BHD*, 2012 U.S. Dist. LEXIS 135945, at *4.

Here after the ENE, Colvin talked to Sbaih about taking depositions which Plaintiff thought were essential to have any chance of winning at trial but Sbaih refused to take any because he said it cost too much. [Colvin Aff. ¶7.]

When Colvin refused to settle for much less than he thought the case was worth and Sbaih saw he was going to have to put in some real work into the case including taking depositions to get the case ready for trial he decided to withdraw from the case. [Colvin Aff. ¶8.]

Thereafter on June 8, 2021 Sbaih file a motion to withdraw as Colvin's attorney (Doc #30). [Colvin Aff. ¶9.]

Thus this Court allowing Sbaih to collect on an attorney's lien when they chose to withdraw opposed to Colvin seeking a substitution is inequitable. *See Cohen v. Gold*, 2018 WL 1308945, at *2 (D. Nev. March 12, 2018).

**B.     FURTHER SBAIH'S ATTEMPT TO RECOVER AN ATTORNEY'S LIEN AFTER IT WITHDREW FROM THE CASE IN BAD FAITH BECAUSE PLAINTIFF WOULD NOT TAKE SOME LOWBALL OFFER IS AGAINST PUBLIC POLICY AND COURT POLICY REGARDING THE ENE PROCESS**

The Court should reject Sbaih's demand to recovery attorney's fees in the case because they breached their obligation to continue to litigate the case in "good faith" in breach of their Contingency Fee Agreement.

Although Sbaih claims that their Contingency Fee Agreement provides that they can withdrawal if they deem a settlement offer is reasonable under the facts and circumstances of the case and the Client rejects the offer, this Court should reject this argument for a couple of reasons. (*See* Contingent Fee Agreement, Doc #123-1, ¶7 and Declaration of Ines Olevic-Saleh, Esq., ¶¶5 and 6, Mtn pg. 3, lns. 20-25.)

First Sbaih's conclusion that the settlement offer at the ENE was reasonable was made in "bad-faith". The facts and circumstances of the case dictated that a much higher settlement value be assigned to the case and Sbaih only said the offer was reasonable because they didn't want to litigate the case and they were only looking for a quick settlement because this suited their purposes, *not* the best interest their client Colvin.[2]

Second allowing Sbaih to recover an attorney's lien like they are trying to do in this case

---

[2] Although Olevic-Saleh claims that Defendant offered to settle for the sum of $25,000.00, Colvin says that to the best of his recollection the most Defendant offered to settle for was $6,000.00. [Colvin Aff. ¶5.]

4

goes against public policy and court policy regarding the ENE process. Firms like Sbaih's who "dabble" in employment cases[3] knowing that they can withdraw after the ENE if the case doesn't settle hurts the administration of cases in the U.S. District Court, District of Nevada and employees "stranded" once their lawyer withdraws because they the client refuses to take some "lowball" or nuisance value settlement.

### C. THIS COURT SHOULD DENY SBAIH'S CLAIM FOR AN ATTORNEY'S LIEN BECAUSE THE FEES THEY SEEK TO RECOVER ARE NOT REASONABLE GIVEN THE RESULT THEY OBTAINED FOR COLVIN

The terminated attorney can only be compensated only for the reasonable value of his services and bears the burden "to establish the reasonableness of the fee." *Sloan v. Country Preferred Ins. Co.*, 2012 U.S. Dist. LEXIS 102241, at *4 (D. Nev. July 9, 2013) (quoting State Bar of Nevada Standing Committee on Ethics and Professional Responsibility Formal Opinion No. 18, issued April 29, 1994 (listing "the time expended, results obtained, the nature of the case and the understanding of the parties" as factors to consider when determining the reasonableness of a fee)).

Here it wasn't Sbaih that obtained a favorable result in the case, it was Daniel Marks and Balaban. Sbaih withdrew from the case early on and didn't want to take any depositions as was needed to get the case past summary judgment and to have any chance of winning at trial. [Colvin Aff. ¶7.]

To allow Sbaih to now recover attorney's fees on a case they abandoned would *not* be reasonable under the circumstances. After all they took the case on a contingency which is results driven and to now allow them to recover a fees on hours worked would go against the very nature of a contingency arrangement and should thus be denied.

Further if the Court was inclined to aware Sbaih any fees, they have not met their burden to show the fees are reasonable by itemizing what hours they are claiming for each task performed

---

[3] Judging from their website and Facebook page it is clear that Sbaih's firm specializes in personal injury, in particular automobile accidents.

and proving that they are experienced in employment matters and that that experience warrants the fees they seek. *See Cohen, supra*, 2018 WL 1308945, at *4.

**D.   SHOULD THIS COURT RECOGNIZE SBAIH'S CLAIM FOR AN ATTORNEY'S LIEN IT SHOULD NOT APPLY TO BALABAN BECAUSE HE HAD NO NOTICE OF THE LIEN UNTIL LONG AFTER THE CASE WAS SETTLED AND DISMISSED**

Balaban noticed his appearance on behalf of Plaintiff on January 7, 2023 (Doc #75). [Balaban Aff. ¶4.]

Prior to agreeing to represent Colvin, Balaban asked Plaintiff if there were any liens on the case including a lien from Sbaih and Colvin said there were none. [Balaban Aff. ¶5.]

The Civil Docket sheet also showed *no* attorney liens or other filed liens in the case. [Balaban Aff. ¶6.]

Thereafter on March 25, 2023 the case settled and Balaban filed a Notice of Settlement the following day on March 26, 2023 (Doc #119). [Balaban Aff. ¶7.]

Further on May 3, 2023 after the settlement funds were received and distributed, Balaban filed a Stipulation for Dismissal (Doc #121) which was ordered by the court on May 4, 2023 (Doc #122). [Balaban Aff. ¶8.]

Had Balaban had notice of Sbaih's lien he would have taken steps to provide for the lien when negotiating and distributing the settlement, but as set forth above Balaban had no notice of the lien. [Balaban Aff. ¶9.]

Finally on June 16, 2023, nearly three month after the case had been settled and over one month after it had been dismissed, Balaban received an email from Sbaih making him aware for the first time that they were expecting payment of a $10,000.00 lien (Doc #123-3). Balaban replied to this email on July 3, 2023 letting Sbaih know among other things, as set forth above, that he had no notice of the lien prior to Sbaih's June 16, 2023 email (Doc #123-3). [Balaban Aff. ¶10.]

Thus Balaban had no notice of Sbaih attorney's lien pursuant to NRS § 18.015(3) because

it was *not* served on him until long after the case was settled, the funds were received and the case was dismissed. *See G. Dallas Horton & Assocs. v. Harris*, 2016 U.S. Dist. LEXIS 98800, *8 (D. Nev. July 28, 2016) (reiterating that the notice required by NRS § 18.015(3) must be "served before any funds are received" in order to perfect the lien) (citing *Golightly & Vannah, PLLC v. TJ Allen, LLC*, 373 P.3d 103, 105 (Nev. 2016) ("when an attorney does not attempt to perfect his or her lien until after settlement is reached and the proceeds have been received, the lien does not attach to settlement proceeds")).

Here as to Balaban the first notice of any kind he has of the lien by Sbaih was on June 16, 2023, nearly three month after the case had been settled and over one month after it had been dismissed. [Balaban Aff. ¶10.]

This case is in contrast to *Cohen, supra*, 2018 WL 1308945, at *2 where the Richard Harris Law Firm, LLP's ("RHLF") was replaced by multiple attorneys like here and each time the RHLF served noticed pursuant to NRS § 18.015(3) so the new law firm would have notice of the attorney's lien.

This being the case it would be wrong to hold Balaban liable for an attorney's lien that he did not have notice of especially since now all the settlement proceeds have been distributed and the case has been dismissed.

### III.
### CONCLUSION

For all the reasons stated above, Plaintiff and Balaban requests that this Court deny Sbaih's Motion to Adjudicate Attorney's Lien and Reduce Lien to Judgment.

DATED: 7/20/2023                    LAW OFFICES OF MICHAEL P. BALABAN


BY: /s/ Michael P. Balaban
    Michael P. Balaban, Esq.
    LAW OFFICES OF MICHAEL P. BALABAN
    10726 Del Rudini Street
    Las Vegas, NV  89141

**CERTIFICATE OF SERVICE**

I hereby certify that pursuant to FRCP Rule 5(b)(3) and LR IC 4-1(a), a true and correct copy of the foregoing document was electronically served via the Court's CM/ECF electronic filing system to the following persons on July 20, 2023:

Jesse Sbaih, Esq.
Ines Olevic-Saleh, Esq.
JESSE SBAIH & ASSOCIATES, LTD
*Former Attorneys for Plaintiff*

Martin A. Little, Esq.
Robert L. Rosenthal, Esq.
HOWARD & HOWARD ATTORNEYS PLLC
*Attorneys for Defendant*

/s/ Michael P. Balaban
Michael P. Balaban