JESSE SBAIH & ASSOCIATES, LTD.
Jesse M. Sbaih (#7898)
Ines Olevic-Saleh (#11431)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel     (702) 896-2529
Fax    (702) 896-0529
Email: jsbaih@sbaihlaw.com

*Former Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PARNELL COLVIN,<br><br>　　　　　Plaintiff,<br>vs.<br><br>M.J. DEAN CONSTRUCTION, INC.;<br>DOES I through X; AND ROE<br>CORPORATIONS XI–XX, INCLUSIVE,<br>inclusive;<br><br>　　　　　Defendant. | Case No.: 2:20-cv-01765-APG-EJY<br><br>**REPLY IN SUPPORT OF JESSE SBAIH & ASSOCIATES, LTD.'S MOTION TO ADJUDICATE ATTORNEY'S LIEN AND REDUCE LIEN TO JUDGMENT AGAINST DEFENDANT M.J. DEAN CONSTRUCTION, INC.** |

　　　　COMES NOW Jesse Sbaih & Associates, Ltd. ("JSA"), former counsel for Plaintiff Parnell Colvin ("Plaintiff") and hereby submits this Reply in support of its Motion to Adjudicate Attorney's Lien and Reduce Lien to Judgment (ECF #123) against Defendant M.J. Dean Construction, Inc ("Dean").  This Reply is made and based upon the Memorandum of Points and Authorities below, other papers and pleadings in this action, and any oral argument this Honorable Court may entertain.

　　　　DATED this 26th day of July, 2023.

　　　　　　　　　　　　　　　　　　　　　　JESSE SBAIH & ASSOCIATES, LTD.

　　　　　　　　　　　　　　　　　By　　/s/ Ines Olevic-Saleh_____
　　　　　　　　　　　　　　　　　　　　Jesse M. Sbaih (#7898)
　　　　　　　　　　　　　　　　　　　　Ines Olevic-Saleh (#11431)
　　　　　　　　　　　　　　　　　　　　The District at Green Valley Ranch
　　　　　　　　　　　　　　　　　　　　170 South Green Valley Parkway, Suite 280
　　　　　　　　　　　　　　　　　　　　Henderson, Nevada 89012
　　　　　　　　　　　　　　　　　　　　　　*Former Attorneys for Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## LEGAL AUTHORITY

In its Response, Dean does not challenge the validity of the subject attorney lien by JSA. Dean does not dispute that JSA's attorney lien was perfected, and it does not dispute its amount. Instead, Dean seeks to escape liability in this matter based on a sole argument that since it did not "recover" anything, it has no duty related to JSA's lien. Dean's argument is ineffective.

Specifically, NRS 18.015(3) states the following:

> An attorney perfects a lien described in subsection 1 by serving notice in writing, in person or by certified mail, return receipt requested, upon his or her client and, if applicable, ***upon the party against whom the client has a cause of action***, claiming the lien and stating the amount of the lien.

(Emphasis added).

By requiring service on the party "against whom the client has a cause of action" NRS 18.015(3) imputes a duty on such party to honor the lien. By being properly serving with JSA's attorney lien on July 1, 2021, Dean became obligated by NRS 18.015 to satisfy JSA's lien from the settlement in this matter.

In addition to NRS 18.015, the Nevada Supreme Court has provided clear guidance with regards to the duty of the judgment debtor to satisfy an attorney lien, in the following opinion:

> The right of an attorney to enforce an attorney's lien against the judgment debtor does not rest upon the principle of any promise from or services performed for such debtor, but on the statute giving such lien, and on the conduct of the judgment debtor with reference thereto.
>
> . . .
>
> Counsel for Appellant concedes that the judgment was valid against Christine Berrum [the subject attorney's client and the judgment creditor], who employed respondent [the judgment creditor's attorney]. It is equally

---

[1] In its Response, Dean mentions that JSA filed its motion "more than three months after the parties filed their notice of Settlement, and over two months since the Court dismissed this case with prejudice." Dean's Resp., pg. 2, ll1-3. JSA would have filed the subject motion earlier, however, upon its substitution as Mr. Colvin's counsel, JSA was removed from the electronic service for the matter. Moreover, despite being properly served with a notice of JSA's attorney lien, neither party notified JSA of the settlement. JSA discovered the case has resolved through a routine check of this case's docket.

>valid against Anderson P. Berrum [the defendant and the judgment debtor] so far as the statement of a cause of action is concerned. He had notice of respondent's lien against Christine Berrum's cause of action and the money judgment she recovered, but notwithstanding, deprived respondent of the security given by the statute by paying the judgment to the clerk for her.
>
>. . .
>
>We are in accord with the very considerable authority to the effect that an attorney who has a charging lien for his services is, to the extent thereof, to be regarded as the equitable assignee of the judgment. *In re McCormick's Estate*, 182 A. 485, 14 N.J.Misc. 73; *Newbert v. Cunningham*, 50 Me. 231, 79 Am.Dec. 612; *Epp v. Hinton*, 102 Kan. 435, 170 P. 987; *Grimes Savings Bank v. McHarg*, 217 Iowa 636, 251 N.W. 51; *Stoddard v. Lord*, 36 Or. 412, 59 P. 710; *Jacobsen v. Miller*, 50 N.D. 828, 198 N.W. 349, 34 A.L.R. 317; *Williams v. New England Securities Co.*, 170 Ark. 139, 278 S.W. 961; *Anderson v. Star-Bair Oil Co.*, 34 Wyo. 332, 243 P. 394. Bancroft Code Practice & Remedies, Part 1, Chapter V. Section 73; 6 C.J. 766, and cases cited in Note 81, in support of the text.
>
>A judgment debtor therefore who satisfies the judgment, as was done in this case, without regard to the lien, is, as Lord Mansfield phrased it, "in his own wrong and like paying a debt which has been assigned after notice." He does so at his own risk and is liable. (citation omitted).
>
>A judgment creditor should not be enabled to "run away with the fruits of the cause without satisfying the legal demands of his attorney, by whose industry, and in many instances at whose expense, those fruits are obtained." *Anderson v. Star-Bair Oil Co.*, supra [34 Wyo. 332, 243 P. 398], *quoting* from *Read v. Dupper*, 6 Term R. 366, 101 Eng.Rep. 595.
>
>Respondent contends that an action could have been maintained against the judgment debtor alone, but we are of the opinion that the judgment creditor was a necessary party here, as the issues involved a determination of her liability to the attorney and the amount thereof.

Berrum v. Georgetta, 60 Nev. 1, 98 P.2d 479, 481-81 (1940)

Therefore, based on the law and the circumstances of this matter, Dean is liable for its failure to protect JSA's attorney lien in the amount of the $10,470.00.

///

///

///

///

///

## II.

## **CONCLUSION**

Based on the foregoing reasons, Jesse Sbaih & Associates, Ltd. respectfully requests that this Honorable Court grant its Motion to Adjudicate Attorney's Lien and Reduce Lien to Judgment.

DATED this 26th day of July, 2023.

                                        JESSE SBAIH & ASSOCIATES, LTD.

By    */s/ Ines Olevic-Saleh*
        Jesse M. Sbaih (#7898)
        Ines Olevic-Saleh (#11431)
        The District at Green Valley Ranch
        170 South Green Valley Parkway, Suite 280
        Henderson, Nevada 89012
                *Former Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that pursuant to FRCP Rule 5(b)(3) and LR IC 4-1(a), a true and correct copy of the foregoing document was electronically served via the Court's CM/ECF electronic filing system to the following persons on July 26, 2023:

Michael P. Balaban, Esq.
LAW OFFICES OF MICHAEL P. BALABAN
*Current Attorneys for Plaintiff*

Martin A. Little, Esq.
Robert L. Rosenthal, Esq.
HOWARD & HOWARD ATTORNEYS PLLC
*Attorneys for Defendant*

 */s/ Ines Olevic-Saleh*
 Ines Olevic-Saleh