JESSE SBAIH & ASSOCIATES, LTD.
Jesse M. Sbaih (#7898)
Ines Olevic-Saleh (#11431)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel     (702) 896-2529
Fax    (702) 896-0529
Email: jsbaih@sbaihlaw.com

*Former Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN,<br><br>               Plaintiff,<br>vs.<br><br>M.J. DEAN CONSTRUCTION, INC.; DOES I through X; AND ROE CORPORATIONS XI–XX, INCLUSIVE, inclusive;<br><br>               Defendant. | Case No.: 2:20-cv-01765-APG-EJY<br><br>**REPLY IN SUPPORT OF JESSE SBAIH & ASSOCIATES, LTD.'S MOTION TO ADJUDICATE ATTORNEY'S LIEN AND REDUCE LIEN TO JUDGMENT AGAINST PLAINTIFF PARNELL COLVIN** |

COMES NOW Jesse Sbaih & Associates, Ltd. ("JSA"), former counsel for Plaintiff Parnell Colvin ("Plaintiff") and hereby submits this Reply in support of his Motion to Adjudicate Attorney's Lien and Reduce Lien to Judgment (ECF #123) against Plaintiff Parnell Colvin ("Mr. Colvin"). This Reply is made and based upon the Memorandum of Points and Authorities below, other papers and pleadings in this action, and any oral argument this Honorable Court may entertain.

DATED this 27th day of July, 2023.

                 JESSE SBAIH & ASSOCIATES, LTD.

              By /s/ Ines Olevic-Saleh_____
                 Jesse M. Sbaih (#7898)
                 Ines Olevic-Saleh (#11431)
                 The District at Green Valley Ranch
                 170 South Green Valley Parkway, Suite 280
                 Henderson, Nevada 89012
                   *Former Attorneys for Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## FACTUAL CORRECTIONS

It is undisputed that JSA perfected its attorney lien pursuant to NRS 18.015. Moreover, based on both its fee agreement with Mr. Colvin, and the work performed in this matter, JSA is entitled to payment on its attorney lien in full.

In his Response, Mr. Colvin makes significant efforts to personally attack JSA with false and irrelevant arguments in an attempt to circumvent his responsibility under the JSA attorney lien. In order to correct Mr. Colvin's falsehoods, JSA states the following:

1. JSA has and continues to handle employment matters with great success since its inception over eighteen (18) years ago. *See* Declaration of Ines Olevic-Saleh, Esq. attached hereto as **Exhibit 1**. JSA does not "dabble" in employment cases (Response, pg, 2, ll. 25-26), but handles them as one of their primary areas of practice. *Id*. Attempts by Mr. Colvin and his current counsel, Michael Balaban, Esq. to sully JSA's reputation does not invalidate JSA's attorney lien, nor their failure to honor it.

2. As evidenced by the docket in this matter, on June 25, 2021, while JSA's Motion to Withdraw as Mr. Colvin's counsel was pending, Daniel Marks, Esq. substituted in as counsel. As such, JSA did not withdraw from representing Mr. Colvin, but was substituted out by Mr. Marks.

3. JSA did not terminate its representation because the case did not settle at the Early Neutral Evaluation ("ENE"), the depositions in the case "would cost too much" or, because it would "have to put in some real work" as maliciously claimed in Mr. Colvin's Affidavit. Indeed, the ENE in this matter was held on January 12, 2021, and JSA filed its Motion to Withdraw on June 8, 2021, almost six (6) months later. During that time, among other things, JSA opposed the Defendant's Motion to Dismiss and prepared and served the Defendant with numerous Interrogatories, Requests for Production of Documents and Requests for Admissions. Therefore, contrary to Mr. Colvin's claims, failure to settle at the ENE was not the impetus for JSA's disassociation from Mr. Colvin.

Instead, JSA discontinued Mr. Colvin's representation because it had serious concerns with Mr. Colvin's credibility, concerns which continue to be founded to this day. As alleged in ¶5 of the

Affidavit of Michael Balaban, Esq., Plaintiff's current counsel, Plaintiff advised Mr. Balaban there were no attorney liens by JSA in this matter. Plaintiff was properly served with, and was fully aware of the existence of the subject lien.

It is relevant to note that in addition to serving it on the Plaintiff and counsel for Defendant M.J. Dean Construction Inc., notice of JSA's attorney lien was also properly served on Mr. Marks, Plaintiff's second attorney. Undoubtedly, Mr. Balaban obtained the case file from Mr. Marks, and undoubtedly, JSA's attorney lien was a part of the case file.

5. Mr. Colvin's blatant lack of credibility is further evidenced by the claim in his Affidavit that "the most that Defendant offered" to settle his case was $6,000.00. Colvin's Affidavit, ¶ 5. In addition to Mr. Colvin, present during Mr. Colvin's ENE was the Honorable Magistrate Judge Cam Ferenbach, Defense Counsel Martin A. Little, Esq., Robert L. Rosenthal, Esq. Chris Flanagan, CFO., Jesse M. Sbaih, Esq. and Ines Olevic-Saleh, Esq., all of whom witnessed that the final settlement offer at that time was $25,000.00. Indeed, had Mr. Colvin truly believed that he was offered $6,000.00 and that JSA was basing its lien on that amount, Mr. Colvin would certainly challenge JSA's $10,470.00 lien at the time when he was served with it.

6. Upon JSA's substitution from the case, JSA was removed from the electronic service for this matter. As such, JSA received no electronic notice of the settlement of this case. Moreover, despite proper service of the JSA lien on all parties and known counsel, no one advised JSA that this matter was resolved. Instead, JSA learned of the settlement upon a routine review of this case's docket.

## II.

## LEGAL ARGUMENT

In this matter, JSA has a valid contingency agreement which entitles it to 40% of the $25,000 offer Mr. Colvin received while represented by JSA. See **Exhibit 1** to JSA's underlying Motion. Moreover, in this case, the hours JSA worked on the matter more than justify the amount sought. See *McDonald Carano Wilson v. Bourassa L. Grp.,* 131 Nev. 904, 907, 362 P.3d 89, 91 (2015).

Specifically, the Nevada Supreme Court identified four factors to consider when determining the appropriate amount of attorney's fees: (1) the qualities of the attorney; (2) the character of the work

to be done; (3) the work the attorney actually performed; and (4) the result. *Brunzell v. Golden Gate Nat. Bank*, 455 P.2d 31, 33 (Nev. 1969).

As evidenced by the Declaration of Ines Olevic-Saleh, Esq., Ms. Olevic-Saleh, the attorney who primarily worked on Mr. Colvin's case, is a partner at JSA. ***Exhibit 1***, ¶ 2. Ms. Olevic-Saleh attained bachelor degrees in International Business and Managerial Finance, with honors, from UNLV Lee Business School, and a Juris Doctor degree from William S. Boyd School of Law. *Id*., ¶ 3 She has been a practicing attorney in Nevada over twelve (12) years, and at all times has been in good standing with the Nevada State Bar. *Id*.

Since becoming an attorney, Ms. Olevic-Saleh has successfully represented numerous clients and obtained many favorable results. *Id*., ¶ 4. As a partner at JSA, Ms. Olevic-Saleh practices in various areas of law, with emphasis on personal injury, employment law, breach of contract, insurance bad faith, wrongful death, and medical malpractice. *Id*. Presently, Ms. Olevic-Saleh's customary hourly billing rate is $400.00/hour, which is commensurate with the rate other attorneys similarly situated bill for legal services. *Id*.

Below is a list of major tasks JSA performed on behalf of Mr. Colvin and a conservatively calculated time spent on them, totaling an amount of $12,640.00. *Id*., ¶ 5. It should be noted that not listed below are numerous meetings (subsequent to the initial one), phone calls and emails (approximately over forty (40)) exchanged with Mr. Colvin, and opposing counsel, during JSA's representation. *Id*. Also, below listing does not include any of tasks performed by JSA's clerical staff, nor the attorney time spent reviewing those tasks. *Id*.

| TASK | HOURS | AMOUNT |
|---|---|---|
| Initial meeting with Mr. Colvin, review of documents provided by Mr. Colvin, draft detailed 8 page Demand to M.J. Dean on behalf of Mr. Colvin, and subsequent negotiations with M.J. Dean. | 6.5 | $2,600.00 |
| Draft 11 page Complaint alleging seven (7) distinct causes of action. | 3.5 | $1,400.00 |
| Attend FRCP 26(f) conference with opposing counsel and draft a proposed Discovery Plan. | 1.0 | $400.00 |

| | | |
|---|---|---|
| Receive, review and analyze Defendant's initial disclosures and a supplement. | 1.0 | $400.00 |
| Draft Plaintiff's initial and supplemental disclosures. | 1.0 | $400.00 |
| Draft 13 page Opposition to Motion to Dismiss and Countermotion for Leave to Amend the Complaint. | 5.0 | $2,000.00 |
| Draft Reply in Support of Countermotion to Amend Complaint. | 2.0 | $800.00 |
| Draft ENE Statement and attend the ENE session. | 4.5 | $1,800.00 |
| Draft Interrogatories, Requests for Admissions, and Requests for Production of Documents for the Defendant. | 5.1 | $2,040.00 |
| Draft 9 page Opposition to Defendant's May 21, 2021 Motion to Dismiss First Amended Complaint | 2 | $800.00 |
| **TOTAL** | | **$12,640.00** |

All of the work performed by JSA on behalf of Mr. Colvin was performed to the highest legal and ethical standards. *Id.*, ¶ 6.   Indeed, at the inception of the matter, Defendant M.J. Dean refused to pay Mr. Colvin any compensation. *Id.*, ¶ 7. As a result of the efforts of JSA, Mr. Colvin received an offer in the amount of $25,000.00 to resolve his matter.  Moreover, as a result of the work of JSA, M.J. Dean's Motions to Dismiss were denied in relevant parts.  *Id*.  Finally, Mr. Colvin's case resolved with settlement to the benefit of Mr. Colvin partially because of the groundwork and posture of the cased laid by JSA. *Id*.

Also, during JSA's representation of Mr. Colvin, JSA incurred the costs outlined below totaling $470.00. *Id.*, ¶ 8.   The supporting receipts for the costs are collectively attached hereto as ***Exhibit 2.***

| Date | Document | Cost |
|---|---|---|
| 9/23/20 | September filing fees/complaint | $400.00 |
| 10/2/20 | Special delivery fee/Legal Wings | $25.00 |
| 11/13/20 | Process Service fee on Defendant/Legal Wings | $45.00 |
| | **TOTAL** | **$470.00** |

Based on the foregoing, JSA has a perfected attorney lien in accordance with NRS 18.015. Moreover pursuant to both the fee agreement with the Plaintiff, and the value of the tasks performed on behalf of the Plaintiff, the amount sought by JSA is appropriate and warranted. Accordingly, JSA respectfully requests that its attorney lien be adjudicated in favor of JSA in the amount of $10,470.010

### III.

### **CONCLUSION**

Based on the foregoing reasons, Jesse Sbaih & Associates, Ltd. respectfully requests that this Honorable Court grant its Motion to Adjudicate Attorney's Lien and Reduce Lien to Judgment.

DATED this 27th day of July, 2023.

JESSE SBAIH & ASSOCIATES, LTD.

By   */s/ Ines Olevic-Saleh*
Jesse M. Sbaih (#7898)
Ines Olevic-Saleh (#11431)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
*Former Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that pursuant to FRCP Rule 5(b)(3) and LR IC 4-1(a), a true and correct copy of the foregoing document was electronically served via the Court's CM/ECF electronic filing system to the following persons on July 27, 2023:

Michael P. Balaban, Esq.
LAW OFFICES OF MICHAEL P. BALABAN
*Current Attorneys for Plaintiff*

Martin A. Little, Esq.
Robert L. Rosenthal, Esq.
HOWARD & HOWARD ATTORNEYS PLLC
*Attorneys for Defendant*

　　　　　　　　　　　　　　　　　　*/s/ Ines Olevic-Saleh*　　　
　　　　　　　　　　　　　　　　　　Ines Olevic-Saleh