UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN,<br><br>   Plaintiff<br><br>v.<br><br>M.J. DEAN CONSTRUCTION, INC.,<br><br>   Defendant | Case No.: 2:20-cv-01765-APG-EJY<br><br>**Order**<br><br>[ECF No. 123] |

Plaintiff Parnell Colvin's former counsel, Jesse Sbaih & Associates, LTD, (JSA) moves to adjudicate its attorney's lien and reduce the lien to judgment after Colvin, represented by attorney Michael Balaban, settled with defendant M.J. Dean Construction, Inc. (Dean) for an undisclosed amount. ECF No. 123.

Nevada Revised Statutes (NRS) § 18.015 governs the validity and enforcement of attorney liens.  To adjudicate the lien and before making a distribution, I must determine "whether (1) NRS 18.015 is available to the attorney, (2) there is some judgment or settlement, (3) the lien is enforceable, (4) the lien was properly perfected . . . , (5) the lien is subject to any offsets, and (6) extraordinary circumstances affect the amount of the lien." *McDonald Carano Wilson LLP v. Bourassa L. Grp., LLC*, 362 P.3d 89, 91 (Nev. 2015).  It appears that JSA has a valid, perfected lien.[1]  However, I will order an evidentiary hearing as to enforcement and the

---

[1] "NRS 18.015's language unambiguously allows any counsel that worked on a claim to enforce a charging lien against any affirmative recovery," even if counsel withdrew before recovery occurred. *McDonald Carano*, 362 P.3d at 90-91.  JSA was hired for and worked on Colvin's suit. JSA perfected its lien by serving written notice by certified mail, return receipt requested, upon its client (Colvin) and the party against whom the client had a cause of action (Dean). NRS § 18.015(3).  There is no statutory requirement for JSA to have served notice on Colvin's counsel. *Id.*  JSA perfected the lien on July 1, 2021, so the lien attached to the settlement money recovered on account of this suit in 2023. *Id.* at § 18.015(4); *cf. Leventhal v. Black & LoBello*, 305 P.3d 907, 911 (Nev. 2013).

amount of the lien. In particular, there is a factual dispute as to the amount of the settlement Dean had offered at the time JSA withdrew as counsel. Information about "equitable factors" that affect the amount or priority of JSA's lien is also relevant. *See Michel v. Eighth Jud. Dist. Ct. ex rel. Cnty. of Clark,*, 17 P.3d 1003, 1008 (Nev. 2001).

    I THEREFORE ORDER plaintiff Parnell Colvin, defendant M.J. Dean Construction, and Jesse Sbaih & Associates to confer about the witnesses and time needed for an evidentiary hearing, and then file a joint status report with that information by February 20, 2024. I will thereafter set a date for the evidentiary hearing.

    DATED this 29th day of January, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE